**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
901 N. Glebe Rd. Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd. Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

*Admitted pro hac vice.*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC, AND TRAVIS MAY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, TRACY L. WILKISON, in her official capacity as Acting United States Attorney for the Central District of California, and KRISTI KOONS JOHNSON, in her official capacity as an Assistant Director of the Federal Bureau of Investigation,<br><br>Defendants. | Case No. 2:21-cv-04405-RGK-MAR<br><br>**ROBERT FROMMER DECLARATION IN SUPPORT OF PLAINTIFFS JENI VERDON-PEARSONS, MICHAEL STORC, TRAVIS MAY, AND JOSEPH RUIZ'S NOTICE OF *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(*Filed Concurrently with Notice of Ex Parte Application; Memorandum of Points and Authorities; Declaration and Exhibits of Robert E. Johnson; and Proposed Orders*)<br><br>Judge: Hon. R. Gary Klausner<br>Complaint Filed: May 27, 2021<br>Amended Complaint Filed: June 9, 2021 |

DECLARATION OF ROBERT FROMMER

I, Robert Frommer, submit the following declaration in support of Plaintiffs' *Ex Parte* Application for Temporary Restraining Order:

1. I am a senior attorney at the Institute for Justice ("the Institute"), a national public interest law firm that litigates to uphold American's constitutional rights. The Institute is at the forefront of litigation respecting a broad variety of property rights issues—including litigation to uphold property rights under the Fourth and Fifth Amendments.

2. As a senior attorney at the Institute for Justice I have extensive experience litigating constitutional issues, including in the class action context. The same is true of my co-counsel, Robert E. Johnson, who is also a senior attorney at the Institute for Justice, as well as other attorneys at the Institute for Justice who will be available to assist as necessary with the litigation in this case.

3. I received my law degree *magna cum laude* from the University of Michigan Law School in 2004. I clerked on the U.S. Court of Appeals for the Eighth Circuit with Judge Morris Sheppard Arnold. I also previously worked as an associate in the Washington, D.C. office of Gibson, Dunn & Crutcher LLP.

4. My co-counsel Robert E. Johnson received his law degree *magna cum laude* from Harvard Law School in 2009. He clerked on the U.S. Court of Appeals for the Ninth Circuit for then-Chief Judge Alex Kozinski and on the U.S. Supreme Court for Justice Anthony Kennedy. He also previously worked as an associate in the Washington, D.C. office of Gibson, Dunn & Crutcher LLP and in the Cleveland, OH office of Jones Day.

5. As a senior attorney at the Institute for Justice, I served as counsel of record in a class action lawsuit challenging the constitutionality of the City of Philadelphia's civil forfeiture procedures. *Sourovelis v. City of Philadelphia*, No. 14-cv-4687 (E.D. Pa.). Our team successfully defended that class action against multiple separate motions to dismiss. *See* 103 F. Supp. 3d 694 (E.D. Pa. 2015); 246 F. Supp. 3d 1058 (E.D. Pa. 2017). Our team then successfully negotiated two

1  federal consent decrees under which the City of Philadelphia agreed to reform its
2  civil forfeiture procedures and also agreed to return significant amounts of property
3  to victims of civil forfeiture in the form of restitution. *See* 2021 WL 344598 (E.D.
4  Pa. Jan. 28, 2021). I personally presented argument at the final approval hearing for
5  the consent decrees, resulting in the successful termination of that case.

6.   My co-counsel, Robert E. Johnson, served as counsel of record in *Cho v. City of New York*, No. 16-cv-7961 (S.D.N.Y.), a putative class action lawsuit challenging the New York Police Department's practice of using New York City's nuisance eviction law to extract coercive agreements waiving constitutional rights. After the case was dismissed on procedural grounds, Robert successfully argued the appeal to the Second Circuit and obtained a decision vacating and remanding to the district court. *See* 910 F.3d 639 (2018). On remand, the Institute successfully negotiated a settlement under which New York City agreed that it would no longer enforce the challenged coercive agreements. *See* No. 16-cv-7961, Dkt. #111 (S.D.N.Y. Oct. 2, 2020).

7.   Both Robert E. Johnson and I served as counsel of record in *Harjo v. City of Albuquerque*, 16-cv-1113 (D.N.M). Following extensive discovery into the finances of the City of Albuquerque's civil forfeiture program, that case resulted in a federal district court decision that struck down the City's program on the ground that it gave rise to an improper financial incentive on the part of city officials and accordingly violated due process. *See* 326 F. Supp. 3d 1145, 1195 (D.N.M. 2018). The court in *Harjo* also separately held that the City's procedures violated due process insofar as property owners were required to prove their own innocence. *See id.* at 1208. The *Harjo* opinion is one of the first published decisions invalidating a civil forfeiture program on such constitutional grounds.

8.   Robert E. Johnson also has experience litigating to contest property seizures by the federal government. For instance, in *United States v. $107,702.66* (E.D.N.C.), Robert successfully obtained the return of over $100,000 seized by the

federal government under the structuring laws. When the government moved to drop the case without prejudice, Robert successfully opposed the government's motion and obtained a decision dismissing the action *with* prejudice. 2016 WL 413093 (E.D.N.C. Feb. 2, 2016); *see also, e.g.*, *In re $446,651.11 in U.S. Currency*, No. 14-mc-1288 (E.D.N.Y.) (obtaining return of almost half a million seized under the structuring laws); *Vocatura's Bakery, Inc. v. IRS*, No. 16-mc-147 (D. Conn.) (obtaining return of $68,000 seized under the structuring laws).

9. The Institute for Justice, as an organization, has significant additional experience litigating cases involving property rights—including putative class actions—and other attorneys at the Institute will be available to bring that expertise to bear as needed in this litigation. *See*, *e.g.*, *Timbs v. Indiana*, 139 S. Ct. 682 (2019) (holding that the Excessive Fines Clause is incorporated against the states in a civil forfeiture case litigated and argued by the Institute for Justice); *Whitner v. City of Pagedale*, No. 4:15-cv-01655, Dkt. #116 (E.D. Mo. May 21, 2018) (approving federal consent decree prohibiting abusive ticketing practices, in a class action lawsuit litigated by the Institute for Justice).

10. Our local counsel, Nilay U. Vora, is a recognized trial and appellate lawyer with experience litigating civil rights cases. Mr. Vora received his law degree *cum laude* from Harvard Law School in 2009. While at Harvard Law School, he was heavily involved in civil rights organizations and engaged in significant clinical work involving civil rights and criminal defense. Before starting The Vora Law Firm, P.C., he worked for such well known law firms as Quinn Emanuel Urquhart & Sullivan, Bird Marella, LTL Attorneys, and Jeffer Mangels.

11. Mr. Vora has worked on civil rights and criminal defense matters throughout his career. He has been asked to assist in important civil rights matters pro bono in an advisory role helping to develop impact litigation strategy for many organizations, including, without limitation, the ACLU of Southern California, Public Counsel, the Promise of Justice Initiative in New Orleans, Louisiana, and

public defender offices inside and outside of California.

12. Mr. Vora currently serves on the Board of Directors for the Promise of Justice Initiative ("PJI"), a New Orleans based organization that works to ensure humane, fair, and equal treatment of individuals in the criminal justice system. PJI handles strategic defense of individuals sentenced to death and impact litigation to improve the conditions of confinement for incarcerated individuals. PJI's efforts have also resulted in the litigation of and implementation of a requirement that all juries in criminal trial verdicts be unanimous for conviction pursuant to the U.S. Constitution's requirements. He also serves on the Pro Bono Advisory Council for Asian Americans Advancing Justice-Los Angeles (the successor organization to the Asian Pacific American Legal Center), one of the oldest civil rights organizations dedicated to advancing and protecting the rights of and advocating for individuals of Asian descent in Southern California.

13. As just one example of Mr. Vora's work on civil rights cases, Mr. Vora served as co-lead counsel and first chair at the trial and appellate levels in the matter of *Ball v. LeBlanc*, 13-cv-00368 (M.D. La.), in which three death row inmates successfully challenged the conditions of their confinement. Mr. Vora argued the case before the Fifth Circuit Court of Appeals twice, and the matter had a petition for certiorari pending with the Supreme Court of the United States when the case finally settled through a consent decree.

14. Mr. Vora is also joined as local counsel by Jeffrey Atteberry. Mr. Atteberry received his law degree from the University of California, Berkeley, School of Law, in 2009, where he graduated Order of the Coif. Mr. Atteberry also has extensive experience litigating civil rights cases. He has represented numerous clients with civil rights claims under 42 U.S.C § 1983, litigating several of them to jury verdicts in both the Central and Eastern Districts of California.

15. The Institute for Justice has capacity to thoroughly and vigorously litigate the claims in the case and to properly represent the plaintiff class, and

intends to commit all necessary resources to do so. If appointed class counsel, I will ensure that Mr. Johnson, Mr. Vora, Mr. Atteberry and I zealously represent the interests of the class to the best of our collective ability. In addition, additional attorneys from the Institute will be available to assist with the litigation and enter appearances as circumstances warrant.

     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

     Executed this 15th day of June, 2021.

/s/ Robert Frommer
Robert Frommer

DECLARATION OF ROBERT FROMMER