**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
901 N. Glebe Rd. Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd. Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

* *Admitted pro hac vice.*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| **PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC, AND TRAVIS MAY,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA, TRACY L. WILKISON, in her official capacity as Acting United States Attorney for the Central District of California, and KRISTI KOONS JOHNSON, in her official capacity as an Assistant Director of the Federal Bureau of Investigation,**<br><br>Defendants. | Case No. 2:21-cv-04405-RGK-MAR<br><br>**[SECOND PROPOSED] ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**<br><br>(*Filed Concurrently with Notice of Ex Parte Application; Memorandum of Points and Authorities; Declarations and Exhibits of Robert Frommer and Robert E. Johnson; and Proposed Orders*)<br><br>Judge: Hon. R. Gary Klausner<br>Complaint Filed: May 27, 2021<br>Amended Complaint Filed: June 9, 2021 |

On consideration of the *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction, it is hereby ORDERED that the motion is GRANTED. The Court finds that Plaintiffs are likely to prevail on their claim that the forfeiture notices sent by the government in connection with the U.S. Private Vaults seizure violate due process insofar as they fail to provide notice of the factual or legal basis for the forfeiture proceeding, and the Court finds that the remaining factors also weigh in favor of issuance of the requested *ex parte* relief. In addition, the Court finds it appropriate to certify a provisional class in order to grant the requested relief.

The Court accordingly ORDERS Defendants to show cause why a preliminary injunction should not issue, and, pending hearing on the Order to Show Cause, GRANTS Plaintiffs' application for a temporary restraining order. The Court further ORDERS:

1. For the limited purpose of granting preliminary injunctive relief, the Court GRANTS provisional class certification:

    a. The Court provisionally certifies the following class: "All renters of U.S. Private Vaults safe deposit boxes who (a) had property within their safe-deposit box seized by the federal government on or around March 22, 2021; (b) have identified themselves to the FBI since the seizure; (c) whose property is now the subject of a purported administrative forfeiture proceeding; and (d) whose property is still in the possession of the federal government";

    b. The Court appoints Robert Frommer and Robert Johnson, of the Institute for Justice, and Nilay Vora and Jeffrey Atteberry, of The Vora Law Firm, P.C., as counsel for the provisionally certified class; and

    c. The Court appoints Plaintiffs Jeni Verdon-Pearsons, Michael Storc, Travis May, and Joseph Ruiz as class representatives for the provisionally certified class.

2. Pending hearing on the Order to Show Cause re: Preliminary Injunction, it is hereby ORDERED:

    a. Defendants are enjoined from civilly forfeiting property based on the forfeiture notice sent to attorneys for U.S. Private Vaults on May 20, 2021;

    b. Defendants are enjoined from civilly forfeiting property based on the forfeiture notices sent to Jeni Verdon-Pearsons on May 21, 2021, to Michael Storc on May 21, 2021, and to Travis May on May 20, 2021;

    c. Defendants are further enjoined from civilly forfeiting the property of Jeni Verdon-Pearsons, Michael Storc, Travis May, and Joseph Ruiz without first sending forfeiture notices that identify the *specific* factual and legal basis for the government's determination to commence civil forfeiture proceedings;

    d. Defendants are further enjoined from civilly forfeiting property seized from members of the provisionally certified class without first sending forfeiture notices that identify the *specific* factual and legal basis for the government's determination to commence civil forfeiture proceedings.

3. Defendants are hereby ORDERED TO SHOW CAUSE why a preliminary injunction should not issue:

    a. Enjoining Defendants from civilly forfeiting property based on the forfeiture notice sent to attorneys for U.S. Private Vaults on May 20, 2021;

    b. Enjoining Defendants from civilly forfeiting property based on the forfeiture notices sent to Jeni Verdon-Pearsons on May 21, 2021, to Michael Storc on May 21, 2021, and to Travis May on May 20, 2021;

    c. Enjoining Defendants from civilly forfeiting the property of Jeni Verdon-Pearsons, Michael Storc, Travis May, and Joseph Ruiz without

first sending forfeiture notices that identify the *specific* factual and legal basis for the government's determination to commence civil forfeiture proceedings; and

    d. Enjoining Defendants from civilly forfeiting property seized from members of the provisionally certified class without first sending forfeiture notices that identify the *specific* factual and legal basis for the government's determination to commence civil forfeiture proceedings.

4. Defendants are FURTHER ORDERED to appear before this Court in Courtroom ___, located at 350 West 1st Street, Los Angeles, CA 90012, on _____, 2021 at ____ .m., or as soon thereafter as this matter may be heard. Plaintiffs shall file any additional brief and supporting evidence for Plaintiffs' requested motion for preliminary injunction by _____, 2021; Defendants shall file their opposition to the motion for preliminary injunction by _____, 2021, and Plaintiffs shall file Plaintiffs' reply brief by _____, 2021.

5. It is FURTHER ORDERED that this Temporary Restraining Order is effective immediately upon issuance. A copy of this Order shall be served on Defendants via email no later than __ .m. on _____, 2021.

Dated this _____ day of _____, 2021.

_____

The Honorable R. Gary Klausner
United States District Judge