**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
901 N. Glebe Rd. Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd. Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

* Admitted pro hac vice.

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC,** and **TRAVIS MAY,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**UNITED STATES OF AMERICA, TRACY L. WILKISON,** in her official capacity as Acting United States Attorney for the Central District of California, and **KRISTI KOONS JOHNSON,** in her official capacity as an Assistant Director of the Federal Bureau of Investigation,<br><br>Defendants. | Case No. 2:21-cv-04405-RGK-MAR<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO THE REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION AND REQUEST TO FILE SUR-REPLY**<br><br>Judge: Hon. R. Gary Klausner<br>Complaint Filed: May 27, 2021<br>Amended Complaint Filed: June 9, 2021 |

1   This Court should reject Defendants' request for a sur-reply, as there is no

2   basis to any of Defendants' arguments in favor of such extraordinary briefing.

3   First, Defendants' assertion that Plaintiffs' reply brief raises new arguments is

4   baseless and unsupported.  Plaintiffs' reply brief merely responds to points and

5   arguments made by Defendants in their opposition.  It puts forward the same

6   substantive argument as Plaintiffs' initial application:  That the forfeiture notices

7   the government sent out to USPV customers, including Plaintiffs, violate due

8   process under *Gete* because they fail to apprise property owners of the specific legal

9   and factual bases for the government's attempt to forfeit their property.  Thus, there

10  is no basis for the government's claim.

11  Second, Defendants err in stating that reply briefs are not available in the TRO

12  context.  The local rules confirm that the provisions of Local Rule 7 "apply to

13  motions, *applications*, petitions, orders to show cause, and all other proceedings,"

14  all of which are "included within the term 'motion.'"  Local Rule 7-2 (emphasis

15  added).  Later on, that same rule states that a movant, like Plaintiffs here, "may . . .

16  serve and file a reply memorandum" in support of their request.  Local Rule 7-

17  10.  This Court's standing order says nothing to the contrary.  For TROs

18  specifically, it is silent, stating only that any opposition to an application be filed by

19  3:00pm the following business day.  And in the section entitled "Motions," this

20  Court's standing order expressly contemplates the filing of reply briefs, just as do

21  the Local Rules.

22  Lastly, further delay to provide Defendants with another bite at the apple will

23  necessarily come at the expense of both Plaintiffs and the broader universe of

24  USPV customers.  As Plaintiffs note in their briefing, the deadline for responding to

25  Defendants' defective forfeiture notices is in a mere one week's time.  Both

26  Plaintiffs and other USPV box renters need to know whether they have to parse and

27  guess at how to respond to the government's notice or else lose their property

28  forever.  The Government's suggestion that it *could* extend the deadline to file a

2

claim or remission petition—a discretionary and unreviewable decision by the government—is irrelevant given that the government *has not* extended any such deadline at this time. A ruling by this Court enjoining the government from forfeiting property from USPV customers through the use of these constitutionally deficient notices is therefore necessary in order to provide immediate relief from otherwise irreparable harm.

Because Defendants fail to identify any new arguments, misconstrue this Court's rules, and fail to appreciate the grave situation that Plaintiffs and hundreds of other USPV customers now find themselves in, this Court should reject Defendants' request and proceed to ruling on Plaintiffs' TRO application.

Dated: June 17, 2021                          Respectfully Submitted,

                                              /s/ Robert Frommer

                                              **THE INSTITUTE FOR JUSTICE**
                                              Robert Frommer*
                                              rfrommer@ij.org
                                              901 N. Glebe Rd., Suite 900
                                              Arlington, VA 22203
                                              Tel. (703) 682-9320

                                              Robert E. Johnson*
                                              rjohnson@ij.org
                                              16781 Chagrin Blvd.. Suite 256
                                              Shaker Heights, OH 44120
                                              Tel. (703) 682-9320

                                              *Admitted pro hac vice.*

                                              **THE VORA LAW FIRM, P.C.**
                                              Nilay U. Vora (SBN 268339)
                                              nvora@voralaw.com
                                              Jeffrey Atteberry (SBN 266728)
                                              jatteberry@voralaw.com
                                              201 Santa Monica Blvd., Suite 300
                                              Santa Monica, CA 90401
                                              Tel. (424) 258-5190

                                              *Attorneys for Plaintiffs*