## DECLARATION OF STEPHEN J. JOBE

I, Stephen J. Jobe, Unit Chief, Legal Forfeiture Unit (LFU), Office of the General Counsel, Federal Bureau of Investigation (FBI) in Washington, D.C., state as follows:

1. I am currently employed as Unit Chief of the Legal Forfeiture Unit, Office of the General Counsel, at FBI Headquarters in Washington, D.C., and in that capacity am familiar with the administrative forfeiture proceedings relating to property seized by the FBI.

2. In my capacity as Unit Chief, I am responsible for providing legal oversight of the FBI's forfeiture program, reviewing non-judicial administrative forfeiture actions for legal sufficiency, executing declarations of forfeiture in administrative forfeiture actions determined to be legally sufficient, and ensuring that the FBI's forfeiture program complies with all pertinent statutes and federal regulations.

3. Pursuant to Title 18, United States Code (U.S.C.), Section 983, in all non-judicial forfeiture proceedings, the Government is required to send written notice of the seizure and intent to forfeit the property to interested parties no more than sixty days after the date of seizure of the property subject to forfeiture. If the identity or interest of a party is not determined until after the seizure but is determined before a declaration of forfeiture is entered, the Government must send notice of the forfeiture action to the interested party not later than sixty days after the determination by the Government of the identity of the party or the party's interest. 18 U.S.C. Section 983(a)(1)(A)(v).

4. Title 28, Code of Federal Regulations (C.F.R.), Part 8 applies to forfeitures administered by the Department of Justice, including administrative forfeitures conducted pursuant to 18 U.S.C. Section 983.

5. Title 28 C.F.R. Section 8.8 establishes that an administrative forfeiture begins when notice is first published, or when the first personal written notice is sent in accord with 28 C.F.R. Section 8.9.

6. Title 28 C.F.R. Doction 8.9(b) provides that after seizing property subject to administrative forfeiture, the seizing agency shall send personal written notice of the

seizure to each interested party in a manner reasonably calculated to reach such parties. The personal written notice sent by the seizing agency shall: i) state the date when the personal written notice is sent; ii) state the deadline for filing a claim, at least 35 days after the personal written notice is sent; iii) state the date, statutory basis, and place of seizure; iv) state the identity of the appropriate official of the seizing agency and the address where the claim must be filed; and v) describe the seized property.

7. Beginning on May 20, 2021, the FBI sent personal written notice of the administrative forfeitures to identified parties with a potential interest in certain property seized from US Private Vaults, Inc. The Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings sent by the FBI provided the date that the FBI mailed the personal written notice; stated that the deadline for filing a claim was 35 days after the personal written notice was sent and provided the specific deadline date; stated the date of the seizure, the statutory basis of forfeiture, and the place of seizure; stated the identity of the appropriate official of the seizing agency and the address where the claim must be filed; and described the seized property, as required by 28 C.F.R. Section 8.9(b). The Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings specified that the property was seized "on March 22, 2021 by the FBI at U.S. Private Vaults in Beverly Hills, California" and that the forfeiture of the property "has been initiated pursuant to 18 USC 981(a)(1)(C) and the following additional federal laws: 19 U.S.C. §§ 1602-1619, 18 U.S.C. §983, and 28 C.F.R. Parts 8 and 9."

  a. No administrative forfeiture proceedings were commenced against properties known to be associated with plaintiffs Jennifer Snitko, Paul Snitko, or Tyler Gothier.

  b. Personal written notice was sent to Travis May by letter dated May 20, 2021. The notice letter stated that claim deadline was June 24, 2021, which was 35 days after the date the letter was mailed.

  c. Personal written notice was sent to Jennifer Pearsons by letter dated May 21, 2021. The notice letter stated that claim deadline was June 25, 2021,

which was 35 days after the date the letter was mailed.

    d. Personal written notice was sent to Joseph Ruiz by letter dated May 20, 2021. The notice letter stated that claim deadline was June 24, 2021, which was 35 days after the date the letter was mailed.

    e. Personal written notice was sent to Michael Storc by letter dated May 21, 2021. The notice letter stated that claim deadline was June 25, 2021, which was 35 days after the date the letter was mailed.

  8. A review of the notice letters sent by the FBI to potentially interested parties regarding certain property seized from US Private Vaults, Inc. confirms that the letters satisfied the statutory and regulatory requirements and included the necessary information required by 28 C.F.R. Section 8.9(b), including the statutory basis for the forfeiture action. The notice letters provided instructions stating how to contest the forfeiture in U.S. District Court by filing a claim, and how to request a pardon of the property by filing a petition for remission or mitigation with the FBI.

    a. FBI records reflect that Travis May filed a valid and timely claim to contest the administrative forfeiture of property located in US Private Vault Box 713, represented by asset identification numbers 21-FBI-003006 and 21-FBI-003388.

    b. FBI records reflect that Jeni Verdon-Pearsons filed a valid and timely claim to contest the administrative forfeiture of property located in US Private Vault Box 4301, represented by asset identification number 21-FBI-003441.

    c. FBI records reflect that Joseph Ruiz filed a valid and timely claim to contest the administrative forfeiture of property located in US Private Vault Box 7622, represented by asset identification number 21-FBI-003247.

    d. FBI records reflect that Michael Storc filed a valid and timely claim to contest the administrative forfeiture of property located in US Private Vault Box 4301, represented by asset identification number 21-FBI-003441.

  9. Title 28 C.F.R. Section 8.10(e) directs that upon the receipt of a valid and

1 | timely claim, the seizing agency shall return the property or shall suspend the
2 | administrative forfeiture proceeding and promptly transmit the claim to the appropriate
3 | U.S. Attorney for commencement of judicial forfeiture proceedings. The FBI
4 | accordingly has suspended administrative forfeiture proceedings against the assets
5 | claimed by Travis May, Jeni Verdon-Pearsons, Joseph Ruiz, and Michael Storc and has
6 | referred the claims to the U.S. Attorney, Central District of California.

10. No petitions for remission or mitigation of forfeited property have been submitted by any of the plaintiffs.

11. None of the property seized at US Private Vaults, Inc. has been forfeited by the FBI.

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on June 29th 2021 in Washington, D.C.

Stephen J. Jobe