# Exhibit A

## to Declaration of Robert Johnson



INSTITUTE FOR JUSTICE

June 23, 2021

Federal Bureau of Investigation
11000 Wilshire Blvd. Suite 1700
Los Angeles, CA 90024

Dear Sir or Madam:

Enclosed please find a claim submitted by Travis May for the contents of his box at U.S. Private Vaults.

On June 22, 2021, the United States District Court for the Central District of California issued a temporary restraining order barring the government from pursuing civil forfeiture "based on the inadequate forfeiture notice[ ] sent to . . . Travis May on May 20, 2021" and further enjoining the government "from civilly forfeiting the property of . . . Travis May . . . without first sending forfeiture notices that identify the specific factual and legal basis for the Government's determination to commence civil forfeiture proceedings." *Snitko v. United States*, No. 21-cv-4405, Doc. 52 at 7 (C.D. Cal. June 22, 2021).

Mr. May is submitting the enclosed claim only out of an abundance of caution, and, in doing so, in no way waives or otherwise abandons his due process objection to the government's forfeiture notice. Prior to making a decision whether to submit a claim or a remission petition, Mr. May is entitled to constitutionally adequate notice of the factual and legal basis for the government's forfeiture action. And, as the District Court has determined, the government's notice here in no way met that basic due process requirement.

This claim should be given effect in the unlikely event that the District Court's temporary restraining order is somehow disturbed, either by the District Court or by an appeal. If Mr. May is forced to respond to the government's forfeiture notice without adequate notice of the factual and legal basis for the forfeiture, then he responds by filing a claim.

However, in the more likely event that the temporary restraining order is *not* disturbed, then Mr. May continues to insist on his due process rights. The government can only pursue forfeiture of Mr. May's property by "first sending forfeiture notices that identify the specific factual and legal basis for the Government's determination to commence civil forfeiture proceedings." *Snitko*, No. 21-cv-4405, Doc. 52 at 7. If the government sends a revised forfeiture notice, then Mr. May reserves the right to make a fresh determination—based on the information provided in that revised notice—whether to respond by filing a claim or a remission petition.

                                    Kind regards,

                                    Robert E. Johnson
                                    The Institute for Justice
                                    16781 Chagrin Blvd. #256
                                    Shaker Heights, OH 44120

                                    *Attorney for Travis May*