1 | TRACY L. WILKISON
Acting United States Attorney
2 | SCOTT M. GARRINGER
Assistant United States Attorney
3 | Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
4 | VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
5 | Assistant United States Attorneys
Major Frauds/Asset Forfeiture/
6 | General Crimes Sections
7 |      1100/1400/1200 United States Courthouse
      312 North Spring Street
8 |      Los Angeles, California 90012
      Telephone: (213) 894-0102/2569/1785
9 |      Facsimile: (213) 894-6269/0142/0141
      E-mail: Andrew.Brown@usdoj.gov
10 |             Victor.Rodgers@usdoj.gov
            Maxwell.Coll@usdoj.gov

11 | Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

12 |

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

PAUL SNITKO, JENNIFER SNIKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC, and TRAVIS MAY,

                    Plaintiffs,

          v.

UNITED STATES OF AMERICA. ET AL,,

                    Defendants.

Case No. 2:21-cv-04405-RGK-MAR

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF JESSIE MURRAY AND VICTOR A. RODGERS; [PROPOSED] ORDER GRANTING MOTION LODGED UNDER SEPARATE COVER**

Date:        August 30, 2021
Time:        9:00 a.m.
Courtroom:   850, the Honorable
             R. Garv Klausner

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on August 30, 2021 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable R. Gary Klausner, United States District Court, Courtroom 850, Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012, defendants United States of America and Tracy L. Wilkison and Kristi Koons Johnson in their official capacities (collectively, "the government") will and hereby do move, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss the first amended complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on July 20, 2021 (see Rodgers Decl. ¶ 2), and is made on the grounds that there is no subject matter jurisdiction over this action and plaintiffs' first amended complaint fails to state a claim upon which relief can be granted.

This motion is based upon this notice of motion and motion; the attached memorandum of points and authorities and declarations of Jessie Murray and Victor A. Rodgers; the proposed order granting the motion (lodged under separate cover); all pleadings and papers on file in this action; and such further matters as may be presented at any hearing on this Motion, and matters of which the Court may take notice.

Dated: July 27, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

1

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES .................................................... 1

I.      INTRODUCTION ......................................................................................... 1

II.     STATEMENT OF FACTS ............................................................................ 1

III.    ARGUMENT................................................................................................. 4

    A.      The Standards For Fed. R. Civ. P. 12(b)(1) and (6) Motions To
    Dismiss ................................................................................................ 4

    B.      Plaintiffs Cannot Discharge Their Burden Of Showing That Subject
    Matter Jurisdiction (Either Equitable or Under the APA) Exists Here......... 5

        1.      The FBI's Administrative Forfeiture Proceedings And Any
        Future Judicial Forfeiture Proceedings Provide Plaintiffs With
        An Adequate Remedy At Law And Divest District Courts of
        Equitable Jurisdiction To Hear Motions To Return Property ............. 6

        2.      Rul 41(g) Dismissals Also Cover Separate Claims For Relief
        Under The Fourth And Fifth Amendment ......................................... 10

    C.      Plaintiffs' Class Claims Are Barred For The Additional Reason That
    Subject Matter Jursidiction Does Not Lie Under The APA  ..................... 13

    D.      Plaintiffs Paul Snitko, Jennifer Snitko, Tyler Gothier And Travis May
    Cannot Satisfy Article III's Case Or Controversy Requirement
    Because This Action Is Moot As To Them.................................................. 15

    E.      Counts IV and V for Due Process Violations Based On The Failure
    To Provide A Prompt Hearing To Secure The Return Of Property Are
    Barred Because The Government Has Provided A Prompt Hearing
    Via The Administrative Forfeiture Proceedings And The Time That
    Has Elapsed Since The Seizure In Any Event Does Not Give Rise To
    A Due Process Violation .......................................................................... 16

    E.      Assuming Plaintiffs Can Otherwise Establish Subject Matter
    Jurisdiction, The Court Should, In Its Discretion, Deny The Class
    Claims Because They Seek Declaratory Relief  ...................................... 17

i

## <u>TABLE OF CONTENTS CONTINUED</u>

IV.   CONCLUSION.................................................................................................19

DECLARATION OF JESSIE MURRAY  .......................................................20

DECLARATION OF VICTOR A. RODGERS ...............................................21

# <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

<u>Abernathy v. Kral</u>,
   305 F. Supp. 3d 795 (N.D. Ohio 2018) ........................................................... 8

<u>Aguirre v. S.S. Sohio Intrepid</u>,
   801 F.2d 1185 (9th Cir. 1986) ..................................................................... 16

<u>Amerada Petroleum Corp. v. Marshall</u>,
   381 F.2d 661 (5th Cir. 1967) ....................................................................... 18

<u>Arford v. United States</u>,
   934 F.3d 907 (9th Cir. 2009) ....................................................................... 13

<u>Arthur J. Gallagher & Co. v. Lang</u>,
   2015 WL 13390098 (N.D. Cal. 2015) ......................................................... 18

<u>Baker v. United States</u>,
   817 F.2d 560 (9th Cir. 1987) ....................................................................... 13

<u>Baranski v. Fifteen Unknown Agents of ATF</u>,
   195 F. Supp. 2d 862 (W.D. Ky. 2002) .................................................... 10, 12

<u>Bell Atlantic Corp. v. Twombly</u>,
   550 U.S. 544 (2007) ...................................................................................... 5

<u>Bender v. Williamsport Area School Dist.</u>,
   475 U.S. 534 (1986) ...................................................................................... 4

<u>Billingsley v. C.I.R.</u>,
   868 F.2d 1081 (9th Cir. 1989) ....................................................................... 5

<u>Caltex Plastics, Inc. v. Lockheed Martin Corp.</u>,
   824 F.3d 1156 (9th Cir. 2016) ....................................................................... 5

<u>CFK, LLC v. United States</u>,
   324 F.R.D. 236 (D. Ut. 2018) ........................................................................ 8

<u>City of Oakland v. Lynch</u>,
   798 F.3d 1159 (9th Cir. 2015) ........................................................... 13, 14, 15

<u>DaimlerChrysler Corp. v. Cuno</u>,
   547 U.S. 332 (2006) ...................................................................................... 4

## <u>TABLE OF AUTHORITIES CONTINUED</u>

<u>Garcia v. U.S.</u>,
   2013 WL 3166599 (W.D. Tex. Jun. 20, 2013).................................................11

<u>Haltiwanger v. United States</u>,
   494 F. Supp. 2d 927 (N.D. Ill. 2007)...........................................................8

<u>Headwaters Inv. v. Bureau of Land Management</u>,
   893 F.2d 1012 (9th Cir. 1989).....................................................................16

<u>Hyatt v. Office of Management and Budget</u>,
   908 F.3d 1165 (9th Cir. 2018).....................................................................13

<u>Ibarra v. United States</u>,
   120 F.3d 472 (4th Cir. 1997).........................................................................9

<u>In Re Return of Seized Prop. (Jordan)</u>,
   625 F. Supp. 2d 949 (C.D. Cal. 2009).........................................................8

<u>In Re The Return of Seized Property, Specifically All Funds Seized from BoundlessRise,
   LLC</u>,
   2017 WL 4180149 (C.D. Cal. Aug. 30, 2017)..............................................8

<u>Jachetta v. United States</u>,
   658 F.3d 898 (9th Cir. 2011).......................................................................13

<u>Leadsinger, Inc. v. BMG Music Pub.</u>,
   512 F.3d 522 (9th Cir. 2008).......................................................................17

<u>Linarez v. U.S. Dept. of Justice</u>,
   2 F.3d 208 (7th Cir. 1993)............................................................................12

<u>Lujan v. Defenders of Wildlife</u>,
   504 U.S. 555 (1992).....................................................................................15

<u>Lycurgan, Inc. v. Jones</u>,
   2016 WL 8983006 (S.D. Cal. Jan. 27, 2016)...............................................11

<u>Massey v. Ojaniit</u>,
   759 F.3d 343 (4th Cir. 2014)..........................................................................6

<u>North County Communications Corp. v. California Catalog & Tech.</u>,
   594 F.3d 1149 (9th Cir. 2010).....................................................................17

# <u>TABLE OF AUTHORITIES CONTINUED</u>

<u>One 1958 Plymouth Sedan v. Pennsylvania</u>,
  380 U.S. 693 (1965) ..................................................................................18

<u>Railway Mail Ass'n v. Corsi</u>,
  326 U.S. 88 (1945) ....................................................................................16

<u>Ramsden v. United States</u>,
  2 F.3d 322 (9th Cir. 1993) ..........................................................................6

<u>Roberts v. Corrothers</u>,
  812 F.2d 1173 (9th Cir. 1987) ....................................................................5

<u>Safe Air for Everyone v. Meyer</u>,
  373 F.3d 1035 (9th Cir. 2004) ....................................................................5

<u>Seismic Reservoir 2020, Inc. v. Paulsson</u>,
  785 F.3d 330 (9th Cir. 2015) ......................................................................5

<u>Tampico v. Martinez</u>,
  987 F.3d 387 (5th Cir. 2021) ....................................................................11

<u>Thornhill Pub. v. Gen. Tel. and Elec. Corp.</u>,
  594 F.2d 730 (9th Cir. 1979) ......................................................................5

<u>United States v. Approximately $1.67 Million in U.S. Currency, Stock & Other Valuable
  Assets</u>,
  513 F.3d 991 (9th Cir. 2008) ....................................................................17

<u>United States v. 2nd Amendment Guns, LLC</u>,
  917 F. Supp. 2d 1120 (D. Or. 2012)............................................................9

<u>United States v. $8,850</u>,
  461 U.S. 555 (1983) ..............................................................................6, 16

<u>United States v. $186,416.00 in U.S. Currency</u>,
  590 F.3d 942 (9th Cir. 2010) ....................................................................18

<u>United States v. $1,111,120.00 in U.S. Currency</u>,
  2014 WL 619436 (S.D. Ohio Feb. 18, 2014)............................................17

<u>United States v. Elias</u>,
  921 F.2d 870 (9th Cir. 1990) ..............................................................6, 7, 9

## <u>TABLE OF AUTHORITIES CONTINUED</u>

<u>United States v. Ibrahim,</u>
  522 F.3d 1003 (9th Cir. 2008)......................................................................6, 11

<u>United States v. Martinson,</u>
  809 F.2d 1364 (9th Cir. 1987)..........................................................................6

<u>United States v. Naovalath,</u>
  2008 WL 2885965 (D. Minn. Jul. 22, 2008)....................................................8

<u>United States v. Ninety-Three (93) Firearms,</u>
  330 F.3d 414 (6th Cir. 2003).........................................................................17

<u>United States v. One 1974 Learjet,</u>
  191 F.3d 668 (6th Cir. 1999)............................................................................9

<u>United States v. One 1987 Jeep Wrangler,</u>
  972 F.2d 472 (2d Cir. 1992).............................................................................9

<u>United States v. Ritchie,</u>
  342 F.3d 903 (9th Cir. 2003)............................................................................6

<u>United States v. U.S. Currency in the Amount of $146,800,</u>
  1997 WL 269583 (E.D.N.Y. Apr. 28, 1997)..................................................10

<u>United States v. U.S. Currency, $83,310.78,</u>
  851 F.2d 1231 (9th Cir. 1988)...................................................................passim

<u>United States v. Voraveth,</u>
  2008 WL 4287293 (D. Minn. Jul. 1, 2008)......................................................8

<u>United States v. Washington,</u>
  759 F.2d 1353 (9th Cir. 1985)...................................................................17, 18

<u>Von Saher v. Norton Simon Museum of Art at Pasadena,</u>
  592 F.3d 954 (9th Cir. 2010)............................................................................6

<u>Warren v. Fox Family Worldwide, Inc.,</u>
  328 F.3d 1136 (9th Cir. 2003)..........................................................................5

<u>White v. Lee,</u>
  227 F.3d 1214 (9th Cir. 2000)..........................................................................5

## <u>TABLE OF AUTHORITIES CONTINUED</u>

<u>$8,050.00 in U.S. Currency v. United States</u>,
  307 F. Supp. 2d 922 (N.D. Ohio 2004) ...................................................9

**Federal Statutes**

5 U.S.C. § 701(a)(1) ...........................................................................13, 14

5 U.S.C. § 701(a)(2) ...........................................................................13, 14

5 U.S.C. § 702 ...........................................................................................14

5 U.S.C. § 704 ....................................................................................13, 15

18 U.S.C. § 981 .........................................................................................14

18 U.S.C. § 982 .........................................................................................14

18 U.S.C. § 983 ..............................................................................9, 14, 11

18 U.S.C. § 983(a)(3)(A) ........................................................................4, 7

18 U.S.C. § 983(a)(3)(B) ........................................................................4, 7

19 U.S.C. § 1608 ........................................................................................7

21 U.S.C. § 1331 ......................................................................................13

28 U.S.C. § 1331 .................................................................................10, 11

28 U.S.C. § 2201 ......................................................................................17

28 U.S.C. § 2202 ......................................................................................17

**Federal Rules**

Fed. R. Civ. P. 12(b)(1) ....................................................................passim

Fed. R. Civ. P. 12(b)(6) .........................................................................4, 5

Fed. R. Crim. P. 41 ............................................................................10, 12

Fed. R. Crim. P. 41(e) ........................................................................10, 12

Fed. R. Crim. P. 41(g) .......................................................................passim

# TABLE OF AUTHORITIES CONTINUED

Supplemental Rule G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime
  Claims and Asset Forfeiture Actions...........................................................................14

Supplemental Rule G(8)(a) of the Supplemental Rules for Admiralty or Maritime
  Claims and Asset Forfeiture Actions...............................................................10, 18

**Federal Regulations**

28 C.F.R. § 8.10(e)............................................................................................................7

28 C.F.R. § 8.12................................................................................................................7

**Other Authorities**

The Rutter Group, Federal Civil Procedure Before Trial § 10:49 (2021) ........................18

viii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' action should be dismissed under Fed. R. Civ. P. 12(b)(1) and (6). First, plaintiffs seek to invoke the Court's equitable jurisdiction, but relief in equity is unavailable because plaintiffs can raise all the claims they assert here in any judicial forfeiture proceeding the government may file and they therefore have an adequate remedy at law. Second, subject matter jurisdiction is lacking for plaintiffs' class claims which invoke jurisdiction under the Administrative Procedures Act ("APA") and are barred for three separate reasons: the government's decision to proceed with forfeiture proceedings is committed to agency discretion, the decision is not final agency action and the forfeiture proceedings provide plaintiffs with an adequate court remedy, and the forfeiture statute precludes judicial review.

Third, plaintiffs Paul Snitko, Jennifer Snitko, Tyler Gothier and Travis May cannot satisfy Article III's case or controversy requirement for the reason that their request for relief is moot because their property has already been or is in the process of being returned. Fourth, plaintiffs' due process class claims concerning the right to a prompt hearing to secure the return of their property fail because the administrative forfeiture proceedings constitute the prompt hearing and in any event the period of time that has elapsed since the seizure does not give rise to a due process violation. Finally, the Court is empowered in the Court's discretion to deny plaintiffs' class claims for declaratory relief because prudential considerations counsel against use of the Declaratory Judgment Act here, That is because the relief sought in the instant case would be duplicative of any defense to forfeiture plaintiffs could raise in any judicial civil forfeiture action that the government may file against their property, which filing would result in having two separate cases involving the same issues.

## II. STATEMENT OF FACTS

Plaintiffs Paul Snitko, Jennifer Snitko, Joseph Ruiz ("Ruiz"), Tyler Gothier ("Gothier"), Jeni-Verdon-Pearsons ("Verdon-Pearsons"), Michael Storc ("Storc") and

1

Travis May ("May") (collectively, the "plaintiffs") have filed a first amended complaint ("FAC") for return of property and class-wide declaratory and injunctive relief arising from the seizure of property from their safety deposit boxes at U.S. Private Vaults, Inc. ("USPV"). The seven counts in the FAC are all based upon plaintiffs' contention that the property was seized in violation of the Fourth and Fifth Amendments, with Counts I though VI being raised as class claims and asserting jurisdiction under the APA, the Declaratory Judgment Act and the U.S. Constitution (FAC ¶¶ 1 and 3 and at 34:7 [title "Class Claims"]) while Count VII is raised as an individual claim, is asserted by each plaintiff and seeks relief pursuant to Fed. R. Crim. P. 41(g) ("Rule 41(g)") and the Court's inherent equitable power. FAC 47:8 and ¶¶ 2, 233, 237, 239 and 240 and 52:4-8. As to the individual claim in Count VII, plaintiffs allege that there are no active criminal proceedings or investigations against them. FAC ¶ 235.

Class claim Count I is asserted by the plaintiffs on behalf of the "proposed class"[1] and seeks declaratory relief via a declaration that the government's seizure violated the Fourth Amendment and prohibiting the government from retaining or using any records obtained during the search except for the limited purpose of reuniting plaintiffs with their property. FAC ¶¶ 168-170 and prayer for relief ("PFrRlf") ¶ Hi, Hii and I. Because this claim requests the government to reunite plaintiffs with their property, it also seeks the return of property by the government. Class claim Count II is asserted by Paul Snitko and Jennifer Snitko (collectively, the "Snitkos"), Ruiz and Gothier on behalf of the "proposed no notice subclass"[2] and, like the individual Rule 41(g) Count, seeks to have

---

[1] Plaintiffs define the "proposed class" as "All renters of U.S. Private Vaults safe deposit boxes who (a) had property within their safe-deposit box seized by the federal government on or about March 22, 2021; and (b) have identified themselves to the FBI since the seizure." FAC ¶ 139.

[2] Plaintiffs define the "proposed no notice subclass," for which they assert the Snitkos, Gothier and Ruiz are members, as "All renters of U.S. Private Vaults safe deposit boxes who (a) had property within their safe-deposit box seized by the federal government on or around March 22, 2021; and (b) have identified themselves to the FBI since the seizure; (c) have not been notified that their safe deposit boxes are the subject of currently ongoing administrative or judicial forfeiture proceeding [sic]; and (d) whose property is still in the possession of the federal government." FAC ¶¶ 140 and 141.

their property returned, in order to vindicate their Fourth Amendment rights, unless that government can state a valid basis for retaining the property.  FAC ¶¶ 173 and 176 and PFrRlf Hiii and Ji.

Class claim Count III is asserted by Ruiz, Verdon-Pearsons, Storc and May on behalf of the "proposed forfeiture subclass,"[3] and alleges a violation of the Fourth Amendment based on the ongoing retention of property (which means plaintiffs seek the return of the property), absent individualized probable cause for each seized property and without the government stating a valid legal and factual basis for retaining the property.  FAC ¶¶ 187 and 198 and PFrRlf Hv.  Class claims Count IV and V allege a violation of the Due Process Clause of the Fifth Amendment due to the failure to provide a prompt hearing to allow plaintiffs to secure their property return and seeks return of the property because plaintiffs allege the hearing is required so they can secure the return of their property, with Count IV asserted by the Snitkos, Ruiz and Gothier (FAC ¶¶ 201, 205 and 207 and PryRlf Hv and Hvi) and Count V asserted by Verdon-Pearsons, Storc,  May and Ruiz (FAC ¶¶ 209, 217 and 218).  Class claim Count VI is asserted by plaintiffs on behalf of the proposed no notice subclass and proposed forfeiture subclass, and allege a Fifth Amendment violation based on the right against self-incrimination and alleges that the government will not return property unless they identify themselves and, like the other claims, requests the return of property based on the constitutional violation.  FAC ¶¶ 224 and 228.

Except for plaintiffs Verdon-Pearsons and Storc, a married couple who submitted a claim in the administrative forfeiture proceedings to the same items, and Ruiz, this lawsuit is moot.  Docket No. 60 (July 23, 2021 order re: plaintiffs' motion for

---

[3] Plaintiffs define the "proposed forfeiture subclass," for which they assert Verdon-Pearsons, Storc, May and Ruiz are members, as "All renters of U.S. Private Vaults safe deposit boxes who (a) had property within their safe-deposit box seized by the federal government on or around March 22, 2021; and (b) have identified themselves to the FBI since the seizure; (c) whose property is now the subject of a purported administrative forfeiture proceeding; and (d) whose property is still in the possession of the federal government."  FAC ¶¶ 142 and 143.

preliminary injunction at 1, noting that the Snitkos had recovered their property and Gothier was scheduling his property's return). The government has decided not to pursue forfeiture as to May's property, and on July 21, 2021, informed May's counsel that it was returning May's property (Murray Decl. ¶ 2), so his action is similarly moot.

As to the remaining and non-moot plaintiffs, Verdon-Pearsons and Storc filed their claims to contest the administrative forfeiture of their property that the government has seized (meaning the jewelry) with the FBI on June 9, 2021 [Docket No. 55-2 (Murray Decl. ¶ 3 and Exs. A and B)], and therefore the 90-day deadline in 18 U.S.C. § 983(a)(3)(A) & (B) for the government to either file a judicial forfeiture complaint against the seized property or else release it expires September 7, 2021, while as to Ruiz the deadline expires September 21, 2021, as his claim was filed June 23, 2021 [Docket No. 55-1 (Jobe Decl. ¶ 8c)]. As to Ruiz, the government will be sending to plaintiffs its reason for retaining the property for forfeiture, but notes that while it expects to make a decision shortly regarding whether a judicial forfeiture will be filed relative to the non-moot plaintiffs, it has not currently done so.

For the reasons set forth below, the non-moot claims of Verdon Persons, Storc and Ruiz should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## III. ARGUMENT

### A. The Standards For Fed. R. Civ. P. 12(b)(1) and (6) Motions To Dismiss.

Federal courts should not adjudicate controversies where subject matter jurisdiction is lacking because they "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986) (citation omitted). The presumption is that a court is "without jurisdiction unless the contrary appears affirmatively from the record." Id. at 546 (internal quotes omitted). The burden of establishing subject matter jurisdiction rests upon the party invoking it [DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006)] and "the court is under a continuing duty

to dismiss an action whenever it appears that the court lacks jurisdiction." Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989) (internal quotes omitted).

Fed. R. Civ. P. 12(b)(1) subject matter jurisdiction attacks can be either facial or factual. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In "a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Conversely, in a factual attack "[n]o presumptive truthfulness attaches to plaintiff's allegations" [Thornhill Pub. v. Gen. Tel. and Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979) (internal quotes omitted)], "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" [Safe Air for Everyone, 373 F.3d at 1039 (citation omitted)], and courts may weigh the extrinsic evidence in determining whether the facts show that a plaintiff has discharged plaintiff's burden of demonstrating that subject matter jurisdiction exists [Roberts v. Corrothers, 812 F.2d 1173, 1177-78 (9th Cir. 1987)].

Courts should grant a Fed. R. Civ. P. 12(b)(6) motion when a complaint fails to allege a cognizable legal theory or sufficient factual support for a legal theory. Caltex Plastics, Inc. v. Lockheed Martin Corp., 824 F.3d 1156, 1159 (9th Cir. 2016). Fed. R. Civ. P. 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Seismic Reservoir 2020, Inc. v. Paulsson, 785 F.3d 330, 335 (9th Cir. 2015) (internal quotes omitted). A complaint must set forth "enough facts to state a claim for relief that is plausible on its face" to defeat the motion. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Courts accept as true the well-pleaded material factual allegations of a complaint but not conclusory allegations, unwarranted factual deductions, unreasonable inferences or legal characterizations [Bell Atlantic Corp., 550 U.S. at 555; Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003)], and may consider documents attached to or mentioned in a complaint and matters subject to judicial notice without converting the motion into a summary

1    judgment motion.  Massey v. Ojaniit, 759 F.3d 343, 347-48 (4th Cir. 2014); Von Saher

2    v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010).

3    **B.     Plaintiffs' Cannot Discharge Their Burden Of Showing That Subject**
4    **Matter Jurisdiction (Either Equitable Or Under The APA) Exists Here.**

5    **1.     The FBI's Administrative Forfeiture Proceedings And Any**
6    **Future Judicial Forfeiture Proceedings Provide Plaintiffs With**
7    **An Adequate Remedy At Law And Divest District Courts Of**
8    **Equitable Jurisdiction To Hear Motions To Return Property.**

9    Because plaintiffs seek the return of property pursuant to Fed. R. Crim. P. 41(g)

10   (hereinafter sometimes referred to "Rule 41(g)"), plaintiffs' complaint (or for that matter

11   a motion, which is treated as a complaint)[4] seeks to invoke the Court's equitable

12   jurisdiction.  Rule 41(g) motions/complaints are only appropriate where property return

13   is sought and no criminal or civil judicial action seeking forfeiture of the property is

14   pending.  See United States v. $8,850, 461 U.S. 555, 569-70 (1983) (recognizing such

15   motions under former Fed. R. Crim. P. 41(e)).  Because such a movant has no other

16   available forum to address the grievance, Fed. R. Crim. P. 41(g) motions are treated as

17   equitable civil actions.  United States v. Martinson, 809 F.2d 1364, 1367 (9th Cir. 1987).

18   The Ninth Circuit has recognized that a district court's invocation of equitable

19   jurisdiction to hear a Rule 41(g) request for return of property should be exercised with

20   caution and restraint.  Ramsden v. United States, 2 F.3d 322, 324 (9th Cir. 1993).  It is a

21   fundamental principle of equitable jurisdiction that if an adequate remedy at law exists,

22   equitable relief is unavailable.  United States v. Elias, 921 F.2d 870, 875 (9th Cir. 1990)

23

24   ─────────────────
     [4] Ninth Circuit cases require Rule 41(g) motions be treated as civil complaints
25   governed by the Federal Rules of Civil Procedure.  United States v. Ibrahim, 522 F.3d
     1003, 1007 (9th Cir. 2008) ("[b]ecause there were no criminal proceedings pending at
26   the time of filing, the District Court properly treated the motion as a civil complaint
     governed by the Federal Rules of Civil Procedure") (citation omitted); United States v.
27   Ritchie, 342 F.3d 903, 906-07 (9th Cir. 2003).  Once district courts treat the motion "as a
     civil complaint, . . . it [is] required to apply the Federal Rules of Civil Procedure.  These
28   rules apply to each stage of the proceedings, the same way they would in the civil
     context."  Ibrahim, 522 F.3d at 1008 (citation omitted and emphasis in original).

(affirming district court's refusal to exercise equitable jurisdiction "because Elias had an adequate remedy at law"); United States v. U.S. Currency, $83,310.78, 851 F.2d 1231, 1235 (9th Cir. 1988) (affirming denial of motion for return of property where adequate remedies at law existed; there was "no need to fashion an equitable remedy").

Plaintiffs' Counts all request their property be returned. The government has commenced administrative forfeiture proceedings as to plaintiffs' property, and must file a judicial forfeiture action within 90 days after the FBI receives a valid claim to contest the forfeiture thereof or else release the property.[5] Because the forfeiture proceedings, in which plaintiffs can raise all the arguments against forfeiture they raises in their FAC, provide an adequate remedy at law, equitable jurisdiction does not lie.

In Elias, the Ninth Circuit held that administrative forfeiture proceedings provide an adequate remedy at law and preclude a district court from exercising equitable jurisdiction to hear a Rule 41(g) motion. There, the government had seized assets and initiated administrative forfeiture proceedings. In affirming the district court's dismissal of Elias' motion, the court concluded that "Elias had a remedy at law pursuant to the administrative forfeiture scheme set forth in 19 U.S.C. § 1608." 921 F.2d at 872. The court rejected the argument that only pending judicial forfeiture proceedings precluded Rule 41(g) relief, and held that administrative forfeiture proceedings "provided Elias with the procedural tools to seek judicial review of the lawfulness of the seizure of his property" and that "both [the administrative and judicial forfeiture] procedures give the claimant an adequate remedy at law." Id. at 873.

---

[5] Once a seizing agency receives a valid claim to contest the administrative forfeiture of an asset, the seizing agency must suspend the administrative forfeiture proceeding as to the asset (28 C.F.R. § 8.10(e)), the seizing agency cannot issue a judgment or final decision that forfeits the asset to the government via what is known as a "declaration of administrative forfeiture" and is the equivalent of a court judgment of forfeiture in a judicial case (28 C.F.R. § 8.12), the seizing agency must refer the matter to the USAO for the filing of an in rem judicial civil forfeiture action that names the asset as a defendant (28 C.F.R. § 8.10(e)), and the government must release the property if the USAO does not file the judicial complaint within 90 days after the seizing agency received the claim (18 U.S.C. § 983(a)(3)(A) & (B)).

Numerous Ninth Circuit and district court cases within the Circuit have dismissed Rule 41(g) motions and complaints where forfeiture proceedings are pending, reasoning that the forfeiture proceedings provide an adequate remedy at law and divest courts from hearing Rule 41(g) requests to return property.  U.S. Currency, $83,310.78, 851 F.2d at 1235 ("when a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant"); In Re Return of Seized Prop. (Jordan), 625 F. Supp. 2d 949, 955 (C.D. Cal. 2009) (granting government's motion to dismiss a Rule 41(g) motion: "the Ninth Circuit has held that a Rule 41(g) motion is properly denied once a civil forfeiture action has been filed") (citation omitted); In Re The Return of Seized Property, Specifically All Funds Seized from BoundlessRise, LLC, 2017 WL 4180149 (C.D. Cal. Aug. 30, 2017) (in granting government's motion to dismiss for lack of subject matter jurisdiction, the district court noted "if a related civil forfeiture proceeding is filed - - either before or after the Rule 41(g) motion was brought - - the court no longer has jurisdiction to entertain the Rule 41(g) motion.  A civil forfeiture proceeding gives the claimant an adequate remedy at law, precluding exercise of the district court's equitable powers") (internal quotes omitted).

Cases outside the Ninth Circuit are in accord.  Abernathy v. Kral, 305 F. Supp. 3d 795 (N.D. Ohio 2018) (where the government has begun civil forfeiture proceedings, a motion for return should be denied because plaintiff has an adequate remedy at law in the civil forfeiture case to seek return of seized property); CFK, LLC v. United States, 324 F.R.D. 236 (D. Ut. 2018) (where government has begun civil forfeiture proceedings, Rule 41(g) motion should be dismissed because claimant can no longer show that claimant lacked a legal remedy as required to obtain equitable relief); Haltiwanger v. United States, 494 F. Supp. 2d 927 (N.D. Ill. 2007) (granting government's motion to dismiss for lack of jurisdiction because the district court lacked equitable jurisdiction to hear Rule 41(g) motion once administrative forfeiture proceedings were commenced); United States v. Voraveth, 2008 WL 4287293, *13 (D. Minn. Jul. 1, 2008), r.& r adopted, United States v. Naovalath, 2008 WL 2885965 (D. Minn. Jul. 22, 2008)

(equitable relief under Rule 41(g) is not available once administrative forfeiture proceedings commenced because those proceedings provide an adequate legal remedy); $8,050.00 in U.S. Currency v. United States, 307 F. Supp. 2d 922, 926-27 (N.D. Ohio 2004) (comprehensive provisions in 18 U.S.C. § 983, governing the procedural aspects of civil forfeiture proceedings, give claimant an adequate remedy at law for contesting civil forfeiture; once the Government commences administrative forfeiture proceedings, a Rule 41(g) motion must be dismissed).[6]

Indeed, in dismissing Rule 41(g) actions, courts specifically hold that forfeiture proceedings provide an adequate remedy at law to raise any claim, like plaintiffs' claim here, that the seizure violated the Fourth and Fifth Amendments. Elias, 921 F.2d at 873 (administrative forfeiture proceedings "provided Elias with the procedural tools to seek judicial review of the lawfulness of the seizure of his property" and "an adequate remedy at law"); U.S. Currency, $83,310.78, 851 F.2d at 1235 ("when a civil forfeiture proceeding has been filed, the claimant has adequate remedies to challenge any fourth amendment violation.  Accordingly, when a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant.  The district court did not err in denying the Rule 41(e) motion"); United States v. One 1987 Jeep Wrangler, 972 F.2d 472, 479 (2d Cir. 1992) ("the claimant is afforded the opportunity to test the legality of the seizure in the forfeiture proceeding.  Consequently, once the administrative process has begun, the district court loses subject matter jurisdiction to adjudicate the matter in a peripheral setting such as a Rule 41(e) motion") (citations omitted);

Several other courts reach the same result.  United States v. 2nd Amendment Guns, LLC, 917 F. Supp. 2d 1120 (D. Or. 2012) (once government commences

---

[6] United States v. One 1974 Learjet, 191 F.3d 668, 673 (6th Cir. 1999) ("After the government initiates forfeiture proceedings and notifies a claimant of the proceedings, a claimant may no longer use Rule 41(e), but instead must submit to the statutory procedures governing civil forfeiture proceedings") (citation omitted); Ibarra v. United States, 120 F.3d 472, 475-76 (4th Cir. 1997) ("once the Government initiates forfeiture proceedings, the district court is divested of jurisdiction" to hear Rule 41 motion).

administrative forfeiture proceeding, claimant has an adequate remedy at law to raise claimant's Fourth Amendment unlawful search arguments); <u>Baranski v. Fifteen Unknown Agents of ATF</u>, 195 F. Supp. 2d 862, 868 (W.D. Ky. 2002) (no jurisdiction to consider Rule 41 motion raising Fourth and Fifth Amendment issues because forfeiture proceedings provide an adequate remedy at law and therefore shows that the movant cannot establish equitable jurisdiction); <u>United States v. U.S. Currency in the Amount of $146,800</u>, 1997 WL 269583, *5 (E.D.N.Y. Apr. 28, 1997) (Rule 41 motion is not appropriate vehicle to challenge a seizure's legality because claimant has adequate legal remedy by contesting forfeiture in the civil forfeiture case); <u>see also</u> Supplemental Rule G(8)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (suppression motions authorized in civil forfeiture cases).

Therefore, plaintiffs' FAC should be dismissed for lack of subject matter jurisdiction. The administrative forfeiture proceedings and any future judicial forfeiture provide an adequate remedy at law and reflects that equitable jurisdiction does not lie.

### 2. Rule 41(g) Dismissals Also Cover Separate Claims For Relief Under The Fourth and Fifth Amendment.

Plaintiffs' free-standing class claims based on constitutional violations are barred for the same reasons set forth above. First, like the Rule 41(g) claim, plaintiffs' constitutional claims seek to invoke the Court's equitable jurisdiction, as they all seek the return of property. Class claims Count I requests that the government to reunite plaintiffs with their property (FAC ¶¶ 169 and 170), Count II seeks to have plaintiffs' property returned in order to vindicate plaintiffs' Fourth Amendment rights (FAC ¶ 173), Count III alleges the government's retention of plaintiffs property violates the Fourth Amendment (FAC ¶ 198), Counts IV and V request a prompt hearing so that plaintiffs can secure the return of their property (FAC ¶¶ 205, 207, 217 and 218) and Count VI requests the return of property based upon Fifth Amendment violations (FAC ¶ 224).

Equitable jurisdiction seeking the return of property, including jurisdiction for claims specifically under Rule 41(g), rely upon 28 U.S.C. § 1331, the federal subject

matter jurisdiction statute.  <u>Tampico v. Martinez</u>, 987 F.3d 387, 390 (5th Cir. 2021) (plaintiff "sought an order for return of his property, should it exist, pursuant to the court's general equitable jurisdiction under 28 U.S.C. § 1331") (footnote omitted); <u>Garcia v. U.S.</u>, 2013 WL 3166599, *3 (W.D. Tex. Jun. 20, 2013) ("[a]n action against the United States seeking the return of property may be brought by invoking the general equitable jurisdiction of the federal courts under 28 U.S.C. § 1331") (internal quotes and citations omitted).

It makes no difference whether the return of property is sought via a motion or a complaint.  Ninth Circuit cases require Rule 41(g) motions be treated as civil complaints governed by the Federal Rules of Civil Procedure.  <u>United States v. Ibrahim</u>, 522 F.3d 1003, 1007 (9th Cir. 2008), and there is no reason why the filing of a complaint for return of property, instead of a motion for return of property that is treated as a complaint for return of property, should require a different analysis as to whether subject matter jurisdiction lies when a motion to dismiss for lack of subject matter jurisdiction is filed.  Multiple cases have granted motions to dismiss complaints for the return of property for lack of subject matter jurisdiction, even though no separate motion for return of property had been filed.

In <u>Lycurgan, Inc. v. Jones</u>, 2016 WL 8983006 (S.D. Cal. Jan. 27, 2016), <u>aff'd</u> 688 F. App'x 442 (9th Cir. 2017), plaintiff filed a complaint asserting claims for relief for (1) return of property pursuant to 18 U.S.C. § 983; (2) return of property pursuant to Rule 41; (3) return of property pursuant to the Fourth Amendment; and (4) return of property pursuant to the Fifth Amendment.  <u>Id.</u> at *3.  The court noted that plaintiffs' second through fourth claims for relief, which were the Fourth and Fifth Amendment free-standing claims, invoked the court's equitable jurisdiction (<u>id.</u> at *5), and the court "decline[d] to exercise its equitable jurisdiction over Plaintiff's second through fourth claims for relief," granted the government's motion to dismiss and dismissed "plaintiff's equitable claims for lack of subject-matter jurisdiction" (<u>id.</u> at *6).

/ / /

11

1       Similarly, in <u>Linarez v. U.S. Dept. of Justice</u>, 2 F.3d 208 (7th Cir. 1993), plaintiff

2   filed a complaint for return of money seized from him and for which the DEA had

3   initiated administrative forfeiture proceedings.  Plaintiff alleged in his complaint that

4   "the DEA had seized the currency without probable cause in violation of his Fourth

5   Amendment right to be free from unreasonable seizures." <u>Id.</u> at 210.  The court granted

6   the government's motion to dismiss for lack of subject matter jurisdiction, reasoning that

7   plaintiff "could not seek recovery of his currency in the district court. . . . [T]here was no

8   basis for the court to invoke equitable jurisdiction over [plaintiff]'s claim that the seizure

9   of the currency violated the Fourth Amendment . . or that the DEA 's notice of seizure

10  was deficient.  He could have raised any or all of these claims in the administrative

11  proceeding." <u>Id.</u> at 213-14.

12      The same result was reached in <u>Baranski v. Fifteen Unknown Agents of ATF</u>, 195

13  F. Supp. 2d 862 (W.D. Ky. 2002), where the court granted the government's motion to

14  dismiss count two of a complaint, which sought the return of property for Fourth and

15  Fifth Amendment violations.  The court agreed with the government's argument that

16  plaintiffs were not entitled to equitable relief, which was the basis of jurisdiction over

17  that count, because there was an adequate remedy at law in the civil forfeiture process,

18  and noted "[p]laintiffs may not seek either return of the property or compensation for it,

19  in a separate federal action as set forth in count two." <u>Id.</u> at 868-69.  Accordingly, the

20  court dismissed count two without leave to amend. <u>Id.</u> at 870.

21      Likewise, <u>U.S. v. U.S. Currency, $83,310.78</u>, 851 F.2d 1231 (9th Cir. 1988) is

22  instructive.  While that case did not involve a complaint for return of property, the case

23  nonetheless involved a Rule 41 motion that sought, in addition to seeking the return of

24  property, the suppression of evidence based on Fourth Amendment violations, which is

25  analogous to filing a complaint for return of property with separate causes of action

26  requesting relief based on constitutional violations.  The Ninth Circuit concluded that

27  because the Fourth Amendment suppression challenge could be raised in the civil

28  / / /

12

forfeiture proceeding "there is no need to fashion an equitable remedy to secure justice for the claimant."  Id. at 1235.

Plaintiffs' claims all seek the return of property and they are fail for the same reasons that their claim for relief under Rule 41(g) fails – an adequate remedy at law exists.  Accordingly, the class claims should be dismissed.

### C.   Plaintiffs' Class Claims Are Barred For The Additional Reason That Subject Matter Jurisdiction Does Not Lie Under The APA.

Plaintiffs' free-standing constitutional claims, if not based on equitable jurisdiction but instead on something else under 21 U.S.C. § 1331, are barred by the doctrine of sovereign immunity.  "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." Jachetta v. United States, 653 F.3d 898, 903 (9th Cir. 2011) (citation and internal quotation marks omitted).  Thus, "[i]n an action against the United States, in addition to statutory authority granting subject matter jurisdiction, there must be a waiver of sovereign immunity."  Arford v. United States, 934 F.3d 907, 923-24 (9th Cir. 2009). That waiver "cannot be implied, but must be unequivocally expressed in statutory text." Jachetta, 653 F.3d at 903 (citation and internal quotation marks omitted); Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987) ("A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity").

Plaintiffs' class claims are brought under the APA (FAC ¶ 1), but the APA provides only a limited grant of jurisdiction to sue the government under circumstances not applicable here.  As the Ninth Circuit has stated, "no cause of action under the APA exists if (1) 'statutes preclude judicial review,' 5 U.S.C. § 701(a)(1); (2) the relevant agency action is not a 'final agency action for which there is no other adequate remedy in a court,' 5 U.S.C. § 704; or (3) the 'agency action is committed to agency discretion by law,' 5 U.S.C. § 701(a)(2)."  Hyatt v. Office of Management and Budget, 908 F.3d 1165, 1170 (9th Cir. 2018) (citing City of Oakland v. Lynch, 798 F.3d 1159, 1165 (9th

Cir. 2015)).  In <u>City of Oakland</u>, the Ninth Circuit affirmed the dismissal for lack of subject matter jurisdiction the City of Oakland's lawsuit under the APA to prevent the federal government from seeking civil forfeiture of real property where a retail marijuana store was operating in violation of federal marijuana laws, and held that civil forfeiture proceedings could not be challenged under the APA for three separate reasons: the decision to proceed with forfeiture proceedings is committed to agency discretion, the decision to proceed with a civil forfeiture proceeding is not a final agency action, and the existing civil forfeiture statutes provided an adequate remedy in court.  <u>Id.</u> at 1165-67.

The Ninth Circuit noted "the APA does not apply if the 'agency action is committed to agency discretion by law' or if 'statutes preclude judicial review[ ]' (citing 5 U.S.C. § 701(a)(1) and (2)), and "[t]he APA does not 'confer [ ] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought[]' " (citing 5 U.S.C. § 702).  <u>City of Oakland</u>, 789 F.3d at 1165. The Court concluded "[b]ecause the Government's decision to file the forfeiture action is committed to agency discretion, and because Oakland's suit is impliedly forbidden by the existence of the forfeiture statute, judicial review is precluded" under the APA.  <u>Id.</u>

As to agency discretion under 5 U.S.C. § 701(a)(2), the Court noted "[L]itigation decisions are generally committed to agency discretion by law, and are not subject to judicial review under the APA. . . . The Government's decision relied on the exercise of the equivalent of prosecutorial discretion and is thus immune from judicial review under the APA."  <u>Id.</u> at 1165 (internal quotes omitted).  As to statutory preclusion (<u>i.e.</u>, 5 U.S.C. §§ 701(a)(1) and 702), the Ninth Circuit held that because the forfeiture statute, 18 U.S.C. §§ 981-983 and Supplemental Rule G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which allows persons to file claims contesting forfeiture and provides a standard to review whether property is subject to forfeiture, is a "precisely drawn, detailed statute [and therefore] pre-empts

/ / /

1   more general remedies" under the APA, "[t]he existing forfeiture framework . . .

2   impliedly forbids review of Oakland's [APA] claims."  Id. at 1165.

3          Finally, the Court noted 5 U.S.C. § 704 also "bar[red] [Oakland's] claims"

4   because that statute permits judicial review only for "<u>final agency action</u> for which there

5   is <u>no other adequate remedy in a court</u>."  City of Oakland, 789 F.3d at 1166 (emphasis in

6   original and citing 5 U.S.C. § 704). The Court held the government's "decision to file the

7   forfeiture action is not 'final,' because it is not an action by which rights or obligations

8   have been determined, or from which legal consequences will flow."  Id.  (internal

9   quotes omitted).  In addition, the Court noted "[a] forfeiture action simply makes evident

10  the Government's intention to challenge the status quo; any rights, obligations, and legal

11  consequences are to be determined later by a judge."  Id. at 1166-67.  Further, the court

12  noted "there is another adequate remedy-the forfeiture action."  Id. at 1167.

13         For each of these three reasons, subject matter jurisdiction does not exist over

14  plaintiffs' class claims.  None of plaintiffs' class claims fall within the purview of the

15  APA's sovereign immunity waiver, and they should therefore be dismissed.

16  **D.      Plaintiffs' Paul Snitko, Jennifer Snitko, Tyler Gothier And Travis May**

17  **         Cannot Satisfy Article III's Case Or Controversy Requirement Because**

18  **         This Action Is Moot As To Them.**

19         As set forth above, except for plaintiffs Verdon-Pearsons and Storc, a married

20  couple who submitted a claim in the administrative forfeiture proceedings to the same

21  items, and Ruiz, this lawsuit is moot.  Docket No. 60 (July 23, 2021 order re: plaintiffs'

22  motion for preliminary injunction at 1, noting that the Snitkos had recovered their

23  property and Gothier was scheduling his property's return) and the Statement of Facts

24  above, indicating that May's property is being returned.

25         In order to have standing to sue, Article III requires that a plaintiff "suffer[] an

26  injury in fact – an invasion of a legally protected interest which is (a) concrete and

27  particularized . . . and (b) actual or imminent, not conjectural or hypothetical."  Lujan v.

28  Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal quotes and citations omitted).

The "case or controversy" requirement in Article III mandates that issues be "definite and concrete, not hypothetical or abstract," before federal courts may exercise jurisdiction over them.  Railway Mail Ass'n v. Corsi, 326 U.S. 88, 93 (1945).

Article III of the Constitution limits the jurisdiction of federal courts to actual cases and controversies, and an action is rendered moot when the issues are no longer live or the party lacks a legally cognizable interest in the outcome.  Headwaters Inv. v. Bureau of Land Management, 893 F.2d 1012, 1015 (9th Cir. 1989).  Courts lack jurisdiction over claims for which no effective relief can be granted.  Aguirre v. S.S. Sohio Intrepid, 801 F.2d 1185, 1189 (9th Cir. 1986).  "Where the question sought to be adjudicated has been mooted by developments subsequent to the filing of the complaint, no justiciable controversy is presented."  Id.  (citation omitted).

Accordingly, plaintiffs, except for Verdon-Pearsons, Storc and Ruiz, should be dismissed from this action.  Their action is moot.

> **E.      Counts IV and V for Due Process Violations Based On The Failure To Provide A Prompt Hearing To Secure The Return Of Property Are Barred Because The Government Has Provided A Prompt Hearing Via The Administrative Forfeiture Proceedings And The Time That Has Elapsed Since The Seizure In Any Event Does Not Give Rise To A Due Process Violation.**

Class claims Count IV and V allege a violation of the Due Process Clause of the Fifth Amendment due to the failure to provide plaintiffs with a prompt hearing to secure their property return.  However, the government initiated administrative forfeiture proceedings on May 20, 2021, which is two months after the seizure and is considered the "hearing" under the authorities below, and in any event a period of four months have passed since the March 2021 seizure.  That period of time does not constitute a due process violation.  Accordingly, Counts IV and V should be dismissed.

In United States v. $8,850.00 in U.S. Currency, 461 U.S. 555, 565 (1983), the Supreme Court measured the delay between the seizure of the asset and commencement

16

of administrative forfeiture proceedings and found that an eighteen-month delay did not violate due process.  Similarly, in United States v. Approximately $1.67 Million in U.S. Currency, Stock & Other Valuable Assets, 513 F.3d 991, 998, 1001 (9th Cir. 2008), the Ninth Circuit measured the delay between the asset seizure and the civil forfeiture complaint filing and found that a five year delay did not violate due process.  Accord, United States v. Ninety-Three (93) Firearms, 330 F.3d 414, 426 (6th Cir. 2003) (measuring delay between asset seizure and complaint filing and finding that a three year delay did not violate due process); cf. United States v. $1,111,120.00 in U.S. Currency, 2014 WL 619436 (S.D. Ohio Feb. 18, 2014) (the court held that stay of civil forfeiture action for three years while criminal investigation was ongoing did not violate due process).

> **F.    Assuming Plaintiffs Can Otherwise Establish Subject Matter Jurisdiction, The Court Should, In Its Discretion, Deny The Class Claims Because They Seek Declaratory Relief.**

Counts I through VI, which are class claims, seek declaratory relief for constitutional violations, and plaintiffs bring those claims based on the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  FAC ¶ 1. The Declaratory Judgment Act is not an independent source of subject matter jurisdiction, but instead requires another basis for subject matter jurisdiction.  28 U.S.C. § 2201 provides that federal courts may grant declaratory relief "in a case . . . within its jurisdiction." (Emphasis added).  See North County Communications Corp. v. California Catalog & Tech., 594 F.3d 1149, 1154 (9th Cir. 2010).  Assuming plaintiffs can establish subject matter jurisdiction in this case, the Court should exercise its jurisdiction to deny declaratory relief.

A party does not have an absolute right to a legal determination of its claim under the Declaratory Judgment Act.  United States v. Washington, 759 F.2d 1353, 1356 (9th Cir. 1985) (en banc).  "Federal courts do not have a duty to grant declaratory judgment; therefore, it is within a district court's discretion to dismiss an action for declaratory judgment."  Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 533 (9th Cir. 2008)

(citations omitted).  Declaratory relief should be denied when "prudential considerations counsel against its use," or when the relief requested "will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."  Washington, 759 F.2d at 1357 (citations omitted).

All of plaintiffs' requests for declaratory relief, in which they raise Fourth and Fifth Amendment violations, can properly be raised in any civil forfeiture action the government files.  One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 696 (1965) (Fourth Amendment exclusionary rule applies in civil forfeiture cases); United States v. $186,416.00 in U.S. Currency, 590 F.3d 942, 950 (9th Cir. 2010) (same); Supplemental Rule G(8)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (party can file motion to suppress evidence in civil forfeiture cases).  Accordingly, declaratory relief in the instant case would be duplicative of affirmative defenses based on constitutional violations raised in any future civil forfeiture case the government may file.  Prudential considerations regarding litigating identical issues in two different cases is reason for the Court to exercise its discretion and deny declaratory relief here.  See Amerada Petroleum Corp. v. Marshall, 381 F.2d 661 (5th Cir. 1967) (declaratory judgment action properly dismissed where same issues raised in another case); Arthur J. Gallagher & Co. v. Lang, 2015 WL 13390098 (N.D. Cal. 2015) (declaratory relief to assert counterclaims denied where counterclaims duplicate affirmative defenses a party asserted in the case); The Rutter Group, Federal Civil Procedure Before Trial § 10:49 (2021) ("Courts ordinarily refuse to decide constitutional issues in declaratory relief actions except when absolutely necessary").

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.   CONCLUSION

For the foregoing reasons, the government respectfully requests that its motion be granted and plaintiffs' FAC be dismissed without leave to amend.

Dated: July 27, 2021                    Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

               /s/
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.