**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

* *Admitted pro hac vice.*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| **PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC, and TRAVIS MAY,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA, TRACY L. WILKISON, in her official capacity as Acting United States Attorney for the Central District of California, and KRISTI KOONS JOHNSON, in her official capacity as an Assistant Director of the Federal Bureau of Investigation,**<br><br>Defendants. | Case No. 2:21-cv-04405-RGK-MAR<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO COURT'S JULY 23, 2021 ORDER TO SHOW CAUSE REGARDING THE GOVERNMENT'S CONTINUED SEIZURE OF THE CONTENTS OF BOX 7622**<br><br>Judge: Hon. R. Gary Klausner<br>Complaint Filed: May 27, 2021<br>Amended Complaint Filed: June 9, 2021 |

1    On July 23, 2021, this Court ordered the government to either return the property that it seized from Joseph Ruiz or, in the alternative, to "show cause to the Court in writing as to why the Government continues to seize the contents of Box 7622." Doc. 60 at 8. The government in response has filed a three-page affidavit, which is notably unaccompanied by *any* legal argument even attempting to suggest that its showing is sufficient to establish probable cause. That is because the point cannot seriously be argued: The government's affidavit, bereft of any actual evidence, amounts to nothing more than innuendo and supposition. It is manifestly insufficient to justify the continued detention of Joseph's property.

The government's affidavit raises three broad points: (1) Joseph has not provided the FBI with documentation to support his claim that he received money through a settlement; (2) based on Joseph's email address, the government believes that he at one point sold water pipes made out of old liquor bottles; and (3) Joseph had a bank account in February 2021, so he supposedly must have a "readily available avenue to pay for rent, groceries and other expenses." The first two points fall far short of probable cause, while the third is utterly irrelevant to the issue.

*First*, the fact that Joseph did not document his prior settlements to the government does not and cannot establish probable cause of illegality. As the Supreme Court has held, "to get their money back, defendants should not be saddled with any proof burden. Instead . . . they are entitled to be presumed innocent." *Nelson v. Colorado*, 137 S. Ct. 1249, 1256 (2017). The fact that Joseph did not document his settlements to the government is therefore not affirmative evidence of anything. In any event, Joseph *does have* documentation of those settlements: The exhibits to this filing reflect that Joseph was the beneficiary of a $100,000 settlement in 2019 and a $25,000 settlement in 2021. *See* Joseph Ruiz Declaration in Reply to Defendants' Response to Court's July 23, 2021 Order to Show Cause ("Ruiz Decl."), Ex. A at 5; Ex. B at 8.

1  But even if Joseph were unable or unwilling to provide that documentation, that would not justify the government's continued retention of his property. As *Nelson* holds, USPV box holders cannot be constitutionally required to prove their innocence to the government in order to recover their property. Indeed, as this Court recently observed, "the Government is not authorized to compel a private citizen whose property the Government has indiscriminately seized to come forth and self-identify so that the Government may investigate that person." Order on Defendants' Motion to Dismiss, *Coe v. United States*, No. 21-cv-3019 (July 23, 2021), ECF No. 49, at 6. Just as Joseph is not required to submit to investigation by the FBI, he cannot be required to hand over sensitive financial documents to federal law enforcement officials. The government cannot be allowed to seize property without any suspicion of wrongdoing and then force property owners to prove their own innocence to get that property back.

*Second*, the government's speculation based on Joseph's email address is nothing more than innuendo. It asserts without any stated basis that Joseph's email address was associated at some point with an online business "specializing in turning liquor bottles into marijuana smoking devices." Doc. 64-1 at ¶ 2. But notably, the government does not even try to argue either that the $57,000 seized from Joseph's box was earned by selling hand-crafted water pipes or that it would be subject to forfeiture if it was. Indeed, the government concedes that "[o]n-line businesses do not typically generate cash." *Id.* Instead, the government simply asserts that "this business suggests RUIZ may be involved in the cannabis industry in other ways." *Id.* What "other ways" are those? The government does not say, as it has no real idea. The government is speculating. *See United States v. Howard*, 828 F.2d 552, 555 (9th Cir. 1987) (holding that "[m]ere speculation" is insufficient to establish probable cause).

*Third*, the government implies that Joseph must not actually need his seized funds, as he had "an active bank account at J.P. Morgan Chase" in February 2021.

3

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO COURT'S JULY 23, 2021 ORDER TO SHOW CAUSE REGARDING THE GOVERNMENT'S CONTINUED SEIZURE OF THE CONTENTS OF BOX 7622

Doc. 64-1 at ¶ 6. But the fact that Joseph had a bank account does not say anything about *how much money* was (or is) held in that account, and Joseph in fact needs to access the proceeds of his settlements in order to pay for medical care (the purpose of the 2019 settlement) and to improve his living situation (the purpose of the 2021 settlement). *See* Ruiz. Decl. ¶ 13. And even if that weren't the case, Joseph is not required to prove that he needs his funds; to the contrary, the government must put forward some reason why they should get to keep it.

The government's affidavit is also entirely consistent with Joseph's explanation of the origin of his funds. Joseph has never said that he does not have a bank account or that he initially received his settlement proceeds in cash; Joseph has simply explained that he *kept* those proceeds in cash in his U.S. Private Vaults box. And Joseph's explanation is confirmed by the government's own affidavit, which says that a currency transaction report was filed for Joseph's bank account in February 2021. It is important to note that a currency transaction report would have to be filed for an over-$10,000 cash *withdrawal* from the account. And in fact, Joseph explains that he withdrew the proceeds of his February 2021 settlement from the bank shortly after receiving the funds, so that he could store the funds in cash in his USPV box—which presumably is exactly the withdrawal that triggered the report that the government mentions in its affidavit. *See* Ruiz Decl. ¶ 10, 11.

## Conclusion

At bottom, the government has presented no actual evidence for why it should get to keep Joseph's money. Instead, it has taken whatever information it could force Joseph to divulge in his efforts to get his property back and then used its investigatory powers to manufacture supposition and innuendo. But supposition and innuendo are not substitutes for affirmative evidence under the Fourth Amendment. Accordingly, the Court should order the government to return Joseph's money without delay.

4

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO COURT'S JULY 23, 2021 ORDER TO SHOW CAUSE REGARDING THE GOVERNMENT'S CONTINUED SEIZURE OF THE CONTENTS OF BOX 7622

| | | |
|---|---|---|
| 1 | Dated: August 3, 2021 | Respectfully Submitted, |

/s/ Robert Frommer

**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

*Admitted pro hac vice.*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*

5

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO COURT'S JULY 23, 2021 ORDER TO SHOW CAUSE REGARDING THE GOVERNMENT'S CONTINUED SEIZURE OF THE CONTENTS OF BOX 7622