TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture/
General Crimes Sections
    1100/1400/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142/0141
    E-mail: Andrew.Brown@usdoj.gov
            Victor.Rodgers@usdoj.gov
            Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC, AND TRAVIS MAY,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>    Defendants. | Case No. 2:21-CV-04405-RGK-MAR<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF JOSEPH RUIZ'S REPLY TO DEFENDANT'S RESPONSE TO COURT'S JULY 23, 2021 ORDER TO SHOW CAUSE REGARDING THE GOVERNMENT'S CONTINUED SEIZURE OF THE CONTENTS OF BOX 7622** |

    The government has received the information plaintiff Joseph Ruiz ("Ruiz") filed earlier today with the Court, which contained information and documents regarding the source of the $57,000 contained in box 7622 that Ruiz had not provided earlier, either in his claim contesting the administrative forfeiture of the funds (although he was invited to

do so) or at any other time. The government has reviewed the information, and will not be filing a judicial forfeiture action against the funds, but will instead be returning them. The government noted in its pending motion to dismiss the complaint filed July 27, 2021, that it would decide soon whether it would proceed with a judicial forfeiture action against the funds in Ruiz's box, or instead return the funds.

As the government indicated in its response filed Friday, July 30, 2021 to the Court's Order to Show Cause, there was probable cause to believe that the funds in the box were subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C) on the grounds that the funds were traceable to drug trafficking or were used to facilitate drug trafficking under the applicable aggregate of the facts test which requires analysis of all the relevant drug-indicator factors considered cumulatively, in order to establish whether a sufficient link existed between drug trafficking and the asset to warrant forfeiture. Here, and as indicated in the government's July 30, 2021 filing, those factors included the canine alert to the funds, the email address linking Ruiz to a marijuana head shop, Ruiz's lack of legitimate income to support the amount of currency in his box and Ruiz's failure to provide in his claim contesting forfeiture any of the documents or information he has now provided in his current filing, to show that the funds were legitimately derived.

As the government has previously noted, under the applicable aggregate of the facts test, the fact-finder considers all of the facts indicative of the alleged illegal activity cumulatively, with no single factor being dispositive, in order to decide whether there is a sufficient nexus between assets and the alleged illegal activity. <u>United States v. U.S. Currency, $42,500.00</u>, 283 F.3d 977, 980-82 (9th Cir. 2002). Courts within the Ninth Circuit and elsewhere have held that a narcotic detection canine alert, from a trained narcotic detection canine such as the canine involved here, is a factor that circumstantially establishes the link between assets and drug trafficking.[1] Furthermore,

---

[1] <u>See, e.g.</u>, <u>United States v. Currency U.S. $42,500.00</u>, 283 F.3d 977, 982-83 (9th Cir.
*(footnote cont'd on next page)*

courts within the Ninth Circuit and elsewhere hold that a canine alert standing alone establishes probable cause.  See, e.g., United States v. Tamari, 454 F.3d 1259, 1265 (11th Cir. 2006) ("probable cause arises when a drug-trained canine alerts to drugs") (citations omitted); $42,500, supra 283 F.3d at 982-83 (9th Cir. 2002) (dog alert establishes probable cause that money is drug proceeds); United States v. $572,204 in U.S. Currency, 606 F. Supp. 2d 153, 160 (D. Mass. 2009) ("The alert by Riggs alone likely provided the necessary probable cause to search the trailer" where officers found $572,204 and bags containing drug residue) (citation omitted); United States v. Saenz, 2006 WL 27418, *8 (E.D. Mo. Jan. 5, 2006) ("A positive dog sniff is evidence of probable cause for forfeiture") (citations omitted).  Likewise, a lack of legitimate income is sufficient to show assets are subject to forfeiture based upon their connection to drug activity.[2]

These are the factors that are critical to the analysis of whether the government has probable cause to retain property under the applicable forfeiture statutes.  Plaintiff has offered arguments regarding whether someone has to prove their innocence to get their

---

2002) (in affirming summary judgment granted in favor of the government forfeiting the defendant asset, the Ninth Circuit noted that a canine alert is probative of the drug-currency link); United States v. $22,474.00 in U.S. Currency, 246 F.3d 1212 (9th Cir. 2001) (in affirming summary judgment granted in favor of the government forfeiting the defendant asset, the Ninth Circuit noted that a canine alert is probative of the drug-currency link); see also United States v. $132,245.00 in U.S. Currency, 764 F.3d 1055, 1058-59 (9th Cir. 2014) (in deciding that a forfeiture was not constitutionally excessive in violation of the Eighth Amendment, the Ninth Circuit noted that drug dog's alert to currency constitutes strong evidence of a connection between funds and drug trafficking).

[2] See, e.g., United States v. $117,920.00 in U.S. Currency, 413 F.3d 826, 829 (8th Cir. 2005) ("Soosan was found with a large amount of cash, $117,920.00, and we have found the possession of lesser amounts of currency to be strong evidence connecting the money to illegal drug activities") (internal quotation marks and citations omitted); United States v. $84,615 in U.S. Currency, 379 F.3d 496, 501 (8th Cir. 2004) ("we have recognized that possession of a large amount of cash (here, nearly $85,000) is strong evidence that the cash is connected with drug activity") (citation omitted); United States v. $129,727 U.S. Currency, 129 F.3d 486, 490 (9th Cir. 1997) (claimant's possession of $115,000.00 standing alone constituted evidence of drug nexus); United States v. Approximately $158,000.00 in U.S. Currency, 2013 WL 1091395, *5 (E.D. Cal. Mar. 15, 2013) ("[t]he Ninth Circuit has recognized that a large amount of money alone may be strong evidence that the money was furnished or intended to be furnished in return for drugs") (internal quotation marks and citations omitted).

1 property back is not the issue here, nor is that a matter for resolution in any forfeiture
2 case.  Regardless of the rules governing probable cause and the reasons for the
3 government's continued retention of the property, as the government notes above, the
4 government will be returning the contents of Ruiz's box.  The government will not be
5 pursuing judicial forfeiture of those funds.

6 Dated: August 3, 2021                               Respectfully submitted,

                                                     TRACY L. WILKISON
                                                     Acting United States Attorney
                                                     SCOTT M. GARRINGER
                                                     Assistant United States Attorney
                                                     Chief, Criminal Division

                                                          /s/
                                                     ANDREW BROWN
                                                     VICTOR A. RODGERS
                                                     MAXWELL COLL
                                                     Assistant United States Attorneys

                                                     Attorneys for Defendants
                                                     UNITED STATES OF AMERICA, et al.