UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | September 9, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Jennifer Graciano | | Not Reported | N/A |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| Not Present | | Not Present | |

**Proceedings:** **(IN CHAMBERS) Order Re: Motion to Dismiss the First Amended Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim upon which Relief Can Be Granted Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [DE 62]**

## I.    INTRODUCTION

On June 9, 2021, Paul Snitko, Jennifer Snitko, Joseph Ruiz, Tyler Gothier, Jeni Verdon-Pearsons, Michael Storc, and Travis May filed a first amended complaint, ("FAC") (ECF No. 33), against the United States of America, acting United States Attorney Tracy L. Wilkison, and assistant Director of the FBI Kristi Koons Johnson (collectively, "Defendants" or "the Government"). Plaintiffs allege a total of seven claims for Return of Property pursuant to Federal Rule of Criminal Procedure 41(g) and for various violations of Plaintiffs' rights under the Fourth and Fifth Amendments.

Plaintiffs' claims arise from the Government's seizure and search of Plaintiffs' personal property located in safe deposit boxes on the premises of non-party US Private Vaults. Plaintiffs seek to represent a class of "[a]ll renters of U.S. Private Vaults safe deposit boxes who (a) had property within their safe-deposit box seized by the federal government on or around March 22, 2021; and (b) have identified themselves to the FBI since the seizure." (FAC ¶ 14).[1]

Presently before the Court is the Government's Motion to Dismiss the First Amended Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim upon which Relief Can Be Granted

---

[1]   Plaintiffs also wish to certify two subclasses: a "Forfeiture subclass" and a "No Notice subclass." Plaintiffs' Motion for Class Certification is currently pending and is set for hearing on September 27, 2021. (ECF No. 71).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | September 9, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("Motion") (ECF No. 62). For the reasons that follow, the Court **GRANTS** in part and **DENIES** in part the Government's Motion.

**II.     FACTUAL BACKGROUND**

Unless otherwise indicated the following facts are drawn from Plaintiffs' FAC.

United States Private Vaults ("USPV") is a California corporation that operates a safe-deposit-box facility in Beverly Hills. USPV's Beverly Hills facility houses over 800 safe deposit boxes.

Paul and Jennifer Snitko ("the Snitkos") are a married couple who rented a safe deposit box from USPV in which they placed jewelry, back-up hard drives, legal documents, Paul's pilot flight log, and other personal effects.

Tyler Gothier rented a safe deposit box at USPV in which he placed silver and other personal property.

Jeni Verdon-Pearsons ("Verdon-Pearsons") and Michael Storc ("Storc") are a married couple who rented a safe deposit box from USPV in which they placed silver and about $2,000 in cash, as well as various personal documents.

Joseph Ruiz ("Ruiz") rented a safe deposit box from USPV in which he placed approximately $57,000 in cash—money that Ruiz relies on to pay his living and medical expenses.

Travis May ("May") rented a safe deposit box at USPV in which he placed gold and approximately $63,000 in cash.

On March 22, 2021, the FBI raided USPV, and searched and seized the contents of hundreds of safe deposit boxes, including those rented by Plaintiffs. Before conducting this search and seizure, the Government obtained a warrant ("the warrant"). Plaintiffs allege that in the application for the warrant, the Government represented that "it would search USPV safe deposit boxes to 'look for contact information or something which identifies the owner' and that, under official FBI policies, that search would 'extend no further than necessary to determine ownership.'" (FAC ¶ 48). But despite the fact that the Snitkos, Verdon-Pearsons, Storc, and May "placed a letter containing their contact information, as well as information identifying their beneficiaries, on top of the interior sleeve of their boxes," Plaintiffs allege that the Government extended its search of the boxes farther than necessary to determine ownership by rummaging through the interior sleeves of the boxes. (*Id.* ¶¶ 60–61).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | September 9, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

After the seizure at USPV, Plaintiffs all filed claims with the FBI to retrieve their seized property. In the following months, the Government returned the Snitkos' property (Reply in Support of Pls.' Mot. for Preliminary Injunction at 4, ECF No. 54); arranged for the return of Gothier's property (*id.*); arranged for the return of May's property (Declaration of Jessie Murray at 1, ECF No. 62-1); was ordered by the Court to return Ruiz's property (Order Re: Pls.' Mot. for Preliminary Injunction at 8, ECF No. 60); and arranged for the return of Verdon-Pearsons and Storc's property (Declaration of Lynne Zellhart ¶¶ 4–5). Plaintiffs allege that "even after the[ir] property is returned, the FBI will continue to hold records of the contents of their box[es] generated during [the Government's] unlawful search." (FAC ¶ 8).

### III. JUDICIAL STANDARD

#### A. <u>12(b)(1): Dismissal for Lack of Subject Matter Jurisdiction</u>

Federal courts are courts of limited jurisdiction and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir. 1989). A party may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of establishing jurisdiction. *Kingman Reef Atoll Investments, L.L.C. v. United States,* 541 F.3d 1189, 1197 (9th Cir. 2008).

#### B. <u>Dismissal for Failure to State a Claim Upon Which Relief Can be Granted</u>

Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *Iqbal,* 556 U.S. at 678. A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly,* 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must accept well-pled factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Autotel v. Nev. Bell. Tel. Co.*, 697 F.3d 846, 850 (9th Cir. 2012). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | September 9, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |


**IV.      DISCUSSION**

The Government moves to dismiss all seven of Plaintiffs' claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.[2] Plaintiffs' seven claims are styled as follows: (1) "Defendants' Criminal Search of USPV Customers' Personal Property Violates the Fourth Amendment[;]" (2) "Defendants' Ongoing Retention of Property Without Stating a Valid Legal Basis for Its Continued Seizure Violates the Fourth Amendment[;]" (3) "Defendants' Ongoing Retention of Property Without Determining Whether There Is Individualized Probable Cause that the Property Is Subject to Forfeiture Violates the Fourth Amendment[;]" (4) "Defendants' Ongoing Retention of Property Without Providing Notice and an Opportunity to be Heard Violates the Fifth Amendment[;]" (5) "Defendants' Ongoing Retention of Property Without Providing Notice and an Opportunity to be Heard Violates the Fifth Amendment[;]" (6) "Defendants' Coercive Use of Unlawfully Seized Property to Force USPV Customers to Submit to Investigation Violates the Fifth Amendment[;]" (7) "Claim for Return of Property Currently Held in Violation of the Fourth and Fifth Amendments[.]" (FAC at 34–47).

For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** the Government's Motion.

   **A.      The Government's Jurisdictional Argument**

The Government first argues that the Court lacks subject matter jurisdiction over Plaintiffs' Rule 41(g) claim—Plaintiffs' seventh claim—because Plaintiffs have not established that the Court may exercise equitable jurisdiction over that claim. This argument fails.

The Government's primary contention is that the Court lacks equitable jurisdiction because the Government initiated administrative forfeiture proceedings against all of the property that Plaintiffs assert is theirs. The Government avers that "[n]umerous Ninth Circuit and district court cases within the Circuit have dismissed Rule 41(g) motions and complaints where forfeiture proceedings are pending, reasoning that the forfeiture proceedings provide an adequate remedy at law and divest courts from hearing Rule 41(g) requests to return property." (Motion at 63).

Ninth Circuit caselaw notwithstanding, here, there is no question that were the Court to dismiss Plaintiffs' Rule 41(g) claim, they would lack an adequate remedy at law. One of the remedies that Plaintiffs request in their FAC is an "order that all records Defendants created during their criminal search of USPV customers' security deposit boxes, other than those records necessary for reuniting

---

[2]      The Government's Motion focuses almost exclusively on subject matter jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | September 9, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

property owners with their property, be destroyed and/or returned to their owners." (FAC ¶ 170). The six named-Plaintiffs would not be able to move for such relief in a civil forfeiture proceeding because, as the Government notes, the Government returned (or has arranged for the return of) all of Plaintiffs' property and does not intend to forfeit any of that property. Accordingly, as to the property that the Government seized from Plaintiffs' boxes at USPV, there will be no judicial forfeiture action in which Plaintiffs can seek to obtain the remedy of destruction or return of records.[3]

Next, the Government argues that the remainder of Plaintiffs' claims are subject to dismissal for lack of subject matter jurisdiction because "Rule 41(g) dismissals also cover separate claims for relief under the Fourth and Fifth Amendment." (Motion at 10). But for the reasons discussed above, the Government's argument that Plaintiffs' Rule 41(g) claim should be dismissed is unavailing. Accordingly, the Government's argument that a Rule 41(g) dismissal warrants dismissal of Plaintiffs' other claims fails.

### B. Plaintiffs' First Claim for Relief

Plaintiffs' first claim for relief is for violation of their Fourth Amendment rights. In summary, Plaintiffs allege that the Government exceeded the scope of the warrant to search USPV because the Government seized and conducted a criminal, investigatory search of Plaintiffs' property, despite the fact that the warrant authorized only an inventory search of the safe deposit boxes. Plaintiffs further allege that "[t]he warrant's authorization to conduct a search of the boxes cannot be justified under the inventory search doctrine, as the best way to prevent theft and loss of the contents of the boxes would have been to leave those contents locked inside the safe deposit boxes." (FAC ¶ 162). In connection with this claim, Plaintiffs seek (among other relief) a Court order requiring the Government to destroy or return all records that the Government created in its search of Plaintiffs' USPV boxes. (*Id.* ¶ 170).

The Government argues that Plaintiffs' first claim is moot because the Government is returning Plaintiffs' property and because Plaintiffs are not entitled to an order directing the Government to return

---

[3] In its Reply brief, the Government argues that Plaintiffs are not entitled to such relief because the case upon which Plaintiffs rely, *United States v. Comprehensive Drug Testing, Inc.*, 621 F.2d 1162 (9th Cir. 2010) (*en banc*), is factually distinguishable from the present case. The Government's argument presents questions that go to the merits of this case and that have yet to be fully briefed—namely, do the named-Plaintiffs prevail on their Rule 41(g) claim, and if so, are they entitled to the equitable relief of an order instructing the Government to destroy any records that were created during the search and seizure of Plaintiffs' boxes? The Government's Reply brief raises these questions prematurely; they would be better resolved on a motion for summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | September 9, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

or destroy all records that the Government created during the course of its search and seizure of Plaintiffs' property. In support of this second argument, the Government contrasts the facts of this case with those of *United States v. Comprehensive Drug Testing, Inc.* ("*CDT*"), a case in which the Ninth Circuit affirmed a district court's order requiring the Government to sequester and return copies of evidence obtained during the course of an unlawful search and seizure. 621 F.3d at 1174.

In *CDT*, the Ninth Circuit noted "that district judges may order the return of the originals, as well as any copies, of seized evidence: 'In some circumstances . . . equitable considerations might justify an order requiring the government to return or destroy all copies of records that it has seized.'" *Id.* (quoting Fed. R. Crim. P. 41 advisory committee notes (1989 amendments)). The Ninth Circuit did not list the circumstances in which such an order is warranted, but instead provided that "[w]hat circumstances merit this remedy is left to the discretion of the district court . . . ." *Id.* The court went on to affirm the district court on two bases: (1) "equitable considerations" required sequestration and the return of copies of evidence because the risk of harm to the plaintiffs associated with disclosure of the evidence was great, and (2) "[w]hen, as [in *CDT*], the government comes into possession of evidence by circumventing or willfully disregarding limitations in a search warrant, it must not be allowed to benefit from its own wrongdoing by retaining the wrongfully obtained evidence or any fruits thereof." *Id.*

Here, the Government argues that neither of the two bases on which the Ninth Circuit affirmed the district court in *CDT* are present. But Plaintiffs plausibly allege that the agents that conducted the search of Plaintiffs' boxes did in fact exceed the scope of the inventory search authorized by the warrant. For example, Plaintiffs allege that in the application for the warrant, the Government represented that "it would search USPV safe deposit boxes to 'look for contact information or something which identifies the owner' and that, under official FBI policies, that search would 'extend no further than necessary to determine ownership.'" (FAC ¶ 48). But despite the fact that the Snitkos, Verdon-Pearsons, Storc, and May "placed a letter containing their contact information, as well as information identifying their beneficiaries, on top of the interior sleeve of their boxes," Plaintiffs allege that the Government extended its search of the boxes farther than necessary to determine ownership by rummaging through the interior sleeves of the boxes. (*Id.* ¶¶ 60–61). Whether this search violated Plaintiffs' Fourth Amendment rights remains to be seen. But Plaintiffs have plausibly alleged as much, and the Court therefore finds the Government's argument regarding *CDT* unpersuasive at this juncture.

Accordingly, the Court **DENIES** the Government's Motion as to Plaintiffs' first claim.

C.      **Plaintiffs' Second, Third, Fourth, Fifth, and Sixth Claims**

The Government argues that Plaintiffs' second through sixth claims are moot. For the reasons that follow, the Court agrees and therefore dismisses those claims as to the named-Plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | September 9, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

Plaintiffs' second through sixth claims seek to remedy various violations of their Fourth and Fifth Amendment rights. By their second claim, Plaintiffs "seek[] to vindicate the Fourth Amendment right of members of the proposed No Notice subclass *to have their property returned* . . . ." (FAC ¶ 173) (emphasis added). Plaintiffs have all received their property or soon will—thus, this claim is **DISMISSED** as moot.

By their third claim, Plaintiffs "seek[] to vindicate the Fourth Amendment right of the proposed Forfeiture Subclass to have the government make an individualized probable cause determination before subjecting them to civil forfeiture proceedings." (FAC ¶ 183). It is undisputed that none of the named-Plaintiffs will be subjected to civil forfeiture proceedings arising from the Government's search of USPV. Accordingly, this claim is **DISMISSED** as moot.

By their fourth claim, Plaintiffs "seek[] to vindicate the Fifth Amendment right of the No Notice subclass to notice and an opportunity to be heard with respect to the basis for the ongoing seizure of their property." (FAC ¶ 201). Again, the Government has returned, or arranged for the return of, Plaintiffs' property—Plaintiffs' request "to be heard with respect to the basis for the ongoing seizure of their property" and this claim are therefore **DISMISSED** as moot.

For the same reason as Plaintiffs' fourth claim, Plaintiffs' fifth claim—which "seeks to vindicate the Fifth Amendment right of the Forfeiture Subclass to a forfeiture notice that informs them of the factual and legal basis for the seizure of their property and that provides them with a prompt opportunity to challenge the basis for the seizure[]" (FAC ¶ 209)—is **DISMISSED** as moot.

Similarly, Plaintiffs' sixth claim—which "seeks to vindicate the Fifth Amendment right of both the No Notice and the Forfeiture subclasses to recover their property without having to provide information to prove their own innocence[]" (FAC ¶ 221)—is subject to the same fate: **DISMISSAL**.

Although the Government moves to dismiss these claims as to the putative classes as well, the Court limits the dismissal of the second through sixth claims alleged in the FAC to the named-Plaintiffs' claims for relief. "Normally, when claims of the named plaintiffs become moot before class certification, dismissal of the action is required." *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992). However, "a named plaintiff whose individual claim has expired may continue in his representative capacity to litigate class certification issues" where the named plaintiff seeks "to argue a certification motion that was filed before his claims expired and which the district court did not have a reasonable opportunity to decide[.]" *Id.* at 975; *see also Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1144 (9th Cir. 2016) (rejecting defendant's attempt to moot putative class claims "before [plaintiff] has had a fair opportunity to seek certification"). Here, Plaintiffs filed a motion for class certification on August

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | September 9, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

26, 2021, which is calendared for hearing on September 27, 2021 and that motion is not yet fully briefed.

Accordingly, because the Court has not had a reasonable opportunity to decide Plaintiffs' motion for class certification, they maintain standing to pursue class certification.

### D.     Plaintiffs' Seventh Claim

As noted above, Plaintiff's seventh claim is a Rule 41(g) claim for return of property. The Government argues that the Court lacks equitable jurisdiction over this claim and that it is moot because the Government is returning all of the named-Plaintiffs' property. But for the reasons discussed in subsections A and B above, these arguments fail. Accordingly, the Court **DENIES** the Government's Motion as to Plaintiffs' seventh claim.

## V.     CONCLUSION

In accordance with the foregoing, the Court **GRANTS** in part and **DENIES** in part the Government's Motion. Specifically, the Court **GRANTS** the Motion as to the named-Plaintiffs' second, third, fourth, fifth, and sixth claims, and **DENIES** the Motion as to their first and seventh claims.

**IT IS SO ORDERED.**

:

Initials of Preparer