UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | October 12, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiffs' Motion for Class Certification [DE 71]

### I. INTRODUCTION

On June 9, 2021, Paul Snitko, Jennifer Snitko, Joseph Ruiz, Tyler Gothier, Jeni Verdon-Pearsons, Michael Storc, and Travis May filed a first amended complaint, ("FAC") (ECF No. 33), against the United States of America, acting United States Attorney Tracy L. Wilkison, and assistant Director of the FBI Kristi Koons Johnson (collectively, "Defendants" or "the Government"). Plaintiffs allege a total of seven claims for Return of Property pursuant to Federal Rule of Criminal Procedure 41(g) and for various violations of Plaintiffs' rights under the Fourth and Fifth Amendments.

Plaintiffs' claims arise from the Government's seizure and search of Plaintiffs' personal property located in safe deposit boxes on the premises of non-party United States Private Vaults. Plaintiffs seek to represent a class of "[a]ll renters of U.S. Private Vaults safe deposit boxes who (a) had property within their safe-deposit box seized by the federal government on or around March 22, 2021; and (b) have identified themselves to the FBI since the seizure." (FAC ¶ 14). Plaintiffs also wish to certify two subclasses: a "Forfeiture subclass" and a "No Notice subclass."

Presently before the Court is Plaintiffs' Motion for Class Certification ("Motion") (ECF No. 71). For the reasons that follow, the Court **GRANTS** in part and **DENIES** in part the Motion.

### II. FACTUAL BACKGROUND

Unless otherwise indicated the following facts are drawn from Plaintiffs' FAC.

United States Private Vaults ("USPV") is a California corporation that operates a safe-deposit-box facility in Beverly Hills. USPV's Beverly Hills facility houses over 800 safe deposit boxes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | October 12, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

Paul and Jennifer Snitko ("the Snitkos") are a married couple who rented a safe deposit box from USPV in which they placed jewelry, back-up hard drives, legal documents, Paul's pilot flight log, and other personal effects.

Tyler Gothier rented a safe deposit box at USPV in which he placed silver and other personal property.

Jeni Verdon-Pearsons ("Verdon-Pearsons") and Michael Storc ("Storc") are a married couple who rented a safe deposit box from USPV in which they placed silver and about $2,000 in cash, as well as various personal documents.

Joseph Ruiz ("Ruiz") rented a safe deposit box from USPV in which he placed approximately $57,000 in cash—money that Ruiz relies on to pay his living and medical expenses.

Travis May ("May") rented a safe deposit box at USPV in which he placed gold and approximately $63,000 in cash.

On March 22, 2021, the FBI raided USPV, and searched and seized the contents of hundreds of safe deposit boxes, including those rented by Plaintiffs. The Government, on March 17, had obtained a warrant ("the warrant") to search USPV's premises and seize certain business property. Plaintiffs allege that in the application for the warrant, the Government represented that "it would search USPV safe deposit boxes to 'look for contact information or something which identifies the owner' and that, under official FBI policies, that search would 'extend no further than necessary to determine ownership.'" (FAC ¶ 48). But despite the fact that the Snitkos, Verdon-Pearsons, Storc, and May "placed a letter containing their contact information, as well as information identifying their beneficiaries, on top of the interior sleeve of their boxes," Plaintiffs allege that the Government extended its search of the boxes farther than necessary to determine ownership by rummaging through the interior sleeves of the boxes. (*Id.* ¶¶ 60–61).

After the seizure at USPV, Plaintiffs all filed claims with the FBI to retrieve their seized property. In the following months, the Government returned the Snitkos' property (Reply in Support of Pls.' Mot. for Preliminary Injunction at 4, ECF No. 54); arranged for the return of Gothier's property (*id.*); arranged for the return of May's property (Declaration of Jessie Murray at 1, ECF No. 62-1); was ordered by the Court to return Ruiz's property (Order Re: Pls.' Mot. for Preliminary Injunction at 8, ECF No. 60); and arranged for the return of Verdon-Pearsons and Storc's property (Declaration of Lynne Zellhart ¶¶ 4–5). Plaintiffs allege that "even after the[ir] property is returned, the FBI will continue to hold records of the contents of their box[es] generated during [the Government's] unlawful search." (FAC ¶ 8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04405-RGK-MAR | Date | October 12, 2021 |
| Title | *Paul Snitko et al v. United States of America et al* | | |

### III. JUDICIAL STANDARD

As a threshold to class certification, the proposed class must satisfy four prerequisites under Federal Rule of Civil Procedure ("Rule") 23(a). First, the class must be so numerous that joinder of all members individually is impracticable. Fed. R. Civ. P. 23(a)(1). Second, there must be questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). Third, the claims or defenses of the class representative must be typical of the claims or defenses of the class as a whole. Fed. R. Civ. P. 23(a)(3). Finally, the proposed class representatives and proposed class counsel must be able to fairly and adequately protect the interests of all members of the class. Fed. R. Civ. P. 23(a)(4).

If all four prerequisites of Rule 23(a) are satisfied, a court must then determine whether to certify the class under one of the three subsections of Rule 23(b). Here, Plaintiffs move under Rule 23(b)(2) only. Under Rule 23(b)(2), the proposed class must establish that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" Fed. R. Civ. P. 23(b)(2).

A district court should permit a class action to proceed only if the court "is satisfied, after a rigorous analysis," that the Rule 23 prerequisites have been met. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). However, while some inquiry into the substance of a case may be necessary, it is improper to decide on the merits at the class certification stage. *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003). In analyzing whether the proposed class meets the requirements for certification, a court must take the substantive allegations of the complaint as true and may consider extrinsic evidence submitted by the parties to holistically evaluate the merits of class certification. *See Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975).

### IV. DISCUSSION

Plaintiffs seek to certify the following three classes, which the Court refers to using Plaintiffs' nomenclature:

<u>Proposed Class</u>: "All renters of U.S. Private Vaults safe deposit boxes who (a) had property within their safe-deposit box seized by the federal government on or around March 22, 2021; and (b) have identified themselves to the FBI since the seizure."

<u>No-Notice Subclass</u>: "All renters of U.S. Private Vaults safe deposit boxes who (a) had property within their safe-deposit box seized by the federal government on or around March 22,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04405-RGK-MAR | Date | October 12, 2021 |
| Title | *Paul Snitko et al v. United States of America et al* | | |

2021; (b) have identified themselves to the FBI since the seizure; (c) have not been notified that their safe deposit boxes are the subject of a currently ongoing administrative or judicial forfeiture proceeding; and (d) whose property is still in the possession of the federal government."

<u>Forfeiture Subclass</u>: "All renters of U.S. Private Vaults safe deposit boxes who (a) had property within their safe-deposit box seized by the federal government on or around March 22, 2021; (b) have identified themselves to the FBI since the seizure; (c) whose property is now the subject of a purported administrative forfeiture proceeding; and (d) whose property is still in the possession of the federal government."

(Motion at 7–8).

For the reasons set forth below, the Court certifies with modifications the Proposed Class and declines to certify the No-Notice Subclass and the Forfeiture Subclass.

    **A.**    <u>**The Proposed Class**</u>

The Court considers whether Plaintiffs have satisfied the requirements of Rule 23(a) before turning to the requirements of Rule 23(b)(2).

        1.    <u>*Rule 23(a)*</u>

            *a.*    *Typicality*

Rule 23(a)(3) requires that the claims or defenses of the class representatives be typical of the claims or defenses of the class they seek to represent. Fed. R. Civ. P. 23(a)(3). This does not require that the claims of the representative parties be identical to the claims of the proposed class members. *Hanlon*, 150 F.3d at 1020. Typicality requires only that "representative claims . . . [be] reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Rather, typicality focuses on whether the unnamed class members have injuries similar to those of the named plaintiffs, and whether those injuries result from the same injurious course of conduct. *Armstrong v. Davis*, 275 F.3d 849, 869 (2001). In practice, the commonality and typicality requirements of Rule 23 "tend to merge." *Gen. Tel. Co. of Southwest v. Falcon.*, 457 U.S. 147, 158 n.13 (1982).

Here, the only claim that Plaintiffs wish to assert on behalf of the Proposed Class is their first claim for violation of their Fourth Amendment rights. Under this claim, Plaintiffs allege that the Government exceeded the scope of the warrant to search USPV because the Government seized and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | October 12, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

conducted a criminal, investigatory search of Plaintiffs' property, despite the fact that the warrant authorized only an inventory search of the safe deposit boxes. The only relief that Plaintiffs seek in connection with this claim is a declaratory judgment that the Government violated Plaintiffs' Fourth Amendment rights, and an injunction enjoining the Government from continuing to retain the records generated and evidence collected during the search of Plaintiffs' USPV boxes. (Motion at 19).

The Court pauses here to consider the scope of the Proposed Class and the ability of class members to obtain the relief sought in connection with their first claim. If Plaintiffs are entitled to the remedy they seek via their first claim—an order enjoining the Government from continuing to retain records and evidence—their avenue for obtaining such relief is a motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. *See United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1172 (9th Cir. 2010). Plaintiffs cite no other authority, nor is the Court aware of any, that would allow Plaintiffs to obtain their requested injunction. A court's jurisdiction to grant relief pursuant to Rule 41(g) is equitable in nature, and such equitable relief is generally unavailable when the movant has an adequate remedy at law. The Ninth Circuit has held that, "when a civil forfeiture proceeding has been filed, the claimant has adequate remedies to challenge any fourth amendment violation[,]" and "there is no need to fashion an equitable remedy to secure justice for the claimant." *United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988).

Herein lies the problem with the scope of the proposed class: some putative class members, like the named Plaintiffs, can proceed with a Rule 41(g) motion because they have already had their property returned and will therefore not be able to obtain the relief they seek in the context of a judicial forfeiture proceeding, whereas those putative class members whose property is subject to judicial forfeiture proceedings likely can not. Thus, although Plaintiffs' first claim and the relief they seek thereunder is typical of the claims of those putative class members who have had their property returned, Plaintiffs' claim is not typical of those putative class members who can assert their rights in judicial forfeiture proceedings.

Because Plaintiffs' first claim arises from the same conduct that the putative class challenges, the Court finds Plaintiffs' first claim is typical of the following modified Proposed Class:

**All renters of U.S. Private Vaults safe deposit boxes who (a) had property within their safe-deposit box seized by the federal government on or around March 22, 2021; (b) have identified themselves to the FBI since the seizure; and (3) have had their property returned to them.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04405-RGK-MAR | Date | October 12, 2021 |
| Title | *Paul Snitko et al v. United States of America et al* | | |

        b.      *Commonality*

    Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The requirements of Rule 23(a)(2) are "construed permissively." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Not *all* questions of fact or law need be common to the class; the existence of shared legal issues with divergent factual predicates or a common core of salient facts coupled with disparate legal remedies is sufficient to satisfy commonality. *Id.* Rather, members of a putative class must share a "common contention . . . of such a nature that it is capable of class wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores*, 564 U.S. at 350. In short, the requirements for finding commonality are minimal. *Hanlon*, 150 F.3d at 1020.

    Here, Plaintiffs' claim raises questions of law and fact that are common to the class. Most significantly, the questions raised by Plaintiffs in their Motion include: What was the scope of the inventory search authorized by the March 17, 2021 seizure warrant?; Did the Government exceed the scope of the inventory search authorized by the seizure warrant and instead conduct a criminal investigatory search?; If so, did the Government's search violate the class members' Fourth Amendment rights?; and finally, if the Government violated the class members' Fourth Amendment rights, did the Government do so with callous disregard, such that the Government must now destroy its copies of illegally obtained records? (*See* Motion at 13).

    The Government's challenges to commonality focus largely on the No-Notice Subclass and Forfeiture Subclass. The only argument that can be fairly construed as addressing commonality of the Proposed Class is that "the inventory search conducted at U.S. Private Vaults was conducted by numerous law enforcement officials and would require individualized inquiries with respect to each box." (Defs.' Opp. to Mot. for Class Cert. at 8–10, ECF No. 74). This sentence does not defeat commonality. First, the Government does not support its assertion with evidence or even state how many officers conducted the search—information that is doubtless known to the Government. Second, even if each box was searched by a different officer, such a finding would not necessarily defeat commonality: "So long as there is even a single common question, a would-be class can satisfy the commonality requirement of Rule 23(a)(2)." *Parsons v. Ryan*, 754 F.3d 657, 675 (9th Cir. 2014) (citation omitted).

        c.      *Numerosity*

    Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is no fixed number that satisfies the numerosity requirement, "[t]he Ninth Circuit has required at least fifteen members to certify a class, and classes of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | October 12, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

at least forty members are usually found to have satisfied the numerosity requirement." *Makaron v. Enagic USA, Inc.*, 324 F.R.D. 228, 232 (C.D. Cal. 2018) (citing *Harik v. Cal. Teachers Ass'n*, 326 F.3d 1042, 1051 (9th Cir. 2003)).

Here, FBI Special Agent Lynne K. Zellhart attests that, on August 20, 2021, the owners of 245 boxes had identified themselves to the Government and that 18 boxes had been marked for return. (Declaration of Robert Johnson, Ex. L at 98, ECF No. 71-20). It is unclear whether this number includes the boxes that were returned to any of the six named Plaintiffs. The Court finds it plausible, therefore, that the modified Proposed Class is comprised of at least 18 members. Under these circumstances, where the size of the putative class is known only to the Government, the Court finds that Plaintiffs have met their burden to establish numerosity.

    d.    *Adequacy*

Rule 23(a)(4) requires the Court to determine if the named plaintiffs and proposed class counsel will fairly and adequately protect the interests of the entire class. The adequacy requirement is satisfied if the named plaintiffs and their counsel (1) will prosecute the action vigorously on behalf of the class, and (2) do not have interests adverse to unnamed class members. *Hanlon*, 150 F.3d at 1020. "Adequate representation is usually presumed in the absence of contrary evidence." *Californians for Disability Rights, Inc. v. Cal. Dep't of Transp.*, 249 F.R.D. 334, 349 (N.D. Cal. 2008).

Here, it appears to the Court that Plaintiffs and their counsel have litigated this case zealously and do not have interests adverse to the unnamed members of the modified Proposed Class. Further, the Government presents no evidence to the contrary. The Court therefore presumes that the named Plaintiffs and their counsel are adequate representatives of the modified Proposed Class.

    2.    *Rule 23(b)(2)*

A class is proper under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Wal-Mart Stores*, 564 U.S. at 360 (quoting another source). Rule 23(b)(2) "does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant. Similarly, it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Id.* at 360–61.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | October 12, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

Here, Plaintiffs seek: (1) "a class-wide declaration that the search of class members' USPV safe deposit boxes, and the continued retention of records and evidence generated during that search, violate the Fourth Amendment[;]" and (2) "a class-wide permanent injunction enjoining Defendants from continuing to retain the records generated and evidence collected during the unlawful search." (Motion at 19). Because this relief would be uniform across the modified Proposed Class, the Court finds that Plaintiffs have satisfied Rule 23(b)(2).

The Government argues generally that, "since the execution of the search warrant[,] the government has not 'acted or refused to act on grounds that apply generally to the class.'" (Defs.' Opp. to Mot. for Class Cert. at 15) (quoting Fed. R. Civ. P. 23(b)(2)). But the Government has (1) returned each of the modified Proposed Class members' property and (2), allegedly, retained records and evidence pertaining to the members of the modified Proposed Class and their property. Thus, although the Government may have treated members of the modified Proposed Class differently by, for example, returning their property at different times and under different circumstances, these differences are immaterial to the relief that Plaintiffs seek in connection with their first claim.

Accordingly, because Plaintiffs satisfy all the requirements of Rule 23(a) and Rule 23(b)(2), the Court hereby **CERTIFIES** the modified Proposed Class. (*See supra* at 5).

### B.   The No Notice Subclass

Assuming without deciding that Plaintiffs have satisfied the requirements of Rule 23(a), the Court finds that Plaintiffs fail to demonstrate that certification of the No Notice Subclass is appropriate under Rule 23(b)(2). The relevant law concerning Rule 23(b)(2) is stated above.

Here, Plaintiffs assert that the No Notice Subclass is comprised primarily of the "245 USPV customers who have terminated their pending administrative forfeiture proceedings by filing claims and yet who have not received their property or been told that its return is forthcoming." (Pls.' Mot. for Class Cert. at 12). The relief Plaintiffs seek on behalf of the No Notice Subclass is:

> [(1) a] declaration[] that the continued seizure of class members' property without providing any justification and without providing notice or a prompt post-seizure opportunity to be heard are unlawful, and [(2)] an injunction enjoining the government from retaining that property without stating a justification and without providing notice and an opportunity to be heard.

(*Id.* at 19–20). Such declaratory and injunctive relief would not be appropriate on a class-wide basis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | October 12, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

By affirmatively filing administrative forfeiture claims, the 245 putative subclass members of the No Notice Subclass suspended any administrative forfeiture proceedings as to their property, *see* 28 C.F.R. § 8.10, and triggered the Government's 90-day deadline to either (1) file a judicial forfeiture complaint or (2) "promptly release the property pursuant to regulations promulgated by the Attorney General . . . ." 18 U.S.C. § 983(A), (B). The law affords the Government 90 days from the date that a property owner files a claim to decide whether to file a judicial forfeiture action. It is undisputed that this 90-day clock will have run as to the last of the 245 subclass members during the month of October. If the Government decides to pursue judicial forfeiture, the Government will have to justify its retention of the property in its forfeiture complaint, the putative class members will have the opportunity to be heard by filing a claim to their property, and the Government will be required to return the property if it does not prevail on its judicial forfeiture claims.

Plaintiffs therefore have an adequate remedy at law pursuant to 18 U.S.C. § 983. Thus, the Court declines to certify the No Notice Subclass for the purposes of obtaining the equitable remedy of an injunction. As for Plaintiffs' requested declaratory relief, the Court find that it could not be granted on a class-wide basis because the lawfulness of the Government's retention of individual pieces of property is a fact specific inquiry. So too will the putative class members' standing to assert that the Government violated their Fourth Amendment and Fifth Amendment rights present individualized issues.

In summary, because the Court finds that the declaratory and injunctive relief that Plaintiffs seek to obtain on behalf of the putative No Notice Subclass is inconsistent with the dictates of Rule 23(b)(2), the Court **DENIES** Plaintiffs' Motion as to the No Notice Subclass.

Moreover, because the Court has already dismissed counts II and IV as to the named-Plaintiffs, and because the Court denies Plaintiffs' motion to certify the No Notice Subclass to pursue those counts, the Court **DISMISSES** the claims at counts II and IV in their entirety.

**C.      The Forfeiture Subclass**

Finally, Plaintiffs seek to certify the Forfeiture Subclass, which Plaintiffs define as:

> All renters of U.S. Private Vaults safe deposit boxes who (a) had property within their safe-deposit box seized by the federal government on or around March 22, 2021; (b) have identified themselves to the FBI since the seizure; (c) whose property is now the subject of a purported administrative forfeiture proceeding; and (d) whose property is still in the possession of the federal government.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | October 12, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

(Pls.' Mot. for Class Cert. at 7–8). The Court declines to certify this class because Plaintiffs fail to meet Rule 23(a)'s numerosity requirement.

Plaintiffs note that, in response to the Government's initiation of administrative forfeiture proceedings, the owners of at least 289 boxes "identified themselves to the [G]overnment by filing a claim, a petition for remission, or both." (*Id.* at 12). The declaration on which Plaintiffs rely in support of this assertion, however, provides that of the 289 boxes at issue, claims have been filed as to 283. (*See* Declaration of Robert Johnson, Ex. L at 98). Thus, the property in these 283 boxes is not currently subject to administrative forfeiture proceedings. *See* 28 C.F.R. § 8.10.[1]

As to the remaining six boxes, the Government's declaration provides that petitions of remission have been filed as to these boxes, but no administrative forfeiture claims were filed as to the six boxes. (Declaration of Robert Johnson, Ex. L at 98). Assuming without deciding that the property in these six boxes is currently subject to administrative forfeiture proceedings, Plaintiffs point to no authority to support certification of a class of only six members.

Plaintiffs further aver that "[a]dditional property owners who contacted the government after the raid but did not file a claim or petition likely exist and will be identified in discovery." (Pls.' Mot. for Class Cert. at 10). The Court declines to certify a class based on such speculation.

Finally, because the Court has already dismissed counts III, V, and VI as to the named-Plaintiffs, and because the Court denies Plaintiffs' motion to certify the Forfeiture Subclass to pursue those counts, the Court **DISMISSES** the claims at counts III, V, and VI in their entirety.

### V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** in part and **DENIES** in part Plaintiffs' Motion. Specifically, the Court **CERTIFIES** the Proposed Class, as modified, and **DENIES** the Motion

---

[1] Upon receipt of a claim . . . , the seizing agency shall *return the property or shall suspend the administrative forfeiture proceeding* and promptly transmit the claim, together with a description of the property and a complete statement of the facts and circumstances surrounding the seizure, to the appropriate U.S. Attorney for commencement of judicial forfeiture proceedings.

28 C.F.R. § 8.10(e) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | October 12, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

to Certify as to the No Notice Subclass and Forfeiture Subclass. Plaintiffs' claims at counts II, III, IV, V, and VI are **DISMISSED** in their entirety.

    **IT IS SO ORDERED.**

                                                                                                   :

Initials of Preparer