TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture/
General Crimes Sections
    1100/1400/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142/0141
    E-mail: Andrew.Brown@usdoj.gov
           Victor.Rodgers@usdoj.gov
           Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC, AND TRAVIS MAY,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, TRACY L. WILKISON, in her official capacity as Acting United States Attorney for the Central District of California, and KRISTI KOONS JOHNSON, in her official capacity as an Assistant Director of the Federal Bureau of Investigation,<br><br>    Defendants. | Case No. 2:21-CV-04405-RGK-MAR<br><br>**DEFENDANTS' AMENDED ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants United States of America, Tracy L. Wilkison, in her official capacity as Acting United States Attorney for the Central District of California, and Kristi Koons Johnson in her official capacity as an Assistant Director of the Federal Bureau of Investigation (collectively, the "Defendants") answer counts I and VII, which are the only remaining Counts in the first amended complaint (the "FAC") and are asserted by plaintiffs Paul Snitko, Jennifer Snitko, Joseph Ruiz, Tyler Gothier, Jeni Verdon-Pearson, Michael Storc, and Travis May (collectively, the "plaintiffs"), and allege as follows:

Allege that the allegations in the Introduction section of the FAC set forth legal argument, for which no response is required.

1. Deny the allegations of paragraph 1 of the FAC.
2. Deny the allegations of paragraph 2 of the FAC.
3. Deny the allegations of paragraph 3 of the FAC.
4. Deny the allegations of paragraph 4 of the FAC.
5. Deny the allegations of paragraph 5 of the FAC.
6. Deny the allegations of paragraph 6 of the FAC.
7. Deny the allegations of paragraph 7 of the FAC.
8. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 8 of the FAC pertaining to Paul and Jennifer Snitko's background, and deny the remaining allegations of the paragraph, including the allegation that the FBI continues to hold Paul and Jennifer Snitko's property.
9. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 9 of the FAC pertaining to Ruiz's background, and deny the allegations of the paragraph, including that the government has not provided notice of the administrative forfeiture proceeding to Joseph Ruiz.
10. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 10 of the FAC pertaining to Gothier's background, and deny the remaining allegations of the paragraph, including that the FBI continues to hold Gothier's property.

11. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 11 of the FAC pertaining to Verdon-Pearsons and Storc's background, and deny the remaining allegations of the paragraph, including that the FBI continues to hold Verdon-Pearsons and Storc's property.

12. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 12 of the FAC pertaining to May's background, and deny the remaining allegations of the paragraph.

13. Deny the allegations of paragraph 13 of the FAC.

14. Admit that the United States of America is the defendant in this action, and allege that the remaining allegations of the paragraph set forth legal argument, for which no response is required.

15. Admit that Tracy L. Wilkison is the Acting U.S. Attorney for the Central District of California, and allege that the remaining allegations of the paragraph set forth legal argument, for which no response is required.

16. Admit that Kristi Koons Johnson is an Assistant Director of the FBI, and allege that the remaining allegations of the paragraph set forth legal argument, for which no response is required.

17. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 17 of the FAC.

18. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 18 of the FAC.

19. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 19 of the FAC.

20. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 20 of the FAC.

21. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 21 of the FAC.

22. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 22 of the FAC.

23. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 23 of the FAC.

24. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 24 of the FAC.

25. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 25 of the FAC.

26. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 26 of the FAC.

27. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 27 of the FAC.

28. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 28 of the FAC.

29. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 29 of the FAC.

30. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 30 of the FAC.

31. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 31 of the FAC.

32. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 32 of the FAC.

33. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 33 of the FAC.

34. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 34 of the FAC.

35. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 35 of the FAC.

36. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 36 of the FAC.

37. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 37 of the FAC.

38. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 38 of the FAC.

39. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 39 of the FAC.

40. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 40 of the FAC.

41. Deny the allegations of paragraph 41 of the FAC, except admit that the indictment against U.S. Private Vaults, Inc. was filed on or about March 9, 2021.

42. Deny the allegations of paragraph 42 of the FAC, except admit that the indictment against U.S. Private Vaults, Inc. was filed on or about March 9, 2021, which document speaks for itself.

43. Deny the allegations of paragraph 42 of the FAC, except admit that the indictment against U.S. Private Vaults, Inc. was filed on or about March 9, 2021, which document speaks for itself.

44. Deny the allegations of paragraph 43 of the FAC, except admit that the government has obtained a seizure warrant to seize property owned by U.S. Private Vaults, Inc., which document speaks for itself.

45. Deny the allegations of paragraph 43 of the FAC, except admit that the government has obtained a seizure warrant to seize property owned by U.S. Private Vaults, Inc., which document speaks for itself.

46. Deny the allegations of paragraph 43 of the FAC, except admit that the government has obtained a seizure warrant to seize property owned by U.S. Private Vaults, Inc., which document speaks for itself.

47. Allege that the allegations of paragraph 47 of the FAC contain legal argument, for which no response is required.

48. Deny the allegations of paragraph 48 of the FAC, except admit that the government has obtained a seizure warrant to seize property owned by U.S. Private Vaults, Inc., which document speaks for itself.

49. Deny the allegations of paragraph 49 of the FAC, except admit that the government has obtained a seizure warrant to seize property owned by U.S. Private Vaults, Inc., which document speaks for itself.

50. Deny the allegations of paragraph 50 of the FAC, except admit that the government executed a warrant at U.S. Private Vaults, Inc. beginning on or about March 22, 2021.

51. Deny the allegations of paragraph 51 of the FAC.

52. Deny the allegations of paragraph 52 of the FAC.

53. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 53 of the FAC.

54. Deny the allegations of paragraph 54 of the FAC.

55. Deny the allegations of paragraph 55 of the FAC.

56. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 56 of the FAC.

57. Deny the allegations of paragraph 57 of the FAC.

58. Deny the allegations of paragraph 58 of the FAC.

59. Deny the allegations of paragraph 59 of the FAC.

60. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 60 of the FAC.

61. Deny the allegations of paragraph 61 of the FAC.

62. Deny the allegations of paragraph 62 of the FAC.

63. Deny the allegations of paragraph 63 of the FAC.

64. Deny the allegations of paragraph 64 of the FAC.

65. Deny the allegations of paragraph 65 of the FAC, except admit that it copied some items inventoried, as is customary during an inventory.

66. Deny the allegations of paragraph 66 of the FAC, except admit that currency was sniffed by drug dogs.

67. Deny the allegations of paragraph 67 of the FAC.

68. Allege that the allegations of paragraph 68 of the FAC contain legal argument, for which no response is required.

69. Deny the allegations of paragraph 69 of the FAC, except admit that the government has obtained a seizure warrant to seize property owned by U.S. Private Vaults, Inc., which document speaks for itself.

70. Deny the allegations of paragraph 70 of the FAC, except admit that the government has obtained a seizure warrant to seize property owned by U.S. Private Vaults, Inc., which document speaks for itself.

71. Deny the allegations of paragraph 71 of the FAC, except admit that the government has obtained a seizure warrant to seize property owned by U.S. Private Vaults, Inc., which document speaks for itself.

72. Deny the allegations of paragraph 72 of the FAC, except admit that the government placed a notice on the U.S. Private Vaults, Inc. informing boxholders of the FBI website, which document speaks for itself.

73. Deny the allegations of paragraph 73 of the FAC, except admit that the FBI website contains an online form, which document speaks for itself.

74. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 74 of the FAC.

75. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 75 of the FAC.

76. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 76 of the FAC.

77. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 77 of the FAC.

78. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 78 of the FAC.

79. Deny the allegations of paragraph 79 of the FAC, except admit that despite multiple requests to arrange for the return of his property, Tyler Gothier refused to pick up his property.

80. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 80 of the FAC.

81. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 81 of the FAC.

82. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 82 of the FAC.

83. Deny the allegations of paragraph 83 of the FAC.

84. Deny the allegations of paragraph 84 of the FAC, except admit that other people submitted claims through the FBI website.

85. Allege that paragraph 85 of the FAC contains legal argument, for which no response is required.

86. Deny the allegations of paragraph 86 of the FAC.

87. Deny the allegations of paragraph 87 of the FAC, except admit that on or about May 20, 2021, the FBI sent a notice of the commencement of administrative forfeiture proceedings to U.S. Private Vaults, Inc., which document speaks for itself.

88. Deny the allegations of paragraph 88 of the FAC, except admit that on or about May 20, 2021, the FBI sent a notice of the commencement of administrative forfeiture proceedings to U.S. Private Vaults, Inc., which document speaks for itself.

89. Deny the allegations of paragraph 89 of the FAC, except admit that on or about May 20, 2021, the FBI sent a notice of the commencement of administrative forfeiture proceedings to U.S. Private Vaults, Inc., which document speaks for itself.

90. Deny the allegations of paragraph 90 of the FAC, except admit that the FBI sent individual notices of the commencement of administrative forfeiture proceedings to individual boxholders, which documents speak for themselves.

91. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 91 of the FAC, except denies that the government has not sent an individual notice to Ruiz.

92. Allege that the allegations of paragraph 92 of the FAC contain legal argument, for which no response is required.

93. Allege that the allegations of paragraph 93 of the FAC contain legal argument, for which no response is required.

94. Allege that the allegations of paragraph 94 of the FAC contain legal argument, for which no response is required.

95. Allege that the allegations of paragraph 95 of the FAC contain legal argument, for which no response is required.

96. Deny the allegations of paragraph 96 of the FAC.

97. Allege that the allegations of paragraph 97 of the FAC contain legal argument, for which no response is required.

98. Allege that the allegations of paragraph 98 of the FAC contain legal argument, for which no response is required.

99. Deny the allegations of paragraph 99 of the FAC.

100. Deny the allegations of paragraph 100 of the FAC.

101. Deny the allegations of paragraph 101 of the FAC.

102. Deny the allegations of paragraph 102 of the FAC.

103. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 103 of the FAC.

104. Deny the allegations of paragraph 104 of the FAC.

105. Deny the allegations of paragraph 105 of the FAC.

106. Allege that the allegations of paragraph 106 of the FAC contain legal argument, for which no response is required.

107. Denies the allegations of paragraph 107 of the FAC.

108. Deny the allegations of paragraph 108 of the FAC, except admit that on or about May 20, 2021, the FBI sent a notice of the commencement of administrative forfeiture proceedings to U.S. Private Vaults, Inc., which document speaks for itself.

109. Deny the allegations of paragraph 109 of the FAC.

110. Deny the allegations of paragraph 110 of the FAC.

111. Deny the allegations of paragraph 111 of the FAC, except admit that on or about May 20, 2021, the FBI sent a notice of the commencement of administrative forfeiture proceedings to U.S. Private Vaults, Inc., which document speaks for itself.

112. Deny the allegations of paragraph 112 of the FAC.

113. Deny the allegations of paragraph 113 of the FAC.

114. Deny the allegations of paragraph 114 of the FAC.

115. Deny the allegations of paragraph 115 of the FAC.

116. Deny the allegations of paragraph 116 of the FAC.

117. Deny the allegations of paragraph 117 of the FAC.

118. Deny the allegations of paragraph 118 of the FAC.

119. Deny the allegations of paragraph 119 of the FAC.

120. Deny the allegations of paragraph 120 of the FAC.

121. Deny the allegations of paragraph 121 of the FAC.

122. Deny the allegations of paragraph 122 of the FAC.

123. Deny the allegations of paragraph 123 of the FAC.

124. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 124 of the FAC.

125. Deny the allegations of paragraph 125 of the FAC.

126. Deny the allegations of paragraph 126 of the FAC.

127. Deny the allegations of paragraph 127 of the FAC.

128. Deny the allegations of paragraph 128 of the FAC.
129. Deny the allegations of paragraph 129 of the FAC.
130. Deny the allegations of paragraph 130 of the FAC.
131. Deny the allegations of paragraph 131 of the FAC.
132. Deny the allegations of paragraph 132 of the FAC.
133. Deny the allegations of paragraph 133 of the FAC.
134. Deny the allegations of paragraph 134 of the FAC.
135. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 135 of the FAC.
136. Deny the allegations of paragraph 136 of the FAC.
137. Incorporate by reference its allegations set forth in paragraphs 1-136 above.
138. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 138 of the FAC, except deny that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.
139. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 139 of the FAC.
140. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 140 of the FAC.
141. Deny the allegations of paragraph 141 of the FAC, on the basis that certification of the no notice subclass has been denied.
142. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 142 of the FAC.
143. Deny the allegations of paragraph 143 of the FAC, on the basis that certification of the forfeiture subclass has been denied.
144. Deny the allegations of paragraph 144 of the FAC, on the basis that certification of the forfeiture subclass has been denied.

145. Deny the allegations of paragraph 145 of the FAC, on the basis that certification of the proposed class (in the form requested by plaintiffs) and subclasses has been denied.

146. Deny the allegations of paragraph 146 of the FAC, on the basis that certification of the proposed class (in the form requested by plaintiffs) and subclasses has been denied.

147. Deny the allegations of paragraph 147 of the FAC, on the basis that certification of the proposed class (in the form requested by plaintiffs) and subclasses has been denied.

148. Deny the allegations of paragraph 148 of the FAC, on the basis that certification of the proposed class (in the form requested by plaintiffs) and subclasses has been denied.

149. Deny the allegations of paragraph 149 of the FAC, on the basis that certification of the proposed class (in the form requested by plaintiffs) and subclasses has been denied.

150. Deny the allegations of paragraph 150 of the FAC, on the basis that certification of the proposed class (in the form requested by plaintiffs) and subclasses has been denied.

151. Deny the allegations of paragraph 151 of the FAC, on the basis that certification of the proposed class (in the form requested by plaintiffs) and subclasses has been denied.

152. Incorporate by reference its allegations set forth in paragraphs 1-151 above.

153. Deny the allegations of paragraph 153 of the FAC.

154. Allege that paragraph 154 contains legal argument, for which no response is required.

155. Allege that paragraph 155 contains legal argument, for which no response is required.

156. Allege that paragraph 156 contains legal argument, for which no response is required.

157. Deny the allegations of paragraph 157 of the FAC, except admit that the government has obtained a seizure warrant to seize property owned by U.S. Private Vaults, Inc., which document speaks for itself.

158. Deny the allegations of paragraph 158 of the FAC, except admit that the government inventoried the contents of safe deposit boxes at USPV.

159. Deny the allegations of paragraph 159 of the FAC, except admit that the government inventoried the contents of safe deposit boxes at USPV.

160. Deny the allegations of paragraph 160 of the FAC, except admit that the government has obtained a seizure warrant to seize property owned by U.S. Private Vaults, Inc., which document speaks for itself.

161. Deny the allegations of paragraph 161 of the FAC, except admit that the government has obtained a seizure warrant to seize property owned by U.S. Private Vaults, Inc., which document speaks for itself.

162. Deny the allegations of paragraph 162 of the FAC.

163. Deny the allegations of paragraph 163 of the FAC.

164. Deny the allegations of paragraph 164 of the FAC.

165. Deny the allegations of paragraph 165 of the FAC.

166. Deny the allegations of paragraph 166 of the FAC.

167. Deny the allegations of paragraph 167 of the FAC.

168. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 168 of the FAC.

169. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 169 of the FAC.

170. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 170 of the FAC.

171. Deny the allegations of paragraph 171 of the FAC.

172. Paragraphs 172-230 contain dismissed claims. Accordingly, no response is required.

173. Incorporate by reference its allegations set forth in paragraphs 1-151 above.

174. Admit the allegations of paragraph 232 of the FAC.

175. Deny the allegations of paragraph 233 of the FAC.

176. Deny the allegations of paragraph 234 of the FAC.

177. Deny the allegations of paragraph 235 of the FAC.

178. Deny the allegations of paragraph 236 of the FAC.

179. Deny the allegations of paragraph 237 of the FAC.

180. Admit the allegations of paragraph 238 of the FAC, but the government never obtained possession of that property.

181. Deny knowledge or information as to the allegations of paragraph 239 of the FAC, as it is not possible what property is being referenced.

182. Deny knowledge or information as to the allegations of paragraph 240 of the FAC, as it is not possible what property is being referenced.

183. Deny the allegations of paragraph 241 of the FAC.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The FAC fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The Court lacks subject matter jurisdiction over this action.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs lack standing to maintain this action.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendants acted in good faith at all times relevant to the FAC.

### FIFTH AFFIRMATIVE DEFENSE

5. The FAC is barred by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

6. The FAC is barred by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The FAC is barred by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Defendants were privileged in doing in the acts alleged in the FAC.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiffs have failed to satisfy the prerequisites for filing suit.

**RESERVATION OF RIGHT TO SUPPLEMENT OR AMEND**

Defendants reserve the right to assert additional defenses, modify existing defenses, assert any counterclaims, and/or modify any answers as a result of discovery and/or further analysis or elucidation of Plaintiffs' position and allegations.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that plaintiffs take nothing by their FAC, that judgment be awarded in favor of Defendants dismissing plaintiff's FAC with prejudice, that Defendants be awarded their costs of suit incurred herein, and that the Court award Defendants such other and further relief as may be appropriate.

Dated: October 25, 2021

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

      /s/
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.