**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

*Admitted pro hac vice.*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Ste. 300
Santa Monica, California 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC, and TRAVIS MAY,** | Case No. 2:21-cv-04405-RGK-MAR |
| Plaintiffs, | **PARTIES' JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)** |
| v. | |
| **UNITED STATES OF AMERICA, TRACY L. WILKISON, in her official capacity as Acting United States Attorney for the Central District of California, and KRISTI KOONS JOHNSON, in her official capacity as an Assistant Director of the Federal Bureau of Investigation,** | Judge: Hon. R. Gary Klausner<br>Complaint Filed: May 27, 2021<br>Amended Complaint Filed: June 9, 2021<br>Date of 16(b) Scheduling Conference: November 8, 2021 |
| Defendants. | |

In accordance with Federal Rule of Civil Procedure 26(f), Central District of California Local Rule 26-1, and the Court's July 28, 2021 Order Setting Scheduling Conference (ECF 63), the parties hereby submit this Joint Rule 26(f) Report and Proposed Discovery Plan.

1. **Certification of Conference:** The parties held a meeting pursuant to Rule 26(f) on October 15, 2021, which was attended by:

    Counsel for Plaintiffs: Robert Frommer and Robert Johnson
    Counsel for Defendants: Victor Rodgers

2. **Statement of the Case:**

    **a.** Plaintiffs' Statement

    This is a class action brought on behalf of renters of safe deposit boxes at U.S. Private Vaults ("USPV") seeking declaratory and injunctive relief against Defendants. Named Plaintiffs, along with members of the class certified in this action, are individuals who had leased safe deposit boxes at USPV's location in Beverly Hills. On or around March 22, 2021, federal law enforcement executed a seizure warrant at USPV that included the nest or superstructure that contained Plaintiffs' safe deposit boxes. The warrant authorized the FBI to seize USPV's "business equipment," including the "nests of safety deposit boxes and keys," but specifically stated that the "warrant does not authorize a criminal search or seizure of the contents of the safety deposit boxes." Defendants agreed, indicating in their warrant application that pursuant to FBI policy, any search of the safe deposit boxes would "extend no further than necessary to determine ownership."

    On March 22, 2021, the FBI executed the seizure warrant. In doing so, Defendants broke open every box at USPV's facility and emptied each box of its contents. Although Defendants represented that they would not search

beyond what was "necessary to determine ownership," Defendants continued with their search even after identifying box owners, many of whom had placed a letter on the outside of the internal sleeve of their box that contained their contact information. Defendants' actions included subjecting all currency found to a sniff by a drug-detection dog, opening sealed envelopes and making copies of personal documents in the boxes. At the same time, the "inventory" Defendants created during its actions on March 22 failed to describe the property with the detail that would be necessary to protect against theft and loss, showing that Defendants' inventory-search rationale was nothing more than a pretext for an unauthorized investigatory search.

Plaintiffs seek declaratory and injunctive relief on behalf of a certified class of USPV renters who had property in their USPV box that was seized by the FBI on or around March 22, 2021, who identified themselves to the government, and who have since had their property returned to them. Specifically, Plaintiffs request that this Court hold that Defendants' indiscriminate search and seizure of class members' property both exceeded the terms of the seizure warrant and violated the Fourth Amendment. Plaintiffs also seek an injunction requiring Defendants to destroy all records generated as a result of their deliberate violation of class members' Fourth Amendment rights.

**b.** Defendants' Statement

Defendants have answered Plaintiffs' amended complaint, and as reflected therein, generally deny the substantive allegations set forth therein, including Plaintiffs' alleged right to receive the relief they request.

**3.** **Legal Issues:**

**a.** Plaintiffs' Statement

As narrowed following the Court's decision granting in part the Defendants' motion to dismiss, the primary legal issues in this case are (1)

whether Defendants acted consistent with the seizure warrant issued by Magistrate Judge Kim when they broke into and searched class members' safe deposit boxes on March 22, 2021; (2) whether Defendants' actions on March 22, 2021 violated the Fourth Amendment; and (3) whether Plaintiffs and other class members are entitled to the destruction of all records created as a result of Defendants' actions on March 22, 2021.

**b.** Defendants' Statement

The issues in this case include whether the government acted in compliance with the warrants and whether Plaintiffs are entitled to the relief they seek in this action.

**4. Damages:**

Plaintiffs have no pending claims for damages on behalf of themselves or members of the class. Plaintiffs seek only declaratory and injunctive relief, although they reserve the right to request reasonable attorneys' fees, costs, and disbursements incurred in association with this action. Plaintiffs additionally reserve the right to amend this response as discovery proceeds and additional information becomes available.

**5. Insurance:**

Plaintiffs are not aware of any insurance policy applicable to this case.

**6. Motions:**

On September 9, 2021, the Court denied Defendants' motion to dismiss in part. (ECF 75). On October 12, 2021, the Court granted in part Plaintiffs' motion for class certification and certified a class under Rule 23(b)(2) as to Plaintiffs' First Claim for Relief. (ECF 78). The parties anticipate that following discovery they may file motions for summary judgment as to that claim.

7. **Complexity:**

The Parties agree that they do not foresee a need to use the Manual for Complex Litigation.

8. **Additional Parties:**

The parties do not anticipate that additional named Plaintiffs will appear in this class action, nor do they currently anticipate the need to join any further Defendants to this action. If discovery reveals that state or law enforcement agencies were allowed to retain records pertaining to the March 22, 2021 search, then Plaintiffs may seek to add those state or local agencies as additional Defendants in the case.

9. **Status of Discovery:**

On July 21, 2021, Plaintiffs served discovery requests on Defendants for the purpose of class certification. On August 20, 2021, Defendants served Plaintiffs with both responses and objections to Plaintiffs' discovery requests, including an objection on the grounds that discovery would interfere with Defendants' investigation.

10. **Discovery Plan:**

**Initial Disclosures:**

The parties will exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1) by November 1, 2021.

**Anticipated subjects of discovery:**

Plaintiffs anticipate seeking discovery on the material allegations contained in Plaintiffs' First Amended Complaint and any potential affirmative

defenses raised by Defendants. Specifically, Plaintiffs anticipate pursuing discovery on Defendants' conduct in applying for the seizure warrant issued for US Private Vaults' business property; Defendants' actions in executing that warrant on March 22, 2021; Defendant's policies and procedures pertaining to the search of Plaintiffs' property on or about March 22, 2021; and Defendant's ongoing retention of records generated during the search of Plaintiffs' property on or about March 22, 2021.

Defendants anticipate, as appropriate, to pursuing discovery on the issues raised in this litigation.

**Time needed for discovery:**

The parties jointly propose that fact discovery close on August 8, 2022.
   a. Plaintiffs anticipate serving requests for production, interrogatories, and requests for admission beyond those they have already served.
   b. Plaintiffs anticipate conducting between 10 and 25 depositions of Defendants and their agents.
   c. Defendants reserve the right, as appropriate, to conduct discovery on issues raised in this action, including serving written discovery requests and deposing Plaintiffs.

**Electronically Stored Information**:

The parties agree that they have an obligation to retain and store any electronically stored information regarding the subject matter of this case, including any information that is related to Plaintiffs' or Defendants' claims or potential affirmative defenses and that existed on or after May 27, 2021 until the final entry of judgment in this case, following all potential appeals. The parties represent that reasonable measures have been taken to preserve

potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise. Accordingly, the parties may request or produce information from electronic or computer-based media, limited to data reasonably available to the parties in the ordinary course of business. Further, if a party responding to a production request "ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature." Fed. R. Civ. P. 34(b) advisory committee's note to 2006 amendment.

**Issues Related to Claims of Privilege:**
The parties agree to follow Federal Rule of Evidence 502 with respect to asserting post-production claims of privilege. The parties do not request that this Court enter an order regarding this agreement. The parties will discuss other issues related to privilege as they arise, including any assertions of privilege Defendants make in response to Plaintiffs' discovery requests.

**Changes to Limitations on Discovery:**
The parties agree that no change to the presumptive limitations on discovery under the applicable rules should be made at this time, but reserve the right to request amendments to those limits from the Court following consultation with opposing counsel.

**Issues Related to Protective Orders:**
The parties will discuss the need for a protective order in this case and raise it with the Court to the extent it becomes necessary due to the nature of discovery.

**Other Rule 16(b) or 16(c) issues:**

The parties will meet and confer on stipulations that may advance the litigation.

11. **Timing of Expert Disclosure:**

To the extent that the parties will utilize expert testimony in this action, they shall disclose the identity of any experts and the basis for the opinions as required by Federal Rule of Civil Procedure 26(a)(2) no later than May 6, 2022.

12. **Motions Schedule:**

The parties anticipate that they will each file dispositive motions for summary judgment on the Fourth Amendment issues involved in this action. The parties propose that the last date for hearing any summary judgment motions would be October 17, 2022 (approximately 8 weeks following the proposed discovery deadline).

13. **Alternative Dispute Resolution (ADR):**

The parties would request mediation by the Magistrate Judge assigned to this case for purposes of holding the required ADR proceeding.

14. **Trial Estimate:**

The parties believe that this matter will likely be amenable to resolution upon dispositive motions but estimate that, if trial proves to be necessary, that it could be completed within two (2) to three (3) business days.

15. **Trial Counsel:**

Plaintiffs' trial counsel is Robert Frommer and Robert Johnson. Nilay Vora

and Jeff Atteberry serve as Plaintiffs' local counsel.  Defendants' trial counsel is Andrew Brown, Victor Rodgers and Maxwell Coll.

16. **Independent Expert or Master:**

The parties do not anticipate the need for an Independent Expert or Master.

17. **Proceedings by Magistrate Judge:**

The parties do not consent to proceeding before a Magistrate Judge for final disposition.

Dated: November 1, 2021

Respectfully Submitted,

/s/ Robert Frommer

**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd.. Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

*Admitted pro hac vice.*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*

Dated: November 1, 2021

                                            Respectfully Submitted,

                                            **TRACY L. WILKISON**
                                            Acting United States Attorney
                                            SCOTT M. GARRINGER
                                            Assistant United States Attorney
                                            Chief, Criminal Division

                                            <u>/s/ (per email authorization)</u>
                                            ANDREW BROWN
                                            VICTOR A. RODGERS
                                            MAXWELL COLL
                                            Assistant United States Attorneys

                                            Attorneys for Defendants
                                            UNITED STATES OF
                                            AMERICA and
                                            TRACY L. WILKISON and
                                            KRISTI KOONS JOHNSON IN
                                            THEIR OFFICIAL CAPACITY
                                            ONLY

In compliance with Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: November 1, 2021

                                            By: <u>/s/ Robert Frommer</u>
                                            Robert Frommer
                                            Attorneys for Plaintiffs