# Exhibit C

## to Declaration of Robert Frommer

Exhibit C
15

TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture/
General Crimes Sections
    1100/1400/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142/0141
    E-mail: Andrew.Brown@usdoj.gov
        Victor.Rodgers@usdoj.gov
        Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC, AND TRAVIS MAY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>Defendants. | Case No. 2:21-CV-04405-RGK-MAR<br><br>**DEFENDANTS UNITED STATES OF AMERICA, ET AL.'S RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES** |
|---|---|

    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants United States of America, Tracy L. Wilkison, in her official capacity as Acting United States Attorney for the Central District of California, and Kristi Koons Johnson, in her official capacity as an Assistant Director of the Federal Bureau of Investigation (collectively,

**Exhibit C**
**16**

"Defendants"), by their attorneys, hereby submit their responses to the Plaintiffs' Second Set of Interrogatories as set forth below.

## PRELIMINARY STATEMENT

Defendants have not at this time fully completed their discovery and investigation in this action. All responses contained herein are based solely upon such information and evidence as are presently available and specifically known to Defendants at this time and disclose only those factual contentions and legal conclusions which presently occur to Defendants at this time. Further discovery, investigation, research and analysis is expected to supply additional facts, add meaning to currently known facts, and establish entirely new factual contentions and legal conclusions, which may lead to substantial additions or changes to the information provided herein. Defendants reserve the right to add or change any and all responses herein as additional facts are ascertained, legal research is completed, and analyses are undertaken. The responses herein are made in a good faith effort to supply as much information as is presently known to Defendants in this action.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 7:**

If you contend that the March 2021 search of U.S. Private Vaults was consistent with the Fourth Amendment, state the basis for that contention.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendants' object that this interrogatory (1) calls for a narrative; (2) calls for a legal conclusion; (3) is compound and contains impermissible discrete subparts, as it calls for information concerning multiple topics and causes plaintiffs' interrogatories to exceed the maximum interrogatory limit set forth in the Federal Rules of Civil Procedure; and (4) seeks to improperly shift the burden of proof and production, in that plaintiffs have sued Defendants, claiming that the Defendants' March 2021 search at USPV violated the Fourth Amendment, and it is therefore Plaintiffs' burden to show how the search violated the Fourth Amendment, not Defendants burden to show the

lawfulness of the March 2021 activities.  Defendants do not know the facts and legal arguments upon which plaintiffs rely in contending the March 2021 search violated the Fourth Amendment and therefore cannot legitimately provide a response to those facts and arguments.

Subject to and without waiving these objections, Defendants contend that Defendants lawfully conducted an inventory of the boxes at U.S. Private Vaults.

**INTERROGATORY NO. 8:**

Identify all individuals who have information relevant to any argument that you intend to make to justify the March 2021 search of U.S. Private Vaults. For each individual, state the nature of the information, as well as the individual's name, title, rank, and employing law enforcement agency.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant's object to this interrogatory (1) calls for a narrative; (2) calls for a legal conclusion; (3) is compound and contains impermissible discrete subparts, as it calls for information concerning multiple topics and causes plaintiffs' interrogatories to exceed the maximum interrogatory limit set forth in the Federal Rules of Civil Procedure; (4) is vague, ambiguous and unintelligible in its present form in its request to identify persons who have information "relevant" to any argument Defendants "intend" to make; (5) seeks to improperly shift the burden of proof and production, in that plaintiffs have sued Defendants, claiming that the Defendants' March 2021 search at USPV violated the Fourth Amendment, and it is therefore Plaintiffs' burden to show how the search violated the Fourth Amendment, not Defendants burden to proof the search was lawful.  Defendants do not know the facts and legal arguments upon which plaintiffs rely in contending the March 2021 search violated the Fourth Amendment and therefore cannot legitimately provide a response to those facts and arguments; (6) seeks information protected by the attorney-client privilege and the work product doctrine; and (7) seeks information protected by the right of privacy and the Privacy Act, which will

/ / /

1  not be produced until such time as a mutually acceptable protective order is entered in
2  this case.
3  **INTERROGATORY NO. 9:**
4       Identify all individuals who had property seized from the U.S. Private Vaults
5  facility in March 2021, whose identity is known to the FBI, and whose property was
6  subsequently returned.  For each individual, state the individual's name and U.S. Private
7  Vaults box number.
8  **RESPONSE TO INTERROGATORY NO. 9:**
9       Defendants object that this interrogatory (1) seeks information protected by the
10 law enforcement evidentiary privilege or the investigatory file privilege; (2) is overly
11 broad; (4) is compound and contains impermissible discrete subparts, as it calls for
12 information concerning multiple topics and causes plaintiffs' interrogatories to exceed
13 the maximum interrogatory limit set forth in the Federal Rules of Civil Procedure;
14 (4) seeks information neither relevant to the subject matter of this action nor reasonably
15 calculated to lead to the discovery of admissible evidence because, among other things, it
16 seeks information regarding individuals who are not included in the modified proposed
17 class; (5) is vague, ambiguous and unintelligible in its use of the words "whose identity
18 is known" to the FBI; and (6) seeks information protected by the right of privacy and the
19 Privacy Act, which will not be produced until such time as a mutually acceptable
20 protective order is entered in this case.
21 **INTERROGATORY NO. 10:**
22       Identify all law enforcement officials who searched the U.S. Private Vaults boxes
23 of the individuals listed in response to Interrogatory Number 9.  For each law
24 enforcement official, state the official's name, title, rank, and employing law
25 enforcement agency.  In addition, for each law enforcement official, state the nature of
26 the individual's involvement in the search.
27 / / /
28 / / /

**RESPONSE TO INTERROGATORY NO. 10:**

Defendants have not identified any individuals in response to interrogatory number 9. Accordingly, Defendants object that this interrogatory (1) seeks information protected by the law enforcement evidentiary privilege or the investigatory file privilege; (2) is overly broad; (4) is compound and contains impermissible discrete subparts, as it calls for information concerning multiple topics and causes plaintiffs' interrogatories to exceed the maximum interrogatory limit set forth in the Federal Rules of Civil Procedure; (4) seeks information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence because, among other things, it seeks information regarding individuals who are not included in the modified proposed class; (5) seeks discovery disproportionate to the needs of this case; (6) seeks information protected by the right of privacy and the Privacy Act, which will not be produced until such time as a mutually acceptable protective order is entered in this case; and (7) seeks information in the possession of third parties, and not in the possession of Defendants.

**INTERROGATORY NO. 11:**

Identify all law enforcement officials who bore supervisory responsibility for the search of the U.S. Private Vaults boxes of the individuals listed in response to Interrogatory Number 9. For each law enforcement official, state the official's name, title, rank, and employing law enforcement agency. In addition, for each law enforcement official, state the nature of the individual's supervisory responsibility for the search.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendants object that this interrogatory (1) seeks information protected by the law enforcement evidentiary privilege or the investigatory file privilege; (2) is overly broad; (3) is compound and contains impermissible discrete subparts, as it calls for information concerning multiple topics and causes plaintiffs' interrogatories to exceed the maximum interrogatory limit set forth in the Federal Rules of Civil Procedure;

Exhibit C
20

(4) seeks information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence because, among other things, it seeks information regarding individuals who are not included in the modified proposed class; (5) seeks information protected by the right of privacy and the Privacy Act, which will not be produced until such time as a mutually acceptable protective order is entered in this case; and (6) seeks information in the possession of third parties, and not in the possession of Defendants.

**INTERROGATORY NO. 12:**

Describe the procedures followed by the federal government to inventory the contents of all of the safe deposit boxes held at U.S. Private Vaults at the time of the March 2021 seizure, including the production of any video recording or other visual record of the contents of the U.S. Private Vaults safe deposit boxes.  Further describe what types of video recordings or other visual records agents made of the contents of documents contained within the U.S. Private Vaults safe deposit boxes.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendants' object that this interrogatory (1) calls for a narrative; (2) is compound and contains impermissible discrete subparts, as it calls for information concerning multiple topics and causes plaintiffs' interrogatories to exceed the maximum interrogatory limit set forth in the Federal Rules of Civil Procedure;  (3) seeks information protected by the right of privacy and the Privacy Act, which will not be produced until such time as a mutually acceptable protective order is entered in this case; and (4) seeks discovery disproportionate to the needs of this case.

Subject to and without waiving these objections, Defendants state that the inventory was conducted in accordance with FBI inventorying policies.  As to the types of recordings, Defendants recorded some inventories on video and others on photographs.

/ / /

/ / /

**INTERROGATORY NO. 13:**

Identify all law enforcement officials depicted in the video recordings that you produce in response to Request for Production 9 of Plaintiffs' Second Set of Requests for Document Production. For each official, state the time at which the official first appears in the video recording. In addition, for each official, state the official's name, title, rank, and employing law enforcement agency.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendants object that this interrogatory (1) seeks information protected by the law enforcement evidentiary privilege or the investigatory file privilege; (2) is overly broad; (4) is compound and contains impermissible discrete subparts, as it calls for information concerning multiple topics and causes plaintiffs' interrogatories to exceed the maximum interrogatory limit set forth in the Federal Rules of Civil Procedure; (4) seeks information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence because, among other things, it seeks information regarding individuals who are not included in the modified proposed class; (5) seeks information protected by the right of privacy and the Privacy Act, which will not be produced until such time as a mutually acceptable protective order is entered in this case; (6) seeks information in the possession of third parties, and not in the possession of Defendants; (7) is unduly burdensome and oppressive, in that Plaintiffs

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**Exhibit C**
**22**

can identify themselves the time at which a particular person appears in a video; and (8) seeks discovery disproportionate to the needs of this case.

Dated: January 7, 2022

TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

## VERIFICATION

I, Lynne Zellhart, hereby declare that:

I am a Special Agent with the Federal Bureau of Investigation. I have read the above Defendants United States of America et. al.'s responses to plaintiffs' second set of interrogatories. As to the answers, I am informed and believe that the answers are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 6, 2022 at Los Angeles, California.

LYNNE ZELLHART

**Exhibit C**
**24**

# PROOF OF SERVICE BY MAILING

I am over the age of 18 and not a party to the within action. I am employed by the Office of the United States Attorney, Central District of California. My business address is 312 North Spring Street, 14th Floor, Los Angeles, California 90012.

On **January 7, 2022,** I served a copy of**: DEFENDANTS UNITED STATES OF AMERICA, ET AL.'S RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES** on each person or entity named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices.

**TO:**

| | |
|---|---|
| THE INSTITUTE FOR JUSTICE<br>Robert Frommer<br>Joseph R. Gay<br>901 N. Glebe Road, Suite 900<br>Arlington, VA 22203 | THE INSTITUTE FOR JUSTICE<br>Robert E. Johnson<br>16781 Chagrin Blvd, Suite 256<br>Shaker Heights, OH 44120 |

THE VORA LAW FIRM, P.C.
Nilay U. Vora
Jeffrey Atteberry
201 Santa Monica Blvd., Ste. 300
Santa Monica, CA 90401

**X** I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this Court, at whose direction the service was made, and that the foregoing is true and correct.

Executed on **January 7, 2022,** at Los Angeles, California.

/s/ *Paul J. Read*
PAUL J. READ
Paralegal, FSA

Exhibit C
25