# Exhibit E

## to Declaration of Robert Frommer



INSTITUTE FOR JUSTICE

January 12, 2022

**VIA E-MAIL**
Andrew Brown
Victor A. Rodgers
Maxwell Coll
E-mail: Andrew.Brown@usdoj.gov
   Victor.Rodgers@usdoj.gov
   Maxwell.Coll@usdoj.gov

   RE:   *Snitko v. United States*, Civ. Action No. 2:21-cv-04405-RGK-MAR

Dear Counsel,

   We have received Defendants' responses to Plaintiffs' Second Set of Interrogatories and Requests for Production.  As you may recall, Plaintiffs served these discovery requests on November 5, 2021, with responses originally due on December 6, 2021. On November 29, you asked for an extension of time to complete these requests, ostensibly to accommodate the schedules of "the FBI employees who must assemble the documents necessary to respond to the discovery." (Email of Victor Rodgers sent 11/29 at 2:56 p.m.) Plaintiffs agreed in the spirit of cooperation to extend the time for responding until January 7, 2022. In so doing, Plaintiffs reminded Defendants of the need to work expeditiously and in good faith regarding discovery given the currently scheduled case deadlines.

   The parties had previously agreed to provide courtesy copies of discovery requests, responses and objections via email. Upon receiving no responses or objections via email on January 7, Plaintiffs' counsel emailed Defendants on January 10 to inquire. Plaintiffs received no reply to that email, but Defendants emailed their responses late on January 10. In those responses, Defendants provide little information, instead raising numerous boilerplate objections to both Plaintiffs' interrogatories and document requests. Defendants also fail to identify whether they are withholding documents based on their objections, as required by FRCP 34(b)(2)(C). And for those few documents Defendants agreed to produce, they have failed to turn them over in a timely manner given that the deadline has passed. Despite having sought an extension to accommodate the schedule of "FBI employees who must assemble the documents" (*supra*), at this time Defendants have not produced any responsive documents and have indicated that they do not intend to produce more than a handful of responsive documents.

   These actions demonstrate a lack of good faith in the discovery process. Defendants could have served these boilerplate objections under the original deadline, without any need to seek any extension. Plaintiffs are hopeful we can work together to resolve these discovery

Letter to Defendants in *Snitko v. United States*, No. 2:21-CV-4405-RGK-MAR
January 12, 2022
Page 2

disputes, but will seek the Court's involvement should Defendants not comply with their discovery obligations. Given the schedule in this action, Plaintiffs also respectfully ask that Defendants avoid further unnecessary delay in the future.

Below, Plaintiffs first articulate two general concerns with Defendants' responses. Next, Plaintiffs proceed to discuss particular requests and responses. We conclude by suggesting next steps (including a conference pursuant to Local Rule 37-1) so that the parties may work collaboratively to resolve these issues.

I.  **General Points**

A.  **Improper Objections.** Defendants have largely failed to provide substantive responses to Plaintiffs' requests. Defendants refuse to identify potential witnesses (Rog. 8), members of the certified class (Rog. 9), the government officials involved in the challenged search (Rog. 10), and the government officials who supervised the challenged search (Rog. 11). Defendants also decline to identify officers who appear in video of the search on the ground that—although Defendants have separately refused to disclose the video—the "Plaintiffs can identify themselves the time at which a particular person appears in a video" (Rog. 13). And while Defendants state that they contend that the search of the class members' boxes is justified as an "inventory" (Rog. 7), Defendants refuse to provide any description of the "procedures followed by the federal government to inventory" the property other than to say that "Defendants recorded some inventories on video and others on photographs" (Rog. 12).

Instead, Defendants repeatedly object to Plaintiffs' requests on numerous legal grounds without explaining the basis for the objection. For instance, Defendants repeatedly state that Plaintiffs' requests "seek[] information protected by the law enforcement evidentiary privilege or the investigatory file privilege." This appears to be boilerplate, and fails to satisfy the requirements of both this court and others. *See, e.g.*, *Novoa v. Geo Grp., Inc.*, No. 17-cv-02514, 2020 WL 6694317, at *6 (C.D. Cal. Oct. 8, 2020) ("A claim of law enforcement privilege must be supported by the declaration of an appropriate agency official who has personally considered the materials at issue."); *Wagafe v. Trump*, 334 F.R.D. 619, 625 (W.D. Wash. 2020) (information on law enforcement procedures was not subject to law enforcement privilege, particularly where government offered only a "cursory explanation" for confidentiality); *Valley Surgical Ctr. v. Cty. of Los Angeles*, No. 13-cv-2265, 2017 WL 10574239, at *5 (C.D. Cal. Sept. 22, 2017) (rejecting claim of law enforcement privilege where "Defendants do not provide a declaration by the head of the department with control over the requested documents and make no showing as to the applicability of the privilege"); *United States v. All Funds ($357,311.68) Contained in N. Tr. Bank of Fla. Acct. No. 7240001868*, No. 3:04-cv-1476-G, 2004 WL 1834589, at *2 (N.D. Tex. Aug. 10, 2004) ("Government's arguments do nothing more than speculate about how civil discovery will adversely affect its criminal investigation").

Defendants' other objections are similarly cursory and unjustified. For instance, Defendants object to Plaintiffs' requests for production on the grounds that they seek "information protected by the attorney-client privilege or work product doctrine." But Defendants do not articulate how those requests seek privileged materials. They do not, for

instance, state how the written directions provided to law enforcement officials involved in the March 22 search and seizure at US Private Vaults are protected by the privilege.  Not do Defendants show how production of internal policy documents regarding Defendants' use of inventories, video recordings, and other documents resulting from the March 22 search and seizure are exempt from production. This Court has previously held that boilerplate objections without further explanation, like Defendants', are improper and violate the Federal Rules of Civil Procedure. *U.S. ex rel. O'Connell v. Chapman U*niv., 245 F.R.D. 646, 649 (C.D. Cal. 2007) (general or boilerplate objections are not proper objections); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections") (quoting *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal. 1996)).

 Similar examples exist throughout Defendants' objections and responses and will be discussed in turn below. But Defendants' repeated invocations of inapplicable boilerplate objections seems to be an attempt to withhold from Plaintiffs documents and information to which they are entitled under the Federal Rules of Civil Procedure.  Refusing to provide Plaintiffs and the Court with the identity of their own class members is utterly without merit, as is Defendants' total refusal to provide any information about which law-enforcement agencies and officials participated in the March 22 search and seizure or the procedures they employed in doing so. That said, Plaintiffs are willing to confer with Defendants to determine if there is some solution that will forestall the need to move the Court for an order compelling Defendants to meet their discovery obligations.

  B. **<u>Failure to Produce Responsive Documents</u>.**  In responding to Plaintiffs' requests for production, Defendants have refused to provide Plaintiffs with any documents regarding any aspect of Defendants' actions during the March 2021 search of US Private Vaults. This refusal encompasses all written directions or internal policy documents used to guide officials' behavior during that search (RFP 6, 7). Despite stating that Defendants contend that the search is justified as an "inventory" (Rog. 7), Defendants also refuse to produce any written inventories produced during the course of that search, whether written out in paper form or recorded on video (RFP 8, 9). And Defendants likewise refuse to produce any documents about how they will use those inventories or any other documents obtained during the March 2021 search going forward (RFP 10).

 Instead, Defendants raise a host of meritless objections. They claim confusion in response to the use of basic terms like "inventories." And they assert without argument or support that producing these basic documents would violate various evidentiary and law enforcement privileges. Defendants also contend without support that almost all of Plaintiffs' document requests seek information "protected by the right of privacy and the Privacy Act." To the extent that the Act applies, Plaintiffs would be willing to negotiate a mutually acceptable protective order; however, Defendants cannot and should not use the Act as a shield to avoid their otherwise applicable discovery obligations.

 II. **Specific Points**

**Exhibit E**
**36**

Letter to Defendants in *Snitko v. United States*, No. 2:21-CV-4405-RGK-MAR
January 12, 2022
Page 4

### A.     Interrogatories

- **Interrogatory #7:** Interrogatory #7 asks Defendants whether they "contend that the March 2021 search of U.S. Private Vaults was consistent with the Fourth Amendment," and, if so, to "state the basis for that contention."

This request seeks basic information about Defendants' view that their actions on March 22, 2021 were permissible as a routine inventorying of seized items. Defendants briefly note that they "lawfully conducted an inventory of the boxes at U.S. Private Vaults." But they fail to provide any other details regarding this conclusion, objecting that the interrogatory "calls for a narrative," "calls for a legal conclusion," consists of multiple subparts, and somehow "improperly shift[s] the burden of proof and production."

Defendants' partial response fails to state the basis for their contention that Defendants' activities were a permissible inventorying of seized items or otherwise provide any factual support. This is insufficient; as federal courts have recognized, a contention interrogatory asks the responding party "to state all the facts upon which it bases a contention; to state the legal or theoretical basis for a contention; and to explain or defend how the law invoked applies to facts." *See, e.g.*, *Qashqeesh v. Monster Beverage Corp.*, No. 2:20-CV-03776, 2021 WL 3634117, at *3 (S.D. Ohio Aug. 17, 2021). Such interrogatories, which ask a party what it contends or to state all the facts upon which it bases a contention, "are perfectly legitimate." *Barnes v. District of Columbia*, 270 F.R.D. 21, 24 (D.D.C.2010) (quoting *Everett v. USAir Group, Inc.*, 165 F.R.D. 1, 3 (D.D.C.1995)) (Facciola, J.).  Nor can Defendants escape that responsibility by claiming a complete answer would "call for a narrative." *See Gevas v. Baldwin*, No. 18 C 3165, 2020 WL 6781801, at *4 (N.D. Ill. Nov. 18, 2020) (holding that "[a]n interrogatory is not objectionable simply because the answer will be in narrative form"); *Harris v. Sowers*, No. 2:16-CV-888, 2018 WL 3217639, at *4 (S.D. Ohio July 2, 2018), report and recommendation adopted, No. 2:16-CV-888, 2018 WL 4030531 (S.D. Ohio Aug. 23, 2018) (holding that assertion that an interrogatory seeks a "narrative response" does not relieve party of obligation to respond fully to the interrogatory).

Defendants should answer this Interrogatory in full, particularly since this information exists only in the hands of Defendants.

- **Interrogatory #8:** Interrogatory #8 asks Defendants to "Identify all individuals who have information relevant to any argument that you intend to make to justify the March 2021 search of U.S. Private Vaults. For each individual, state the nature of the information, as well as the individual's name, title, rank, and employing law enforcement agency."

This Interrogatory seeks basic information regarding those persons who Defendant knows have information concerning the March 2021 search of US Private Vaults and whether the practices employed at that search are constitutionally reasonable. Yet Defendants have failed entirely to answer the interrogatory, instead rehashing a number of objections it made to Interrogatory #7 while also claiming that words like "relevant" and "intend" are so unintelligible that no response is possible. These objections bear no weight. Identifying individuals obviously

neither "calls for a narrative" or a "legal conclusion." Providing those individuals' names, titles, and relevant law enforcement agencies do not call "for information concerning multiple topics." And identifying law-enforcement officials involved in the search obviously does not seek "information protected by the attorney-client privilege and the work product doctrine."

Lastly, there is no basis to Defendants' Privacy Act objection. First, Defendants do not articulate how providing basic information about persons involved in the March 2021 search would trigger the Privacy Act. Moreover, Plaintiffs' interrogatory is not requesting any "record" involving any individual. And even if Plaintiffs had requested such records, one clear exception to the Act is the production of records pursuant to a court order. Indeed, the Department of Justice itself states that "[a]s a general proposition, the Privacy Act does not act as a shield against discovery of relevant records that are otherwise protected under the Privacy Act."[1] And courts in this state have echoed that "the Act 'does not create a qualified discovery privilege.' *L.S. v. Henderson*, No. 20-CV-04637-VC, 2021 WL 4944956, at *1 (N.D. Cal. Oct. 18, 2021) (quoting *Laxalt v. McClatchy*, 809 F.2d 885, 888 (D.C. Cir. 1987)). Plaintiffs are entitled to basic information about the identity of witnesses with information relevant to the subject matter of the case.

In light of these issues with Defendants' objections, please provide the requested information in full. Plaintiffs would be willing to agree to a protective order to ensure the confidentiality of box holders' identities, but Plaintiffs ask that the parties work quickly to agree to such an order and that the Defendants begin compiling the relevant information without waiting for an order to be entered.

- **Interrogatory #9:** Interrogatory #9 asks Defendants to "Identify all individuals who had property seized from the U.S. Private Vaults facility in March 2021, whose identity is known to the FBI, and whose property was subsequently returned. For each individual, state the individual's name and U.S. Private Vaults box number."

Interrogatory #9 seeks merely the identity of the members of Plaintiffs' class action. In this light, Defendants' objections completely miss the mark. First, Defendants' claim that the mere identities of those people whom Plaintiffs represent is "protected by the law enforcement evidentiary privilege" lacks any argument in support and, on the face of it, bears no weight. Nor is asking for the identities of Plaintiffs' fellow class members "overly broad" or burdensome.

Defendants' claim that Interrogatory #9 is irrelevant because it "seeks information regarding individuals who are not included in the modified proposed class" is also incorrect. The Court's Order granting Plaintiffs' Motion for Class Certification makes clear that Plaintiffs' class is comprised of "[a]ll renters of U.S. Private Vaults safe deposit boxes who (a) had property within their safe-deposit box seized by the federal government on or around March 22, 2021; (b) have identified themselves to the FBI since the seizure; and (3) have had their property returned to them." In other words, the very individuals about whom Plaintiffs' counsel has asked.

---

[1] https://www.justice.gov/opcl/overview-privacy-act-1974-2020-edition/disclosures-third-parties#b11

Letter to Defendants in *Snitko v. United States*, No. 2:21-CV-4405-RGK-MAR
January 12, 2022
Page 6

Lastly, Defendants' claims of confusion about the term "whose identity is known" is not in good faith. In this context, that phrase corresponds to part b of the Court's proposed class definition. Nor do Defendants demonstrate how or why the Privacy Act would bar the disclosure of an individual's identity to an attorney representing them in a constitutional class action.

Plaintiffs therefore ask that Defendants produce this information in full, as required by the Rules of Civil Procedure. Plaintiffs are, however, willing to agree to an appropriate protective order to shield this information, provided that the parties are willing to agree to such an order without further delay and that Defendants begin the process of compiling this information without waiting for an order to be finally approved.

- **Interrogatories #10 and #11:** Interrogatories #10 and #11 ask for the identities of persons involved in the March 2021 search of US Private Vaults, including those persons who bore supervisory responsibility over Defendants' conduct during that search.

Defendants' responses to both Interrogatories #10 and #11 fail to provide any requested information to Plaintiffs. Instead, Defendants recycle the same objections they put forward for previous requests, including the idea that the mere identity of federal officials is somehow protected by the "law enforcement evidentiary privilege" and that producing such basic information is both compound and "overly broad." Of course there is nothing "overly broad" about seeking the identities of the government officials who supervised the conduct that is challenged in this case.

The objections go further, though. Both the objections for Interrogatories #10 and #11 state that they are irrelevant because they both "seek[] information regarding individuals who are not included in the modified proposed class." But that objection makes no sense given that Plaintiffs are not asking for the identities of *safe-deposit box renters*, but instead for the names of those officials who seized those renters' property (or supervised those seizures). In that same vein, Defendants' objection that these interrogatories seek "information in the possession of third parties, and not in the possession of Defendants" is utterly untenable. The events of March 2021 were conducted pursuant to a federal warrant obtained and executed by federal officials (including "deputized" federal officials from state law enforcement). Given this, Defendants' claim that they can't possibly know the identities of the officials who were involved in (and supervised) that seizure holds no water.

Plaintiffs therefore ask that Defendants produce this information in full, as required by the Rules of Civil Procedure.

- **Interrogatory #12:** Interrogatory #12 asks Defendants to "Describe the procedures followed by the federal government to inventory the contents of all of the safe deposit boxes held at U.S. Private Vaults at the time of the March 2021 seizure, including the production of any video recording or other visual record of the contents of the U.S. Private Vaults safe deposit boxes. Further describe what types of video recordings or other visual records agents made of the contents of documents contained within the U.S. Private Vaults safe deposit boxes."

**Exhibit E**
**39**

Letter to Defendants in *Snitko v. United States*, No. 2:21-CV-4405-RGK-MAR
January 12, 2022
Page 7

Beyond merely stating that "the inventory was conducted in accordance with FBI inventorying policies. As to the types of recordings, Defendants recorded some inventories on video and others on photographs," Defendants provide no meaningful response to this Interrogatory. It does not describe the procedures that Defendants employed, it does not describe in what instances Defendants' officials made records regarding the contents of individual safe-deposit boxes, nor does it identify what kind of video recordings Defendants made or in what circumstances.

Instead, Defendants' response levies the same objections that it did for previous requests, namely that the request "calls for a narrative," "is compound," seeks information protected from disclosure by the Privacy Act, and "seeks discovery disproportionate to the needs of this case." These boilerplate objections make no sense in the context of this request and do not obviate Defendants from their responsibility under the Federal Rules of Civil Procedure to provide full and complete answers to Plaintiffs' discovery requests.

Ultimately, Defendants cannot shield information about their inventory search procedures from discovery, as Defendants bear the burden to establish the existence of sufficient policies and procedures to guide their purported inventory search and to establish that those policies and procedures were followed in this case. *See Florida v. Wells*, 495 U.S. 1, 4 (1990). Nor do any of Defendants' other objections state a valid basis for refusing to provide this information. Accordingly, Plaintiffs ask that Defendants produce this information in full, as required by the Rules of Civil Procedure.

- **Interrogatory #13:** Interrogatory #13 asks Defendants to "Identify all law enforcement officials depicted in the video recordings that you produce in response to Request for Production 9 of Plaintiffs' Second Set of Requests for Document Production. For each official, state the time at which the official first appears in the video recording. In addition, for each official, state the official's name, title, rank, and employing law enforcement agency."

Defendants again fail to provide any meaningful response to Interrogatory #13, again claiming that it calls for a narrative, is compound, is subject to unelaborated privilege objections, and seeks information protected by the Privacy Act. Rather than reiterate why each of these objections miss the mark, Plaintiffs would point Defendants to their responses above. Defendants' objection that the request seeks information about people not within Plaintiffs' class action is also irrelevant, as the request seeks to understand not the size and nature of the class, but what officials were involved in the March 2021 search and seizure. Moreover, because knowledge of these individuals and their actions are directly relevant to the Fourth Amendment arguments in this litigation, Defendants' claim that it is "disproportionate to the needs of the case" is clearly erroneous.

Lastly, Defendants also object on the ground that the request is unduly burdensome and oppressive, stating that "Plaintiffs can identify themselves the time at which a particular person appears in the video." But that argument makes no sense: These are *Defendants'* officials who are participating in a search conducted by Defendants. Plaintiffs would have no way of knowing who these officials are, let alone identifying them in a video. Because this information lies

Letter to Defendants in *Snitko v. United States*, No. 2:21-CV-4405-RGK-MAR
January 12, 2022
Page 8

solely within the exclusive province of Defendants, they must fulfill their discovery obligations under the Federal Rules of Civil Procedure.

      **B.**      **Requests for Production**

Defendants' responses to Plaintiffs' requests for production are deficient and/or non-responsive, as described below:

- **RFP #6:** Request for Production #6 asks Defendants to produce "All written directions provided to law enforcement officials in connection with the March 2021 search of U.S. Private Vaults."

      The request asks for written documents detailing for officials how they were supposed to conduct themselves during the March 2021 search. This information is directly relevant to Plaintiffs' constitutional challenge, which alleges that Defendants failed to execute the search in a constitutionally reasonable manner. Yet Defendants' response refuses to provide Plaintiffs with any documents, instead claiming that Plaintiffs' request is "overly broad" and that it seeks irrelevant information. This is untenable. The directions provided to guide the search is plainly relevant to Plaintiffs' claim that the search is not a valid inventory.

      Defendants likewise raise a host of other objections to the request, including claiming at various points that it is subject to the law enforcement evidentiary privilege, the attorney-client privilege, the work-product privilege, and that disclosure of directions for conducting the search would somehow run afoul of the Privacy Act. These objections are ill-founded. As to the law enforcement privilege, Defendants provide no documentation such as an affidavit demonstrating how production would threaten the privilege. There is no basis to believe that documents supplied to officers in the field are entitled to the attorney-client privilege, nor is it credible to claim that Defendants created these instructions for the purposes of litigation. And the fact that Defendants attempt to use the Privacy Act—which seeks to ensure the privacy of individuals—to shield policy documents from production shows the bad-faith nature of Defendants' objections.

      Accordingly, Defendants should produce the requested written directions to Plaintiffs. To the extent that one or more set of these directions may contain information subject to the Privacy Act, Plaintiffs would be willing to enter into a protective order. However, Plaintiffs are unable at this point to see how the Privacy Act could even potentially apply.

- **RFP #7:** Request for Production #7 asks Defendants to produce "All internal policy documents applied to guide the conduct of law enforcement officials during the March 2021 search of U.S. Private Vaults, including but not limited to complete and unredacted copies of all pertinent provisions contained in the FBI's 2016 Domestic Investigations and Operations Guide."

      This request seeks documents that would guide the conduct of Defendants and their officials when conducting the March 2021 search at US Private Vaults. Accordingly, they are directly germane to this litigation. Yet, as with RFP #6, Defendants have produced no documents while raising nearly identical objections. These objections fail for much the same

reason that those invoked in response to RFP #6 fail. Because no proper privilege or other objection applies, Defendants should produce these documents to Plaintiffs. Again, Plaintiffs are willing to agree to an appropriate protective order, but, at this time, Plaintiffs do not see how any protective order would be appropriate under the circumstances here.

- **RFP #8:** Request for Production #8 asks Defendants to produce "All written inventories produced during the March 2021 search of U.S. Private Vaults boxes of the named Plaintiffs in this action and of all other individuals listed in response to Interrogatory Number 9."

This request merely seeks the written inventories that Defendants claim to have created in their search of the safe-deposit boxes of Plaintiffs and other class members. These inventories are directly relevant to this litigation, as they will help demonstrate Defendants' fidelity to the inventory procedures articulated both in Defendants' policy documents and instructions given to searching officials. But Defendants have failed to produce any inventories and have instead yet again raised the exact same objections they have articulated in response to nearly every interrogatory and request. Indeed, Defendants' claim that the term "written inventories" is ambiguous and unintelligible shows their bad-faith approach to this discovery process.

Plaintiffs are willing to enter into an appropriate protective order with respect to this information, given the sensitive nature of the information concerning the contents of class members' boxes, but, otherwise, ask that Defendants produce these documents in full and without delay. Plaintiffs note that Defendants could have reached out to discuss an appropriate protective order during the time these requests were pending—particularly given the short schedule for discovery—and request that Defendants cooperate to jointly submit a proposed order without unnecessary delay. Plaintiffs also request that Defendants begin to prepare these materials so that they can be disclosed promptly following the approval of such an order.

- **RFP #9:** Request for Production #9 asks Defendants to produce "All video recordings produced during the March 2021 search of U.S. Private Vaults boxes of the named Plaintiffs in this action and of all other individuals listed in response to Interrogatory Number 9."

Like RFP #8, this request seeks video records of all inventorying undertaken by Defendants with respect to Plaintiffs' and other class members safe-deposit boxes. Again, these requests are directly relevant to this lawsuit, as the contents of those recordings will help demonstrate whether Defendants' search comported with the Fourth Amendment. Yet just like RFP #8, Defendants have produced no documents in response to this request. Instead, they have submitted boilerplate objections that fail to demonstrate why Plaintiffs are not entitled to see the video records from the inventorying of their own safe-deposit boxes.

Again, given the sensitive nature of information concerning the inside of the boxes, Plaintiffs are willing to agree to an appropriate protective order to govern this information. Again, however, Plaintiffs request that Defendants cooperate to submit an order promptly and that Defendants begin to prepare these and other materials so that they can be disclosed promptly following the approval of such an order.

- **RFP #10:** Request for Production #10 asks Defendants to produce "All internal policy documents that will be applied to govern the retention and subsequent use of inventories, video recordings, or other documents produced during and/or as a result of the March 2021 search of U.S. Private Vaults boxes of the named Plaintiffs in this action and of all other individuals listed in response to Interrogatory Number 9."

This request seeks records showing how Defendants will retain and use any inventories, video recordings, or documents made as a result of Defendants' search of Plaintiffs' and other class members' safe-deposit boxes. Defendants have completely refused to produce any documents in response to this request. That failure is unjustified given Defendants' failure to explain how any of its objections have merit. Defendants, for instance, fail to explain how production of these documents would interfere with the law enforcement evidentiary privilege, nor do they attach any affidavit or other document making that explanation. Defendants claim that policy documents regarding the retention and use of inventories and video recordings made by Defendants during their search are irrelevant to this case, even though this goes directly to the continuing Fourth Amendment injury suffered by Plaintiffs and other class members. And Defendants again raise the specter of the Privacy Act without ever explaining how it applies to this request, which seeks government policy documents and not information about any individual class member.

Because Defendants' objections fall flat, Plaintiffs request that Defendants produce these documents in full.

Pursuant to Local Rule 37-1, Plaintiffs ask that Defendants meet and confer with them regarding these discovery issues within ten days following receipt of this letter. We stand ready to work with you to resolve these concerns without involving the Court.

Respectfully yours,

/s/ Robert Frommer
*Counsel for Plaintiffs*