1   TRACY L. WILKISON
    United States Attorney
2   SCOTT M. GARRINGER
    Assistant United States Attorney
3   Chief, Criminal Division
    ANDREW BROWN (Cal. Bar No. 172009)
4   VICTOR A. RODGERS (Cal. Bar No. 101281)
    MAXWELL COLL (Cal. Bar No. 312651)
5   Assistant United States Attorneys
    Major Frauds/Asset Forfeiture Sections
6       1100/1400 United States Courthouse
        312 North Spring Street
7       Los Angeles, California 90012
        Telephone: (213) 894-0102/2569/1785
8       Facsimile: (213) 894-6269/0142/0141
        E-mail: Andrew.Brown@usdoj.gov
9               Victor.Rodgers@usdoj.gov
                Maxwell.Coll@usdoj.gov
10
    Attorneys for Defendants
11  UNITED STATES OF AMERICA, et al.

12                  UNITED STATES DISTRICT COURT

13          FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                      WESTERN DIVISION

15  PAUL SNITKO, JENNIFER SNITKO,        Case No. 2:21-CV-04405-RGK-MAR
    JOSEPH RUIZ, TYLER GOTHIER,
16  JENI VERDON-PEARSONS,                **STIPULATED PROTECTIVE ORDER**
    MICHAEL STORC, AND TRAVIS
17  MAY,                                 [Discovery Matter]

18          Plaintiffs,

19              v.

20  UNITED STATES OF AMERICA,
    TRACY L. WILKISON, in her official
21  capacity as Acting United States
    Attorney for the Central District of
22  California, and KIRISTI KOONS
    JOHNSON, in her official capacity as an
23  Assistant Director of the Federal Bureau
    of Investigation,
24
            Defendants.
25

26

27

28
                      **EXHIBIT A**
                          **2**

## 1.   A.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Paragraph 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedure that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## B.   <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve confidential information derived from personnel records, investigatory documents, and other materials subject to privacy protections for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, documents and other items in the possession of the United States of America that are in a government system of records that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a; documents and other items containing personal identifying information, including home addresses, Social Security numbers, bank account numbers, and dates of birth, as well as other information implicating the privacy rights of third parties; documents and other items concerning the internal policies, practices and procedures of the United States of America or its agencies; documents and other items within the scope of the law enforcement privilege and/or the investigatory file privilege; and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected

**EXHIBIT A**

**3**  1

1    from disclosure under state or federal statutes, court rules, case decisions, or common

2    law.

3         Accordingly, to expedite the flow of information, to facilitate the prompt

4    resolution of disputes over confidentiality of discovery materials, to adequately protect

5    information the parties are entitled to keep confidential, to ensure that the parties are

6    permitted to reasonably use such material in preparation for and in conduct of trial, to

7    address their handling at the end of the litigation, and serve the ends of justice, a

8    protective order for such information is justified in this matter. It is the intent of the

9    parties that information will not be designated as confidential for tactical reasons and

10   that nothing be so designated without a good faith belief that it has been maintained in a

11   confidential, non-public manner, and there is good cause why it should not be part of the

12   public record of this case.

13   **2.      DEFINITIONS**

14        2.1    Action: Paul Snitko, et al., v. United States of America, et al., Case No.

15   2:21-CV-04405-RGK-MAR.

16        2.2    Challenging Party: a Party or Non-Party that challenges the designation of

17   information or items under this Order.

18        2.3    "CONFIDENTIAL" Information or Items: Information (regardless of the

19   medium or manner in which it is generated, stored, or maintained) or tangible things that

20   qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified

21   above in the Good Cause Statement.

22        2.4    Counsel: Government counsel and Plaintiffs' Counsel of Record and their

23   respective support staffs.

24        2.5    Designating Party: a Party or Non-Party that designates information or

25   items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

26        2.6    Disclosure or Discovery Material: all items or information, regardless of the

27   medium or manner in which it is generated, stored, or maintained (including, among

28   other things, testimony, transcripts, and tangible things), that are produced or generated

**EXHIBIT A**

**4** 2

1  in disclosures or responses to discovery in this matter.

2      2.7   Expert: a person with specialized knowledge or experience in a matter

3  pertinent to the litigation who has been retained by a Party or its counsel to serve as an

4  expert witness or as a consultant in this Action.

5      2.8   Non-Party: any natural person, partnership, corporation, association, or

6  other legal entity not named as a Party to this action.

7      2.9   Party: any party to this Action.

8      2.10  Producing Party: a Party or Non-Party that produces Disclosure or

9  Discovery Material in this Action.

10      2.11  Professional Vendors: persons or entities that provide litigation support

11  services (e.g., photocopying, videotaping, translating, preparing exhibits or

12  demonstrations, and organizing, storing, or retrieving data in any form or medium) and

13  their employees and subcontractors.

14      2.12  Protected Material: any Disclosure or Discovery Material that is designated

15  as "CONFIDENTIAL."

16      2.13  Producing Party: a Party that makes a Disclosure or produces Discovery

17  Material to the Receiving Party.

18      2.14  Receiving Party: a Party that receives a Disclosure or Discovery Material

19  from a Producing Party.

20  **3.   SCOPE**

21      The protections conferred by this Stipulation and Order cover not only Protected

22  Material (as defined above), but also (1) any information copied or extracted from

23  Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

24  Material; and (3) any testimony, conversations, or presentations by Parties or their

25  Counsel (as defined in paragraph 2.4) that might reveal Protected Material.

26      Any use of Protected Material at trial shall be governed by the orders of the trial

27  judge. This Order does not govern the use of Protected Material at trial.

28

**EXHIBIT A**

**5**   3

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Production. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., paragraph 5.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

**EXHIBIT A**

**6**

4

1    Designation in conformity with this Order requires:

2    (a)    for information in documentary form (e.g., paper or electronic

3    documents, but excluding electronic information produced in native form or in a format

4    that is not amenable to visible endorsement on the image, and also excluding transcripts

5    of depositions or other pretrial or trial proceedings), that the Producing Party affix at a

6    minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to

7    each page that contains protected material. If only a portion or portions of the material

8    on a page qualifies for protection, the Producing Party also must clearly identify the

9    protected portion(s) (e.g., by making appropriate markings in the margins).

10    (b)    for electronic information that is provided in native form or a format

11    that is not amenable to visible endorsement on the image, the file name(s) shall begin

12    with "CONFIDENTIAL legend."  The media on which the Protected Material is

13    provided (e.g., CD, DVD, external hard drive) also must be and remain plainly labeled

14    with "CONFIDENTIAL legend" unless and until the protection of the data within the

15    media is removed. Any copying or transferring of electronic files that are designated as

16    Protected Material must be done in a manner that maintains the protection for all copies,

17    including, but not limited to, maintaining the protection in the filename(s) and the

18    location where the copies are stored and the location where the users access the

19    information.

20    (c)    a Party or Non-Party that makes original documents available for

21    inspection need not designate them for protection until after the inspecting Party has

22    indicated which documents it would like copied and produced. During the inspection and

23    before the designation, all of the material made available for inspection shall be deemed

24    "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

25    copied and produced, the Producing Party must determine which documents, or portions

26    thereof, qualify for protection under this Order. Then, before producing the specified

27    documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page

28    that contains Protected Material. If only a portion of the material on a page qualifies for

**EXHIBIT A**

**7**    5

1   protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). If the original documents made

2   by making appropriate markings in the margins). If the original documents made

3   available for inspection that are designated for copying include materials produced in

4   native file format, or that are in a format that is not amenable to visible endorsement on

5   the image, the Producing Party shall comply with the direction in subparagraph (b) of

6   this Paragraph regarding their production.

7            (d)     for testimony given in depositions that the Designating Party identify

8   the Disclosure or Discovery Material on the record, or by letter from counsel within

9   thirty days of receipt of the official deposition transcript or copy thereof (or written

10  notification that the transcript is available), listing the specific pages and lines of the

11  transcript and any exhibits that should be treated as Protected Material. The entire

12  deposition transcript (including any exhibits not previously produced in discovery in this

13  Litigation) shall be treated as Protected Material under this Order until the expiration of

14  the above-referenced 30-day period for designation, except that the deponent (and his or

15  her counsel, if any) may review the transcript of his or her own deposition during the 30-

16  day period subject to this Order and the requirement of executing the certification

17  attached as Exhibit A. After designation of Protected Material is made, the following

18  shall be placed on the front of the original and each copy of a deposition transcript

19  containing Protected Material: "CONFIDENTIAL — SUBJECT TO PROTECTIVE

20  ORDER." If the deposition was filmed, both the recording storage medium (i.e.. CD or

21  DVD) and its container shall be labeled "CONFIDENTIAL — SUBJECT TO

22  PROTECIVE ORDER."

23           (e)  for information produced in some form other than documentary and for

24  any other tangible items, that the Producing Party affix in a prominent place on the

25  exterior of the container or containers in which the information is stored the legend

26  "CONFIDENTIAL." If only a portion or portions of the information warrants

27  protection, the Producing Party, to the extent practicable, shall identify the protected

28  portion(s).

**EXHIBIT A**

**8**

6

(f)     for interrogatory answers and responses to requests for admissions, designation of Protected Material shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Protected Material the following: "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER."

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 <u>et</u> <u>seq.</u>

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (<u>e.g.</u>, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of paragraph 13 below (FINAL DISPOSITION).

**EXHIBIT A**

**9**     7

1    Protected Material must be stored and maintained by a Receiving Party at a

2    location and in a secure manner that ensures that access is limited to the persons

3    authorized under this Order.

4        7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

5    ordered by the court or permitted in writing by the Designating Party, a Receiving Party

6    may disclose any information or item designated "CONFIDENTIAL" only to:

7            (a)  the Receiving Party's Counsel in this Action;

8            (b)  the employees of the Receiving Party's Counsel in this Action to whom

9    disclosure is reasonably necessary for this Action;

10            (c)  Experts (as defined in this Order) of the Receiving Party to whom

11    disclosure is reasonably necessary for this Action and who have signed the

12    "Acknowledgment and Agreement to Be Bound," attached and hereafter referred to as

13    "Exhibit A."

14            (d)  the court and its personnel;

15            (e)  court reporters and their staff;

16            (f)  professional jury or trial consultants, mock jurors, and Professional

17    Vendors to whom disclosure is reasonably necessary for this Action and who have

18    signed Exhibit A;

19            (g)  the author or recipient of a document containing the information or a

20    custodian or other person who otherwise possessed or knew the information;

21            (h)  during their depositions, witnesses, and attorneys for witnesses, in the

22    Action to whom disclosure is reasonably necessary provided: (1) the deposing party

23    requests that the witness sign Exhibit A; and (2) they will not be permitted to keep any

24    confidential information unless they sign Exhibit A, unless otherwise agreed by the

25    Designating Party or ordered by the court. Pages of transcribed deposition testimony or

26    exhibits to depositions that reveal Protected Material may be separately bound by the

27    court reporter and may not be disclosed to anyone except as permitted under this

28    Stipulated Protective Order; and  **EXHIBIT A**

**10**

8

1    (i) any mediator or settlement officer, and their supporting personnel,

2    mutually agreed upon by any of the parties engaged in settlement discussions.

3    **8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

4    **IN OTHER LITIGATION**

5    If a Party is served with a subpoena or a court order issued in other litigation that

6    compels disclosure of any information or items designated in this Action as

7    "CONFIDENTIAL," that Party must:

8    (a) promptly notify in writing the Designating Party. Such notification shall

9    include a copy of the subpoena or court order;

10   (b) promptly notify in writing the party who caused the subpoena or order

11   to issue in the other litigation that some or all of the material covered by the subpoena or

12   order is subject to this Protective Order. Such notification shall include a copy of this

13   Stipulated Protective Order; and

14   (c) cooperate with respect to all reasonable procedures sought to be pursued

15   by the Designating Party whose Protected Material may be affected.

16   If the Designating Party timely seeks a protective order, the Party served with the

17   subpoena or court order shall not produce any information designated in this action as

18   "CONFIDENTIAL" before a determination by the court from which the subpoena or

19   order issued, unless the Party has obtained the Designating Party's permission. The

20   Designating Party shall bear the burden and expense of seeking protection in that court

21   of its confidential material and nothing in these provisions should be construed as

22   authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive

23   from another court.

24   **9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

25   **PRODUCED IN THIS LITIGATION**

26   (a) The terms of this Order are applicable to information produced by a

27   Non-Party in this Action and designated as "CONFIDENTIAL." Such information

28   produced by Non-Parties in connection with this litigation is protected by the remedies

**EXHIBIT A**
**11**    9

1  and relief provided by this Order.  Nothing in these provisions should be construed as

2  prohibiting a Non-Party from seeking additional protections.

3  (b)  In the event that a Party is required, by a valid discovery request, to

4  produce a Non-Party's confidential information in its possession, and the Party is subject

5  to an agreement with the Non-Party not to produce the Non-Party's confidential

6  information, then the Party shall:

7  (1)  promptly notify in writing the Requesting Party and the Non-

8  Party that some or all of the information requested is subject to a confidentiality

9  agreement with a Non-Party;

10  (2)  promptly provide the Non-Party with a copy of the Stipulated

11  Protective Order in this Action, the relevant discovery request(s), and a reasonably

12  specific description of the information requested; and

13  (3)  make the information requested available for inspection by the

14  Non-Party, if requested.

15  (c)  If the Non-Party fails to seek a protective order from this court within

16  fourteen (14) days of receiving the notice and accompanying information, the Receiving

17  Party may produce the Non-Party's confidential information responsive to the discovery

18  request. If the Non-Party timely seeks a protective order, the Receiving Party shall not

19  produce any information in its possession or control that is subject to the confidentiality

20  agreement with the Non-Party before a determination by the court. Absent a court order

21  to the contrary, the Non-Party shall bear the burden and expense of seeking protection in

22  this court of its Protected Material.

23  **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

24  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

25  Protected Material to any person or in any circumstance not authorized under this

26  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

27  the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

28  all unauthorized copies of the Protected Material, (c) inform the person or persons to

**EXHIBIT A**
**12**
10

1 whom unauthorized disclosures were made of all the terms of this Order, and (d) request

2 such person or persons to execute the "Acknowledgment and Agreement to be Bound"

3 that is attached hereto as Exhibit A.

4 **11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

5 **PROTECTED MATERIAL**

6      When a Producing Party gives notice to Receiving Parties that certain

7 inadvertently produced material is subject to a claim of privilege or other protection, the

8 obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure

9 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be

10 established in an e-discovery order that provides for production without prior privilege

11 review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach

12 an agreement on the effect of disclosure of a communication or information covered by

13 the attorney-client privilege or work product protection, the parties may incorporate their

14 agreement in a subsequent stipulation to the court.

15 **12.    MISCELLANEOUS**

16      12.1    Right to Further Relief.  Nothing in this Order abridges the right of any

17 person to seek its modification by the Court in the future.

18      12.2    Right to Assert Other Objections.  This Protective Order is intended to

19 provide a mechanism for handling the disclosure or production of Protected Material to

20 which there is no objection to production pursuant to the terms of this Order.  The

21 protection afforded by this Order shall in no way affect a Producing Party's right to

22 withhold or redact documents as: (a) privileged under the attorney-client or other

23 privilege, (b) protected by the work product doctrine, or (c) otherwise exempted from

24 discovery under Rule 26 of the Federal Rules of Civil Procedure or under any law.

25 Additionally, this Protective Order shall not prejudice the right of a Party to seek

26 additional protective treatment for any information it considers to be very highly

27 sensitive, or otherwise exempt from disclosure, such that the protections in this

28 Protective Order would be insufficient. In addition, no Party waives any right to object

**EXHIBIT A**
**13**
11

1   on any ground to use in evidence of any of the material covered by this Protective Order.

2        12.3  Filing Protected Material. A Party that seeks to file under seal any Protected

3   Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed

4   under seal pursuant to a court order authorizing the sealing of the specific Protected

5   Material at issue.  If a Party's request to file Protected Material under seal is denied by

6   the court, then the Receiving Party may file the information in the public record unless

7   otherwise instructed by the court.

8   **13.    FINAL DISPOSITION**

9        After the final disposition of this Action, as defined in paragraph 4, within 60 days

10   of a written request by the Designating Party, each Receiving Party must return all

11   Protected Material to the Producing Party or destroy such material. As used in this

12   subdivision, "all Protected Material" includes all copies, abstracts, compilations,

13   summaries, and any other format reproducing or capturing any of the Protected Material.

14   Whether the Protected Material is returned or destroyed, the Receiving Party must

15   submit a written certification to the Producing Party (and, if not the same person or

16   entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category,

17   where appropriate) all the Protected Material that was returned or destroyed and (2)

18   affirms that the Receiving Party has not retained any copies, abstracts, compilations,

19   summaries or any other format reproducing or capturing any of the Protected Material.

20   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

21   pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

22   correspondence, deposition and trial exhibits, expert reports, attorney work product, and

23   consultant and expert work product, even if such materials contain Protected Material.

24   Any such archival copies that contain or constitute Protected Material remain subject to

25   this Protective Order as set forth in paragraph 4 (DURATION).

26

27

28   **EXHIBIT A**
**14**

**14.   VIOLATION**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Dated: _____

THE INSTITUTE FOR JUSTICE
Robert Frommer*
rfrommer@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson
rjohnson@ij.org
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

*Admitted pro hac vice.

THE VORA LAW FIRM, P.C.
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@vora.aw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

Attorneys for Plaintiffs

Dated: _____

TRACY L. WILKISON_
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_____
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys
Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: _____

THE HONORABLE MARGO A. ROCCONI
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**
**15**          13

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], with the address

_____ [full address and telephone number],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the

Central District of California on [date] in the case of <u>Paul Snitko, et al., v. United States</u>

<u>of America, et al.</u>, Case No. 2:21-CV-04405-RGK-MAR.  I agree to comply with and to

be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in

the nature of contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.  I hereby appoint _____ [full name] with the

address _____ [full address and telephone number] as

my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

## EXHIBIT A

## 16

14