**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

* Admitted pro hac vice.

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| **PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC, and TRAVIS MAY,** | Case No. 2:21-cv-04405-RGK-MAR |
| | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND ENTER PROTECTIVE ORDER** |
| Plaintiffs, | (*Filed Concurrently with Plaintiffs' Notice of Motion to Compel; Parties' Rule 37-2 Joint Stipulation; Declarations of Robert Frommer, Victor A. Rodgers, and Madison MacDonald; and Proposed Protective Order*) |
| v. | |
| **UNITED STATES OF AMERICA, TRACY L. WILKISON, in her official capacity as Acting United States Attorney for the Central District of California, and KRISTI KOONS JOHNSON, in her official capacity as an Assistant Director of the Federal Bureau of Investigation,** | DISCOVERY MATTER |
| | Date: March 30, 2022 |
| | Time: 10:00 A.M. |
| | Courtroom: 790 |
| | Judge: Hon. Margo A. Rocconi |
| | Discovery cutoff date: TBD |
| | Pre-Trial Conference Date: TBD |
| Defendants. | Trial Date: July 26, 2022 |
| | Complaint Filed: May 27, 2021 |
| | Amended Complaint Filed: June 9, 2021 |

1    On consideration of Plaintiffs' Motion to Compel Discovery Responses and

2    Enter Protective Order, the parties' Joint Stipulation, the accompanying

3    declarations and supporting exhibits, and the hearing on March 30, 2022,

4    The Court hereby ORDERS that Plaintiffs' Motion is GRANTED. The Court

5    adopts the protective order attached as Exhibit A to the Joint Stipulation and set

6    forth below.  The Court further orders Defendants to provide responses to

7    Plaintiffs' Interrogatories and Requests for Production dated November 6, 2021,

8    within three days of entry of this order.

9

10    Dated this _____ day of _____, 2022.

11

12    _____

13    The Honorable Margo A. Rocconi

14    Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROTECTIVE ORDER

## 1.   A.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedure that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## B.   GOOD CAUSE STATEMENT

This action is likely to involve confidential information derived from personnel records, investigatory documents, and other materials subject to privacy protections for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, documents and other items in the possession of the United States of America that are in a government system of records that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a; documents and other items containing personal identifying information, including home addresses, Social Security numbers, bank account numbers, and dates of birth, as well as other information implicating the privacy rights of third parties; documents and other items concerning the internal policies, practices and procedures of the United States of

America or its agencies; documents and other items within the scope of the law enforcement privilege and/or the investigatory file privilege; and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted to reasonably use such material in preparation for and in conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.    DEFINITIONS**

2.1    Action: Paul Snitko, et al., v. United States of America, et al., Case No. 2:21-CV-04405-RGK-MAR.

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: Information (regardless of the medium or manner in which it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel: Government counsel and Plaintiffs' Counsel of Record and their respective support staffs.

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as

"CONFIDENTIAL."

2.6   <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8   <u>Non-Party:</u> any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   <u>Party:</u> any party to this Action.

2.10   <u>Producing Party:</u> a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.11   <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12   <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.13   <u>Producing Party:</u> a Party that makes a Disclosure or produces Discovery Material to the Receiving Party.

2.14   <u>Receiving Party:</u> a Party that receives a Disclosure or Discovery Material from a Producing Party.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

5

1  presentations by Parties or their Counsel (as defined in paragraph 2.4) that might
2  reveal Protected Material.

3       Any use of Protected Material at trial shall be governed by the orders of the
4  trial judge. This Order does not govern the use of Protected Material at trial.

5  **4.     DURATION**

6       Even after final disposition of this litigation, the confidentiality obligations
7  imposed by this Order shall remain in effect until a Designating Party agrees
8  otherwise in writing or a court order otherwise directs. Final disposition shall be
9  deemed to be the later of (1) dismissal of all claims and defenses in this Action,
10 with or without prejudice; and (2) final judgment herein after the completion and
11 exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,
12 including the time limits for filing any motions or applications for extension of time
13 pursuant to applicable law.

14 **5.     DESIGNATING PROTECTED MATERIAL**

15      5.1   <u>Exercise of Restraint and Care in Designating Material for Production.</u>
16 Each Party or Non-Party that designates information or items for protection under
17 this Order must take care to limit any such designation to specific material that
18 qualifies under the appropriate standards. The Designating Party must designate for
19 protection only those parts of material, documents, items or oral or written
20 communications that qualify so that other portions of the material, documents,
21 items or communications for which protection is not warranted are not swept
22 unjustifiably within the ambit of this Order.

23      Mass, indiscriminate, or routinized designations are prohibited. Designations
24 that are shown to be clearly unjustified or that have been made for an improper
25 purpose (e.g., to unnecessarily encumber the case development process or to
26 impose unnecessary expenses and burdens on other parties) may expose the
27 Designating Party to sanctions.

28

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., paragraph 5.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding electronic information produced in native form or in a format that is not amenable to visible endorsement on the image, and also excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "CONFIDENTIAL legend." The media on which the Protected Material is provided (e.g., CD, DVD, external hard drive) also must be and remain plainly labeled with "CONFIDENTIAL legend" unless and until the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Protected Material must be done in a manner that maintains the protection for all copies, including, but not limited to, maintaining the protection in the filename(s) and the location where the copies are stored and the location where the users access the information.

(c)     a Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). If the original documents made available for inspection that are designated for copying include materials produced in native file format, or that are in a format that is not amenable to visible endorsement on the image, the Producing Party shall comply with the direction in subparagraph (b) of this Paragraph regarding their production.

(d)     for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, or by letter from counsel within thirty days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and any exhibits that should be treated as Protected Material. The entire deposition transcript (including any exhibits not previously produced in discovery in this Litigation) shall be treated as Protected Material under this Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Order and the requirement of executing the certification attached as Exhibit A. After designation of Protected Material is made, the following shall be placed on the front of the

original and each copy of a deposition transcript containing Protected Material: "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER." If the deposition was filmed, both the recording storage medium (i.e.. CD or DVD) and its container shall be labeled "CONFIDENTIAL — SUBJECT TO PROTECIVE ORDER."

     (e)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

     (f)    for interrogatory answers and responses to requests for admissions, designation of Protected Material shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Protected Material the following: "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER."

     5.3    <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

     6.1    <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

     6.2    <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3 <u>The burden of persuasion in any such challenge proceeding shall be on the Designating Party.</u> Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of paragraph 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Counsel in this Action;

(b)   the employees of the Receiving Party's Counsel in this Action to whom disclosure is reasonably necessary for this Action;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the

1    "Acknowledgment and Agreement to Be Bound," attached and hereafter referred

2    to as "Exhibit A."

3              (d)    the court and its personnel;

4              (e)    court reporters and their staff;

5              (f)    professional jury or trial consultants, mock jurors, and

6    Professional Vendors to whom disclosure is reasonably necessary for this Action

7    and who have signed Exhibit A;

8              (g)    the author or recipient of a document containing the information

9    or a custodian or other person who otherwise possessed or knew the information;

10             (h)    during their depositions, witnesses, and attorneys for witnesses,

11   in the Action to whom disclosure is reasonably necessary provided: (1) the

12   deposing party requests that the witness sign Exhibit A; and (2) they will not be

13   permitted to keep any confidential information unless they sign Exhibit A, unless

14   otherwise agreed by the Designating Party or ordered by the court. Pages of

15   transcribed deposition testimony or exhibits to depositions that reveal Protected

16   Material may be separately bound by the court reporter and may not be disclosed

17   to anyone except as permitted under this Stipulated Protective Order;

18             (i)    any mediator or settlement officer, and their supporting

19   personnel, mutually agreed upon by any of the parties engaged in settlement

20   discussions; and

21             (j)    a class member to this Action who has signed Exhibit A,

22   provided that the disclosure of such CONFIDENTIAL Information or Items shall

23   be limited to records reflecting the inventorying of the contents of that specific

24   class member's safe deposit box at US Private Vaults, and further provided that

25   any such class member shall not be prohibited from disclosing to the federal

26   government any CONFIDENTIAL Information received from Defendants or from

27   using the information to file claims with or otherwise exercise the class member's

28   rights to seek relief from the federal government.

**8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)      make the information requested available for inspection by the Non-Party, if requested.

(c)      If the Non-Party fails to seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

**11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a subsequent stipulation to the court.

**12.   MISCELLANEOUS**

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. This Protective Order is intended to provide a mechanism for handling the disclosure or production of Protected Material to which there is no objection to production pursuant to the terms of this Order. The protection afforded by this Order shall in no way affect a Producing Party's right to withhold or redact documents as: (a) privileged under the attorney-client or other privilege, (b) protected by the work product doctrine, or (c) otherwise exempted from discovery under Rule 26 of the Federal Rules of Civil Procedure or under any law. Additionally, this Protective Order shall not prejudice the right of a Party to seek additional protective treatment for any information it considers to be very highly sensitive, or otherwise exempt from disclosure, such that the protections in this Protective Order would be insufficient. In addition, no

1  Party waives any right to object on any ground to use in evidence of any of the

2  material covered by this Protective Order.

3      12.3   Filing Protected Material. A Party that seeks to file under seal any

4  Protected Material must comply with Local Civil Rule 79-5. Protected Material

5  may only be filed under seal pursuant to a court order authorizing the sealing of the

6  specific Protected Material at issue. If a Party's request to file Protected Material

7  under seal is denied by the court, then the Receiving Party may file the information

8  in the public record unless otherwise instructed by the court.

9  **13.    FINAL DISPOSITION**

10     After the final disposition of this Action, as defined in paragraph 4, within 60

11  days of a written request by the Designating Party, each Receiving Party must

12  return all Protected Material to the Producing Party or destroy such material. As

13  used in this subdivision, "all Protected Material" includes all copies, abstracts,

14  compilations, summaries, and any other format reproducing or capturing any of the

15  Protected Material. Whether the Protected Material is returned or destroyed, the

16  Receiving Party must submit a written certification to the Producing Party (and, if

17  not the same person or entity, to the Designating Party) by the 60 day deadline that

18  (1) identifies (by category, where appropriate) all the Protected Material that was

19  returned or destroyed and (2) affirms that the Receiving Party has not retained any

20  copies, abstracts, compilations, summaries or any other format reproducing or

21  capturing any of the Protected Material. Notwithstanding this provision, Counsel

22  are entitled to retain an archival copy of all pleadings, motion papers, trial,

23  deposition, and hearing transcripts, legal memoranda, correspondence, deposition

24  and trial exhibits, expert reports, attorney work product, and consultant and expert

25  work product, even if such materials contain Protected Material. Any such archival

26  copies that contain or constitute Protected Material remain subject to this Protective

27  Order as set forth in paragraph 4 (DURATION).

28  **14.    VIOLATION**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO ORDERED.

Dated: _____     _____
THE HONORABLE MARGO A. ROCCONI
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I,_____ [full name], with the address

_____ [full address and telephone number],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California on [date] in the case of <u>Paul Snitko, et al., v.

United States of America, et al.</u>, Case No. 2:21-CV-04405-RGK-MAR.  I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.

I hereby appoint _____ [full name] with the

address_____ [full address and telephone

number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed:_____

Printed name: _____

Signature: _____