TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture Sections
    1100/1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142
    E-mail:  Andrew.Brown@usdoj.gov
           Victor.Rodgers@usdoj.gov
           Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PAUL SNITKO, JENNIFER SNIKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC, and TRAVIS MAY,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>    Defendants. | Case No. 2:21-cv-04405-RGK-MAR<br><br>**DEFENDANTS UNITED STATES OF AMERICA, ET AL.'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND ENTER PROTECTIVE ORDER**<br><br>[DISCOVERY MATTER]<br><br>Date:    March 30, 2022<br>Time:    10:00 a.m.<br>Courtroom:    790, the Honorable Margo A. Rocconi<br>Discovery Cutoff date:    None set<br>Pre-Trial Conference date:    None set<br>Trial Date:    July 26, 2022<br>Complaint/FAC Filed: 5/27/21 and 6/9/21 |

## SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES

Defendants United States of America and Tracy L. Wilkison and Kristi Koons Johnson, in their official capacities only (collectively, "the government") respectfully submit this Supplemental Memorandum of Points and Authorities, pursuant to Local Rule 37-2.3, in further support of their opposition to plaintiffs' motion to compel discovery responses and enter protective order. The government has not had the opportunity to respond to any arguments plaintiffs' may raise in their supplemental memorandum, and therefore confines this supplemental memorandum to address the arguments plaintiffs raise in their improper notice of motion,[1] which plaintiffs did not (and were not) required to provide to the government in conjunction with the Local Rule 37 procedures,[2] and to reinforce some of the arguments previously set forth in the government's portion of the parties' joint stipulation.

The long and short of the matter is that plaintiffs, for reasons which are unclear and perhaps because plaintiffs are motivated to assist a plaintiff in another case which that plaintiff dismissed (see joint discovery stipulation ["JS"] at 20:22-21:20), are seeking a protective order that deviates substantially from the Court's standard website order and the government's proposed protective order modeled after the website order (JS at 17:6-20:4). Plaintiffs have offered no legitimate explanation why a deviation from the standard protective order is appropriate or warranted here relative to the documents and videos reflecting the government's inventorying of the contents of safe deposit boxes at US Private Vaults ("USPV"). Some of those videos and documents contain personal identifying information of third person non-boxholder owners (as shown by declarations plaintiffs themselves offer in support of their motion [Frommer Decl. Ex. J,

---

[1] While Local Rule 37-2.1 provides that "no party's introductory statement [in the joint stipulation] may exceed three pages in length," plaintiffs have ignored the Local Rule limitation by filing a notice of motion containing a page of argument even though their joint stipulation introductory statement was three pages in length

[2] See Local Rule 37-2.2 (after opposing party returns joint stipulation to moving party, moving party can thereafter file it with the notice of motion).

1

1  docket no. 85-12] at page 73-75 and 79-80]; accord, JS at 23:18-24:28),³ and production
2  of the materials without a protective order would clearly violate the Privacy Act and
3  subject the government and its officials to criminal penalties and civil damages (JS at
4  25:1-26:17) .

5  Accordingly, plaintiffs' request for a protective order that allows non-party class
6  members receiving CONFIDENTIAL information to use the information for any
7  purpose whatsoever including the prosecution of future lawsuits against the federal
8  government without any restrictions makes little sense.  Again, the standard website and
9  the government protective order (i) requires parties to this lawsuit (like plaintiffs seven
10 class representatives who are supposed to be equipped to represent all class members,
11 and the government) to use CONFIDENTIAL information "only for purposes of
12 prosecuting, defending, or attempting to settle this action[;]" and (ii) permits the
13 recipient of CONFIDENTIAL information to seek, either by negotiation or by
14 petitioning the Court, an order that the CONFIDENTIAL information designation be
15 removed.  JS at 17:21-20:4.

16 Further, plaintiffs' arguments and authorities, such as Foltz v. State Farm Mut.
17 Auto. Ins. Co., 331 F.3d 1122 (9th Cir. 2003), involve challenges in already-filed and
18 pending collateral litigation and not, as here, where a party seeks modification of a
19 standard  protective order in a pending case (here, a case seeking injunctive relief where
20 the sole remedy sought is destruction of documents) in anticipation of some unfiled
21 future litigation (a case for monetary relief where a boxholder claims, after exhausting
22 the boxholder's administrative remedies, that the boxholder is entitled to monetary
23 damages for the value of items lost during the inventorying of the contents of the boxes
24 at USPV).  JS at 26:25-28:2.  Put simply, preserving rights of third parties in some
25 unfiled future lawsuit, when those third parties can seek CONFIDENTIAL information

---

³ Indeed, Frommer Decl. Ex. J, docket no. 85-12 at page 73 is a still photograph of the Executor/Conservator notification letter for which personal identifying information for the third party Executor has been redacted.  The government noted in the JS the fact that officers sometimes found these letters when inventorying the contents of the boxes at USPV.  JS at 24:4-9.

1  when and if any such future lawsuit is filed, is not an appropriate request for plaintiffs to
2  make in the instant case.
3        The government explained in the joint stipulation why it needed executed the
4  Exhibit A Acknowledgement and Agreement to be Bound from non-party class
5  members, in order to police violations of the protective order, and further explained that
6  videos have previously been leaked and that still photographs from one unredacted video
7  remains publicly filed in the instant case. JS at 28:3-30:10. Yet, plaintiffs argue,
8  without citing any case authority, that requiring production of the Exhibit A
9  authorizations somehow violates Fed. R. Civ. P. 26(b)(3)(B) as containing the work
10 product of plaintiffs' attorneys.
11       First, there should be no need to share videos with non-party class members, as
12 plaintiffs in the joint statement submit declarations of attorneys (and not boxholders)
13 regarding the inventories, and plaintiffs have no need to share inventories with non-party
14 class members in the first instance as plaintiffs have seven named class representatives
15 who are supposed to represent the class and have claims that are typical of all class
16 members in this Fed. R. Civ. P. 23(b)(2) class action for injunctive and declaratory
17 relief.[4] JS 23:6-17 and 29:3-10. Second, requiring plaintiffs to produce the signed
18 Exhibit A acknowledgements no more constitutes attorney work product then advising
19 the government of anyone who has knowledge of the facts as to whether an inventory of
20 a particular box is complete. While plaintiffs may wish to shield themselves from
21 information harmful to their case - - namely, the identity of those class members who
22 conclude the inventory conducted by the government was full and complete - - discovery
23 does not work that way. A party is required to disclose all information, harmful or not,
24 in their possession, custody and control that bears on issues relevant to a case.

---

[4] See Fed. R. Civ. P. 23(a)(3) ("One or more members of a class may sue or be sued as representative parties on behalf of all members only if the claims or defenses of the representative parties are typical of the claims or defenses of the class"); Fed. R. Civ. P. 23(b)(2) ("A class action may be maintained if Rule 23(a) is satisfied and if the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole").

3

1  Plaintiffs also exaggerate the deadlines they face in this case. They, like the
2  government, must complete discovery before briefs are filed, and plaintiffs, like the
3  government, have no objection to extending the deadlines in this case. As plaintiffs
4  correctly note, their brief is due in this case on June 21, 2022. Accordingly, plaintiffs
5  have April, May and at least two weeks in June to complete their discovery, prior to
6  filing their opening brief, as the government has told plaintiffs that it has no objection to
7  allowing discovery to go forward anytime before the filing deadline.

8  Finally, plaintiffs clearly have not complied, in any respect, with the Local Rule
9  requirements for anything except for the parties' dispute concerning the terms of the
10 protective order. As the government previously noted, if plaintiffs contend that the
11 government's response to any individual interrogatory or document request was
12 insufficient, plaintiffs must comply with Local Rule 37-2.1 by quoting the specific
13 interrogatory or document request in the joint stipulation and setting forth each party's
14 contention thereto. JS at 36:8-37:5. As plaintiffs have not done so, their motion should
15 be denied, to the extent plaintiffs seek anything beyond the protective order's scope.

16 For these reasons, the government respectfully requests that plaintiffs' motion to
17 compel be denied.

Dated: March 16, 2022                    Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

　　　　　/s/　　　　　　　　　
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.