UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. **2:21-cv-04405-RGK-MARx** | Date: March 30, 2022 |

Title:  *Paul Snitko, et al. v. United States of America, et al.*

Present: The Honorable:  MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Erica Bustos | CS 3/30/22 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Robert F. Frommer | Victor A. Rodgers, Jr. |
| Robert E. Johnson | |

**Proceedings:  (In Court) MOTION TO COMPEL DISCOVERY RESPONSES AND ENTER PROTECTIVE ORDER, ECF 85**

  On March 9, 2022, Plaintiffs Paul Snitko, Jennifer Snitko, Tyler Gothier, Joseph Ruiz, Jeni Verdon-Pearsons, Michael Storc, and Travis May (collectively "Plaintiffs") filed their Motion to Compel Discovery Responses and Enter Protective Order.  ECF Docket No. ("Dkt.") 85. Defendants include the United States of America, Tracy L. Wilkison (in her official capacity as Acting United States Attorney for the Central District of California), and Kristi Koons Johnson (in her official capacity as an Assistant Director of the Federal Bureau of Investigation) (collectively "Defendants" or the "government").  See id.  Defendants oppose Plaintiffs' Motion to Compel and disagree with Plaintiffs on the terms of the proposed protective order.  See Dkt 85-1 at 7–9.  The Court conducted a hearing on the matter on March 30, 2022.  For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion to Compel and **GRANTS IN PART** Plaintiffs' Motion to Enter Protective Order to the extent that it uses Defendants' proposed protective order.

**I.
BACKGROUND:**

  Plaintiffs are renters of safe deposit boxes at U.S. Private Vaults ("USPV") who seek declaratory and injunctive relief against Defendants in their underlying class action.  See Dkt. 81 at 2. In March 2021, federal law enforcement executed a seizure warrant at USPV, which houses over 800 safe deposit boxes.  Dkt. 85-1 at 4.  Plaintiffs allege that Defendants searched and inventoried Plaintiffs' safe deposit boxes, even though such actions exceeded the scope of the warrant.  Id. After the FBI's search and seizure at USPV, the named Plaintiffs filed claims with the FBI to retrieve their seized property.  Dkt. 78 at 2.  In the following months, the government either returned the seized property, arranged for the return of the property, or was ordered by the Court to return the property.  Id.  Nevertheless, the Plaintiffs allege that "even after the[ir] property is returned, the FBI will continue to hold records of the contents of their box[es] generated during [the Government's] unlawful search."  Id. (alteration in original).  Accordingly, Plaintiffs allege that Defendants' search of USPV violated the Fourth Amendment and seek an order requiring that Defendants destroy all records generated from the search.  Dkt. 85-1 at 5.

  On October 12, 2021, the Court certified a modified proposed class, which includes all renters of USPV safe deposit boxes who "(a) had property within their safe-deposit box seized by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:21-cv-04405-RGK-MARx**                                                                Date:  March 30, 2022

Title:       <u>Paul Snitko, et al. v. United States of America, et al.</u>

the federal government on or around March 22, 2021; (b) who have identified themselves to the FBI since the seizure; and (c) have had their property returned to them." Dkt. 78 at 5. The class excludes any boxholders who have not identified themselves to the government, as well as those individuals whose property is still in possession of the government. <u>See</u> <u>id.</u> at 4.

On November 5, 2021, Plaintiffs served by email and first-class mail their substantive interrogatories and requests for production. Dkt. 85-5 ¶ 2. Due to the holidays, on November 29, 2021, Defendants requested an extension of time to respond to Plaintiffs' discovery requests. Dkt. 85-12 at 14. Initially, Plaintiffs only agreed to a one-week extension, but after much back and forth, Plaintiffs ultimately moved the discovery response date to January 7, 2022. Dkt. 85-7 at 2.

On January 10, 2022, Defendants submitted their discovery responses and submitted their document production later that week. Dkt. 85-12 at 8–9. On January 24, 2022, the parties held a conference call to discuss Defendants' discovery responses. Dkts. 85-11 at 2; 85-5 ¶ 12. Defendants explained that they would not produce most of their discovery responses until a protective order is entered. Dkt. 85-11 at 2. The parties discussed the language of the proposed protective order over email and were unable to come to an agreement. <u>See</u> Dkt. 85-12 at 2–7.

The parties' proposed protective order primarily relates to Defendants' inventory of the USPV safe deposit boxes. <u>See</u> Dkt. 85-1 at 9. Plaintiffs want to share the box inventories with class members, so that each member can review their specific box's inventory. <u>Id.</u> Plaintiffs contend that Defendants' criminal investigatory search yielded incomplete inventories and that Plaintiffs' counsel must share inventory information with class members as part of their factual investigation and to determine whether the government has lost, misplaced, or stolen any class members' property. <u>Id.</u> at 13. However, to be a member of the class, an individual must have received their property back from the government. <u>See</u> Dkt. 78 at 5. And Defendants maintain that if a member received their property back, then they would have also received a receipt that described the items returned. Dkt. 85-12 at 6. Accordingly, class members should already have an inventory of their boxes' contents. <u>See</u> <u>id.</u> Further, Defendants also assert that the government does not have a single inventory reflecting the contents of all the boxes. Dkt. 85-1 at 20 n.11.

Plaintiffs' version of the protective order includes language which expressly provides that any class members seeking confidential information shall not be prohibited from using this information to file claims with the government or to otherwise seek relief. <u>Id.</u> at 11–12. Defendants contend that Plaintiffs' proposed order is inappropriate and point out that such language deviates from the Court's sample protective order. <u>Id.</u> at 8–9.

Defendants' version of the protective order would require a class member to sign the order's Exhibit A and agree to be bound by the order before receiving confidential information about the contents of that member's specific box. <u>See</u> <u>id.</u> at 15. Defendants point out that the inventories of the boxes often include personal identifying information of third parties, which Defendants are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  **2:21-cv-04405-RGK-MARx**                                                  Date:  March 30, 2022

Title:     *Paul Snitko, et al. v. United States of America, et al.*

prohibited from disclosing under the Privacy Act absent an entry of a protective order.  Id. at 27.  Plaintiffs argue that this condition would require Plaintiffs to divulge their case development and trial preparation strategy.  Id.

Plaintiffs allege that Defendants have provided "essentially nothing in response [to their discovery requests], other than the warrant application and warrant."  Id. at 6.  Further, Plaintiffs allege that Defendants refuse to provide discovery until a protective order is entered.  Id.  However, Plaintiffs do not specify which specific interrogatories or discovery requests are the subject of their motion.  See id. at 9.  It is also unclear whether the parties have met and conferred regarding Plaintiffs' Motion.[1]  See Dkt. 85-12 at 4.  Nevertheless, Plaintiffs seek an order compelling Defendants to respond to Plaintiffs' pending discovery requests within three days of entry of the protective order.  Dkts. 85-1 at 33, 38; 85 at 2.

Trial is set for July 2022, with the opening briefs due on June 21, 2022.  Dkt. 85-1 at 5.

### III.
### RELEVANT LAW:

**A.    PROTECTIVE ORDER**

In the absence of a court order to the contrary, "the fruits of pretrial discovery are . . . presumptively public."  Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) (citing San Jose Mercury News, Inc. v. U.S. Dist. Ct.–N. Dist. (San Jose), 187 F.3d 1096, 1103 (9th Cir. 1999)).  However, a court may for good cause enter a protective order under Rule 26(c) to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  The party seeking to limit or prevent discovery bears the burden of demonstrating good cause for entry of a protective order.  Roe v. Puig, No. CV 20-11064-FMO (MRWx), 2021 WL 4557229, at *1 (C.D. Cal. Aug. 13, 2021) (citing Fed. R. Civ. P. 26(c)(1)); see also Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006) (noting that Rule 26(c) requires a "particularized showing" of good cause for the entry of a protective order).

If the parties disagree about the entry of a protective order, the court must first determine whether specific prejudice or harm will result if no protective order is granted.  Phillips ex rel. Ests. of Byrd, 307 F.3d at 1210–11.  Then, if the court finds that particularized harm may result from disclosure, it must "balance the public and private interests to decide whether [maintaining] a protective order is necessary."  In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011).  To balance the public and private interests, courts consider the

---

[1] Plaintiffs briefly remarked via email that, if the parties are unable to resolve the matter, they will be forced to move for an order compelling discovery.  Dkt. 85-12 at 4.  At the hearing, Defendants maintained that Plaintiffs did not meet and confer regarding the Motion's three-day deadline.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:21-cv-04405-RGK-MARx**                                                                Date:  March 30, 2022

Title:      *Paul Snitko, et al. v. United States of America, et al.*

following factors:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

Id. at 424 n.5 ("Glenmede/Archbishop factors") (quoting Glenmede Tr. Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995)).  Under Rule 26(c), the Court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

**B.     MOTION TO COMPEL**

Under Rule 37(a), a motion to compel is "appropriate where a party fails to produce relevant, non-privileged documents requested pursuant to Rule 34." Best Lockers, LLC v. Am. Locker Grp., Inc., No. SACV 12-00403-CJC (ANX), 2013 WL 12131586, at *4 (C.D. Cal. Mar. 27, 2013) (quoting Fed. R. Civ. P. 37(a)(3)).  If a party fails to produce or permit inspection in response to a Rule 34 document request, the discovering party may move for an order compelling production. Id.  The party moving to compel discovery "has the burden of informing the court why the opposing party's objections are not justified or why the opposing party's responses are deficient." Id.

Prior to filing any motion to compel with the court, Federal Rule of Civil Procedure 37(a)(1) requires that the moving party certify that "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37.  Furthermore, Local Rule 37-1 requires that any party seeking to file a discovery-related motion must first "confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many disputes as possible." L.R. 37-1.  Meet and confer rules are in place to "encourage settlement, resolve disputes which need not involve the Court . . . thus saving the parties', the court's, and the taxpayers' limited time, money and resources." Mull v. Motion Picture Indus. Health Plan, No. LACV 12-06693-VBF, 2015 WL 11233510, at *1 (C.D. Cal. Oct. 5, 2015) (quoting Aniel v. GMAC Mortg., LLC, No. C 12-04201 SBA, 2013 WL 2467929, at *1 (N.D. Cal. June 7, 2013)).

If counsel are unable to resolve the dispute at the meet-and-confer conference, the parties must formulate a joint stipulation that complies with the requirements set forth by Local Rule 37-2.1. L.R. 37-2.  The party who files the discovery-related motion bears the initial burden of identifying for the Court, at a minimum, which discovery requests or responses are the subject of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | **2:21-cv-04405-RGK-MARx** | Date:  March 30, 2022 |
| Title: | *Paul Snitko, et al. v. United States of America, et al.* | |

motion. See L.R. 37-2.1. If a motion to compel pertains to the sufficiency of an answer to the interrogatory, Local Rule 37-2.1 requires a joint stipulation that includes "verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions as to that particular interrogatory, separately stated." Id. Given that "[d]istrict courts have broad discretion in controlling discovery," courts may properly deny a motion to compel for failure to comply with the Local Rules. Strategic Partners, Inc. v. FIGS, Inc., No. CV 19-2286-GW (KSX), 2020 WL 2527056, at *5 (C.D. Cal. Feb. 6, 2020); see also Pina v. Lewis, 717 F. App'x 739, 740 (9th Cir. 2018) (noting that a district court may properly deny a motion to compel "for failing to comply with local rules").

### IV.
### ANALYSIS:

**A.   PROTECTIVE ORDER**

As an initial matter, Defendants must demonstrate good cause for entry of a protective order. See Fed. R. Civ. P. 26(c). Here, Defendants seek to protect the government's inventories of the USPV boxes, which often include the personal identifying information of not only box owners, but also third parties. Dkt. 85-1 at 26–27; see, e.g., Dkt. 85-15 at 5–8. For example, in one USPV box, officers found over twenty-five (25) passports, none of which were in the name of the box owner. Dkt. 85-1 at 27. Defendants contend that the Privacy Act, 5 U.S.C. § 552a et seq., requires that they protect all personal identifying information related to the USPV safe deposit boxes. Id. at 28. Further, Defendants point out that violations of the Privacy Act could result in criminal penalties. Id. at 27. Accordingly, Defendants have articulated a specific potential harm if the contents of the boxes' inventory obtained in discovery are disclosed to the public. Thus, Defendants have made a particularized showing of good cause sufficient to enter a protective order.[2]

Next, an application of the Glenmede/Archbishop factors shows that, on balance, the privacy interest in the personal identifying information of third parties warrant the entry of a protective order. Defendants' obligations under the Privacy Act weigh in favor of protection. In addition, the privacy interests of third parties weigh against Plaintiffs' need for the information and an interest in promoting efficiency. See Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (noting, when discussing the disclosure of police files, that "courts have recognized that privacy rights are not inconsequential"). However, given Plaintiffs' stated interest in using the protected information for future litigation, it is not clear whether the information is sought for a "legitimate purpose or for an improper purpose." Glenmede Tr. Co., 56 F. 3d at 483; see also AFM v. MGM, No. CV 17-2704-GW (MRWx), 2017 WL 10544625, at *2 (C.D. Cal. 2017) (a party's stated intention to use discovery materials to advance separate disciplinary proceedings implied an "abuse of the Court's process"). Given the foregoing, the factors weigh in favor of a protective order.

---

[2] Plaintiffs do not object to the protection of the inventory information and do not contest that there is good cause for the entry of a protective order. See Dkt. 85-1 at 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:21-cv-04405-RGK-MARx**                                                    Date:  March 30, 2022

Title:       *Paul Snitko, et al. v. United States of America, et al.*

      Still, the parties dispute the specific terms of the protective order.  See Dkt. 85-1 at 20.  First, under Defendants' proposed protective order, class members would need to provide Defendants with a signed copy of Exhibit A and agree to be bound by the protective order prior to receiving the inventory information for their specific safe deposit box.  Id. at 15; Dkt. 85-4 at 11–12.  Defendants argue that the government requires the information provided in Exhibit A to "immediately police violations of the protective order."  Dkt. 85-1 at 32.  Plaintiffs contend that such a requirement forces Plaintiffs to reveal details about their case development and trial preparation strategy.  Id. at 15.  However, the Court is not convinced that providing Defendants with signed copies of Exhibit A interferes with Plaintiffs' trial preparation strategy.  Rather, such a requirement is appropriate to protect the specific privacy interests of third parties.

      Next, Plaintiffs' proposed protective order expressly provides that any class member to the Action "shall not be prohibited from disclosing to the federal government any CONFIDENTIAL Information received from Defendants or from using the information to file claims with or otherwise exercise the class member's rights to seek relief from the federal government."  Dkt. 85-4 at 11–12.  However, the protective order also provides that protected information may be used "in connection with this Action only for prosecuting, defending or attempting to settle this Action."  Id. at 10.  It appears that Plaintiffs seek to retain the ability to use protected material in subsequent litigation against Defendants and to advance those individual cases.  See Dkt. 85-1 at 13–15.

      Plaintiff further argues that blocking class members from using the inventory information in this litigation in future claims shields the government from accountability, which is not an appropriate basis for a protective order.  Id. at 14 (citing Glenmede Tr. Co., 56 F.3d at 485).  However, class members have received their property back from the government, so they should have also received a receipt of the property returned.  Dkt. 85-12 at 6.  In addition, should a class member seek to bring a claim for monetary damages under the Federal Torts Claims Act ("FTCA"), they can request the inventory when they submit an administrative tort claim, a prerequisite to bringing a claim under the FTCA.  Dkt 85-1 at 25, 30.

      Although the Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation," here, Plaintiffs are not currently engaged in collateral litigation.  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003).  In Foltz, the Ninth Circuit explained that to use protected materials in collateral litigation, the collateral litigant must request a modification of the protective order from the issuing court and make a showing of relevance.  Id. at 1131–32.  The Ninth Circuit further cautioned that "a court should not grant a collateral litigant's request for such modification automatically."  Id. at 1132.  Adopting the proposition that "a protective order may not properly restrict the use of protected materials to a pending action because some of those documents might be useful in some future, unspecified litigation would completely do away with the relevance showing that the Ninth Circuit requires a collateral litigant to make to modify a protective order."  Thunder Studios, Inc. v. Kazal, No. CV 17-0871-AB (SSx), 2018 WL 5099748, at *3 (C.D. Cal. July 25, 2018).  Should Plaintiffs wish to later use

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. **2:21-cv-04405-RGK-MARx** | Date: March 30, 2022 |
| Title: *Paul Snitko, et al. v. United States of America, et al.* | |

the protected material in collateral litigation, at that time, they must make a specific showing of relevance to modify the protective order. See id.

Thus, the Court **GRANTS IN PART** Plaintiffs' Motion to Enter Protective Order to the extent that it uses Defendants' proposed protective order.

**B.    MOTION TO COMPEL**

Plaintiffs seek to compel Defendants to respond to Plaintiffs' pending discovery requests within three days of entry of the protective order. Dkt 85 at 2. Plaintiffs contend that Defendants have "produced essentially nothing" in response to Plaintiffs' written discovery requests. Dkt. 85-1 at 34. However, the joint stipulation fails to include verbatim interrogatory responses as required by Local Rule 37-2.1. See generally Dkt. 85-1. Although Plaintiffs have attached Defendants' responses as exhibits to the joint stipulation, it is not clear whether these attached responses represent a complete picture of what Plaintiffs move to compel. See Dkts. 85-5 ¶¶ 10–11; 85-8; 85-9. It is also unclear which of Plaintiffs' arguments relate to which requests for production or interrogatory responses. Plaintiffs generally contend that Defendants' responses "contained boilerplate objections to almost every interrogatory and request for production," but Plaintiffs do not specifically refute each objection that Defendants raised. Dkt. 85-1 at 35. Because Plaintiffs have "wholly failed to discuss deficiencies specific to each request . . . the Court 'cannot meaningfully analyze the motion or direct responses to pending discovery.'" Starz Ent., LLC v. MGM Domestic Television Distribution LLC, No. CV 22-04085-DMG (KSx), 2021 WL 4813651, at *12 (C.D. Cal. Sept. 1, 2021) (quoting Linden v. X2 Biosystems, Inc., No. C17-966-RSM, 2018 WL 953358, at *3 (W.D. WA Feb. 20, 2018) (denying a motion to compel based on movant's failure to comply with Local Rule 37-2.1).

In addition, it does not appear that Plaintiffs have fully complied with the meet and confer requirements of Local Rule 37. The parties discussed discovery matters on January 24, 2022, and Defendants allegedly explained that they would not produce discovery responses until after a protective order is entered in this matter. Dkt. 85-11 at 2. Plaintiffs objected to Defendants proposed protective order and on February 4, 2022, Plaintiffs notified Defendants that they "will be forced to move for an order compelling discovery." Dkt. 85-12 at 4. Yet, emails between the parties mostly discuss the protective order and it is not clear whether they later communicated to discuss the specific discovery disputes at issue. See generally Dkt. 85-12. Further, it is unclear whether the parties met and conferred regarding the terms of Plaintiffs' Motion to Compel, as required by Local Rule 37-1. Defendants also contend that the parties never discussed the Motion's three-day deadline. Accordingly, Plaintiffs have failed to demonstrate that they made the "requisite good faith efforts to eliminate as many disputes as possible prior to bringing a motion before the Court." See Arroyo v. Cervantes, No. CV 19-00182-AG (ADS), 2019 WL 8755115, at *1 (C.D. Cal. Aug. 16, 2019) (striking plaintiff's motion to compel for failing to sufficiently meet and confer regarding the specific terms of the motion to compel).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | **2:21-cv-04405-RGK-MARx** | Date: March 30, 2022 |
| Title: | *Paul Snitko, et al. v. United States of America, et al.* | |

   Given Plaintiffs' failure to comply with the Local Rules, the Court **DENIES** Plaintiffs' Motion to Compel without prejudice to allow the parties the opportunity to conduct proper meet and confer sessions addressing the disputed discovery matters.[3] See Tri-Valley CAREs v. U.S. Dep't of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

  **IT IS SO ORDERED.**

| | |
|---|---|
| | :40 |
| **Initials of Preparer** | eb |

---

[3] Here, the protective order primarily pertains to videos and written documents regarding the inventorying of box contents. See Dkt. 85-1 at 8. Accordingly, the Court urges Defendants to take care to timely provide and respond to all pending discovery requests, including those not covered by the protective order. There is no reason why Defendants cannot immediately provide the list of class members and other requested documents to the Plaintiffs. As noted by the Court at the hearing, it would expeditiously consider a renewed motion to compel should Defendants not promptly provide Plaintiffs with a list of all class members, among other discovery requests.