TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture Sections
    1100/1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142/0141
    E-mail: Andrew.Brown@usdoj.gov
           Victor.Rodgers@usdoj.gov
           Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC, AND TRAVIS MAY, | Case No. 2:21-CV-04405-RGK-MAR <br><br> ~~STIPULATED~~ **PROTECTIVE ORDER** <br><br> [Discovery Matter] |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, TRACY L. WILKISON, in her official capacity as Acting United States Attorney for the Central District of California, and KIRISTI KOONS JOHNSON, in her official capacity as an Assistant Director of the Federal Bureau of Investigation, | |
| Defendants. | |

Pursuant to the Court's order denying Plaintiffs' motion to compel and granting in part Plaintiffs' motion to enter protective order to the extent that it uses Defendants' proposed protective order (docket no. 90), the Court hereby enters the following Protective Order in this case:

1.    A.    **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enterenters the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Paragraph 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedure that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.    **GOOD CAUSE STATEMENT**

This action is likely to involve confidential information derived from personnel records, investigatory documents, and other materials subject to privacy protections for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, documents and other items in the possession of the United States of America that are in a government system of records that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a; documents and other items containing personal identifying information, including home addresses, Social Security numbers, bank account numbers, and dates of birth, as well as other information implicating the privacy rights of third parties; documents and other items

1  concerning the internal policies, practices and procedures of the United States of
2  America or its agencies; documents and other items within the scope of the law
3  enforcement privilege and/or the investigatory file privilege; and information otherwise
4  generally unavailable to the public, or which may be privileged or otherwise protected
5  from disclosure under state or federal statutes, court rules, case decisions, or common
6  law.

7      Accordingly, to expedite the flow of information, to facilitate the prompt
8  resolution of disputes over confidentiality of discovery materials, to adequately protect
9  information the parties are entitled to keep confidential, to ensure that the parties are
10  permitted to reasonably use such material in preparation for and in conduct of trial, to
11  address their handling at the end of the litigation, and serve the ends of justice, a
12  protective order for such information is justified in this matter. It is the intent of the
13  parties that information will not be designated as confidential for tactical reasons and
14  that nothing be so designated without a good faith belief that it has been maintained in a
15  confidential, non-public manner, and there is good cause why it should not be part of the
16  public record of this case.

17  **2.    DEFINITIONS**

18      2.1    <u>Action</u>: <u>Paul Snitko, et al., v. United States of America, et al.</u>, Case No.
19  2:21-CV-04405-RGK-MAR.

20      2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of
21  information or items under this Order.

22      2.3    <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of the
23  medium or manner in which it is generated, stored, or maintained) or tangible things that
24  qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified
25  above in the Good Cause Statement.

26      2.4    <u>Counsel</u>: Government counsel and Plaintiffs' Counsel of Record and their
27  respective support staffs.

28

2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    <u>Party</u>: any party to this Action.

2.10    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.11    <u>Professional Vendors</u>: persons or entities that provide litigation support services (<u>e.g.</u>, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.13    <u>Producing Party</u>: a Party that makes a Disclosure or produces Discovery Material to the Receiving Party.

2.14    <u>Receiving Party</u>: a Party that receives a Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this ~~Stipulation and~~ Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

*not changed*

1  Material; and (3) any testimony, conversations, or presentations by Parties or their

2  Counsel (as defined in paragraph 2.4) that might reveal Protected Material.

3       Any use of Protected Material at trial shall be governed by the orders of the trial

4  judge. This Order does not govern the use of Protected Material at trial.

5

6  **5.4.**   **DURATION**

7       Even after final disposition of this litigation, the confidentiality obligations

8  imposed by this Order shall remain in effect until a Designating Party agrees otherwise

9  in writing or a court order otherwise directs.  Final disposition shall be deemed to be the

10  later of (1) dismissal of all claims and defenses in this Action, with or without prejudice;

11  and (2) final judgment herein after the completion and exhaustion of all appeals,

12  rehearings, remands, trials, or reviews of this Action, including the time limits for filing

13  any motions or applications for extension of time pursuant to applicable law.

14  **6.5.**   **DESIGNATING PROTECTED MATERIAL**

15       5.1   <u>Exercise of Restraint and Care in Designating Material for Production</u>. Each

16  Party or Non-Party that designates information or items for protection under this Order

17  must take care to limit any such designation to specific material that qualifies under the

18  appropriate standards. The Designating Party must designate for protection only those

19  parts of material, documents, items or oral or written communications that qualify so that

20  other portions of the material, documents, items or communications for which protection

21  is not warranted are not swept unjustifiably within the ambit of this Order.

22       Mass, indiscriminate, or routinized designations are prohibited. Designations that

23  are shown to be clearly unjustified or that have been made for an improper purpose (<u>e.g.</u>,

24  to unnecessarily encumber the case development process or to impose unnecessary

25  expenses and burdens on other parties) may expose the Designating Party to sanctions.

26       If it comes to a Designating Party's attention that information or items that it

27  designated for protection do not qualify for protection, that Designating Party must

28  promptly notify all other Parties that it is withdrawing the inapplicable designation.

*not changes*

1

2    ~~6.25.2~~ Manner and Timing of Designations.  Except as otherwise provided in this

3    Order (see, e.g., paragraph 5.2(b) below), or as otherwise stipulated or ordered,

4    Disclosure or Discovery Material that qualifies for protection under this Order must be

5    clearly so designated before the material is disclosed or produced.

6

7        Designation in conformity with this Order requires:

8            (a)    for information in documentary form (e.g., paper or electronic

9    documents, but excluding electronic information produced in native form or in a format

10   that is not amenable to visible endorsement on the image, and also excluding transcripts

11   of depositions or other pretrial or trial proceedings), that the Producing Party affix at a

12   minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to

13   each page that contains protected material. If only a portion or portions of the material

14   on a page qualifies for protection, the Producing Party also must clearly identify the

15   protected portion(s) (e.g., by making appropriate markings in the margins).

16           (b)    for electronic information that is provided in native form or a format

17   that is not amenable to visible endorsement on the image, the file name(s) shall begin

18   with "CONFIDENTIAL legend."  The media on which the Protected Material is

19   provided (e.g., CD, DVD, external hard drive) also must be and remain plainly labeled

20   with "CONFIDENTIAL legend" unless and until the protection of the data within the

21   media is removed. Any copying or transferring of electronic files that are designated as

22   Protected Material must be done in a manner that maintains the protection for all copies,

23   including, but not limited to, maintaining the protection in the filename(s) and the

24   location where the copies are stored and the location where the users access the

25   information.

26           (c)    a Party or Non-Party that makes original documents available for

27   inspection need not designate them for protection until after the inspecting Party has

28   indicated which documents it would like copied and produced. During the inspection and

1    before the designation, all of the material made available for inspection shall be deemed

2    "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

3    copied and produced, the Producing Party must determine which documents, or portions

4    thereof, qualify for protection under this Order. Then, before producing the specified

5    documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page

6    that contains Protected Material. If only a portion of the material on a page qualifies for

7    protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,

8    by making appropriate markings in the margins). If the original documents made

9    available for inspection that are designated for copying include materials produced in

10   native file format, or that are in a format that is not amenable to visible endorsement on

11   the image, the Producing Party shall comply with the direction in subparagraph (b) of

12   this Paragraph regarding their production.

13           (d)     for testimony given in depositions that the Designating Party identify

14   the Disclosure or Discovery Material on the record, or by letter from counsel within

15   thirty days of receipt of the official deposition transcript or copy thereof (or written

16   notification that the transcript is available), listing the specific pages and lines of the

17   transcript and any exhibits that should be treated as Protected Material. The entire

18   deposition transcript (including any exhibits not previously produced in discovery in this

19   Litigation) shall be treated as Protected Material under this Order until the expiration of

20   the above-referenced 30-day period for designation, except that the deponent (and his or

21   her counsel, if any) may review the transcript of his or her own deposition during the 30-

22   day period subject to this Order and the requirement of executing the certification

23   attached as Exhibit A. After designation of Protected Material is made, the following

24   shall be placed on the front of the original and each copy of a deposition transcript

25   containing Protected Material: "CONFIDENTIAL — SUBJECT TO PROTECTIVE

26   ORDER."  If the deposition was filmed, both the recording storage medium (i.e.. CD or

27   DVD) and its container shall be labeled "CONFIDENTIAL — SUBJECT TO

28   PROTECIVE ORDER."

(e) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(f) for interrogatory answers and responses to requests for admissions, designation of Protected Material shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Protected Material the following: "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 <u>et seq.</u>

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (<u>e.g.</u>, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of paragraph 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Counsel in this Action;

(b)  the employees of the Receiving Party's Counsel in this Action to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound," attached and hereafter referred to as "Exhibit A."

(d)  the court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A;

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party

requests that the witness sign Exhibit A; and (2) they will not be permitted to keep any confidential information unless they sign Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this ~~Stipulated~~ Protective Order; ~~and~~

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions~~.~~; and

(j) a class member to this Action to whom disclosure is reasonably necessary for this Action and who has signed Exhibit A and for whom the signed Exhibit A has been provided to Counsel for the Producing Party prior to the disclosure, provided that the disclosure of such CONFIDENTIAL Information or Items shall be limited to records reflecting the inventorying of the contents of that specific class member's safe deposit box at US Private Vaults.

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this ~~Stipulated~~ Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the

1  subpoena or court order shall not produce any information designated in this action as

2  "CONFIDENTIAL" before a determination by the court from which the subpoena or

3  order issued, unless the Party has obtained the Designating Party's permission. The

4  Designating Party shall bear the burden and expense of seeking protection in that court

5  of its confidential material and nothing in these provisions should be construed as

6  authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive

7  from another court.

8  **9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

9  **PRODUCED IN THIS LITIGATION**

10         (a)  The terms of this Order are applicable to information produced by a

11  Non-Party in this Action and designated as "CONFIDENTIAL."  Such information

12  produced by Non-Parties in connection with this litigation is protected by the remedies

13  and relief provided by this Order.  Nothing in these provisions should be construed as

14  prohibiting a Non-Party from seeking additional protections.

15         (b)  In the event that a Party is required, by a valid discovery request, to

16  produce a Non-Party's confidential information in its possession, and the Party is subject

17  to an agreement with the Non-Party not to produce the Non-Party's confidential

18  information, then the Party shall:

19         (1)  promptly notify in writing the Requesting Party and the Non-

20  Party that some or all of the information requested is subject to a confidentiality

21  agreement with a Non-Party;

22         (2)  promptly provide the Non-Party with a copy of the ~~Stipulated~~

23  Protective Order in this Action, the relevant discovery request(s), and a reasonably

24  specific description of the information requested; and

25         (3)  make the information requested available for inspection by the

26  Non-Party, if requested.

27         (c)  If the Non-Party fails to seek a protective order from this court within

28  fourteen (14) days of receiving the notice and accompanying information, the Receiving

Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this ~~Stipulated~~ Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

**11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a subsequent stipulation to the court.

**12.   MISCELLANEOUS**

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

11

person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  This Protective Order is intended to provide a mechanism for handling the disclosure or production of Protected Material to which there is no objection to production pursuant to the terms of this Order.  The protection afforded by this Order shall in no way affect a Producing Party's right to withhold or redact documents as: (a) privileged under the attorney-client or other privilege, (b) protected by the work product doctrine, or (c) otherwise exempted from discovery under Rule 26 of the Federal Rules of Civil Procedure or under any law. Additionally, this Protective Order shall not prejudice the right of a Party to seek additional protective treatment for any information it considers to be very highly sensitive, or otherwise exempt from disclosure, such that the protections in this Protective Order would be insufficient.  In addition, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or

1   entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category,

2   where appropriate) all the Protected Material that was returned or destroyed and (2)

3   affirms that the Receiving Party has not retained any copies, abstracts, compilations,

4   summaries or any other format reproducing or capturing any of the Protected Material.

5   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

6   pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

7   correspondence, deposition and trial exhibits, expert reports, attorney work product, and

8   consultant and expert work product, even if such materials contain Protected Material.

9   Any such archival copies that contain or constitute Protected Material remain subject to

10   this Protective Order as set forth in paragraph 4 (DURATION).

11

12

13

14   **14.   VIOLATION**

15       Any violation of this Order may be punished by any and all appropriate measures

16   including, without limitation, contempt proceedings and/or monetary sanctions.

17   Dated: _____

18   _____   THE INSTITUTE FOR JUSTICE
                                  Robert Frommer*
19   _____   rfrommer@ij.org
                                  901 N. Glebe Rd., Suite 900
20   _____   Arlington, VA 22203
                                  Tel. (703) 682-9320
21                                Robert E. Johnson
22   _____   rjohnson@ij.org
                                  16781 Chagrin Blvd., Suite 256
23   _____   Shaker Heights, OH 44120
                                  Tel. (703) 682-9320
24   _____   *Admitted pro hac vice.
25   _____   THE VORA LAW FIRM, P.C.
                                  Nilay U. Vora (SBN 268339)
26   _____   nvora@voralaw.com
                                  Jeffrey Atteberry (SBN 266728)
27   _____   jatteberry@vora.aw.com
                                  201 Santa Monica Blvd., Suite 300
28   _____   Santa Monica, CA 90401

1   ~~Tel. (424) 258-5190~~

2   ~~Attorneys for Plaintiffs~~

3   ~~Dated: _____~~   ~~TRACY L. WILKISON~~
    ~~United States Attorney~~

4   ~~SCOTT M. GARRINGER~~
    ~~Assistant United States Attorney~~

5   ~~Chief, Criminal Division~~

6

7   ~~ANDREW BROWN~~
    ~~VICTOR A. RODGERS~~

8   ~~MAXWELL COLL~~
    ~~Assistant United States Attorneys~~

9   ~~Attorneys for Defendants~~
    ~~UNITED STATES OF AMERICA, et al.~~

10

11   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

12

13   Dated: _____          _____
                                      THE HONORABLE MARGO A. ROCCONI
                                      UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26                      **EXHIBIT A**

27   **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

28

I, _____ [full name], with the address

_____ [full address and telephone number],

declare under penalty of perjury that I have read in its entirety and understand the

~~Stipulated~~ Protective Order that was issued by the United States District Court for the

Central District of California on [date] in the case of <u>Paul Snitko, et al., v. United States</u>

<u>of America, et al.</u>, Case No. 2:21-CV-04405-RGK-MAR.  I agree to comply with and to

be bound by all the terms of this ~~Stipulated~~ Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in

the nature of contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this ~~Stipulated~~ Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing the terms of this ~~Stipulated~~

Protective Order, even if such enforcement proceedings occur after termination of this

action.  I hereby appoint _____ [full name] with the

address _____ [full address and telephone number] as

my California agent for service of process in connection with this action or any

proceedings related to enforcement of this ~~Stipulated~~ Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____