

**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
Joe Gay^
jgay@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

* *Admitted pro hac vice.*
^*Pro hac vice application pending.*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| **PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC, and TRAVIS MAY,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA, TRACY L. WILKISON, in her official capacity as Acting United States Attorney for the Central District of California, and KRISTI KOONS JOHNSON, in her official capacity as an Assistant Director of the Federal Bureau of Investigation,**<br><br>Defendants. | Case No. 2:21-cv-04405-RGK-MAR<br><br>**DECLARATION OF NILAY U. VORA IN SUPPORT OF PLAINTIFFS' *EX PARTE* APPLICATION TO SET A SCHEDULE FOR PRODUCTION OF DOCUMENTS AND DISCOVERY MOTIONS**<br><br>(*Filed Concurrently with Plaintiffs' Ex Parte Application; Memorandum of Points and Authorities; and Proposed Order*)<br><br>DISCOVERY MATTER<br><br>Judge: Hon. Margo A. Rocconi<br>Discovery cutoff date: TBD<br>Pre-Trial Conference Date: TBD<br>Trial Date: July 26, 2022<br>Complaint Filed: May 27, 2021<br>Amended Complaint Filed: June 9, 2021 |

I, Nilay U. Vora, submit the following declaration in support of Plaintiffs' Ex Parte Motion to Compel Discovery Responses.

1.      I am licensed to practice law in California and I am admitted to the Central District of California. I am the founder of The Vora Law Firm, P.C. I represent Plaintiffs in this matter, together with Robert Frommer and Robert Johnson of The Institute for Justice. I submit this declaration in support of Plaintiffs' Ex Parte Application.

2.      On April 14, 2022, I participated in a meet-and-confer concerning the schedule for production of documents in this case. Robert Frommer and Robert Johnson also participated in the call, as counsel for Plaintiffs. Defendants (the United States of America and two officials sued in their official capacities, referred to herein after as the "government") were represented by AUSA Victor Rodgers. Plaintiffs requested this conference—and engaged in additional correspondence attached below (*see* Exhibits G, H, and I)—in an effort to comply with the Court's instruction in its March 30 order to meet and confer with the government concerning any disputes with respect to the government's production.

3.      At the April 14 conference, counsel for Plaintiffs asked the government to agree to a specific date to produce documents in this case. Based on the government's suggestion in an April 13 email (*see* Exhibit H) that discovery would take three weeks, counsel for Plaintiffs suggested a May 6, 2022 deadline for document production. Counsel for the government stated that he would check with the FBI to see if it was possible to agree to a specific date, but he refused to commit to anything at the conference. Subsequently, on April 15, counsel for the government emailed (*see* Exhibit I) to say that the government could not commit to a firm date for production.

4.      At the April 14 conference, counsel for Plaintiffs also asked the government to commit to a specific date to provide a privilege log. Counsel for Plaintiffs requested a log at the earliest possible date—suggesting that a log might

be provided within 14 days—but asked if at a minimum a log could be provided by May 6, 2022. Again, counsel for the government declined to commit to a firm date during the meet-and-confer and subsequently emailed (*see* Exhibit I) to say that the government could not commit to a firm date to provide a privilege log.

5.     During the April 14 conference, counsel also discussed the mechanics of the production of documents. Counsel for the government represented that the FBI has not been able to figure out how to produce video recordings, given the size of the files involved, and suggested that the FBI's technical inability to transmit files of video recordings is slowing production in this case. Counsel for the Plaintiffs offered to come in person to pick up copies of the video files, but counsel for the government did not firmly agree to this plan and did not say whether it would resolve this apparent technical difficulty. On April 20, counsel for the government emailed (*see* Exhibit I) to say that the FBI's technical difficulties also were affecting transmission of the files *within* the FBI and indicated that these difficulties had not yet been resolved.

6.     During the April 14 conference, counsel for the Plaintiffs also pressed counsel for the government to identify any specific documents or categories of documents that will not be produced. Counsel for the government did not identify any such documents, beyond raising a potential issue with respect to production under RFP 10 (discussed below). Counsel for the government generally indicated that the documents sought by Plaintiffs would eventually be produced, and counsel for the government firmly committed that the government would be producing (at some point) the video recordings sought by RFP 9.

7.     During the April 14 conference, it also became clear that the government would seek to raise new and additional objections to the discovery requests that Defendants had not raised before. In particular, although prior correspondence makes clear Defendants had previously committed to produce documents in response to RFP 10 (seeking policy documents pertaining to the

retention of documents generated during the challenged search), Defendants during the April 14 call questioned the relevance of those documents and said that he had not yet determined whether they would be produced. Counsel for the government subsequently emailed (*see* Exhibit I) to say that such documents would not in fact be produced, but, in that same email, counsel for the government also invited Plaintiffs to engage in further meet-and-confer on that issue.

8.     As of the execution of this Declaration, despite the repeated efforts of counsel for the Plaintiffs to surface any potential discovery disputes in this case, the government has not agreed to a firm date to finish production of even those documents that the government has made no objection to producing and has in fact already agreed to produce. The government also has not agreed to a firm date to produce a privilege log. It is not clear what documents (if any) will be withheld by the government on grounds of privilege or otherwise or when such disputes about privilege could be subject to a meet and confer between the parties and then properly raised with the Court if necessary through motion practice.

9.     All of this creates a distinct risk that Plaintiffs will be prejudiced because they will not have important documents in time to use them in depositions in this case. Depositions are set to begin on April 28, with the deposition of FBI Special Agent Justin Palmerton. Plaintiffs will then take the deposition of Special Agent Lynn Zellhart on May 6. And Plaintiffs and the government have agreed to set additional depositions of government agents, including the 30(b)(6) deposition, between May 16 and 27. (The April 28 and May 6 depositions have been officially noticed, *see* Exhibit J, but Plaintiffs have not officially noticed the May 16-27 depositions because (1) it is effectively impossible to identify witnesses without access to documents, and (2) Plaintiffs are reluctant to officially notice the 30(b)(6) deposition without a firm commitment that they will have access to documents before that time.) It appears certain that Plaintiffs will lack important documents for the Palmerton deposition on April 28 and potentially may not have documents for

the Zellhart deposition on May 6. Absent intervention from the Court, Plaintiffs may also be forced to conduct additional depositions—including the 30(b)(6) deposition—without access to documents.

10.    It is important to note that counsel for the government, Victor Rodgers, specifically suggested that the deposition dates would need to be moved because document production would not be completed before the deposition dates noticed— even though the government has no objection to producing the documents and has already agreed to do so and been provided with extensions of time to do so. (*See* Exhibit I.) The government's failure to produce documents in a timely fashion places Plaintiffs in a position to choose between deposing witnesses without documents that the government already agreed to produce long ago but has not, or deposing witnesses at a later date but with documents requested in a manner that would prejudice Plaintiffs' ability to present evidence to the Court. The prejudice to Plaintiffs from the delay by the government would be significant in making discovery less efficient and less effective.

11.    All of this also creates a distinct risk that Plaintiffs will not have important documents in time to use them in briefing. Opening briefs are currently due June 21. While the government has estimated that production will be complete in early May, that is an estimate only and the government has not committed to any firm deadline. The government has already sought additional extensions but still failed to produce any documents. Moreover, the government's statements suggest that the government may seek to withhold unspecified documents at the time of production, and, absent the Court's intervention, it appears likely that there will not be time to litigate any such issues in advance of the June 21 briefing deadline.

12.    On April 21, 2022, at 10 am, Victor Rodgers, counsel for the government, and Rob Frommer, Rob Johnson, and I engaged in a telephone call where we advised of the *ex parte* application and all relief that would be sought and the basis therefor. Mr. Rodgers indicated that the government would oppose the

relief sought.

13.     Attached as Exhibit A is a true and correct copy of Plaintiffs' Second Set of Requests for Production, were sent to Defendants on November 5, 2021.

14.     Attached as Exhibit B is a true and correct copy of an email chain containing correspondence between counsel for Plaintiffs and counsel for the government about the government's request for an extension of time to respond to Plaintiffs' Second Set of Requests for Production and Second Set of Interrogatories. The top email in the chain is dated November 29, 2021.

15.     Attached as Exhibit C is a true and correct copy of the government's Reponses to Plaintiffs' Second Set of Requests for Production, which were sent by Defendants to Plaintiffs on January 7, 2022.

16.     Attached as Exhibit D is a true and correct copy of the letter Plaintiffs' counsel sent to counsel for the government on January 24, 2022, discussing discovery in this case and summarizing the parties' conference call earlier that day.

17.     Attached as Exhibit E is a true and correct copy of an email chain containing correspondence between counsel for Plaintiffs and counsel for the government about the language of a proposed protective order. The top email in the chain is dated February 10, 2022.

18.     Attached as Exhibit F is a true and correct copy of an email chain containing correspondence between counsel for Plaintiffs and counsel for the government about whether any other issues needed to be briefed in the parties' joint stipulation regarding Plaintiffs' first motion to compel. The top email in the chain is dated February 17, 2022.

19.     Attached as Exhibit G is a true and correct copy of an email chain containing correspondence between counsel for Plaintiffs and counsel for the government about a timeline for the government's production of documents following the Court's resolution of the parties' dispute about the terms of a protective order. The top email in the chain is dated April 11, 2022.

20.     Attached as <u>Exhibit H</u> is a true and correct copy of an email chain containing correspondence between counsel for Plaintiffs and counsel for the government about a timeline for the government's production of documents. The top email in the chain is dated April 13, 2022.

21.     Attached as <u>Exhibit I</u> is a true and correct copy of an email chain containing correspondence between counsel for Plaintiffs and counsel for the government about the government's discovery production, including whether and when it would be providing responsive material to several of Plaintiffs' outstanding discovery requests. The top email in the chain is dated April 20, 2022.

22.     Attached as <u>Exhibit J</u> are the notices for the upcoming depositions of Justin Palmerton and Lynn Zellhart, which were sent to Defendant via First Class Mail on April 19, 2022 and via email on April 20, 2022.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 21st day of April, 2022.

Nilay U. Vora

DECLARATION OF NILAY U. VORA