# Exhibit D

**to Declaration of Nilay U. Vora**



INSTITUTE FOR JUSTICE

January 24, 2022

*VIA E-MAIL*
Victor Rodgers
Assistant United States Attorney
Asset Forfeiture Section
312 North Spring Street, 14th Floor
Los Angeles, California 90012
Victor.Rodgers@usdoj.gov

RE:     *Snitko v. United States*, Civ. Action No. 2:21-cv-04405-RGK-MAR

Dear Counsel,

Thank you for speaking with us today about Defendants' responses to Plaintiffs' Second Set of Interrogatories and Requests for Production.  I write to briefly summarize our understanding of that conversation.  Please let me know if my understanding is incorrect or in any way incomplete.

Timing: First, as I noted several times during our call, we want to emphasize the necessity of conducting discovery in a timely manner.  The Court has ordered the parties to submit their opening briefs for dispositive motions by June 21, 2022, less than five months from now.  (Scheduling Conference Order, ECF No. 83).  Yet Plaintiffs still have not received substantive responses to most of the discovery requests they served over two-and-a-half months ago.  For the parties to complete written discovery, conduct depositions, and resolve any disputes about the scope of discovery in time to meet the Court's briefing deadline, it is essential that Defendants fully respond to the pending discovery requests as quickly as possible.  We appreciate your assurances at the end of the call that you will work on your end to "keep the train moving" on Defendants' discovery responses.

Protective Order: You explained that Defendants will not produce most of their discovery responses until after a protective order is entered in this matter.  You also said that you will circulate a draft protective order shortly, and no later than the end of this week.  Because this appears to be the largest impediment to discovery at this time, we again request in the interest of meeting the Court's briefing deadlines that you provide a draft to us as soon as you can.

Request for Production 6: You said Defendants intend to produce documents responsive to this request, and that the date range that Defendants are searching for responsive materials continues until the week before the March 22, 2021, search of USPV.  Plaintiffs believe that a reasonable search for responsive materials should also include the week before the search

**Exhibit D**
**29**

Letter to Defendants in *Snitko v. United States*, No. 2:21-CV-4405-RGK-MAR
January 24, 2022
Page 2

occurred up until and including the day of the search, because it is sensible to expect that written directions relating to the search were created or distributed in the days leading up to the search.

Request for Production 7: We understand that Defendants intend to produce the documents responsive to this request, including the relevant provisions of the FBI's 2016 Domestic Investigations and Operations Guide.

Requests for Production 8 and 9: We understand that Defendants intend to produce the documents responsive to these requests.

Request for Production 10: We understand that Defendants intend to produce the documents responsive to this request.  I clarified during our call that this includes both the FBI *and* the USAO policy documents that would govern the retention and use of inventories, recordings, and other documents produced during or as a result of the USPV search in March 2021.  I also clarified that this request relates to the *policy documents* governing such retention and use, and not to individual investigatory files relating to or constituting such retention or use.

Interrogatory No. 7: The parties did not reach agreement regarding Defendants' response to interrogatory no. 7.  Plaintiffs are willing to hold this interrogatory in abeyance pending our review of Defendants' responses to Plaintiffs' other pending discovery requests.

Interrogatory No. 8: I explained that this interrogatory essentially asks Defendants to identify witnesses with relevant knowledge about the parties' dispute.  In response, you explained that you expect Defendants' response to interrogatory nos. 10–11 (which address the law enforcement officials who participated in or supervised the USPV search) to fully resolve Defendants' response to this interrogatory.  Plaintiffs may be willing to treat this interrogatory as resolved upon review of those interrogatory responses, subject to Defendants' obligation to supplement their response to this interrogatory if they become aware of or intend to rely upon any other witnesses with information relevant to the parties' dispute.

Interrogatory Nos. 9-11: I understand that Defendants plan to respond to these interrogatories within a week of the Court entering a protective order in this matter.

Interrogatory No. 12: I agreed to hold this interrogatory in abeyance pending our review of Defendants' document productions.

Interrogatory No. 13: You indicated that you believe the combination of written inventories and video recordings that Defendants intend to produce will be sufficient to resolve this request, because the written inventories will identify the relevant law enforcement agents. You were not sure, however, about whether the document production would tie specific written inventories to specific video recordings.  Subject to your confirmation that Defendants will produce the written and video inventory materials in a manner permitting them to be linked to each other, Plaintiffs are willing to consider the dispute about this interrogatory resolved.

We look forward to your continued efforts to resolve these disputes quickly and amicably.

**Exhibit D**
**30**

Letter to Defendants in *Snitko v. United States*, No. 2:21-CV-4405-RGK-MAR
January 24, 2022
Page 3

Respectfully yours,

/s/ Robert Frommer
*Counsel for Plaintiffs*

**Exhibit D**
**31**