# Exhibit E

to Declaration of Nilay U. Vora

| | |
|---|---|
| **From:** | Robert Frommer |
| **Sent:** | Thursday, February 10, 2022 2:28 PM |
| **To:** | Rodgers, Victor (USACAC) |
| **Subject:** | RE: [EXTERNAL] RE: Snitko discovery |

OK, I'll call you at 3pm PT/ 6pm ET at the number in your signature.

**From:** Rodgers, Victor (USACAC) <Victor.Rodgers@usdoj.gov>
**Sent:** Thursday, February 10, 2022 2:25 PM
**To:** Robert Frommer <rfrommer@ij.org>
**Subject:** Re: [EXTERNAL] RE: Snitko discovery

My time. Thanks.

Sent from my iPhone

> On Feb 10, 2022, at 11:20 AM, Robert Frommer <rfrommer@ij.org> wrote:
>
> 3 my time, or yours?  I can do either.
>
> Best,
> Rob
>
> **From:** Rodgers, Victor (USACAC) <Victor.Rodgers@usdoj.gov>
> **Sent:** Thursday, February 10, 2022 2:16 PM
> **To:** Robert Frommer <rfrommer@ij.org>
> **Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Kyndra Griffin <KGriffin@ij.org>; Casey Nasca <cnasca@ij.org>; Coll, Maxwell (USACAC) <Maxwell.Coll@usdoj.gov>; Brown, Andrew (USACAC) <Andrew.Brown@usdoj.gov>
> **Subject:** Re: [EXTERNAL] RE: Snitko discovery
>
> How about 3pm?
>
> Sent from my iPhone
>
>> On Feb 10, 2022, at 10:35 AM, Robert Frommer <rfrommer@ij.org> wrote:
>>
>> Victor,
>>
>> I think we should get on the telephone to discuss this.  Is there a time you are free today?
>>
>> Best,
>> Robert

**Exhibit E**
**33**

**From:** Rodgers, Victor (USACAC) <Victor.Rodgers@usdoj.gov>
**Sent:** Wednesday, February 9, 2022 7:38 PM
**To:** Robert Frommer <rfrommer@ij.org>
**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Kyndra Griffin <KGriffin@ij.org>; Casey Nasca <cnasca@ij.org>; Coll, Maxwell (USACAC) <Maxwell.Coll@usdoj.gov>; Brown, Andrew (USACAC) <Andrew.Brown@usdoj.gov>
**Subject:** RE: Snitko discovery

Dear Robert:

Class members do not waive rights otherwise available to them by agreeing to the terms of a protective order, but they are subject to the restrictions of that order. If they contend property was lost, they can submit a claim for their losses and make a request for the inventory. I do not know whether the government would automatically provide the inventory in response to that request or not, but I suspect that in some cases it would and in others it would not.

Victor Rodgers
Assistant United States Attorney
Asset Forfeiture Section
312 North Spring Street, 14th Floor
Los Angeles, California 90012
Phone 213.894.2569
Fax 213.894.0142
E-mail  victor.rodgers@usdoj.gov

**From:** Robert Frommer <rfrommer@ij.org>
**Sent:** Wednesday, February 9, 2022 9:36 AM
**To:** Rodgers, Victor (USACAC) <VRodgers@usa.doj.gov>
**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Kyndra Griffin <KGriffin@ij.org>; Casey Nasca <cnasca@ij.org>; Coll, Maxwell (USACAC) <MColl@usa.doj.gov>; Brown, Andrew (USACAC) <ABrown3@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Snitko discovery

Victor,

Thank you for your email. I want to get your understanding of the claim process that class members face.

Let's say there is a class member who says Defendants lost some of the items in their safe deposit box. That class member submits a claim for the allegedly missing items and subsequently asks Defendants to provide them with the copy of the inventory of their box as part of the claims process. Is Defendants' position that the government will turn over that inventory to the box renter/claimant in response to that request?

Best,
Robert

**From:** Rodgers, Victor (USACAC) <Victor.Rodgers@usdoj.gov>
**Sent:** Wednesday, February 9, 2022 11:10 AM
**To:** Robert Frommer <rfrommer@ij.org>

2

Exhibit E
34

**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Kyndra Griffin <KGriffin@ij.org>; Casey Nasca <cnasca@ij.org>; Coll, Maxwell (USACAC) <Maxwell.Coll@usdoj.gov>; Brown, Andrew (USACAC) <Andrew.Brown@usdoj.gov>
**Subject:** RE: Snitko discovery

Dear Robert:

Thank you for your counterproposal for the protective order. However, what you suggest does not work. The language our side proposed merely has class members treated exactly like parties to this case. The inventories can contain, not only PII of the box holders, but PII of third parties, as well. The government cannot release those items without an appropriate protective order in place. In addition, under the terms of Exhibit A, class members have to agree to terms that permit the government to enforce violations against any class member who fails to comply with the order. Without that provision and the government receiving a copy of executed Exhibit A's (and the information contained therein) before confidential information is produced, the government has no means to police violations of the order. That is the procedure contemplated by the protective order when confidential information is shown to a witness during a deposition. Finally, as with any protective order, nothing in the protective order prevents third parties making a claim against the government, should they choose to do so, and seek whatever information, such as the inventory, they deem appropriate as part of that claim process, nor does the protective order bar any party from seeking Court relief requiring the government to remove any confidential designation from any inventory produced in this case. Accordingly, the government is not precluding people from using inventories should they wish to make a claim against the government, but instead is requiring them to comply with the protective order procedures in limiting the disclosure of confidential information for purposes other than the instant proceeding.

I hope this answers the issues you raise in your email, and we can move forward. Thanks for your consideration of this matter.

Victor Rodgers
Assistant United States Attorney
Asset Forfeiture Section
312 North Spring Street, 14th Floor
Los Angeles, California 90012
Phone 213.894.2569
Fax 213.894.0142
E-mail  victor.rodgers@usdoj.gov

---

**From:** Robert Frommer <rfrommer@ij.org>
**Sent:** Friday, February 4, 2022 8:39 AM
**To:** Rodgers, Victor (USACAC) <VRodgers@usa.doj.gov>
**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Kyndra Griffin <KGriffin@ij.org>; Casey Nasca <cnasca@ij.org>; Coll, Maxwell (USACAC) <MColl@usa.doj.gov>; Brown, Andrew (USACAC) <ABrown3@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Snitko discovery

Victor,

Exhibit E
35

Plaintiffs find Defendants' proposal unacceptable.  Under it, class members would need to sign a confidentiality agreement to be sent to Defendants ahead of time.  And although Defendants claim the purpose of their search was to create an "inventory" to protect people's property from claims of loss and theft, you now want to block those same people from accessing and using those inventories.

This is untenable. The records we are discussing are records of the class member's own box. And these people are members of Plaintiffs' class precisely because Defendants returned their items after determining that there were no grounds to pursue forfeiture.

So Plaintiffs propose the following:  Plaintiffs are willing to have class members who want to review their inventory records and/or video sign Exhibit A.  We are not willing to send a copy of that signed Exhibit to Defendants. And while Plaintiffs would agree to language preventing class members from disseminating the inventory records or the information contained therein to third parties, we cannot agree to language preventing class members from using those records when making any claim against the government regarding property they allege has gone missing.

Plaintiffs sent these discovery requests three months ago. We agreed to extend the response date at Defendants' request.  And we have worked in good faith for almost three weeks to resolve these issues without the Court's involvement.  If we cannot resolve this matter in short order, Plaintiffs will be forced to move for an order compelling discovery.

Best,
Robert

---

**From:** Rodgers, Victor (USACAC) <Victor.Rodgers@usdoj.gov>
**Sent:** Thursday, February 3, 2022 7:53 PM
**To:** Robert Frommer <rfrommer@ij.org>
**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Kyndra Griffin <KGriffin@ij.org>; Casey Nasca <cnasca@ij.org>; Coll, Maxwell (USACAC) <Maxwell.Coll@usdoj.gov>; Brown, Andrew (USACAC) <Andrew.Brown@usdoj.gov>
**Subject:** RE: Snitko discovery

Thanks, Robert

Here is the proposal for a new subsection (j) from my side:

(j) a class member to this Action to whom disclosure is reasonably necessary for this Action and who has signed Exhibit A and for whom the signed Exhibit A has been provided to Counsel for the Producing Party prior to the disclosure, provided that the disclosure of such CONFIDENTIAL Information or Items shall be limited to records reflecting the inventorying of the contents of that specific class member's safe deposit box at US Private Vaults.

Please let me know at your convenience whether this works.

Victor Rodgers
Assistant United States Attorney
Asset Forfeiture Section

**Exhibit E
36**

312 North Spring Street, 14th Floor
Los Angeles, California 90012
Phone 213.894.2569
Fax 213.894.0142
E-mail victor.rodgers@usdoj.gov

**From:** Robert Frommer <rfrommer@ij.org>
**Sent:** Tuesday, February 1, 2022 10:03 AM
**To:** Rodgers, Victor (USACAC) <VRodgers@usa.doj.gov>
**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Kyndra Griffin <KGriffin@ij.org>; Casey Nasca <cnasca@ij.org>; Coll, Maxwell (USACAC) <MColl@usa.doj.gov>; Brown, Andrew (USACAC) <ABrown3@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Snitko discovery

Victor,

I understand your point about the receipt, but what someone ultimately receives back differs qualitatively from what Defendants' officers wrote down and/or recorded during the inventory process. That said, I think there's an easy way to address this. In Section 7.2, we can nix the "and" in subsection (h), include it in subsection (i), and then add the following language:

(j) a class member to this Action, provided that the disclosure of any such CONFIDENTIAL information shall be limited to records that contain information reflecting the contents of that class member's safe deposit box.

An alternate formulation for (j) would be this:

(j) a class member to this Action, provided that the disclosure of any such CONFIDENTIAL information shall be limited to copies of any records created as a result of Defendants' inventorying of the contents of that class member's safe deposit box.

We believe that either of these formulations would allow Plaintiffs' counsel to share the inventory records we are discussing while not permitting the dissemination of any and all confidential information.

Best,
Rob

Robert Frommer
Senior Attorney, Institute for Justice
Director, IJ's Project on the Fourth Amendment
901 North Glebe Road, Suite #900
Arlington, VA 22203
Tel: (703) 682-9320
Email: rfrommer@ij.org

**From:** Rodgers, Victor (USACAC) <Victor.Rodgers@usdoj.gov>
**Sent:** Tuesday, February 1, 2022 11:15 AM
**To:** Robert Frommer <rfrommer@ij.org>
**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Kyndra Griffin <KGriffin@ij.org>; Casey Nasca <cnasca@ij.org>; Coll, Maxwell (USACAC) <Maxwell.Coll@usdoj.gov>; Brown, Andrew (USACAC) <Andrew.Brown@usdoj.gov>
**Subject:** RE: Snitko discovery

Thanks, Robert,

I think that sharing the inventory and video would violate the protective order. Persons who received their property back would have received a receipt of the items returned to them so they would already know if the inventory completely set forth items in their box. Nonetheless, if you can prepare some proposed language for sharing of this material, please send it to me and I will run it by the people on my end. Thanks.

Victor Rodgers
Assistant United States Attorney
Asset Forfeiture Section
312 North Spring Street, 14th Floor
Los Angeles, California 90012
Phone 213.894.2569
Fax 213.894.0142
E-mail  victor.rodgers@usdoj.gov


**From:** Robert Frommer <rfrommer@ij.org>
**Sent:** Friday, January 28, 2022 10:59 AM
**To:** Rodgers, Victor (USACAC) <VRodgers@usa.doj.gov>; Robert Frommer <rfrommer@ij.org>
**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Kyndra Griffin <KGriffin@ij.org>; Casey Nasca <cnasca@ij.org>; Coll, Maxwell (USACAC) <MColl@usa.doj.gov>; Brown, Andrew (USACAC) <ABrown3@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Snitko discovery

Victor,

Thank you for sending this over. We have reviewed it and are generally OK with the substantive and procedural aspects of the Order, but I wanted to get consensus on one item before we move forward.

I see that one restriction is that we cannot use protected docs and information "for any purpose other than prosecuting this action." But one issue in the litigation, as you know, involves the adequacy of the government's inventory search, including the adequacy and correctness of the government's inventory sheets. We want to be able to provide the inventory sheet and/or video that pertains to a specific class member's safe deposit box to that member so that he or she can evaluate whether the inventory done by defendants was full and complete. We believe that this would be OK given that it

would be directly related to this litigation, but we want to be sure that Defendants are not claiming that such sharing wouldn't be permissible under the Order's language.

Given all that, I wanted to reach out to see Defendants' position on this. To the extent that Defendants believe that such sharing would violate the Order's language, then we will need to craft some additional language permitting this limited disclosure. Please advise at your earliest convenience.

Best,
Rob

Robert Frommer
Senior Attorney, Institute for Justice
Director, IJ's Project on the Fourth Amendment
901 North Glebe Road, Suite #900
Arlington, VA 22203
Tel: (703) 682-9320
Email: rfrommer@ij.org

---

**From:** Rodgers, Victor (USACAC) <Victor.Rodgers@usdoj.gov>
**Sent:** Thursday, January 27, 2022 8:02 PM
**To:** Robert Frommer <rfrommer@ij.org>
**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Kyndra Griffin <KGriffin@ij.org>; Casey Nasca <cnasca@ij.org>; Coll, Maxwell (USACAC) <Maxwell.Coll@usdoj.gov>; Brown, Andrew (USACAC) <Andrew.Brown@usdoj.gov>
**Subject:** RE: Snitko discovery

Robert,

Attached is a proposed stipulated protective order for your review and comment. Thanks.

Victor Rodgers
Assistant United States Attorney
Asset Forfeiture Section
312 North Spring Street, 14th Floor
Los Angeles, California 90012
Phone 213.894.2569
Fax 213.894.0142
E-mail  victor.rodgers@usdoj.gov

---

**From:** Robert Frommer <rfrommer@ij.org>
**Sent:** Monday, January 24, 2022 2:22 PM
**To:** Rodgers, Victor (USACAC) <VRodgers@usa.doj.gov>
**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Kyndra Griffin <KGriffin@ij.org>; Casey Nasca <cnasca@ij.org>; Coll, Maxwell (USACAC) <MColl@usa.doj.gov>; Brown, Andrew (USACAC) <ABrown3@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Snitko discovery

Exhibit E
39

Victor,

It was good speaking with you today about discovery in the USPV Snitko litigation. Attached to this email please find a letter that we believe encapsulates the parties' discussion of the pending discovery issues in this matter. We look forward to reviewing your proposed protective order and continuing to move this matter forward.

Best,
Rob

Robert Frommer
Senior Attorney, Institute for Justice
Director, IJ's Project on the Fourth Amendment
901 North Glebe Road, Suite #900
Arlington, VA 22203
Tel: (703) 682-9320
Email: rfrommer@ij.org

---

**From:** Rodgers, Victor (USACAC) <Victor.Rodgers@usdoj.gov>
**Sent:** Friday, January 14, 2022 6:58 PM
**To:** Robert Frommer <rfrommer@ij.org>
**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Kyndra Griffin <KGriffin@ij.org>; Casey Nasca <cnasca@ij.org>; Coll, Maxwell (USACAC) <Maxwell.Coll@usdoj.gov>; Brown, Andrew (USACAC) <Andrew.Brown@usdoj.gov>
**Subject:** RE: Snitko discovery

Robert,

Attached are documents we are producing. I am available on Monday, January 24 for our conference at anytime between 10 am and 2pm PST or after 4pm PST. Just select a time, let me know what it is, and call me at the number below.

Thanks.

Victor Rodgers
Assistant United States Attorney
Asset Forfeiture Section
312 North Spring Street, 14th Floor
Los Angeles, California 90012
Phone 213.894.2569
Fax 213.894.0142
E-mail victor.rodgers@usdoj.gov

---

**From:** Robert Frommer <rfrommer@ij.org>
**Sent:** Wednesday, January 12, 2022 10:23 AM
**To:** Rodgers, Victor (USACAC) <VRodgers@usa.doj.gov>; Coll, Maxwell (USACAC) <MColl@usa.doj.gov>; Brown, Andrew (USACAC) <ABrown3@usa.doj.gov>
**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Kyndra Griffin <KGriffin@ij.org>; Casey Nasca <cnasca@ij.org>
**Subject:** [EXTERNAL] RE: Snitko discovery

**Exhibit E
40**

Counsel,

Please find attached a letter to Defendants regarding their discovery objections and responses.

Best,
Robert

Robert Frommer
Senior Attorney, Institute for Justice
Director, IJ's Project on the Fourth Amendment
901 North Glebe Road, Suite #900
Arlington, VA 22203
Tel: (703) 682-9320
Email: rfrommer@ij.org


**From:** Rodgers, Victor (USACAC) <Victor.Rodgers@usdoj.gov>
**Sent:** Monday, January 10, 2022 8:28 PM
**To:** Robert Frommer <rfrommer@ij.org>
**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Kyndra Griffin <KGriffin@ij.org>
**Subject:** RE: Snitko discovery

Robert,

Attached are our discovery responses. We will be producing documents this week.

Victor Rodgers
Assistant United States Attorney
Asset Forfeiture Section
312 North Spring Street, 14th Floor
Los Angeles, California 90012
Phone 213.894.2569
Fax 213.894.0142
E-mail  victor.rodgers@usdoj.gov


**From:** Robert Frommer <rfrommer@ij.org>
**Sent:** Monday, January 10, 2022 7:10 AM
**To:** Rodgers, Victor (USACAC) <VRodgers@usa.doj.gov>
**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Kyndra Griffin <KGriffin@ij.org>
**Subject:** [EXTERNAL] RE: Snitko discovery

Victor,

I hope you are doing well. Based on our prior conversation, our understanding was that Defendants would be providing responses to Plaintiffs' discovery requests by close of business on January 7. We also understood from your correspondence that you would be sending us courtesy copies of those responses via email, since your office generally transmits these sort of things via postal mail.

Exhibit E
41

To that end, can you please email us the responses to Plaintiffs' discovery requests at your earliest convenience?

Best,
Robert

**From:** Rodgers, Victor (USACAC) <Victor.Rodgers@usdoj.gov>
**Sent:** Monday, November 29, 2021 2:56 PM
**To:** Robert Frommer <rfrommer@ij.org>
**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Kyndra Griffin <KGriffin@ij.org>
**Subject:** RE: Snitko discovery

Thanks, Robert

I am not talking about my vacation time. I do not intend to take a vacation this year. I am referencing the FBI employees who must assemble the documents necessary to respond to the discovery. Can you please grant the government at least the customary 30 day extension that is always granted in federal cases? That would make the deadline January 7. Again, we are in the holiday season, so this is a good faith request I am making and, quite frankly, I routinely grant opposing counsel 30 day extensions to respond to discovery (and I have done so over the last two weeks in other cases). I really do not believe there is anything unreasonable about the request. Please let me know.

Victor Rodgers
Assistant United States Attorney
Asset Forfeiture Section
312 North Spring Street, 14th Floor
Los Angeles, California 90012
Phone 213.894.2569
Fax 213.894.0142
E-mail victor.rodgers@usdoj.gov

**From:** Robert Frommer <rfrommer@ij.org>
**Sent:** Monday, November 29, 2021 11:49 AM
**To:** Rodgers, Victor (USACAC) <VRodgers@usa.doj.gov>
**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Kyndra Griffin <KGriffin@ij.org>
**Subject:** [EXTERNAL] RE: Snitko discovery

Victor,

I understand your desire to use your vacation time before it expires, but making Plaintiffs wait until the middle of January before receiving Defendants' objections and responses is untenable. That would be more than doubling the time Defendants have to answer Plaintiffs' preliminary discovery requests. Given the short discovery window the Court has scheduled in this matter, such a delay would prejudice Plaintiffs' ability to present the Court with a full and complete picture of Defendants' actions on and before the events of March 22. That prejudice would only grow should Defendants raise

Exhibit E
42

objections to some or all of Plaintiffs' requests that necessitate bringing a motion to compel.  It was with that in mind that I proposed the compromise in my previous email.

Given that that compromise is unworkable for Defendants, Plaintiffs are instead willing to provide Defendants with a two-week extension to respond to Plaintiffs' requests.  As your previous email correctly noted, the requests are currently due on December 8; Plaintiffs' offered extension would make that date December 22.

Best,
Robert

---

**From:** Rodgers, Victor (USACAC) <Victor.Rodgers@usdoj.gov>
**Sent:** Monday, November 29, 2021 2:27 PM
**To:** Robert Frommer <rfrommer@ij.org>
**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Kyndra Griffin <KGriffin@ij.org>
**Subject:** RE: Snitko discovery

Robert,

Thank you for your suggestion.  However, I will not know what objections I will be asserting, until such time as I have all the documents I intend to produce and other information I have that is responsive and requires a substantive response to the interrogatories  Accordingly, I do not typically assert objections, without this information, which is why I have asked for the little-over 30 day extension to respond to the discovery.  Government employees have "use or lose" vacation time that makes it  impossible for me to comply with the current deadlines.  If you are willing to grant the extension I have requested, I will serve my responses via email, as that seems to have caused a problem in the past.  However, the extension I am requesting would not appear to me to be unreasonable in length, or unduly prejudice you in this matter.  Please let me know.  Thanks.

Victor Rodgers
Assistant United States Attorney
Asset Forfeiture Section
312 North Spring Street, 14th Floor
Los Angeles, California 90012
Phone 213.894.2569
Fax 213.894.0142
E-mail  victor.rodgers@usdoj.gov

---

**From:** Robert Frommer <rfrommer@ij.org>
**Sent:** Monday, November 29, 2021 11:05 AM
**To:** Rodgers, Victor (USACAC) <VRodgers@usa.doj.gov>
**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Kyndra Griffin <KGriffin@ij.org>
**Subject:** [EXTERNAL] RE: Snitko discovery

Victor,

**Exhibit E**
**43**

I understand your position, and think there is an appropriate compromise that can work for both parties. Plaintiffs would ask that Defendants stick by the December 8 due date in terms of providing to Plaintiffs any objections they might have regarding Plaintiffs' discovery requests. This will allow Plaintiffs to quickly evaluate the strength of those objections and to immediately begin work on a Motion to Compel to the extent one is needed.

To the extent that Defendants need time beyond December 8 to provide substantive responses to the interrogatories and to produce documents in response to Plaintiffs' RFDs, we most likely can agree to such an extension. We would ask to tell us what documents will be produced and in what form (recalling that all documents produced should be in native electronic format or as searchable PDFs, should native format not be viable), and when Defendants can provide those responses and documents.

Best,
Robert

**From:** Rodgers, Victor (USACAC) <Victor.Rodgers@usdoj.gov>
**Sent:** Monday, November 29, 2021 1:32 PM
**To:** Robert Frommer <rfrommer@ij.org>
**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Kyndra Griffin <KGriffin@ij.org>
**Subject:** RE: Snitko discovery

Hello Robert:

By my calculations, our response is actually due Wednesday, December 8, as the discovery was served by mail and an additional three days are added when discovery were served by mail under Fed. R. Civ. P. 6(d)
The government is merely asking for an approximate 30 day extension to respond to discovery, which is a common courtesy granted in all federal cases, regardless of whether the case is a class action case, and particularly with discovery requests served that require responses during the holiday season. While I certainly appreciate your willingness to grant a short 7 day extension, it is simply not enough, and sufficient available time will remain for you to complete discovery and work up your case. Can you at least grant an extension until sometime in early January, such as January 10? I chose the January 14 date, because it was the day before the Martin Luther King Holiday. Please let me know. Thank you.

Victor Rodgers
Assistant United States Attorney
Asset Forfeiture Section
312 North Spring Street, 14th Floor
Los Angeles, California 90012
Phone 213.894.2569
Fax 213.894.0142
E-mail  victor.rodgers@usdoj.gov

**From:** Robert Frommer <rfrommer@ij.org>
**Sent:** Monday, November 29, 2021 9:50 AM
**To:** Rodgers, Victor (USACAC) <VRodgers@usa.doj.gov>

Exhibit E
44

**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Kyndra Griffin <KGriffin@ij.org>
**Subject:** [EXTERNAL] RE: Snitko discovery

Hello Victor,

Yes, I did, and I hope that you did as well. I wanted to get back to you about your request for an extension. As you know, Plaintiffs sent these two sets of requests at the beginning of November, with responses due on December 6. Given this, I do not understand how the holidays would prevent a timely response to discovery issued in this major federal class action. Moreover, it is imperative the parties keep to the schedule that the Court laid out at the November 8 scheduling conference, given the Court's reluctance to extend deadlines (as evidenced by its refusal to extend the time for class certification briefing).

Given all of the above, Plaintiffs can provide Defendants with a one-week extension of the discovery deadlines, which would make both requests due on Monday, December 13. Please let me and my colleagues know if this works for Defendants.

Best,
Robert

Robert Frommer
Senior Attorney, Institute for Justice
Director, IJ's Project on the Fourth Amendment
901 North Glebe Road, Suite #900
Arlington, VA 22203
Tel: (703) 682-9320
Email: rfrommer@ij.org

**From:** Rodgers, Victor (USACAC) <Victor.Rodgers@usdoj.gov>
**Sent:** Monday, November 29, 2021 11:01 AM
**To:** Robert Frommer <rfrommer@ij.org>
**Subject:** Snitko discovery

Hello Robert:

I hope you had a good Thanksgiving. I am writing about plaintiffs' second set of interrogatories and second request for the production of documents. In light of the holidays and press of other business, it is not possible for the government to respond to the discovery by the current deadline. Accordingly, I am requesting an extension until January 14, 2021 to respond to that discovery. Please let me know whether the government can have the extension. Thank you.

Victor Rodgers
Assistant United States Attorney
Asset Forfeiture Section
312 North Spring Street, 14th Floor
Los Angeles, California 90012
Phone 213.894.2569
Fax 213.894.0142

Exhibit E
45

E-mail  victor.rodgers@usdoj.gov

14

**Exhibit E
46**