# Exhibit F

to Declaration of Nilay U. Vora

| | |
|---|---|
| **From:** | Rodgers, Victor (USACAC) <Victor.Rodgers@usdoj.gov> |
| **Sent:** | Thursday, February 17, 2022 7:40 PM |
| **To:** | Robert Frommer |
| **Cc:** | Robert Johnson; Joe Gay; Michael Greenberg |
| **Subject:** | RE: Discovery Dispute in Snitko et al. v. United States, Case 2:21-cv-04405-RGK-MAR |

Rob,

Thank you for your email. Obviously, I do not agree to your characterization of the government slow-motioning the discovery process or somehow being dilatory, but that is beside the point. As to the merits, please note the following.

Based on our February 10 telephone conversation, I understood that the parties had reached an impasse, which is the predicate as to a discovery motion, and a discovery motion would be forthcoming on one issue, namely the dispute over the terms of the protective order in connection with the provision governing class members use of inventories. As I have explained multiple times, the government cannot produce any additional discovery to you until such time as a mutually acceptable protective order is entered (and in fact could open itself to liability under the APA) and, as our February 2022 email correspondence makes clear (along with your January 24 letter), the issuance of the protective order drives all other discovery matters in this case. You agreed to delay discovery pending entry of the protective order and production of information once the order is entered. Absent entry of the protective order, I have to maintain the government's objections to your discovery. Quite frankly, I thought the protective order I sent you was completely reasonable, standard and would be acceptable, but plaintiffs nevertheless object to it, and as a result discovery cannot be provided at this time.

As to your request for the reason I added that defendants "largely" agreed not to continue press particular objections, in the first version of the "Neutral Statement of Dispute" you sent me (which was different from the final version you sent to the Court, in which you only included some of my changes and also changed the section titled "Plaintiffs position"), it was because the email you sent me in the morning on February 11 did not mention the protective order at all, but instead raised other matters which we did not discuss on February 10 and for which I had no reason to believe the parties had reached an impasse. Accordingly, my insertion of the word "largely" in the first draft of your Neutral Statement of Dispute email, which is different from the email below, was because I could not determine the scope of your statement regarding the impasse that had been reached and therefore could not accept verbatim your statement about the government's non-pursuit of the objections.

I still understand that the protective order issue drives all the other issues, as to the extent the government has asserted objections, those objections provide that the government will produce information once an appropriate protective order is entered, and you have agreed to review whatever the government produces in deciding whether that production is acceptable. The entry of the protective order applies to all the discovery requests set forth in your January 24, 2022 letter. The government never stated that additional discovery would be provided in the absence of the protective order. While your email provides that the protective order issue is relevant to only two interrogatories, that is untrue, as you agreed to defer resolution of all the individual discovery requests pending the entry of the protective order and production occurring after the protective order was entered.

Victor Rodgers
Assistant United States Attorney
Asset Forfeiture Section
312 North Spring Street, 14th Floor
Los Angeles, California 90012
Phone 213.894.2569
Fax 213.894.0142
E-mail  victor.rodgers@usdoj.gov

**Exhibit F**
**48**

**From:** Robert Frommer <rfrommer@ij.org>
**Sent:** Thursday, February 17, 2022 6:55 AM
**To:** Rodgers, Victor (USACAC) <VRodgers@usa.doj.gov>
**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Michael Greenberg <mgreenberg@ij.org>
**Subject:** [EXTERNAL] RE: Discovery Dispute in Snitko et al. v. United States, Case 2:21-cv-04405-RGK-MAR

Victor,

I am writing to follow up on my email below.  On Monday I asked Defendants to identify the specific objections they continue to maintain as to each of Plaintiffs' discovery requests.  This should be information that is readily available to Defendants, given that they first raised these objections back in January.  And Plaintiffs need to know the scope of Defendants' objections so they can properly brief these issues for the Court.  Yet Defendants have provided nothing in response.

The continued delays in the discovery process are unacceptable.  As Defendants are aware, the Court has set a deadline for the parties to file dispositive motions in June of this year.  Plaintiffs have worked diligently to comply with the Court's schedule by promptly promulgating their discovery requests and quickly following up on Defendants' responses and objections.  By contrast, Defendants have slow-walked this discovery process, as evidenced by the fact that Plaintiffs have received no substantive documents or interrogatory responses in the 100+ days since they promulgated their requests.

This dilatory behavior flouts the rules of civil procedure, which exist to "secure the just, speedy, and inexpensive determination of every action and proceeding."   It threatens not only to unnecessarily extend these proceedings, but to prevent Plaintiffs from obtaining the full measure of discovery to which they are entitled under the rules.

To move this matter along, please provide the full list of Defendants' remaining objections by close of business today.  Should Defendants fail to do so, Plaintiffs reserve the right to ask the Court for whatever relief they need to protect the interests of both named Plaintiffs and the certified class.

Best,
Robert

Robert Frommer
Senior Attorney, Institute for Justice
Director, IJ's Project on the Fourth Amendment
901 North Glebe Road, Suite #900
Arlington, VA 22203
Tel: (703) 682-9320
Email: rfrommer@ij.org


**From:** Robert Frommer
**Sent:** Monday, February 14, 2022 5:07 PM
**To:** Rodgers, Victor (USACAC) <Victor.Rodgers@usdoj.gov>
**Cc:** Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Michael Greenberg <mgreenberg@ij.org>
**Subject:** FW: Discovery Dispute in Snitko et al. v. United States, Case 2:21-cv-04405-RGK-MAR

Victor,

Exhibit F
49

I trust that you saw the email from Ms. Bustos asking us to move forward with the joint stipulation.  We will begin work on that and reach out when it is ready for Defendants' response.

Given this development, I want to ensure that the parties focus on only those discovery issues that require the Court's attention.  To that end, an edit you made to the neutral statement of dispute added the word "largely" to this sentence.

> Following Plaintiffs' receipt of Defendants' responses and objections on January 10, the parties conferred about those objections, which Defendants **largely** agreed not to continue to press, subject to entry of a protective order.

Plaintiffs are unsure as to the scope of this edit.  At our January 24th teleconference, Plaintiffs agreed not to press for a response to two interrogatories (namely, interrogatories #7 and #12) should the documents produced in discovery be sufficient so as to provide Plaintiffs with the requested information those interrogatories seek.  Plaintiffs are willing to still abide by that agreement.  In addition, Plaintiffs asked that Defendants' search for responsive documents to respond to request for production #6 go up to and include the date of the USPV search/seizure.

Plaintiffs want to verify whether Defendants' reference to "largely" was to these two circumstances, or whether Defendants continue to have substantive objections to Plaintiffs' requests. To that end, please identify each and every objection that Defendants continue to maintain as to Plaintiffs' discovery requests.  This identification will help ensure that the parties do not waste the Court's time briefing and litigating irrelevant issues.

Best,
Robert

Robert Frommer
Senior Attorney, Institute for Justice
Director, IJ's Project on the Fourth Amendment
901 North Glebe Road, Suite #900
Arlington, VA 22203
Tel: (703) 682-9320
Email: rfrommer@ij.org

---

**From:** Erica Bustos <erica_bustos@cacd.uscourts.gov>
**Sent:** Monday, February 14, 2022 12:01 PM
**To:** Robert Frommer <rfrommer@ij.org>
**Cc:** Rodgers, Victor (USACAC) <Victor.Rodgers@usdoj.gov>; Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Michael Greenberg <mgreenberg@ij.org>; Kyndra Griffin <KGriffin@ij.org>; Casey Nasca <cnasca@ij.org>
**Subject:** RE: Discovery Dispute in Snitko et al. v. United States, Case 2:21-cv-04405-RGK-MAR

Good morning counsel,  please file your motion, no conference needed. Remember to comply with Local Rule 37, about the Joint Stip also.

Thank you



ERICA BUSTOS
MAGISTRATE JUDGE COURTROOM DEPUTY
TO THE HONORABLE MARGO A. ROCCONI
UNITED STATES DISTRICT COURT
CALIFORNIA CENTRAL DISTRICT COURT
255 East Temple Street
Los Angeles, CA 90012-3332
Office: (213) 894-3589    Fax: (213) 894-3035
Email: erica_bustos@cacd.uscourts.gov

3

Exhibit F
50

**From:** Robert Frommer <rfrommer@ij.org>
**Sent:** Friday, February 11, 2022 1:59 PM
**To:** Erica Bustos <erica_bustos@cacd.uscourts.gov>
**Cc:** Rodgers, Victor (USACAC) <Victor.Rodgers@usdoj.gov>; Robert Johnson <rjohnson@ij.org>; Joe Gay <jgay@ij.org>; Michael Greenberg <mgreenberg@ij.org>; Kyndra Griffin <KGriffin@ij.org>; Casey Nasca <cnasca@ij.org>
**Subject:** Discovery Dispute in Snitko et al. v. United States, Case 2:21-cv-04405-RGK-MAR

**CAUTION - EXTERNAL:**

Hello, the parties in Snitko v. United States have reached an impasse on discovery and seek this Court's assistance.

Mutually Agreed Proposed Times for Teleconference:
February 17th: 11:00am PT / 2pm ET
February 23rd: 1:00pm PT / 4pm ET
February 24th: 11:00am PT / 2pm ET
February 25th: 10:00am PT / 1pm ET

Neutral Statement of Dispute: This class action asserts that the government Defendants' search and seizure of class members' safe deposit boxes at US Private Vaults in March 2021 violated the Fourth Amendment. On November 5, Plaintiffs submitted document requests and interrogatories seeking, among other things, the identity of those officials who conducted the search of class members' safe deposit boxes, the procedures employed in that search, and the written and/or videorecorded inventories made of class members' boxes. At Defendants' request, Plaintiffs extended the response date for those requests until January 7, 2022. Following Plaintiffs' receipt of Defendants' responses and objections on January 10, the parties conferred about those objections, which Defendants largely agreed not to continue to press subject to entry of a protective order. Other than the unsealed seizure warrant and affidavit in support, which was ordered produced in another action in this District, Defendants have produced no other responsive documents or interrogatory responses due to disagreement about the contours of a protective order.

Plaintiffs' position: Plaintiffs believe that Defendants should immediately produce those responsive interrogatory responses and documents not containing material that would be subject to a protective order, and that any protective order should allow Plaintiffs to share the inventory from a class member's safe deposit box with that class member so that he or she can use it to pursue a claim against Defendants for lost or misplaced property, given that the Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131–32 (9th Cir. 2003).

Defendants' position: The sole discovery impasse (as non-protected information has been produced) pertains to the government's proposed protective order as it applies to the inventories (which contain personal identifying information of more than just the class members and records for which the APA requires a protective order), in that Plaintiffs object to paragraph 7.1 of the Court's standard protective order which provides that named parties (and unnamed class members and third parties by executing and providing Exhibit A to the government before disseminating Protected Information) can use Protected Information "only for prosecuting, defending, or attempting to settle this Action," provides in paragraph 6.1 that any party can challenge the producing party's confidentiality designation and contains no language prohibiting a class member from requesting a copy, as part of any future claim, of any inventory should they wish to pursue a future claim for lost or misplaced property.

Best,
Robert

Exhibit F
51

Robert Frommer
Senior Attorney, Institute for Justice
Director, IJ's Project on the Fourth Amendment
901 North Glebe Road, Suite #900
Arlington, VA 22203
Tel: (703) 682-9320
Email: rfrommer@ij.org

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.