# Exhibit I

to Declaration of Nilay U. Vora

Exhibit I
62

| | |
|---|---|
| **From:** | Rodgers, Victor (USACAC) <Victor.Rodgers@usdoj.gov> |
| **Sent:** | Wednesday, April 20, 2022 2:02 PM |
| **To:** | Robert Frommer |
| **Cc:** | Nilay Vora; Coll, Maxwell (USACAC); Brown, Andrew (USACAC); Joe Gay; Michael Greenberg; Robert Johnson |
| **Subject:** | RE: Conference call and next steps |

Rob,

Thanks for your email, as we continue to work on discovery issues in this complex matter. I remain committed to do so. I am available tomorrow (Thursday) morning at 10:00 a.m. PST for a meet and confer, and I am responding below to issues raised in the April 18 email. I think doing so places us in a better framework before the call.

On April 6, you indicated you wanted to take a short deposition of Palmerton, on April 8, I indicated he could be deposed April 26, 27 or 28, and on April 11, you indicated you would check with your team and get back to me regarding the date. I still do not have a date, and April 26 is no longer available. Could you let me know which remaining date - - April 27 or 28 - - works. If you want documents produced before Palmerton's deposition, then the April dates do not work.

Reviewing my April 13 email, I can see it was a little confusing. First, I was giving an estimate of the production date, and not a firm 100% commitment, yet I understood from our April 14 conversation that you wanted a 100% commitment, so that is why I responded in that fashion in my April 15 email. In addition, I was not referring to the videos, but the written documents, because the videos are more complicated in the redaction process and transmission to you and I am working diligently with the FBI to find a quick solution for producing them. They are not prepared for immediate production to you now but I am working on getting additional information and should be able to update you soon on timing. My reference to burning the videos had to do with transmitting them within the FBI, not to you.

As to the written documents, and my statement that I hope to produce them in waves, I do not know the exact date when the first wave will start, but I believe it will be during the week of May 2 and I believe the written document production will be substantially complete during that week. If you want documents prior to the depositions, then you should probably wait until I can give you additional updates. As I have stated, I will provide updates on the status, but I do not anticipate providing daily status reports to you.

As to the privilege log, we will do the best we can. Again, I cannot commit 100% to producing the log by May 6.

As to the extension of time, I am unclear - - if you move to continue the deadlines, do you intend to do so by noticed motion or ex parte application, whenever you decide to file it? I am not sure a motion on 28 days notice makes a lot of sense. Again, I do not intend to oppose a continuance.

As to the retention policy, here is my thinking. Unlike the inventory policy which bears on issues in this case, the retention policy does not. In other words, the fact that the FBI may have a policy requiring it to retain documents is not a defense to a Court deciding that the government cannot retain and must destroy documents. Regardless of whether the FBI has a policy to retain documents, if a Court orders it to do so, the policy cannot trump the Court's order. If necessary, the government is willing to stipulate that, absent a Court order, the government intends to retain the records created during the inventory.

As to the plaintiffs depositions, do you have any dates? Please let me know.

Thanks.

Victor Rodgers
Assistant United States Attorney

**Exhibit I**
**63**

Asset Forfeiture Section
312 North Spring Street, 14th Floor
Los Angeles, California 90012
Phone 213.894.2569
Fax 213.894.0142
E-mail  victor.rodgers@usdoj.gov

**From:** Robert Frommer <rfrommer@ij.org>
**Sent:** Tuesday, April 19, 2022 5:23 PM
**To:** Robert Johnson <rjohnson@ij.org>; Rodgers, Victor (USACAC) <VRodgers@usa.doj.gov>
**Cc:** Nilay Vora <nvora@voralaw.com>; Coll, Maxwell (USACAC) <MColl@usa.doj.gov>; Brown, Andrew (USACAC) <ABrown3@usa.doj.gov>; Joe Gay <jgay@ij.org>; Michael Greenberg <mgreenberg@ij.org>
**Subject:** [EXTERNAL] RE: Conference call and next steps

Victor,

Thank you for sending over the excerpt from the DIOG as well as the list of class members. I'm writing, however, because we have not received any response from you to Rob Johnson's email from Monday afternoon. As you are aware, Plaintiffs require answers to the questions Rob asked in his email so that we can complete discovery and brief the merits of our case to the Court in a timely fashion.

Given the delay, it may be more efficacious to meet and confer about these and other outstanding issues. To that end, please provide us with a time tomorrow when you can discuss Rob's inquiries, including your objections to RFP #10 and any other of Plaintiffs' discovery requests.

Best,
Rob

Robert Frommer
Senior Attorney, Institute for Justice
Director, IJ's Project on the Fourth Amendment
901 North Glebe Road, Suite #900
Arlington, VA 22203
Tel: (703) 682-9320, ext. #207
Email: rfrommer@ij.org


**From:** Robert Johnson <rjohnson@ij.org>
**Sent:** Monday, April 18, 2022 4:53 PM
**To:** Rodgers, Victor (USACAC) <Victor.Rodgers@usdoj.gov>; Robert Frommer <rfrommer@ij.org>
**Cc:** Nilay Vora <nvora@voralaw.com>; Coll, Maxwell (USACAC) <Maxwell.Coll@usdoj.gov>; Brown, Andrew (USACAC) <Andrew.Brown@usdoj.gov>; Joe Gay <jgay@ij.org>; Michael Greenberg <mgreenberg@ij.org>
**Subject:** RE: Conference call and next steps

Victor,

Thank you for this email. Rob Frommer is out sick today, but we should hopefully be able to finalize the deposition dates when he is back online tomorrow. Please continue to hold the April dates for Palmerton and the May 6 date for Zellhart. In the meantime, a few thoughts and questions below.

Timing of Discovery

2

Exhibit I
64

I understand from your email below that you "cannot commit to a May 6, 2022 100% production of everything." At the same time, in an email to Rob Frommer dated April 13, you also stated that you "estimate that full production will be completed within three weeks." Three weeks from April 13 would be May 4. Understanding that you cannot make a firm commitment to "100% production of everything," does your May 4 estimate for full production still stand? And can you commit that production will at least be *substantially* complete before the Zellhart deposition on May 6?

Also, for our information, when do you expect to produce the first wave of documents? I understand you will be producing in waves, so, if you are targeting early May to complete the production, I expect we can hope to see some documents soon? (I know the DOIG is coming tomorrow, but I am asking here about all the other documents.) Please let us know so that we know where things stand.

Delivery of Documents

It's my understanding that you have agreed to send files electronically. I appreciate that, as, given the short time remaining, we cannot wait for delivery of physical copies by mail.

I also understand that there is some question as to how best to send the video files. I want to reiterate that, if it is not possible to send the video files electronically, we are more than happy to come to the FBI offices to pick them up. Can you confirm whether there are currently video files that are ready to be produced, once we figure out this question of how to arrange delivery? If so, please let us know when we can come in person to pick them up.

RFP 10

With respect to RFP 10, documents pertaining to the retention of documents are relevant because Plaintiffs' claims are based in part on the retention and subsequent use of the records from the search. As Judge Klausner explained in his order certifying the class, Plaintiffs seek "an injunction enjoining the Government from continuing to retain the records generated and evidence collected during the search of Plaintiffs' USPV boxes." DE 78 at 5.

Because Plaintiffs are challenging the retention and use of records generated during the search, information about the retention and use of such records is plainly relevant to Plaintiffs' case. Indeed, at paragraph 110 of the government's Answer the government denied that it will "retain records of [the plaintiffs'] property that were generated during its unlawful search." DE 33, 80; *see also* Answer Paragraphs 117. Plaintiffs are entitled to seek additional information in order to probe the basis for this denial.

I should add that I am surprised and dismayed that we are discussing this basic question of relevance at this stage, when Plaintiffs served these discovery requests so early in this litigation. This objection should have been raised at the last meet and confer, before the prior motion to compel, and in my view it has been waived due to the government's failure to raise the question at an earlier stage.

Other Production

Given the late-breaking objection to RFP 10, I just want to nail down exactly what documents the government is preparing to produce. I understand from your correspondence to date that the government will be producing (1) the DIOG, (2) written inventories, and (3) video of the search. If that understanding is incorrect, please correct that understanding immediately.

With respect to RFP 6, seeking information on written instructions for the search, your April 13 email stated that "we will have to produce these documents in waves." Do I understand correctly from your email that you *do* intend to produce any such written directions? Is there any reason those instructions cannot be produced now?

Extension of Time

Exhibit I
65

We agree with you that more time would be helpful to ensure full & thorough discovery in this case. However, we also want to reiterate that we cannot count on the Court granting an extension of time in this matter. We intend to move diligently to seek an extension, but we believe that the Court will want us to work through these discovery questions *before* seeking such a request. Until we have worked to nail down these questions, it is our belief that such a motion would be premature and would not be well received.

The uncertain possibility of an extension is not a reason to delay discovery. Plaintiffs served discovery in this case on November 5, 2021, which is now more than five months ago, and yet almost nothing has been produced in response to our requests. Plaintiffs believe that it is still possible to meet the schedule set by the Court, and we need the government to work with us to that end.

You state in your email that you expected that we would provide language for a stipulated extension of time. However, as we discussed on our last call, Plaintiffs are contemplating pursuing that relief through an unopposed motion, and I understand the government's position to be that you do not oppose such a motion. Please let me know if I misunderstood. We hope to get such a motion on file as soon as we obtain some clarity on the likely timeline in this case.

Thanks very much for your response.

Kind regards,

**Rob Johnson**
*Senior Attorney*
Institute for Justice
www.ij.org/staff/rjohnson

---

**From:** Rodgers, Victor (USACAC) <Victor.Rodgers@usdoj.gov>
**Sent:** Friday, April 15, 2022 5:49 PM
**To:** Robert Frommer <rfrommer@ij.org>
**Cc:** Robert Johnson <rjohnson@ij.org>; Nilay Vora <nvora@voralaw.com>; Coll, Maxwell (USACAC) <Maxwell.Coll@usdoj.gov>; Brown, Andrew (USACAC) <Andrew.Brown@usdoj.gov>
**Subject:** RE: Conference call and next steps

Thanks for the email Rob.  I am trying, within the short time frames you provided, to respond to your requests.  Here is what I have come up with.

1. The FBI cannot commit to a May 6, 2022 100% production of everything you request, as you have asked.  As I stated, the government does not oppose an application to continue the dates in this case (and would sign a stipulation for the continuance), and I thought you would be sending me papers regarding this last Wednesday.
2. I do not have a firm date by which all the videos will be produced at this time.  I expect to have more information later, but I am complying with your COB deadline today for a commitment.
3. We should firm up the Palmerton deposition date.  People cannot continue to keep the available dates open.  As to Zellhart, who you asked about on Wednesday, Zellhart is available May 6.
4. See number 1, and the DIOG will be produced April 19.
5. As to RFP # 10, FBI documents regarding retention and use of inventories will not be produced.  If you have any argument as to their relevancy, please provide it, but I do not see these documents as having anything to do with this case.

**Exhibit I
66**

6. See number 1. As to the breadth and specificity of the log, please understand that the government anticipates that plaintiffs will also produce an equivalent privilege log when responding to the government's discovery.
7. I am happy to have a meet and confer before plaintiffs depositions, but I need to reiterate that I do not see any grounds for a protective order, as to the extent plaintiffs feel that objectionable questions are asked during the depositions, they can object and/or instruct witnesses not to answer. This is not a basis to avoid a deposition altogether.

I hope to work with you to resolve these discovery issues, in a timely fashion, to our mutual satisfaction.

Thanks.

Victor Rodgers
Assistant United States Attorney
Asset Forfeiture Section
312 North Spring Street, 14th Floor
Los Angeles, California 90012
Phone 213.894.2569
Fax 213.894.0142
E-mail  victor.rodgers@usdoj.gov

**From:** Robert Frommer <rfrommer@ij.org>
**Sent:** Thursday, April 14, 2022 11:33 AM
**To:** Rodgers, Victor (USACAC) <VRodgers@usa.doj.gov>; Coll, Maxwell (USACAC) <MColl@usa.doj.gov>; Brown, Andrew (USACAC) <ABrown3@usa.doj.gov>
**Cc:** Robert Johnson <rjohnson@ij.org>; Nilay Vora <nvora@voralaw.com>
**Subject:** [EXTERNAL] Conference call and next steps

Victor,

Thank you for speaking with me, Rob, and Nilay just now. As we stated on the call, we believe that we can meet the trial briefing dates in this case so long as discovery continues apace.

To that end, here is what I understand you will be doing with respect to outstanding discovery as well as depositions.

1) On a firm May 6 production deadline: You will reach out to the FBI and get back to us by close of business tomorrow as to whether they can commit to that deadline.
    a. Note that even with a May 6 deadline we want to receive discovery responses as soon as possible, consistent with your statements about rolling production.
    b. To the extent the FBI cannot commit to a May 6 deadline, Plaintiffs may need to move for relief from Magistrate Judge Rocconi and/or Judge Klausner. To the extent that includes a motion to continue briefing deadlines, I understand that you would be OK with us proceeding via an unopposed motion.

2) On the videos: we think that the videos should be able to be immediately produced via a jump drive, an FTP site, or some other technological solution. You were going to check with the FBI about whether production of videos can be done via one of those methods, and when is the earliest time those videos can be produced.

3) On Palmerton/Zellhart depositions: We stated that we'd like to depose both Palmerton and Zellhart during the month of April. We have the April 26-28 dates for Palmerton that you previously provided. You were going to check with Zellhart as to her availability during the month of April and get back to us.

**Exhibit I
67**

4) On RFP #7 (all internal policy documents applied to guide LEOS during USPV search): I understand that you will be producing the DIOG by April 19 and that, to the extent there are other responsive documents, those will be produced on or before May 6 (contingent on the FBI's commitment to that date.

5) On RFP #10 (all internal policy documents applicable to retention and use of inventories and other documents): You stated that you'd get back to us by COB tomorrow as to whether you will produce documents responsive to this RFP.

6) On a privilege log: I understood Defendants' position to be that they will produce a privilege log to the extent documents are withheld. You were going to get back to us by COB tomorrow as to whether that log will be provided to Plaintiffs on or before May 6, 2022.

7) On depositions of Plaintiffs: We will check with our clients about their availability during the week of May 30-June 3. Once we have that information, the parties should meet and discuss the need for a protective order or other relief prior to those depositions occurring.

Again, thank you for taking time to speak. We hope that the parties can work together to complete discovery in a timely fashion on this important matter.

Best,
Rob

Robert Frommer
Senior Attorney, Institute for Justice
Director, IJ's Project on the Fourth Amendment
901 North Glebe Road, Suite #900
Arlington, VA 22203
Tel: (703) 682-9320, ext. #207
Email: rfrommer@ij.org