**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
Joe Gay^
jgay@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

* *Admitted pro hac vice.*
^*Pro hac vice application pending.*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| **PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC, and TRAVIS MAY,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA, TRACY L. WILKISON, in her official capacity as Acting United States Attorney for the Central District of California, and KRISTI KOONS JOHNSON, in her official capacity as an Assistant Director of the Federal Bureau of Investigation,**<br><br>Defendants. | Case No. 2:21-cv-04405-RGK-MAR<br><br>**DECLARATION OF ROBERT FROMMER IN SUPPORT OF PLAINTIFFS'** *EX PARTE* **APPLICATION TO SET A SCHEDULE FOR PRODUCTION OF DOCUMENTS AND DISCOVERY MOTIONS**<br><br>(*Filed Concurrently with Plaintiffs' Ex Parte Application; Memorandum of Points and Authorities; Declaration of Nilay U. Vora, Supporting Exhibits; and Proposed Order*)<br><br>DISCOVERY MATTER<br><br>Judge: Hon. Margo A. Rocconi<br>Discovery cutoff date: TBD<br>Pre-Trial Conference Date: TBD<br>Trial Date: July 26, 2022<br>Complaint Filed: May 27, 2021<br>Amended Complaint Filed: June 9, 2021 |

   I, Robert Frommer, submit the following declaration in support of Plaintiffs' Ex Parte Application to Set a Schedule for Production of Documents and Discovery Motions.

   1. I am an active member of the State Bar of Virginia and a senior attorney at the Institute for Justice. I am admitted *pro hac vice* in this proceeding, and I submit this declaration in support of Plaintiffs' Ex Parte Application.

   2. On April 21, 2022, I participated in a meet-and-confer concerning the schedule for production of documents in this case. Nilay Vora and Robert Johnson also participated in the call, as counsel for Plaintiffs. Defendants (the United States of America and two officials sued in their official capacities, referred to herein after as the "government") were represented by AUSA Victor Rodgers. Plaintiffs requested this conference to determine whether Defendants would oppose Plaintiffs' Ex Parte Application and to discuss with Defendants outstanding issues regarding the government's production.

   3. At the April 21 conference, Counsel for Plaintiffs orally discussed the scope of relief sought by Plaintiffs' Ex Parte Application and asked Defendants whether they opposed that application. Counsel for Defendants stated that he opposed the application.

   4. Counsel for Plaintiffs asked Counsel for Defendants the reason for the slow pace of production of responsive documents. Counsel for Defendants reiterated that Defendants intend to produce documents in response to Plaintiffs' requests, including RFPs 6, 7, 8, and 9. But he went on to state that the FBI contains numerous different departments that are responsible for production in this action. He further stated that production has been stymied due to his inability to communicate with some of those departments or to require that they complete their production within a certain time. Due to these internal processes, Counsel for Defendants could not commit to a firm document production deadline of May 6, 2022.

5.      Similarly, Counsel for Defendants stated that he could not commit to producing the videos responsive to Plaintiffs' Request for Production No. 9 by any date certain. He was unable to provide any estimated completion date for the videos and suggested it might be even later than May 6. Counsel stated that, despite the entry of a protective order in this case, the FBI needed to redact certain information from the videos before production could occur, and that he did not know when that process would be complete. Counsel was not able to say what exactly was being redacted from the videos, but he said that he thought it was possible the FBI might be redacting references to internal FBI case numbers.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 21st day of April, 2022.

/s/ Robert Frommer
Robert Frommer