UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:21-cv-04405-RGK-MARx**                          Date:  May 2, 2022

Title:    _Paul Snitko, et al. v. United States of America, et al._

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Erica Bustos | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**       **(In Chambers) ORDER DENYING EX PARTE APPLICATION, ECF 95.**

On April 21, 2022, Plaintiffs Paul Snitko, Jennifer Snitko, Tyler Gothier, Joseph Ruiz, Jeni Verdon-Pearsons, Michael Storc, and Travis May (collectively "Plaintiffs") filed their Ex Parte Application for Order Setting a Schedule for Production of Documents and Discovery Motions ("Application").  ECF Docket No. ("Dkt.") 95.  Defendants include the United States of America, Tracy L. Wilkison (in her official capacity as Acting United States Attorney for the Central District of California), and Kristi Koons Johnson (in her official capacity as an Assistant Director of the Federal Bureau of Investigation) (collectively "Defendants" or the "government").  See id. Defendants oppose Plaintiffs' Application.  See Dkt 96.  The matter has been fully briefed.  See Dkt. 97.

For the reasons set forth below, the Court **DENIES** in part and **GRANTS** in part Plaintiffs' Application.

**I.**
**BACKGROUND:**

Plaintiffs contends that relief is necessary to avoid prejudice to the Plaintiffs.  See Dkt. 95 at 19.  Plaintiffs ask the Court to: (1) order the government to begin producing documents as soon as they are available and to set a firm deadline of May 6, 2022 for the government to finish production;[1] (2) order that the government specifically identify, in writing within seven (7) days, any categories of responsive documents that it intends to withhold from its upcoming production; (3) order the government to provide a complete privilege log no later than May 6, 2022; and (4) adopt an expedited briefing schedule for any subsequent motion to compel.  Id.  The government argues that Plaintiffs' Application should be denied, and the Court should instead order the government to file a status report regarding the state of discovery production and responses by May 9, 2022.  Dkt. 96 at 12.
///
///

---

[1] To the extent that Plaintiffs' Application could be construed as asking this Court to modify or amend Judge Klausner's scheduling order, this Court lacks the authority to do so.  See Local Rule 16-14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:21-cv-04405-RGK-MARx**                                   Date:  May 2, 2022

Title:    _Paul Snitko, et al. v. United States of America, et al._

Plaintiffs' document requests pertain primarily to the following requests for production ("RFPs"):

- RFP 6 sought all written directions provided to officers who conducted the search.
- RFP 7 sought all internal policy documents applied to guide the conduct of the officers who conducted the search.
- RFP 8 sought all written inventories produced during the search of the boxes of class members.
- RFP 9 sought all video recordings showing the manner in which government officials conducted the search of class members' boxes.
- RFP 10 sought policy documents that will govern the subsequent retention of documents and other records produced during the search.

Dkt. 95 at 11.  The government confirmed its intent to produce documents in response to RFPs 6, 7, 8, and 9.  Id. at 18.  However, the government stated that it would not produce documents responsive to RFP 10 and the parties are still negotiating the scope of production under this RFP. Id. at 16, 23 n.7.

Plaintiffs served their first discovery request on the government on November 5, 2021.  Id. at 11.  After the government asked for an extension of time to accommodate the "FBI employees who must assemble the documents necessary for discovery," Plaintiffs agreed to extend the government's response date to January 7, 2022.  Id. at 12.  In its response, the government raised objections, but did not include a privilege log or any documents responsive Plaintiffs' production requests.  Id.  Finally, on January 14, 2022, the government produced a full copy of the search and seizure warrants, as well as the underlying applications and affidavits.  Id.

In late January 2022[2], the Government provided Plaintiffs with the Court's standard protective order and indicated that it would produce the outstanding documents in response to Plaintiffs' RFPs as soon as the protective order was entered.  Id. at 13.  Plaintiffs disagreed with the language of the proposed protective order, which the government claims brought their ability prepare responsive documents "to a screeching halt."  Dkt. 96 at 6.  However, it is not clear why the government could not have continued preparing those documents not covered by the protective order while the details of the protective order were being resolved.[3]  The government also does not

---

[2] The government asserts that it supplied Plaintiffs with the protective order on January 24, 2022, whereas Plaintiffs maintain that the government sent the proposed protective order three days.  Dkts. 96 at 6; 95 at 13.

[3] Although the government explains that the FBI's discovery unit cannot start reviewing documents for privilege or making redactions until a signed protective order is in place, it is unclear whether this would impact some or all of the requested documents and videos.  See Dkt. 96-1 ¶¶ 13–21.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:21-cv-04405-RGK-MARx**                                Date:  May 2, 2022

Title:      *Paul Snitko, et al. v. United States of America, et al.*

explain why it did not raise the issue of a protective order earlier when Plaintiffs first served their discovery requests.  On March 30, 2022, the Court entered a protective order and on April 19, the government produced supplemental responses to interrogatories identifying approximately 400 class members and providing the inventory policy.  Id.

The government contends that it expects to "substantially complete" the production of written documents to Plaintiffs by May 6, 2022.  Id.  Still, the government has been reluctant to commit to firm dates of when certain documents will be produced.  See Dkt. 95 at 16.  Further, the government's estimated production dates continue to shift.  See id.  Although the government maintains that it has no objection to a continuance of the dates in this case, Judge Klausner's Standing Order makes clear that "[c]hanges in dates are disfavored" and that "[t]rial dates set by the Court are firm and will rarely be changed."  Dkts. 24 ¶ 12; 96 at 2.

The bench trial is scheduled for July 26, 2022, and the parties' opening briefs are due on June 21.  Dkts. 83, 82.  Plaintiffs plan to begin depositions on April 28, 2022.  Dkt. 95 at 19.  Most of Plaintiffs' depositions are scheduled to take place between May 16 and May 27.  Id.  Plaintiffs are concerned that, absent an order from the Court, the government will not provide any documents to use in Plaintiffs' depositions.  Id.  Given the government's sluggish production thus far, Plaintiffs also fear that they will not have any of the requested documents in time to include in the opening brief.  Id.

**II.**
**RELEVANT LAW:**

Ex parte applications are "nearly always improper," and "the opportunities for legitimate [ones] are extremely limited."  In re Intermagnetics Am., Inc., 101 B.R. 191, 192, 193 (C.D. Cal. 1989).  Filing an ex parte application is justified only when:

> (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought).

Horne v. Wells Fargo Bank, N.A., 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (citing Intermagnetics, 101 B.R. at 193).

To obtain ex parte relief, the moving party must show: "(1) the moving party is without fault in creating the crisis that requires ex parte relief or the crisis occurred as a result of excusable neglect; and (2) the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures."  Altair Instruments, Inc. v. Telebrands Corp., No. CV 19-08967-PSG (JC), 2020 WL 6106821, at *2 (C.D. Cal. July 10, 2020) (citing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:21-cv-04405-RGK-MARx**                                    Date:  May 2, 2022

Title:     _Paul Snitko, et al. v. United States of America, et al._

Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).  A party
seeking the extraordinary remedy of ex parte relief must show "that it used the entire discovery
period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the
discovery period."  See Mission Power Eng'g Co., 883 F. Supp. at 493; see also Local Rule 37-3
("Unless the Court in its discretion otherwise allows, no discovery motions may be filed or heard on
an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of
diligence of the moving party.").

**III.**
**ANALYSIS:**

        First, Plaintiffs have met their burden of showing that they are "without fault in creating the
crisis that requires ex parte relief[.]"  See Mission Power Eng'g Co., 883 F. Supp. at 493.  It appears
to the Court that Plaintiffs have been diligent in attempting to obtain the requested documents in a
timely fashion, and that any delays related to their production were not the fault of the Plaintiffs.
Plaintiffs have consistently reminded the government of their need for the requested documents and
sought to establish firm production deadlines throughout the entire discovery period.  See Dkt. 95
at 22.  Although Defendants argue that Plaintiffs delayed discovery by litigating the specific language
of the protective order, Defendants do not explain why they did not raise the issue of a protective
order earlier in the discovery process.  See Dkt. 96 at 6.  Emails between the parties also do not
indicate that Plaintiffs were aware the government would cease its preparation of documents for
production during the time the protective order was being negotiated.  See Dkt. 95-6.  Accordingly,
the Court finds that Plaintiffs are largely without fault for creating any delays in discovery.

        Second, Plaintiffs have not shown that they will suffer irreparable harm in the absence of ex
parte relief.  Plaintiffs seek an order requiring production of documents by May 6, 2022.  Dkt. 95
at 3.  However, the government has advised that their production of written documents will be
substantially completed by Plaintiffs' proposed May 6 deadline.  Dkt. 96 at 14.  Still, the government
has not provided a firm date of when it would produce the requested videos.  Id. at 6.  Nevertheless,
because the government expects to have substantially completed their production of written
documents by Plaintiffs' requested deadline, the Court finds the current Application premature.

        Lastly, Plaintiffs have not shown that there is some "some genuine urgency that 'immediate
and irreparable injury . . . will result to the applicant before the adverse party or his attorney can be
heard in opposition[.]'"  White v. Baca, No. CV 13-3401-JFW (SSx), 2014 WL 12696910, at *1
(C.D. Cal. Jan. 30, 2014) (quoting In re Intermagnetics, 101 B.R. at 193–94).  "Merely showing that
deadlines are fast approaching is not enough."  Id.  Plaintiffs note that, if they were to file a motion
to compel, the earliest they could be heard would be May 20, 2022, which is just one month away
from their briefing deadline.  Dkt. 97 at 5.  Although the Court appreciates that Plaintiffs' briefing
deadline is rapidly approaching, the Court had previously indicated that it would be amenable to
adopting an expedited briefing schedule should Plaintiffs wish to renew their motion to compel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  **2:21-cv-04405-RGK-MARx**                                    Date:  May 2, 2022

Title:      *Paul Snitko, et al. v. United States of America, et al.*

Dkt. 90 at 8 n.3.  Also, under Local Rule 6-1, the Court has authority to order a shorter hearing notice period.  See Local Rule 6-1.  Therefore, Plaintiffs have not demonstrated that there is a genuine urgency that warrants ex parte relief.

Given the foregoing, the Court finds that ex parte relief is not warranted.

### IV.
### CONCLUSION:

Therefore, the Court **DENIES** in part Plaintiffs' Application as to the following: (1) Plaintiff's request that the Court order the government to begin producing documents as soon as they are available and set a firm date of May 6, 2022, for the government to finish its production; (2) order the government to specifically identify, in writing within seven (7) days, any categories of responsive documents that it intends to withhold from its upcoming production; and (3) order the government to provide a complete privilege log no later than May 6, 2022.

The Court **GRANTS** in part Plaintiffs' Application with respect to Plaintiffs' request that the Court adopt an expedited briefing schedule for any subsequent motion to compel.  Therefore, to "secure the just, speedy, and inexpensive determination" of this action, Fed. R. Civ. P. 1, the Court will order a shortened notice time for motions to compel filed **after May 9, 2022**.[4]

The Court further **ORDERS** the government to file a status report regarding the state of discovery production and responses by **May 9, 2022**.

In the meantime, the Court strongly encourages the parties to work to resolve these disputes without further involvement of the Court.  The parties should also refer to Judge Klausner's Order for Court Trial, which notes that "[w]henever possible, the Court expects the parties to resolve discovery problems among themselves[.]"  Dkt. 82 at 2–3.

**IT IS SO ORDERED.**

|                          |     :     |
|--------------------------|-----------|
| **Initials of Preparer** |    eb     |

---

[4] To expedite the resolution of the motion to compel, Plaintiffs may bring an ex parte application to shorten time for hearing the motion.  See Local Rule 6-1 (providing that the Court may order a shortened time for notice of a motion).