1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
Joseph Gay^
jgay@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

*Admitted pro hac vice.*
^*Pro hac vice application pending.*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| **PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC, and TRAVIS MAY,**<br><br>                              Plaintiffs,<br><br>        **v.**<br><br>**UNITED STATES OF AMERICA, TRACY L. WILKISON, in her official capacity as Acting United States Attorney for the Central District of California, and KRISTI KOONS JOHNSON, in her official capacity as an Assistant Director of the Federal Bureau of Investigation,**<br><br>                              Defendants. | Case No. 2:21-cv-04405-RGK-MAR<br><br>**JOINT STIPULATION TO CONTINUE BRIEFING AND TRIAL DATES BY 90 DAYS AND CONFIRM INAPPLICABILITY OF DATES MENTIONED IN 'ORDER FOR COURT TRIAL' (ECF NO. 82)**<br><br>*(Filed concurrently with Declaration of Robert Frommer and Supporting Exhibits; and Proposed Order)*<br><br>Judge: Hon. R. Gary Klausner<br><br>Trial Date: July 26, 2022<br>Complaint Filed: May 27, 2021<br>Amended Complaint Filed: June 9, 2021 |

Plaintiffs Paul Snitko, Jennifer Snitko, Tyler Gothier, Joseph Ruiz, Jeni Verdon-Pearsons, Michael Storc, and Travis May (collectively "Plaintiffs"), and Defendants United States of America, Tracy L. Wilkison (in her official capacity) and Kristi Koons Johnson (in her official capacity) (collectively, "Defendants" or "the government"), by their respective counsel, hereby stipulate to continue the briefing and trial dates set forth in the Court's November 8, 2021 Scheduling Order (ECF No. 83) by 90 days and enter an order confirming that the pretrial deadlines set forth in the Court's November 12, 2021 Order for Court Trial (ECF No. 82), except for those listed on the final page of the Order pertaining to "Trials on the Briefs," are inapplicable to this case. Good cause for these requests exists as set forth below.

1.     This certified class-action challenges as unconstitutional the government's search and seizure of hundreds of safe-deposit boxes at U.S. Private Vaults, Inc. (USPV).

2.     After this Court denied the government's motion to dismiss as to Plaintiffs' First and Seventh Claims (which are class and individual claims, respectively) by order dated September 9, 2021 (ECF No. 75) while granting the motion as to Plaintiffs' other claims and certified a class by order dated October 12, 2021 (ECF No. 78), the Court held a scheduling conference on November 8, 2021. The transcript from that scheduling conference reflects that the Court and the parties agreed to "a briefing schedule rather than a trial schedule." Frommer Decl. Ex. A at 8.

3.     The Court then issued a scheduling order containing the following dates:

- Opening Briefs:        June 21, 2022
- Opposition Briefs:     July 12, 2022
- Reply Briefs:          July 19, 2022
- Court Trial:           July 26, 2022 at 9:00 a.m.

1

JOINT STIPULATION TO CONTINUE BRIEFING AND TRIAL DATES BY 90 DAYS AND CONFIRM
INAPPLICABILITY OF DATES MENTIONED IN 'ORDER FOR COURT TRIAL' (ECF NO. 82)

ECF No. 83. The November 8, 2021 scheduling order also provides that the parties should advise the Court if any further dates need be set. *Id.* In addition, on November 12, 2021, the Court issued an "Order for Court Trial," which on the last page contains a section titled "Trial On The Briefs," outlining a requirement to file opening, opposition, and reply briefs and a joint separate statement on the date opposition briefs are due. ECF No. 82 at 6. The subsection regarding a joint separate statement mentions a requirement that the parties cite to "the administrative record" to support their assertions. Other sections of the Order for Court Trial refer to pretrial events—like a Final Pre-Trial Conference—that, while applicable to a case set for a trial schedule, are not applicable for a case set for a briefing schedule like this one. For instance, several events listed in the Order for Court Trial (like deadlines for exchange of Witness Lists and Exhibit Lists) are to be calculated with reference to the Final Pre-Trial Conference. But the Court set no date for a Final Pre-Trial Conference due to the parties agreeing to a briefing schedule.

4.      As part of this stipulation, Plaintiffs make the statements in paragraphs 4 through 11. Three days before the Scheduling Conference—November 5, 2021—Plaintiffs propounded their first sets of merits discovery requests on the government. The document requests sought basic information pertinent to Plaintiffs' Fourth Amendment class claim: any written directions provided to the officers who conducted the search; internal policy documents used to govern the FBI's execution of the search and its retention of records generated after the search; written inventories generated from the search; and video recordings showing the manner in which the search was conducted.

5.      The government has committed to producing documents responsive to each of those requests, but as Magistrate Judge Rocconi found, its production has been "sluggish." Order Denying *Ex Parte* Application (ECF No. 99 at 3). Today—six months later, and hardly a month before opening briefs are due—the

government has been unable to complete its production of those documents; as the Court has noted, the government remains "reluctant to commit to firm dates of when certain documents will be produced." *Id*. As of April 22, the FBI had not yet been able to even "beg[i]n the process of viewing, processing, and redacting the 48 videos found to be responsive to Plaintiffs' request," in part due to "[t]echnical difficulties." Decl. of Section Chief Kristin L. Ellis (ECF No. 96-1 at 18).

6.     Magistrate Judge Rocconi also found that "Plaintiffs have been diligent in attempting to obtain the requested documents in a timely fashion" and "are largely without fault for creating any delays." ECF No. 99 at 4. And the Court has offered that Plaintiffs "may," beginning May 9, 2022, apply to shorten the time for hearing motions to compel concerning Plaintiffs first set of merits discovery. *Id*. at 5 & n.4. But with just six weeks until opening briefs are due, Plaintiffs remain without many of the basic discovery materials they requested six months ago.

7.     Plaintiffs sought to obtain the government's written production prior to depositions so as to help guide their questioning. But given the rapidly approaching June 21, 2022 deadline for opening briefs, Plaintiffs had no choice but to begin scheduling and taking depositions of FBI officials involved in executing and planning the raid—without many of those critical documents they first requested in November.

8.     Plaintiffs began by deposing FBI Special Agent Justin Palmerton on April 28, 2022. They then deposed Special Agent Lynne Zellhart on May 6, 2022. Plaintiffs are trying to work with counsel for the government to schedule additional depositions, including depositions of the government's Rule 30(b)(6) designee(s)— for the period between May 16 and May 27, 2022.

9.     Plaintiffs' deposition of Special Agent Justin Palmerton alerted them to new categories of discoverable documents for the first time. On April 29, 2022, the day after Palmerton's deposition, Plaintiffs promulgated additional requests for production for those newly discovered categories of documents.

10.     On May 5, 2022, less than 24 hours before the Zellhart deposition, the government produced additional documents responsive to Plaintiffs' November discovery requests. Many of these documents were heavily redacted. The government has still not produced any of the video evidence responsive to Plaintiffs' November discovery request and can provide no date certain for its production of those videos.

11.     Given the government's "sluggish" production—and the unfortunate reality that its "estimated production dates continue to shift,"—Plaintiffs fear they will not be able to use many responsive documents in any depositions or even in their opening brief. *See id.* at 3. Even with the government's recent production of new responsive documents, Plaintiffs believe many of those documents are unjustifiably redacted and that the parties will need to negotiate or litigate the proper scope of those redactions. The parties do not seek any discovery-related relief here. They are, however, continuing to litigate the status and scope of the government's production among themselves and, when necessary, in front of Magistrate Judge Rocconi.

12.     The government makes the statements set forth in paragraphs 12 through 14 below.  In opposing plaintiffs' *ex parte* application that was denied, the government set forth the reasons production of written documents and videos has been delayed.  Generally speaking, the government explained the reasons for any delay in production and argued that production of the documents, which the government contended included personal identifying information of third parties and documents that could not lawfully be produced absent entry of a Privacy Act Protective Order, could not be produced until a protective order was entered.  The parties dispute concerning the terms of the protective order was resolved, when Judge Rocconi adopted the government's version of the protective order, which was modeled after the Court's standard website protective order by order dated March 30, 2022 (ECF No. 90) and entered the protective order on April 8, 2022 (ECF No.

92).  The government understands that plaintiffs need the documents the government will produce, and the government has produced documents as follows, in this class action case involving hundreds of individual boxes at USPV.

13.   On May 5, 2022, the government produced to plaintiffs approximately 5,000 pages of documents, making the production of written documents complete from the government's perspective, with the exception of new discovery requests served by plaintiffs for which responses are not yet due and any redactions as to the produced documents over which the parties may have a dispute.  The government must still produce about 48 videotapes, as mentioned above, and as the government suggested and Judge Rocconi required, the government filed a status report on May 9, 2022 regarding the status of the government's production of those videos and other production of documents, and noted it would file another status report on May 16, 2022.  The government does not object to and is in favor of a continuance of the dates in this trial-on-the-briefs case, even if the Court does not grant the full 90 day continuance requested.

14.   In addition, the government notes that plaintiffs have submitted a declaration in support of the continuance, paragraphs 2 and 3 of which refer to and attach pertinent documents (i.e., the Court's Scheduling Order, the Reporter's Transcript for the scheduling conference, and the Court's Order for Court trial). The government has no objection to paragraphs 2 and 3 of the declaration or the continuance, but notes that, like with the paragraphs in this stipulation submitted solely by plaintiffs, the government is not, for the sake of brevity and because the government supports the continuance request, submitting a response regarding the remaining paragraphs of the declaration (i.e., paragraphs 5-14) which would place the matters set forth therein in proper context.

15.   As part of this stipulation, plaintiffs make the statements in this paragraph.  The above demonstrates that good cause exists for the requested scheduling modification. Despite Plaintiffs "diligen[ce] in attempting to obtain the

5

requested documents in a timely fashion," ECF No. 99 at 4, there is an unreasonably high risk that Plaintiffs (and the certified class they represent) will be prejudiced in their ability to present their claims on a proper record for the Court's consideration.

16.     Counsel for the government has agreed to stipulate to continue the briefing and trial dates by 120 days. However, the parties believe they can avoid any prejudice to their ability to present Plaintiffs' claims on a full and complete factual record by continuing the briefing and trial dates by only 90 days.

17.     In requesting this modification to the Court's November 8, 2021 scheduling order (ECF No. 83), the parties further ask that the Court confirm that the pretrial deadlines contained in the Court's November 12, 2021 Order for Court Trial (ECF No. 82), which are set forth before the Trial On The Briefs section of order, are inapplicable to this case. The parties understand that the deadlines mentioned in the "Trial On The Briefs" section of the Order for Court Trial remain in effect, with the exception of the requirement that the parties cite to "the administrative record" to support their factual contentions. *See* ¶¶ 2-3, above.

18.     No party has previously requested a continuation of any of the dates set forth in the Court's scheduling order (ECF No. 83).

19.     On May 12, 2022, and pursuant to L.R. 40-1.1, the parties notified the Clerk that they are submitting for approval of the Court a stipulation for the continuance of the dates in this case.

WHEREFORE, the parties hereby stipulate and agree and request that the Court enter an order (1) confirming that only the Trial on the Briefs section of the Court's Order for Court Trial (ECF No. 82) is applicable to this case, and that neither the pretrial deadlines contained prior to the Trial on the Briefs section of that Order nor the requirement to cite to "the administrative record" to support their factual contentions are applicable, and (2) continuing the dates set forth in the

Court's Scheduling Order to reflect the following new dates (or as soon thereafter as the Court's schedule permits):

- Opening Briefs:          September 20, 2022
- Opposition Briefs:       October 11, 2022
- Reply Briefs:            October 18, 2022
- Court Trial:             October 25, 2022

Dated: May 12, 2022

Respectfully Submitted,

/s/ Robert Frommer

**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
Joseph Gay^
jgay@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd.. Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

*Admitted pro hac vice.
^Motion for pro hac vice pending.

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*

Dated: May 12, 2022

Respectfully Submitted,

**TRACY L. WILKISON**
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney

1 | Chief, Criminal Division

2 | _____/s/ Victor A. Rodgers_____

3 | ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL

4 | Assistant United States Attorneys

5 | Attorneys for Defendants

6 | UNITED STATES OF
AMERICA and

7 | TRACY L. WILKISON and
KRISTI KOONS JOHNSON IN

8 | THEIR OFFICIAL CAPACITY
ONLY

9

10

11 | In compliance with Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other

12 | signatories listed, on whose behalf the filing is submitted, concur in the filing's

13 | content and have authorized the filing.

14 | DATED: May 12, 2022

15 | By: _____/s/ Robert Frommer_____

16 | Robert Frommer
Attorney for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

8

JOINT STIPULATION TO CONTINUE BRIEFING AND TRIAL DATES BY 90 DAYS AND CONFIRM
INAPPLICABILITY OF DATES MENTIONED IN 'ORDER FOR COURT TRIAL' (ECF NO. 82)