**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
Joseph Gay^
jgay@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

* *Admitted pro hac vice.*
^*Pro hac vice application pending.*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

**PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC, and TRAVIS MAY,**

Plaintiffs,

**v.**

**UNITED STATES OF AMERICA, TRACY L. WILKISON, in her official capacity as Acting United States Attorney for the Central District of California, and KRISTI KOONS JOHNSON, in her official capacity as an Assistant Director of the Federal Bureau of Investigation,**

Defendants.

Case No. 2:21-cv-04405-RGK-MAR

**DECLARATION OF ROBERT FROMMER IN SUPPORT OF JOINT STIPULATION TO CONTINUE BRIEFING AND TRIAL DATES BY 90 DAYS AND CONFIRM INAPPLICABILITY OF DATES MENTIONED IN 'ORDER FOR COURT TRIAL' (ECF NO. 82)**

(*Filed Concurrently with Supporting Exhibits; Joint Stipulation; and Proposed Order*)

Judge: Hon. R. Gary Klausner

Trial Date: July 26, 2022
Complaint Filed: May 27, 2021
Amended Complaint Filed: June 9, 2021

I, Robert Frommer, declare:

1. I am an active member of the State Bar of Virginia and a senior attorney at the Institute for Justice. I am admitted *pro hac vice* in this proceeding, and I submit this declaration in support of the parties' Joint Stipulation To Continue Briefing And Trial Dates By 90 Days And Confirm Inapplicability Of Dates Mentioned In 'Order For Court Trial' (ECF No. 82). The parties have not previously requested a continuance on the briefing schedule in this action.

2. On **November 8, 2021**, I attended in-person the Court's scheduling conference in this matter. At the conference, the Court and the parties agreed this case would be decided on "a briefing schedule rather than a trial schedule." The Court set deadlines for opening briefs on **June 21, 2022**; for opposition briefs on **July 12, 2022**; for reply briefs on **July 19, 2022**; and a trial on **July 26, 2022**. The trial date, the Court stated, was "depend[ent] on whether or not we have to have a hearing." The Court advised it might instead take the matter "under submission" on the briefs, "without [counsel] having to make the appearance on it." Attached as Exhibit A is the Reporter's Transcript from that scheduling conference. Attached as Exhibit B are the Minutes of the Scheduling Conference (ECF No. 83), which established the initial schedule for this case.

3. Attached as Exhibit C is a copy of a docket entry titled "Order for Court Trial" (ECF No. 82), which the Court filed at approximately the same time as the Minutes of the Scheduling Conference (ECF No. 83). The "Order for Court Trial" references several pretrial events and deadlines not contained in the Minutes of the Scheduling Conference—events and deadlines which the parties and the Court had not discussed at the scheduling conference.

4. After the scheduling conference, I told counsel for the government,[1] Victor Rodgers, about the need for the parties to work expeditiously on discovery given the relatively short timeframe the Court established for discovery.

5. Three days before the scheduling conference, on **November 5, 2021**, I served Plaintiffs' Second Set of Interrogatories and Second Set of Requests for Production of Documents. These were the first discovery requests Plaintiffs sent regarding the merits of Plaintiffs' claims, and they sought basic information regarding the planning and execution of the seizure warrant, including: written directions provided to the officers who executed the warrant (RFP 6); internal policy documents used to govern that execution (RFP 7) and retention of records generated as a result of the search (RFP 10); written inventories the government produced from its search of class members' boxes (RFP 8); and video recordings showing the manner in which the search was conducted (RFP 9).

6. As of this filing—more than six months after Plaintiffs promulgated the requests and hardly a month before opening briefs are due—the government has still not completed its production of documents responsive to those requests.

7. The Court has recognized that Plaintiffs have thoroughly pursued discovery. As Magistrate Judge Rocconi expressly found, "Plaintiffs have been diligent in attempting to obtain the requested documents in a timely fashion." Order on *Ex Parte* Application, ECF No. 99 at 4. They "have consistently reminded the government of their need for the requested documents and sought to establish firm production deadlines throughout the entire discovery period." *Id*. Despite that, though, Magistrate Judge Rocconi observed that the government's production has been "sluggish," that it "has been reluctant to commit to firm dates of when certain

[1] Defendants are the United States of America, Tracy L. Wilkison (in her official capacity as Acting United States Attorney for the Central District of California), and Kristi Koons Johnson (in her official capacity as an Assistant Director of the Federal Bureau of Investigation). I refer to them collectively as "the government."

documents will be produced," and that its "estimated production dates continue to shift." *Id*. at 3.

8. Magistrate Judge Rocconi noted the government's admission that it brought its preparation of "responsive documents 'to a screeching halt'" during the pendency of a dispute between the parties concerning the terms of the protective order to be issued in this case. *Id*. at 2 (quoting ECF No. 96 at 6). Judge Rocconi held it was unclear "why the government could not have continued preparing those documents not covered by the protective order while the details of the protective order were being resolved." *Id*. Judge Rocconi faulted the government for "not rais[ing] the issue of a protective order earlier when Plaintiffs first served their discovery requests." *Id*. at 3. And Judge Rocconi noted Plaintiffs were not "aware the government would cease its preparation of documents for production" while the protective order issue was pending. *Id*. at 4.

9. In light of the rapidly approaching briefing deadline, Plaintiffs continue to vigorously pursue discovery. On **April 28, 2022**, I deposed Special Agent Justin Palmerton without having received any new documents in advance of that deposition. That deposition alerted my colleagues and me, for the first time, to new categories of probative documents.[2] The next day, Plaintiffs promulgated on the government a new set of Requests for Production.

10. On **May 5, 2022**, the government produced approximately 3,000 pages of written documents, but many of those documents—including internal policy documents and written directions provided to officers as how to execute the warrant—contain heavy redactions based on the law-enforcement privilege. In a **May 10, 2022**, letter, I explained these redactions are improper for several reasons, including the fact that the parties entered a protective order precisely to avoid the

[2] Had the government produced documents responsive to Plaintiffs' November discovery requests before the April 28 Palmerton deposition, the need to request these new categories of documents would have been immediately apparent from a review of those initial documents.

need for such redactions. I have asked to confer with counsel for the government on this issue and will promptly initiate motions practice thereafter, if needed.

11. The government has still produced none of the video recordings depicting how agents inventoried the contents of class members' boxes and has not provided any date certain for their production.

12. On **May 6, 2022**, I deposed Special Agent Lynne Zellhart. But my ability to do so was greatly hampered given that the government had produced most of its responsive documents less than 24 hours before the deposition began, had so heavily redacted many of those documents as to make them useless, and had still not produced any video evidence.

13. Given the impending **June 21** briefing deadline, Plaintiffs are trying to work with counsel for the government to schedule additional depositions, including depositions of the government's Rule 30(b)(6) designee(s), for the period between May 16 and May 27, 2022. But due to uncertainty regarding the government's production of video evidence—and the government's heavy redactions of those documents it has produced—I fear we will be unable to use much of that basic documentary evidence in any depositions or even in our opening brief. And given that it took over six months for Plaintiffs to receive responsive documents for their Second Set of Requests for Production, I fear the documents we requested on **April 29** will not be produced in time to be usable under the current schedule. Plaintiffs (and the certified class they represent) thus face an unreasonably high risk of prejudice in their ability to present their claims on a full and proper fact record.

14. Good cause to continue the briefing and trial deadlines exists here. Although Plaintiffs have "vigorously pursued discovery," they have, to put it mildly, "faced challenges in obtaining discovery compliance." *Tatung Co. v. Shu Tze Hsu*, No. SA CV 13-1743-DOC (ANx), 2015 WL 13919140, at *2 (C.D. Cal. Mar. 6, 2015) (finding good cause for six-month continuance).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 12th day of May 2022.

/s/ Robert Frommer
Robert Frommer