STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture Sections
    1100/1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142
    E-mail: Andrew.Brown@usdoj.gov
          Victor.Rodgers@usdoj.gov
          Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA AND
TRACY L. WILKISON AND KRISTI KOONS JOHNSON
IN THEIR OFFICIAL CAPACITY ONLY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC and TRAVIS MAY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>Defendants. | Case No. 2:21-cv-04405-RGK-MAR<br><br>**JOINT STIPULATION AND REQUEST TO CONTINUE BRIEFING AND TRIAL DATES BY 60 DAYS; DECLARATION OF FBI DISCOVERY UNIT CHIEF DEBORAH H. CRUM; [PROPOSED] ORDER THEREON LODGED UNDER SEPARATE COVER** |

      Plaintiffs Paul Snitko, Jennifer Snitko, Joseph Ruiz, Tyler Gothier, Jeni Verdon-Pearsons, Michael Storc and Travis May (collectively, "Plaintiffs"), on the one hand, and Defendants United States of America and Tracy L. Wilkison and Kristi Koons Johnson in their official capacity only (collectively, "Defendants" or "the government"), on the

other hand, hereby stipulate and agree and respectfully request, by their respective counsel, that the Court continue the briefing schedule and trial dates set forth in the Court's Order dated May 16, 2022 (ECF No. 103) by sixty days.  The parties respectfully submit that good cause exists for the continuance for the reasons set forth below:

      1.     This is a certified class action challenging as unconstitutional the government's search and seizure of hundreds of safe-deposit boxes at U.S. Private Vaults ("USPV").  The parties are seeking a 60-day continuance of all deadlines in this case, and will not be requesting any further extensions as they will be ready and able to proceed at that time.  The background of this matter regarding the instant request for one final continuance is set forth below.

      2.     Pursuant to the Court's scheduling order, the scheduling conference held on November 8, 2021 and the Court's November 12, 2021 Order for Court Trial, the Court set this matter for a trial-on-the-briefs with the following deadlines: opening briefs (June 21, 2022), opposition briefs (July 12, 2022), reply briefs (July 19, 2022) and court trial (July 26, 2022).  ECF Nos. 82 (Order for Court Trial [see page 8 re trials-on-the-briefs]) and 83 (minute order re scheduling conference).  See also ECF No. 101 (May 12, 2022 joint stipulation to continue briefing schedule and trial dates) at ¶¶ 2 and 3 and ECF No. 101-2 (transcript of scheduling conference, Ex. A to Frommer Decl.).

<u>The May 12, 2022 Stipulation Requesting A 90-Day Continuance
And The Court's May 16, 2022 Order Continuing Deadlines By 30 Days</u>

      3.     By order dated May 16, 2022, based on the parties' joint stipulation to continue the briefing and trial dates by 90 days filed May 12, 2022 (the "May 12, 2022 Stipulation"), the Court continued the deadlines by thirty days, resulting in the following and presently-existing deadlines:  opening briefs (July 19, 2022), opposition briefs (August 9, 2022), reply briefs (August 16, 2022), court trial (August 23, 2022).  ECF Nos. 101 (joint stipulation) and 103 (May 16, 2022 court order).  By the instant stipulation, the parties are requesting that the deadlines be continued for 60 days as

follows: opening briefs (September 13, 2022), opposition briefs (October 4, 2022), reply briefs (October 11, 2022) and court trial (October 18, 2022). In the May 12, 2022 Stipulation, the parties offered the following reasons (set forth in paragraphs 4 and 5 below), among others, in support of their request, which reasons are reiterated because they bear on the instant continuance request.

      4.    On November 5, 2022, plaintiffs propounded their first sets of merits discovery requests seeking, among other things, the production of documents reflecting inventorying of the March 2021 search at USPV, which would consist of written documents reflecting the inventorying and videotapes showing the inventorying of the boxes. ECF No. 101 at ¶ 4. The government committed to producing these items to plaintiffs, as soon as they were available. Id. at ¶ 5. In opposing plaintiffs' ex parte application to compel production of these items, which was denied, the government explained the reasons production of these items had been delayed. Id. at ¶ 12. Generally speaking, the government advised that redaction and production of these items, which included personal identifying information ("PII") of third parties and documents that could not lawfully be produced absent entry of a Privacy Act Protective Order, required that the protective order first be entered. Id. Magistrate Judge Rocconi adopted the government's version of a protective order (ECF No. 90), as a result of a decision on plaintiffs' discovery motion, and entered the protective order on April 8, 2022 (ECF No. 92). ECF No. 101 at ¶ 12.

      5.    In the May 12, 2022 stipulation, the government advised it had produced approximately 5,000 pages of documents to plaintiffs on May 5, 2022 and that, in the government's view, that production completed the government's production of written inventorying documents, except for any disputes the parties had concerning redactions to those documents. Id. at ¶ 13. In addition, the government noted it had approximately 48 videotapes to produce (id.), which it intended to produce after making redactions thereto. In a status report filed May 9, 2022, the government advised it would be producing the videos when they were available and on a rolling basis. ECF No. 100.

3

<u>The Discovery Produced After The May 12, 2022 Stipulation</u>

6. After the parties submitted the May 12, 2022 Stipulation, the government produced a total of 63 videotapes after they were processed. On May 20, 2022, the government produced 23 videotapes; on May 26, 2022, the government produced 20 additional videotapes; and on June 3, 2022, the government produced 20 more videotapes.

7. Plaintiffs diligently and thoroughly reviewed the government's productions as they were received on a rolling basis. On June 2, 2022, plaintiffs explained in a letter to the government that, based on plaintiff's review of the documents received so far, the government's anticipated production of 60 video inventories did not appear to account for the total number of video inventories of class members' boxes that were created. The letter also raised concerns about certain redactions. Plaintiffs raised similar concerns regarding missing video and inventory documents and about redactions in letters dated June 10 and June 17, 2022.

8. On June 17, 2022, the government produced approximately 1,000 additional pages of documents regarding the inventorying, in response to plaintiffs' notifications about the missing documents. On June 24, 2022, the government produced approximately 500 additional pages of documents, which had previously been produced with redactions. The June 24, 2022 production removed redactions from those documents, after the parties conferred regarding the redactions and largely resolved the issue, without Court intervention.

9. Accordingly, between May 5, 2022 and June 24, 2022, the government produced approximately 6,500 pages of documents and over 60 videotapes to plaintiffs.

<u>Depositions Taken By Plaintiffs And Scheduled Additional Depositions</u>

10. The May 12, 2022 Stipulation also sets forth the following. Although plaintiffs wished to have all responsive documents and videotapes before taking depositions, plaintiffs nevertheless proceeded with the following depositions in this case. On April 28, 2022, Plaintiffs deposed FBI Special Agent Justin Palmerton and on May 6,

4

1   2022, Plaintiffs deposed Special Agent Lynne Zellhart.  ECF No. 101 at ¶ 8.

2          11.    Plaintiffs have taken additional depositions since the May 12, 2022
3   Stipulation was filed.  On June 28, 2022, Plaintiffs deposed Special Agent Lyndon
4   Versoza, on June 30, 2022, Plaintiffs conducted a 30(b)(6) deposition of the government,
5   and on July 6, 2022, Plaintiffs deposed Special Agent Justin Carlson.

6          12.    The parties have also scheduled further depositions, including an additional
7   30(b)(6) deposition for July 11, 2022 and depositions of the seven plaintiffs from July
8   13, 2022 to July 15, 2022.

The Remaining Written Inventory Documents And

Videotapes The Government Will Produce And

Estimated Time For The Production

         13.    On June 24, 2022, plaintiffs identified, by USPV box number, videotapes for about 100 boxes and written inventorying documents for approximately 56 boxes that plaintiffs advised, based upon Plaintiffs' continued review of documents the government's produced, appeared to be missing.  The government investigated plaintiffs' assertions and, as a result thereof, is preparing to produce additional documents and videotapes to plaintiffs.  As set forth in the attached declaration of FBI Discovery Unit Chief Deborah H. Crum, the FBI Discovery Unit the FBI discovery Unit is in the process of producing videos for the remaining approximately 90 boxes and the remaining written inventorying documents for approximately 56 boxes.  The FBI Discovery Unit will be producing the written inventorying documents to government counsel of record in this case within a few days, so that government counsel can review those documents and process them (e.g., reviewing and bates stamping) so they can be produced to plaintiffs.  The FBI Discovery Unit previously processed and produced 63 videos, which varied in length, that the Discovery Unit was able to process, by removing PII, at the rate of about 20 videos per week.  As to the remaining videos to be produced, the Discovery Unit will be able to produce them at a faster rate, with the first batch to be produced within two weeks, and the additional videos produced on a rolling basis

thereafter. The outside and most conservative estimate to complete the entire production of the videos, recognizing that before the outside deadline videos will be produced on a rolling basis, will be five weeks. Crum Decl. ¶¶ 8-13.

14. Plaintiffs have diligently reviewed the government's rolling productions as soon as they were received and have promptly notified the government of any missing materials. The discovery materials that the government has not yet produced are critically important to the central disputes in this case. Plaintiffs maintain that their ability to fully litigate this matter on their own behalf and on behalf of the class will be prejudiced if they are forced to brief the merits of this dispute before receiving all the relevant discovery.

15. This case raises important constitutional questions, the resolution of which will implicate broader public interests beyond the parties and the class. The public interest favors the modest extension requested here so that these issues may be resolved on a fully developed factual record.

16. As set forth above, the parties have requested one prior continuance of these dates.

17. On July 11, 2022, and pursuant to Local Rule 40-1.1, the parties notified the Clerk that they are submitting for approval of the Court a stipulation for the continuance of the dates in this case.

///
///
///
///
///
///
///
///

18. WHEREFORE, the parties respectfully request that the Court enter the proposed order, attached hereto, extending the deadlines by 60 days as follows: opening briefs (September 13, 2022), opposition briefs (October 4, 2022), reply briefs (October 11, 2022) and court trial (October 18, 2022).

Dated: July 11, 2022                Respectfully submitted,

   /s/ Robert Frommer
THE INSTITUTE FOR JUSTICE
Robert Frommer*
rfrommer@ij.org
Joseph Gay^
jgay@ij.org
Michael Greenberg*
mgreenberg@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

* Admitted pro hac vice
^ Pro hac vice application pending

THE VORA LAW FIRM, P.C.
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

Attorneys for Plaintiffs

Dated: July 11, 2022                STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
  /s/ Victor A. Rodgers
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys
Attorneys for Defendants