**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
Michael Greenberg*
mgreenberg@ij.org
Joseph Gay^
jgay@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

* *Admitted pro hac vice.*
^*Pro hac vice application pending.*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| **PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC, and TRAVIS MAY,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA, TRACY L. WILKISON, in her official capacity as Acting United States Attorney for the Central District of California, and KRISTI KOONS JOHNSON, in her official capacity as an Assistant Director of the Federal Bureau of Investigation,**<br><br>Defendants. | Case No. 2:21-cv-04405-RGK-MAR<br><br>**DECLARATION OF MICHAEL STORC**<br><br>Trial Date: August 23, 2022<br>Time: 9:00 A.M.<br>Courtroom: 850<br>Judge: Hon. R. Gary Klausner<br>Action Filed: May 27, 2021 |

I, Michael Storc, declare and state as follows:

1. I have knowledge of the facts set forth herein, and if called upon to testify as a witness thereto, I could and would competently do so under oath.

2. I am a citizen of the United States and a resident of Marina Del Rey, California.

3. I am a customer of U.S. Private Vaults, Inc. ("USPV"). When the government raided the U.S. Private Vaults facility, on March 22, 2021, my wife and I were holding our property in Box 4301 at USPV.

4. Our box held approximately $2,000 in cash, as well as approximately $20,000 worth of silver that we purchased as a retirement nest egg. In addition, our box also held copies of personal documents, such as receipts for purchases of silver.

5. We chose to keep our property at USPV because we were looking for a safe place to keep our silver. Our residence does not have room to install a safe, and, in any event, we thought it would be better and safer to keep our silver in a secure facility outside of our home.

6. Shortly my wife and I learned of the seizure of our property by the FBI, my wife submitted a claim through the FBI's online claim form, at https://forms.fbi.gov/u-s-private-vaults-claim-form. In doing so, she provided her contact information in order to seek the return of our seized property.

7. In response, the FBI sent my wife an email on April 19, 2021, stating that, "Within the next 30 to 60 days, someone from the FBI will contact you either to make arrangements to return your property, or to request additional information."

8. On May 21, 2021, the FBI sent me an administrative forfeiture notice seeking to forfeit the silver contained in my box. The government's forfeiture notice listed the silver in the box (though it did not state the type or amount of that silver), but it did not list my $2,000 in cash or my personal documents.

9. In response to the administrative forfeiture notice, I filed a claim to my property on June 9, 2021.

10. The government's administrative forfeiture claim form invited me to submit documentation to prove my ownership of the contents of my box. To comply with that instruction, I submitted receipts for precious metals purchases, as well as pictures that either I or my wife took of the contents of our box during a previous visit to the U.S. Private Vaults facility.

11. Later that same day, I, along with others, joined this class action lawsuit as a plaintiff. At that point, it had been over two-and-a-half months since the FBI seized my property, and they had neither explained to me when they would return it, why they were continuing to hold it, nor why they sought to forfeit it.

12. I understand that, as late as July 27, 2021, the government stated in a filing in this case that it had not yet decided whether to file a judicial forfeiture action against my property. Then, in a filing in this case on August 16, 2021, the government stated for the first time that it had decided not to file a judicial forfeiture action against my property. That August 16 filing was the first notice that I received that my property would be returned.

13. After some back-and-forth with the FBI, my property was finally scheduled for return at 11 a.m. on October 1. So, at the appointed time, my wife and I appeared in person at the Wilshire Federal Building in Los Angeles. There, we were escorted through a metal detector to an interview room.

14. In the interview room, FBI agents asked that we produce our keys to our safe deposit box. The FBI agents then produced the door to our safe deposit box, which had been removed from the larger nest of boxes, and had us insert our keys into the lock in order to show that it fit.

15. After we had verified our possession of a working key, FBI agents brought out our property in plastic bags marked "EVIDENCE." They unsealed the plastic bags, showed us our property, and asked us to verify that all of our property had been returned.

16. I believe that all of my silver has been returned to me. That being said, the FBI has never provided me with a detailed inventory showing all of the silver that was contained in my box. As a result, my belief that all of the silver has been returned is based on my own recollection of what was in the box at the time of the seizure.

17. The FBI did not return to me the $2,000 in cash that was in my box. Based on my own recollection, as well as photographs that I (or my wife) took of the box during a previous visit, I am confident that $2,000 was present at the time of the seizure. Nonetheless, that $2,000 was never returned, and I understand that the FBI takes the position that there was no cash in my box at the time it was seized.

18. I understand that the FBI will indefinitely retain the documents that it produced in connection with the inventory of my box, including photographs or videos showing the contents of my box. In addition, I understand that these documents will be available for use by FBI agents for investigative purposes.

19. In addition, I understand that the government will retain information that I submitted in support of the claim that I filed in the administrative forfeiture proceeding, including receipts for precious metals purchases and photographs of the inside of the box.

20. It is important to me that the government not keep information that it gathered during its search of my box, as well as during the subsequent administrative forfeiture process. I feel that the government's possession of that information is an invasion of my privacy, and I am deeply troubled by the idea that these documents will remain indefinitely in the government's files. The government's earlier investigation of me was a scary process, and I am fearful that the government will use its illegally obtained records about me to investigate me all over again.

1   21.   I want to secure assurance that the government will destroy all
2   physical and digital records that it acquired in searching my box, as well as during
3   the subsequent administrative forfeiture process—or else segregate those records,
4   so that they cannot be used for investigative purposes.

    I declare under penalty of perjury under the laws of the United States that the
    foregoing is true and correct.

    Executed this 17 day of July, 2022.

    *[signature]*

    Michael Storc