**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
Michael Greenberg*
mgreenberg@ij.org
Joseph Gay^
jgay@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

* *Admitted pro hac vice.*
^*Pro hac vice application pending.*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| **PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC, and TRAVIS MAY,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA, TRACY L. WILKISON, in her official capacity as Acting United States Attorney for the Central District of California, and KRISTI KOONS JOHNSON, in her official capacity as an Assistant Director of the Federal Bureau of Investigation,**<br><br>Defendants. | Case No. 2:21-cv-04405-RGK-MAR<br><br>**PLAINTIFFS' APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>*(Filed Concurrently with Declaration of Robert Frommer; Proposed Unredacted Documents to File Under Seal; and Proposed Order)*<br><br>Judge: Hon. R. Gary Klausner<br>Trial: August 23, 2022<br>Complaint Filed: May 27, 2021<br>Amended Complaint Filed: June 9, 2021 |

Pursuant to Local Rule 79-5.2.2, Plaintiffs hereby apply for leave to file under seal the following two sets of documents submitted as exhibits to Plaintiffs' Opening Brief, as well as Plaintiffs' Opening Brief itself. As noted below, Plaintiffs do *not* agree that all of these documents need to be filed under seal, but, as to those documents, Plaintiffs are filing this Application because the documents have been designated as confidential by Defendants under the Protective Order:

- Records of the Searches and Inventories of Class Members' Boxes: Plaintiffs are submitting a select set of inventory records (**Exhibit A** to the Declaration of Robert Frommer in Support of Opening Brief ("Frommer Opening Br. Decl.")) and inventory videos (Frommer Opening Br. Decl. **Exhibit B**) that were created during the search of class members' USPV boxes. Due to the sensitive, private information contained in these inventories of class members' private USPV boxes, Plaintiffs seek leave to file these materials under seal. To accommodate the public interest in understanding the government's inventory process and the types of records it created, Plaintiffs are publicly filing redacted exemplars of the forms that the government used to create the inventory records. (Frommer Opening Br. Decl. Exhibits P and Q). With the exception of the publicly-filed exemplars, Plaintiffs take the position that these records from the search should be filed under seal.
- Transcripts of Depositions of Government Witnesses: Plaintiffs are also submitting transcripts from the depositions of several government witnesses (Frommer Opening Br. Decl. **Exhibits L through O**). Under the terms of the Protective Order, the "entire deposition transcript" is treated as "Confidential" until the government designates specific pages and lines as "Confidential." Protective Order § 5(d), ECF 92 at 6. The government has 30 days to designate specific pages and lines. Those 30 days have not elapsed, and the government declined to make the designations in advance of the Opening Briefs. The government also declined Plaintiffs' request pursuant to

Local Rule 79-5.2.2(b) to propose redactions that would minimize or eliminate the need to file these materials under seal. Plaintiffs are therefore required by the terms of the Protective Order to file the entire deposition transcripts under seal. However, Plaintiffs take the position that the *entirety* of these transcripts should be available to the public.

- Plaintiffs' Opening Brief: Because the Protective Order requires Plaintiffs to treat the deposition transcripts discussed above as "Confidential," and because Plaintiffs' Opening Brief discusses the deposition testimony, Plaintiffs are also required (against their wishes) to file a heavily redacted version of their Opening Brief on the public docket and to seek to file their Opening Brief under seal. Plaintiffs take the position that the *entirety* of their opening brief should be available to the public.

Plaintiffs informed counsel for the government on July 12 and 14, 2022, of their intent to seek leave to file Exhibits A and B under seal along with publicly accessible exemplar records at Exhibits P and Q. (Decl. of Robert Frommer Supp. Appl. for Leave to File Docs. Under Seal ("Frommer Decl.") ¶¶ 3–4). The government does not oppose Plaintiffs' request to file these materials under seal. (*Id.* ¶ 5). Both parties thus agree that the excerpted records revealing the contents of the boxes should be sealed.

Plaintiffs also informed counsel for the government on July 12 and 14, 2022, that Plaintiffs intended to file the transcripts of the depositions taken for use in this action. (*Id.* ¶¶ 3–4).[1] Then, on July 14, counsel for Plaintiffs specifically requested that the parties confer about what lines, if any, needed to be redacted. (*Id.* ¶ 4). That same day, counsel for the government responded that the government had not yet

---

[1] For two of the depositions in this case, Exhibits J and K, the government has made its confidentiality designations under the Protective Order. Plaintiffs are not relying on the portions designated "Confidential," so they are filing public versions that redact the information designed "Confidential," and Plaintiffs do not need to file these materials under seal. (Frommer Decl. ¶¶ 4-5).

determined which portions of the depositions were confidential. (*Id.* ¶ 5). On July 18, counsel for Plaintiffs again requested proposed redactions, if any, for the deposition transcripts. (*Id.* ¶ 6). Counsel for the government responded again that it would not be able to propose any confidentiality designations, and that the entire transcripts should be treated as "Confidential" and filed under seal. (*Id.*).

## BACKGROUND

This class-action lawsuit challenges the government's unconstitutional search and seizure of Plaintiffs' and class members' USPV boxes in March 2021. As described in their Opening Brief, Plaintiffs claim that the government's search showed a "callous disregard" for class members' constitutional rights because it exceeded the parameters of the warrant, was not conducted for any valid inventory purpose but instead was a pretext for a criminal investigatory search, and was objectively unreasonable under the terms of Judge Kim's warrant, the FBI's own operating procedures, and the Fourth Amendment.

As a result of this illegal search into class members' private USPV boxes, the government has amassed a stockpile of records, pictures, and videos revealing the personal information and private affairs of class members. Most of these records can be divided into three groups. First, the government filled in FD-302 forms, which describe the government's search of a class member's box, identify the private contents of the box, and narrate the agent's observations, such as personally identifying information and anything the agent views as potentially incriminating. (Frommer Decl. ¶ 10; Frommer Opening Br. Decl. Ex. P (exemplar form FD-302)). Substantially similar information is provided on forms FD-597 and FD-896. (Frommer Decl. ¶ 10). Second, the government created an "Agent Observations and Notes" form specifically for the purposes of executing the USPV seizure warrant, upon which agents were to record investigatory information they uncovered during their search. Agents used this form to capture details about class members' boxes, such as the condition about any cash seized from a class members' box, the results

of the drug dog's sniff of that cash, and any other observations. (Frommer Decl. ¶ 11; Frommer Opening Br. Decl. Ex. Q (exemplar "Agent Observations and Notes" form)). Agents would also record upon this form names, drivers' license numbers, email addresses, and phone numbers obtained from documents inside the box. (*Id.*). Third, the government took numerous photographs and videos of the contents of class members' boxes, showing IDs, passports, personal documents (including handwritten notes, blank checks, credit/debit cards, business cards, financial receipts, title certificates and other legal documents, and password lists), jewelry, cash, precious metals, memorabilia, and other personal mementos. (Frommer Decl. ¶ 12).

These records provide an intimate view into the private affairs of class members. (*Id.* ¶ 14).[2] The very purpose of the safe-deposit boxes, after all, was to keep class members' property and information safe and secure from others. This lawsuit seeks to require the government to return, destroy, or otherwise sequester these unlawfully created records, both to eliminate the ongoing violation of Plaintiffs' and class members' privacy and to prevent the government from using the records for future investigations. Consistent with the purpose of this lawsuit to vindicate class members' rights, Plaintiffs seek leave to file under seal the documents reflecting the personal and private information the government unlawfully collected from class members.

## ARGUMENT

Courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The Ninth Circuit therefore "start[s]

---

[2] Even the government has received reports from class members expressing concern about the information the government collected from their boxes being publicly disclosed. *See* Joint Stipulation regarding Pls.' Mot. to Compel, Doc. 85-1 at 28:16–20 (Mar. 9, 2022); Decl. of Victor A. Rodgers Opp'n to Pls.' Mot. to Compel, Doc. 85-19 ¶ 7 (Mar. 9, 2022).

with a strong presumption in favor of access to court records." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). And where, as here, the filings relate to the merits of the matter, *see id.* at 1097–99, the party seeking to seal the record "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

### A. There Are Compelling Reasons to File Records of the Searches and Inventories of Class Members' Boxes Under Seal

The records the government created concerning class members' boxes reveal private details about class members that support filing these materials under seal. Some of the information involves private financial information, such as the fact that a class member had saved substantial sums in cash or precious metal. (Frommer Decl. ¶ 14). Other information concerns the government's accusatory observations, such as whether the government believed a class member was storing cash in a suspicious manner. (*Id.* ¶¶ 10–11, 14). And some information reveals some of the most intimate and personal details of class members' lives, such as vaccinations, cremations, and marriage dissolutions. (*Id.* ¶ 14).[3]

Courts have widely recognized that a compelling reason "exists to seal documents that reveal sensitive personal information." *Baleja v. Northrop Grumman Space & Missions Sys. Corp.*, No. EDCV-17235-JGB(SPx), 2020 WL 3213708, at *2 (C.D. Cal. Mar. 26, 2020). This concern is particularly weighty when the personal information relates to innocent third parties. *E.g., United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (cleaned up) (observing that the "privacy interests of innocent third parties" should "weigh heavily"). The concern for innocent third parties also includes absent class members. *Gunderson v. Alta*

---

[3] Some of the documents may not appear to identify individual class members because they just show the box number, but other public information, such as the government's forfeiture notices, have connected box numbers to specific individuals. (*Id.*).

*Devices, Inc.*, No. 19-CV-08017-BLF, 2021 WL 4461569, at *4 (N.D. Cal. Sept. 29, 2021) (granting motion to seal "exhibits that contain personally identifying information of Class members"); *Mendell v. Am. Med. Response, Inc.*, No. 19-CV-01227-BAS-KSC, 2021 WL 778624, at *4 (S.D. Cal. Mar. 1, 2021) (protecting sensitive personal information about putative class members); *Hedrick v. Grant*, No. 2:76-CV-0162-GEB-EFB P, 2017 WL 550044, at *2 (E.D. Cal. Feb. 10, 2017) (agreeing that records were "sensitive and private information about class members and that such information should be sealed").

This case also presents a uniquely compelling reason to file these documents under seal. Plaintiffs and class members had a constitutional right to keep their property securely and privately in their safe-deposit boxes. *See United States v. Wetselaar*, No. 2:11-CR-00347-KJD, 2013 WL 8206582, at *10 (D. Nev. Dec. 31, 2013), report and recommendation adopted, No. 2:11-CR-00347-KJD, 2014 WL 1366722 (D. Nev. Apr. 7, 2014) (renters of safe-deposit boxes "had a reasonable expectation of privacy in the contents"); *cf. United States v. Jones*, 565 U.S. 400, 405 (2012) (Fourth Amendment protects against trespasses to property rights); *Katz v. United States*, 389 U.S. 347 (1967) (Fourth Amendment protects reasonable expectations of privacy). The records here are not just private, they are themselves part of the constitutional violation that Plaintiffs seek to remedy in this case.

On the other side of the ledger, the public has little interest in seeing the illegally obtained details concerning the contents of specific class members' boxes. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (cleaned up) (court records should not be "used to gratify public spite or promote public scandal"). Rather, the salient issues are the government's conduct in applying for and executing the seizure warrant, and the types of records it created as a result. Recognizing the public's interest in understanding those details, Plaintiffs are publicly filing exemplar documents reflecting that information. (Frommer Opening Br. Decl. Exs. P, Q). The Court should therefore protect class members' personal

and private information by granting Plaintiffs leave to file Exhibits A and B under seal.

### B. There Are Not Compelling Reasons to File the Deposition Transcripts Under Seal

Plaintiffs do not believe that Exhibits L through O (the deposition transcripts) should be filed under seal. But the government has interpreted the Protective Order's requirement that entire deposition transcripts be treated as "Confidential" for 30 days as trumping the Local Rules' requirement that parties seek to redact confidential material before seeking to file it under seal. Out of an abundance of caution, Plaintiffs are therefore filing the deposition transcripts under seal.

These deposition transcripts contain information important to the disposition of this case and to the broader public's interest in the conduct of the government. Exhibits L and N are transcripts from the depositions of two senior federal investigators who were intimately involved in investigating USPV and in planning the search and seizure at USPV. (Frommer Decl. ¶ 7). They shed light on the government's motivation and tactics carrying out the search and seizure. Exhibits M and O are transcripts from the 30(b)(6) deposition of the government itself, and sheds obvious light on how the government has justified its conduct with respect to class members' boxes. (*Id.*).

If the Court denies leave to file these under seal, Plaintiffs will submit unredacted versions. Alternatively, if the Court agrees that some redactions are warranted, Plaintiffs will submit updated versions with those redactions on the public docket.

### C. There Are Not Compelling Reasons to File Plaintiffs' Opening Brief Under Seal

Because Plaintiff's' Opening Brief contains information from Exhibits L through O, the terms of the Protective Order require Plaintiffs (against their wishes) to file a heavily redacted version of their Opening Brief on the public docket, and to

seek to file the unredacted version under seal. The redacted information includes information detailing the government's plan for executing the search and seizure at USPV and its instructions to agents and officers about how to inventory the individual USPV boxes. Not only is this information central to understanding and resolving the disputed issues in this case, it also implicates the type of "conduct affecting a substantial portion of the public," *Amodeo*, 71 F.3d at 1051, that weighs in favor of disclosure. This case raises important constitutional issues about government actions that impacted hundreds of people, and the public has the right to know about these issues.

Plaintiffs therefore ask that the Court permit Plaintiffs to file an unredacted version of their Opening Brief on the public docket. In the event the Court concludes that the brief discloses information from the depositions that should remain under seal, Plaintiffs ask that the Court permit Plaintiff to submit a public, redacted version of their Opening Brief limited to those redactions.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court grant leave to file Exhibits A and B under seal. Plaintiffs further request that the Court deny leave to file Exhibits L through O and Plaintiffs' Opening Brief under seal, and that the Court instead direct Plaintiffs to file those exhibits on the public docket.

| | |
|---|---|
| Dated: July 19, 2022 | Respectfully Submitted, |
| | /s/Robert Frommer |

**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
Michael Greenberg*
mgreenberg@ij.org
Joseph Gay^
jgay@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

**Admitted pro hac vice.*
*^Motion for pro hac vice pending.*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*