STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture Sections
    1100/1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142
    E-mail: Andrew.Brown@usdoj.gov
        Victor.Rodgers@usdoj.gov
        Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA AND
TRACY L. WILKISON AND KRISTI KOONS JOHNSON
IN THEIR OFFICIAL CAPACITY ONLY

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC and TRAVIS MAY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>Defendants. | Case No. 2:21-cv-04405-RGK-MAR<br><br>**DEFENDANTS UNITED STATES OF AMERICA, ET AL.'S RESPONSE TO PLAINTIFFS' APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL; DESIGNATING PARTY'S DECLARATION IN SUPPORT OF APPLICATION TO FILE UNDER SEAL PURSUANT TO A PROTECTIVE ORDER** |

      Defendants United States of America and Tracy L. Wilkison and Kristi Koons Johnson in their official capacity only (collectively, "the government"), hereby respectfully submit this response to Plaintiffs' Application for Leave to File Documents Under Seal and filed July 19, 2022 as Docket No. 113.

Plaintiffs' application requests they be allowed to file under seal various items they have identified as Exhibits A and B in their application. As plaintiffs note in their papers, the government advised plaintiffs that the government does not object if plaintiffs wish to file those items under seal. Docket No. 113 at page 3 of 10, lines 13-18.[1]

The remaining items subject to plaintiffs' application pertain to four deposition transcripts that plaintiffs wish to file publicly in their entirety. Those deposition transcripts are for United States Postal Inspector Lyndon Versoza (103 page deposition transcript), the 30(b)(6) deposition of FBI Special Agent ("SA") Lynne Zellhart (80 page deposition transcript), DEA SA Justin Carlson (112 page deposition transcript) and the 30(b)(6) deposition of FBI SA Jessie Murray (125 page deposition transcript). Plaintiffs have lodged those transcripts with the Court as part of their application and referenced them as Exhibits L, M, N and O, respectively, to the Declaration of Robert Frommer. Docket No. 113-8 to 113-11; see also Docket No. 112-8 at ¶¶ 13-15 (referencing the deposition transcripts). Plaintiffs are seeking to file these deposition transcripts in their entirety, notwithstanding the fact their July 19, 2022 opening brief cites only specified pages of three of the four transcripts and contains no mention whatsoever of the fourth (i.e., Carlson transcript, which is Ex. N). As explained in more detail below, the government has no objection to plaintiffs filing publicly those pages of the transcript they have cited in their July 19, 2022 opening brief.

When plaintiffs filed their opening brief on July 19, 2022, they citing therein and therefore notified the government for the first time of the pages and lines of the three

---

[1] However, the government does not agree that any information regarding the contents of boxes is private. The government designated the Exhibit A and B items as confidential under the protective order because they are items retrievable via the government's computer records (i.e., a system of records) using identifying particulars that may potentially contain information within the scope of the Privacy Act and therefore cannot be produced without a protective order. Baker v. Navy, 814 F.2d 1381, 1384 (9th Cir. 1987); 5 U.S.C. § 552a(b)(11); Docket No. 92 (protective order at 1:22-25).

deposition transcripts upon which their brief relied.² Plaintiffs accurately state they advised the government on July 12 and 14, 2022 they wished to file deposition transcripts with their opening brief, but plaintiffs never specified what pages of the transcripts they wished to file.³ Notwithstanding the citations in their brief and the government's July 18, 2022 notification that they should file those portions of the deposition transcript upon wish they rely under seal (Rodgers Decl. ¶ 5), plaintiffs apparently wish to file the four deposition transcripts in their entirety.

It is unclear why plaintiffs wish to file entire deposition transcripts as part of their opening brief, including the transcript of one deponent (SA Carlson) whose testimony is neither cited nor mentioned in their brief. The customary practice and Local Rule requirements direct that a filer attach only those pages of discovery, such as a deposition transcript, that are cited in the filer's papers. Local Rule 26-2 ("<u>Discovery Documents-Filing</u>. When a discovery request or response is required to use in a proceeding, <u>only that part of the document which is in issue shall be filed</u>") (emphasis added). <u>See</u> also Rutter Group Practice Guide: Federal Civil Procedure Before Trial ¶ 12:51 (2021) (discussing the filing of any type of motion, stating "[i]n most courts, only the portions of the discovery request and response at issue should be filed") (citing Local Rule 26-2).

Entire deposition transcripts are never filed, but instead where appropriate are lodged with the Court (which plaintiffs have already done via their application) in certain circumstances involving trials and evidentiary hearings. <u>See</u> Local Rule 32-1.⁴ The

---

² In this trial-on-the briefs case, the government's opposition brief is due August 9, 2022 and plaintiffs reply brief is due August 16, 2022. Docket No. 103.

³ Undersigned government counsel deposed the seven named plaintiffs-class representatives on July 13, 14 and 15, thus making it impossible to review 400 pages of deposition transcripts with the four deponents and designate particular pages and lines of those transcripts as Confidential immediately as plaintiffs were requesting and before the 30 day deadline allowed in the protective order for the designation (Docket No. 113 at 1:20-28; Docket No. 92 at 5:1-4 and 6:11-26; Rodgers Decl. ¶¶ 4 and 5), as well as address approximately ten additional categories of items plaintiffs wished to file publicly with their July 19, 2022 opening brief (<u>see</u> under seal Frommer Decl. ¶¶ 3-6; Rodgers Decl. ¶¶ 2-5).

⁴ Local Rule 32-1 provides "<u>Use at Trial or an Evidentiary Hearing</u>. Deposition transcripts to be used at trial or an evidentiary hearing shall be marked as provided in

(footnote cont'd on next page)

government does not intend to file entire deposition transcripts of plaintiffs with its opposition on August 9, 2022, but instead will file <u>only</u> those portions of the deposition transcripts the government cites in its opposition brief.

Plaintiffs' July 19, 2022 opening brief contains no citation to any portion of the Carlson deposition (Frommer Decl. Ex. N), and therefore Plaintiffs should not be allowed to file that deposition transcript, publicly or otherwise, as part of their July 19 brief.  Set forth below are the particular pages and lines of deposition transcripts cited in plaintiffs' brief, with reference in parenthesis ( ) to the page and line of the brief where the citation occurs.  The government has no objection to plaintiffs filing these specific pages of the deposition transcripts of the Versoza, and Zellhart and Murray 30(b)(6) deposition transcripts publicly, as well as the cover pages to those depositions reflecting the identity of the deponent and attorneys, and respectfully submits that these are the only pages and lines of the transcripts plaintiffs should be permitted to file publicly. Plaintiffs' filing of these pages of their deposition transcript publicly would also allow them to remove the redactions in the July 19, 2022 brief they filed publicly.  The pages are set forth below:

<u>Deposition of SA Lyndon Versoza, Exhibit L</u>
1116:4-16 (2:28); 1121:14-19 (2:24-25); 1122:18-23 (2:21-22); 1132:19-1133:2 (3:19); 1135:10-19 (3:22); 1135:22-25 (3:23); 1152:8-23 (6:15); and 1153:22-1154:12 (7:18).

<u>Deposition of 30(b)(6) Witness SA Lynne Zellhart, Exhibit M</u>
1215:3-9 (5:25); 1217:9 (19:28); 1217:12-17 (6:9-10); 1218:17-21 (5:27-28); 1221:13-19 (2:15); 1221:20-23 (2:17); 1230:20-24 (3:20); 1239:8-18 (3:12); 1249:24-1250:9 (7:11 and 10:17); 1251:16-25 (7:10); 1252:2-9 (7:7-8); 1255:12-18 (11:15); 1279:23-1280:3 (12-19-13:1); and 1281:15-22 (13:5-6).

///

///

---

L.R. 16-2.7.  The original deposition <u>shall be lodged with the Clerk on or before the first day of a trial or at least ten (10) days before an evidentiary hearing</u> unless required to be filed earlier under L.R. 16-11.2."  Emphasis added.

<u>Deposition of 30(b)(6) Witness SA Jessie Murray, Exhibit O</u>

1494:3-1495:7 (4:12); 1525:15-1526:5 (3:6); 1526:23-1527:3 (3:8); 1527:10-18 (3:7); 1533:8-14 (4:2); 1534:21-24 (4:3); 1534:25-1535:12 (4:2); 1537:14-16 (4:4); 1547:23-1548:2 (6:19); 1554:4-11 (6:25); 1556:13-16 (6:25); 1557:16-23 (7:20 and 11:8, and 6:25 [1557:21-23]); 1560:2-15 (4:10); 1562:1-17 (4:9, 10:26-27; 14:16-17; and 15:1); 1563:16-21 (4:10); 1563:22-1564:7 (10:27); 1564:4-7 (4:10); and 1573:20-1574:2 (6:28).

                                          Respectfully submitted,

Dated: July 22, 2022          STEPHANIE S. CHRISTENSEN
                                       Acting United States Attorney
                                       SCOTT M. GARRINGER
                                       Assistant United States Attorney
                                       Chief, Criminal Division

                                       /s/ Victor A. Rodgers
                                       ANDREW BROWN
                                       VICTOR A. RODGERS
                                       MAXWELL COLL

                                       Assistant United States Attorneys
                                       Attorneys for Defendants
                                       UNITED STATES OF AMERICA, et al.