**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
Michael Greenberg*
mgreenberg@ij.org
Joseph Gay*
jgay@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

*Admitted pro hac vice.*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC, and TRAVIS MAY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, TRACY L. WILKISON, in her official capacity as Acting United States Attorney for the Central District of California, and KRISTI KOONS JOHNSON, in her official capacity as an Assistant Director of the Federal Bureau of Investigation,<br><br>Defendants. | Case No. 2:21-cv-04405-RGK-MAR<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>Judge: Hon. R. Gary Klausner<br><br>Trial: August 23, 2022<br>Complaint Filed: May 27, 2021<br>Amended Complaint Filed: June 9, 2021 |

The government does not dispute that Exhibits A and B should be filed under seal. ECF 116 at 2:3-4. And the government also does not dispute that Plaintiffs' brief should be filed on the public docket. *Id.* at 4:9-15. The parties are therefore in agreement as to how the Application should be resolved with respect to those filings.

The parties part ways, however, when it comes to Exhibits L–O, which consist of transcripts from depositions that were taken by the Plaintiffs in June and July. As to these exhibits, Plaintiffs do not believe that sealed filing is warranted but were forced to file an Application because the government took the position that they were protected information under the Protective Order. Now, the government does not even attempt to justify its confidentiality designation and, instead, is trying to turn this Application into a referendum on whether portions of those exhibits should be filed *at all*. Ironically, moreover, the government is engaging in that exercise after itself failing to file an opening brief.[1] The government's position is procedurally improper and legally unfounded.

### 1. The Government Has Failed To Comply With Local Rule 79-5.2.2.

The only issue presented by this Application is whether Plaintiffs' filings should be filed under seal or, instead, on the public docket. If an application to file under seal is granted, then the documents are filed under seal; but, if such an application is denied, then the "Filing Party may file the document in the public case file." L.R. 79-5.2.2(b)(ii). The government does not cite any authority for the proposition that a party, faced with an application to file under seal, can argue in its response for an entirely different option—that a document should not be filed *at all*. The government's arguments stray beyond the scope of Local Rule 79-5.2.2.

---

[1] This Court's orders directed the parties to file "Opening Briefs," in the plural. ECF 82 at 6; ECF 103 at 1. The most recent request for a continuance, drafted by the government, likewise recognized that the parties were required to file "opening briefs," again in the plural. ECF 109 at 2:25.

1    When it comes to the actual relevant issues, the government's response completely fails to comply with its obligations under Local Rule 79-5.2.2(b). That rule states that when a party applies for leave to file materials under seal because another party designated those materials "confidential," the designating party "*must* file a declaration establishing that all or part of the designated material is sealable." L.R. 79-5.2.2(b)(i) (emphasis added). Material is properly sealed only if the declaration establishes "compelling reasons why the strong presumption of public access in civil cases should be overcome." *Id.* And if the designating party believes that "only part of the designated material is sealable, [it] *must* file with its declaration a copy of the relevant material with proposed redactions highlighted." *Id.* (emphasis added). "Failure to file a declaration or other required document may be deemed sufficient grounds for denying the Application." *Id.*

The government did not comply with these obligations. Its response does not even try to argue that there is a "compelling reason" to seal *any portion* of these deposition transcripts, and its declaration likewise does not even attempt to establish any appropriate ground to seal any portion of the transcripts. Indeed, the government readily admits that much of what those officials said can and should be in the public record. *See* ECF 116 at 4:9-5:7. Nor does the government ever propose to redact any specific lines of testimony from those transcripts, let alone submit copies of transcripts "with proposed redactions highlighted." Because the government has failed to even try to comply with Local Rule 79-5.2.2(b), the Application should be denied with respect to these exhibits and the exhibits should be publicly filed. The Court can dispose of this issue on that basis alone.

To the extent that the government offers any justification for its failure to comply with its obligations, it seems to imply that it has not had enough time to review the transcripts for confidentiality. However, the government has had all the

time provided by the local rules.[2] Local Rule 79-5.2.2(b) states that the filing party should seek to "confer" with the designating party "[a]t least ***3 days*** before seeking to file under seal." (emphasis added). Here, Plaintiffs emailed counsel for the government to start this process on July 12—***seven*** days before the filing. *See* Frommer Decl. ¶ 3; Rodgers Decl. ¶ 2. Then, receiving no response, Plaintiffs followed up on July 14—***five*** days in advance of the filing—and explained:

> For those deposition transcripts for which you have already provided ranges that you believe require redaction, we will redact those portions and file the remainder unredacted.… As to those depositions that have been taken subsequently (Versoza, Carlson, and the 30b6 depositions), the parties should confer about what lines, if any, similarly require redacting.

Greenberg Decl. Ex. A at 4. The government's attorney responded that same day, stating, "I STILL NEED TO MAKE THIS DETERMINATION" as to "WHAT PORTIONS OF THOSE DEPOSITIONS ARE CONFIDENTIAL." Greenberg Decl. Ex. B at 8 (capital letters in original). Thus, contrary to the government's suggestions in its filings, the government acknowledged it needed to "MAKE THIS DETERMINATION" at least two days ***in advance*** of the timeline contemplated by

---

[2] The government points out in a footnote that ordinarily it would have 30 days to make this determination under the Protective Order, *see* ECF 116 at 3 n.3, but does not actually suggest that the Protective Order somehow overrides the deadline set by the local rules. To the contrary, the Protective Order directs parties in this situation to follow the procedure set out in the local rules. *See* ECF 92 at 6:15-18, 12:13-14 (providing that deposition transcripts shall be treated as "Protected Material" within the 30-day review period and that a "Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5").

In any event, it is worth noting that the tight deadlines faced by the government are entirely its own fault. As the government recently acknowledged when seeking an extension of the briefing deadline, the government ***still*** has not finished its document production in this case. *See* ECF 109 at 5:12-6:3. The delays in the government's document production forced Plaintiffs to schedule depositions late in discovery, which in turn shortened the time available for confidentiality review. Plaintiffs would have taken depositions earlier if the government had produced documents in a timely way.

3

the local rules. The government, however, never made its "DETERMINATION" and never agreed to further confer to limit the need for this Application.[3]

Once the Application was filed, Local Rule 79-5.2.2(b)(i) gave the government an additional "4 days [from] the filing" to submit its declaration and proposed redactions. Given that the filing occurred on a Tuesday, the government could have taken until Monday to conduct its review. Instead, however, the government filed its response on Friday—*before* the Monday filing deadline. The government cannot possibly suggest that it had inadequate time to conduct the confidentiality review required by the local rules when it filed its response before the deadline. And, if the government could not meet the Monday deadline, then it could have sought an extension. The government did not ask for more time, presumably because insufficient time is not its real problem.

### 2. The Government's Objections To Exhibits L–O Are Meritless.

Rather than comply with its obligations to identify any portions of the deposition transcripts that should remain under seal, the government instead demands that Plaintiffs not be allowed to file portions of those transcripts *at all*. It throws together a hodgepodge of inapposite citations to argue that since litigants sometimes choose to only file deposition excerpts—including, apparently, the government itself, *see* ECF 116 at 4:1-3—Plaintiffs *must* do the same. The government suggests that Plaintiffs be limited to filing only those pages cited in their brief, without even providing any additional pages for context.

This argument is in the nature of a motion to strike and, viewed in that light, runs into two significant problems. The first problem is that the government has not filed such a motion, meaning the issue is not properly presented. The second

---

[3] The government complains that it could not possibly have reviewed the transcripts because it had to depose the Plaintiffs during this same period. *See* ECF 116 at 3 n.3. However, nothing forced the government to schedule its depositions during the week immediately before the filing deadline. Plaintiffs managed to timely file their opening brief despite defending those same depositions.

1  problem faced by the government, moreover, is that "motions to strike are generally
2  disfavored and should be filed sparingly." *E.E.O.C. v. Red Robin Gourmet Burgers,*
3  *Inc.*, No. C04-1291JLR, 2005 WL 2090677, at *6 (W.D. Wash. Aug. 29, 2005).
4  Plaintiffs have moved this Court for final relief, and it is Plaintiffs' responsibility to
5  determine what evidence to provide the Court in support. The government offers no
6  basis to countermand Plaintiffs' decision as to the relevance (indeed, importance) of
7  the complete transcripts to the parties' claims and defenses.
8        The government is simply wrong to argue that the local rules require filing of
9  excerpts, and, in fact, the local rules strongly suggest the opposite. The provision
10 cited by the government, Local Rule 26-2, pertains to "a discovery request or
11 response"—not transcripts. Closer at hand, Local Rule 32-1 expressly provides that
12 the parties should submit ***full*** deposition transcripts for a "trial or an evidentiary
13 hearing." While Local Rule 32-1 sets forth procedures that by their terms apply to a
14 live hearing, rather than a "trial on the briefs," it nevertheless strongly suggests that
15 the parties should submit the full transcripts at this stage.
16       Moreover, courts have rejected similar arguments when made through
17 motions to strike. *See*, *e.g.*, *Nigrelli v. Victoria Partners*, No. 2:15-cv-1840-GMN-
18 NJK, 2017 WL 1284762, at *4–5 (D. Nev. Mar. 30, 2017) (rejecting similar
19 argument and stating that the "Court is capable of examining cited material in an
20 entire transcript to the same extent as it would examine cited material in excerpted
21 pages"); *Mariner Energy, Inc. v. Devon Energy Prod. Co.*, 690 F. Supp. 2d 558,
22 575 n.6 (S.D. Tex. 2010) (rejecting "object[ion] to [opposing party's] inclusion in
23 the record of full deposition transcripts rather than just excerpts"); *Peel & Co. v.*
24 *Rug Mkt.*, No. 98-cv-2376, 1999 WL 731415, at *1 (E.D. La. Sept. 17, 1999), rev'd
25 on other grounds, 238 F.3d 391 (5th Cir. 2001) (rejecting similar argument and
26 stating that the "Court sees no reason why the entire transcript need be struck").
27 These decisions rightly reject attempts—like the government's here—to second-
28 guess the form of another party's filings.

There are, in fact, good reasons for a litigant to choose to file the entire deposition transcript, rather than excerpts. Filing complete transcripts allows the reader to examine related questions and answers just before or after the excerpted testimony. In fact, in other cases, litigants have objected to the filing of deposition excerpts, including on the ground that they were incomplete, and in some cases courts have noted that litigants properly responded to such objections by filing the entire transcript.[4]

Frequently in litigation, parties or the Court will later need to reference the discussion surrounding cited testimony, particularly as both witnesses and questioners refer back to earlier questions or responses. In their reply brief, for instance, Plaintiffs may want to point to a statement a deponent made three pages before testimony cited in the opening brief—perhaps to provide further support for an argument or respond to an argument the government makes in its opposition. Similarly, Plaintiffs may want to cite additional portions of these depositions when assembling their portion of the Joint Separate Statement of Undisputed and Disputed Facts, which is due (under the Court's scheduling order) the same date as the opposition briefs. *See* ECF 82 at 6. Or, outside of the briefing, the Court itself may decide that it wishes to review additional portions of a deposition to obtain necessary context. The filing of a complete transcript makes that possible. By contrast, the government's demand that only excerpts be filed would mean that portions of a transcript might be spread across multiple filings—or might never be

---

[4] *See, e.g.*, *Halmos v. Ins. Co. of N. Am.*, No. 08-cv-10084, 2011 WL 13134004, at *3 (S.D. Fla. Jan. 11, 2011); *Prude v. Clarke*, No. 14-cv-856, 2016 WL 633366, at *2 (E.D. Wis. Feb. 17, 2016); *Painter-Payne v. Vesta W. Bay, LLC*, No. 2:12-cv-00912, 2014 WL 1599505, at *6 (S.D. Ohio Apr. 21, 2014); *Alston v. Prairie Farms Dairy, Inc.*, No. 4:16-cv-245-DMB-JMV, 2018 WL 1800867, at *5 (N.D. Miss. Apr. 16, 2018); *Williams v. City of Medford*, No. 09-cv-3026-CL, 2011 WL 5842768, at *3 (D. Or. Oct. 19, 2011).

filed at all—and would ensure that the parties' and the Court's ability to reference the record is more complicated than necessary.[5]

Take, for example, the transcript of the 30(b)(6) deposition of Lynne Zellhart. Without divulging the details of the transcript, which remain under seal, Plaintiffs cited page 40 of the transcript (or, as the exhibits are numbered, page 1239 of Exhibit M) for a discussion of the timeframe in which the government made certain decisions with respect to the property at USPV, but that cited exchange is the culmination of a discussion that begins at page 32 of the transcript. While the entire discussion was not cited in the opening brief, the entire discussion does provide additional context and may be of use to either party or to the Court. Or, to offer another example, Plaintiffs cited page 16 of the transcript (page 1215 of Exhibit M) for the discussion of the FBI's operative policy documents. However, additional discussion of the FBI's operative policies can be found at pages 13 and 15, and, while Plaintiffs did not cite those passages, they provide additional context. Nothing would be gained by striking that context from the record.

Further, all of these considerations are amplified in this proceeding, as the Court's provision for "trial on the briefs" indicates there will be no opportunity to create a more fulsome record at a live trial. The Ninth Circuit has held that "normally" it will refrain from allowing parties to "supplement the record on appeal with material not considered by the trial court." *Daly-Murphy v. Winston*, 820 F.2d 1470, 1473 (9th Cir.), amended, 837 F.2d 348 (9th Cir. 1987). Thus, if this Court ruled on the merits of this case after being provided only excerpts of the deposition transcripts, Plaintiffs would then likely be unable to supplement the record with

---

[5] For similar reasons, the government's objection that Plaintiffs do not cite the Carlson deposition in their opening brief misses the mark. Between both the reply brief and the separate statement of undisputed facts, Plaintiffs anticipate that the parties will cite ***all*** the deposition transcripts, and therefore Plaintiffs determined to place all the transcripts in the record.

complete transcripts for purposes of appeal. *See ACLU v. Dixie Cnty.*, 828 F. Supp. 2d 1307, 1308 (N.D. Fla. 2011) (holding that it would not supplement record with plaintiff's full deposition transcript, as it lacked authority to do so given that it ruled for plaintiff based solely on deposition excerpts). As the *Dixie County* case shows, the failure to create a complete record can frustrate appellate review. *See ACLU v. Dixie Cnty.*, 690 F.3d 1244, 1250 (11th Cir. 2012) (remanding to district court with instructions to conduct an evidentiary hearing because of ambiguities in available record testimony); *id.* at 1258 (Edmondson, J., concurring in part) (noting the majority's decision was based in part on the fact that "the parties here did not file the whole deposition with the district court"). Given the Court's indication that this case will not be set for live trial, it is incumbent on Plaintiffs to ensure that the paper record is as thorough and complete as possible.[6]

      Finally, it is difficult to see how the government would be prejudiced by filing these complete deposition transcripts. If the government truly believes that there is anything confidential in the transcripts, it could seek to justify a sealed filing or—at a minimum—could submit *some* evidence that *some* portion of the transcripts ought to be filed under seal. But it has not done so. Beyond that, these are the government's witnesses, and the filing of complete transcripts would serve only to ensure that those witnesses' statements are not taken out of context or otherwise misunderstood. Particularly given the serious constitutional violations alleged in this case, the government's witnesses ought to be heard in full, and, again, that end is best accomplished by filing the full deposition transcripts.

---

[6] Complete transcripts will also help the Court avoid the need for live testimony; having access to the best and most complete information available will aid the Court in deciding whether there are any disputed issues of material fact. *See* Pls.' Opening Br. 13:8-15 (ECF 112).

# CONCLUSION

Because the government has failed to provide "compelling reasons" to justify the sealed filing of any of the relevant documents, this Court should grant relief on the Application by permitting only Exhibits A and B to be filed under seal.

Dated: July 26, 2022

Respectfully Submitted,

/s/ Robert Frommer

**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
Michael Greenberg*
mgreenberg@ij.org
Joseph Gay*
jgay@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

*Admitted pro hac vice.*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*