# Exhibit A

**to Declaration of Michael Greenberg**

| | |
|---|---|
| **From:** | Robert Frommer |
| **Sent:** | Thursday, July 14, 2022 2:45 PM |
| **To:** | Rodgers, Victor (USACAC) |
| **Cc:** | Coll, Maxwell (USACAC); Robert Johnson; Joe Gay; Michael Greenberg; Casey Nasca; Kyndra Griffin; Nilay Vora; Jeff Atteberry; Lou Egerton-Wiley |
| **Subject:** | RE: USPV - filing certain exhibits under seal pursuant to LR 79-5.2.2 |
| **Attachments:** | FBI 2118 Redacted Version.pdf; FBI 5759_Redacted version.pdf; USPV FBI Claim Form.pdf; USPV omnibus forfeiture notice.pdf |

Victor,

I am following up on my email from Tuesday regarding those documents that Plaintiffs propose filing under seal, and those documents Plaintiffs believe can be publicly filed in court. This email is meant to provide you with more specificity as to what exhibits we are referring to:

We believe there are a couple categories of documents that should be filed under seal. These relate primarily to the class members and the contents of their safe deposit boxes, as those documents would reveal private details of class members' property if filed in full.

1) Copies of class members' inventory records. Obviously we do not intend to submit every class members' inventory records, but instead a small sample. We intend to publicly file the attached 302 (FBI 2118) and Agents Observations and Notes exemplars (FBI 5759) as part of the Application, as examples of the types of documents we're asking to seal, and then provide as an attachment to the declaration those 302s and associated documents (597s, photographs, AO&Ns, etc.) that we wish to file under seal.
1) Videos of (selected)box inventories. Given the narrow timeframe, we intend to submit a sample of video recordings of the inventorying process to the Court. We have asked the Court's courtroom deputy how it would like us to submit the videos in conjunction with the application, given that Judge Klausner's standing order tells us not to send him Application materials.

By contrast, we believe that the following documents do not meet the high threshold for filing under seal, and propose that they be filed as produced

2) Warrant (USAO 135-39)
3) Warrant Application and Affidavit (as redacted) (USAO 14-246)
4) Operational Plan (FBI 43-55)
5) Supplement Instructions on Box Inventory (FBI 56-60) (we would like a copy with the drug dog references unredacted)
6) Deposition Transcripts. For those deposition transcripts for which you have already provided ranges that you believe require redaction, we will redact those portions and file the remainder unredacted. So for Palmerton, that would be "page 34, lines 5-6; page 82, line 11 to page 84, line 2; page 84, line 16 to page 85, line 15; and page 131, line 18 to page 132, line 5". For Zellhart's May 6 deposition, those redactions would be "Page 141, lines 9-22; page 143, lines 5-11; page 146, lines 3-16; and page 173, line 24 to page 174, line 17. "
    a. As to those depositions that have been taken subsequently (Versoza, Carlson, and the 30b6 depositions), the parties should confer about what lines, if any, similarly require redacting.
7) DIOG excerpt (USAO 247-48)
8) FBI Claim Form; we propose filing the attached PDF, which is a blank exemplar.
9) Admin forf notice: as with the Claim Form, we propose filing the attached PDF.

**Exhibit A**

1

4

I know you are in depositions now, but we should talk about this shortly so that the parties are agreed as to this prior to any filing next Tuesday.

Best,
Rob

Robert Frommer
Senior Attorney, Institute for Justice
Director, IJ's Project on the Fourth Amendment
901 North Glebe Road, Suite #900
Arlington, VA 22203
Tel: (703) 682-9320, ext. #207
Email: rfrommer@ij.org

Exhibit A
5