KATIE TOWNSEND (SBN 254321)
ktownsend@rcfp.org
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, D.C. 20005
Telephone:  202.795.9300
Facsimile:  202.795.9310

JEFFREY GLASSER (SBN 252596)
jeff.glasser@latimes.com
LOS ANGELES TIMES
COMMUNICATIONS LLC
2300 E. Imperial Highway
El Segundo, CA 90245
Telephone: 213.237.7077

*Counsel for Amici Curiae*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PAUL SNITKO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Case No.  2:21-CV-04405-RGK-MAR <br><br> **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS AND LOS ANGELES TIMES COMMUNICATIONS LLC** |

1
**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS AND LOS ANGELES TIMES COMMUNICATIONS LLC**

[Proposed Order and Brief of *Amici Curiae* Filed Concurrently Herewith]

Date: August 29, 2022
Time: 9:00 a.m.
Judge: Honorable R. Gary Klausner
Courtroom: 850

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 29, 2022, or as soon as this matter may be heard before the Honorable R. Gary Klausner, United States District Court Judge, in Courtroom 850 of the United States District Court, Central District of California, Western Division, the Reporters Committee for Freedom of the Press and Los Angeles Times Communications LLC (together, "*amici*") will and hereby do move the Court for leave to file the accompanying brief in support of Plaintiffs' motion to unseal the transcripts filed as Exhibits L–O to Plaintiffs' Trial Brief.

This Motion is made on the grounds that the concurrently submitted brief will aid the Court's consideration of Plaintiffs' motion by explaining the keen press and public interests that favor access to the records at issue. *Amici curiae* submissions are generally accepted by district courts where they concern "legal issues that have potential ramifications beyond the parties directly involved" or where "the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C.2003)); *see also Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.) ("An amicus brief should normally be allowed . . . when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are

able to provide."). Here, *amici* can provide the Court with a broader perspective on interests of members of the public and the news media not represented by the parties.

As detailed in the proposed amici brief filed concurrently herewith, the common law and First Amendment entitle the press and public to scrutinize the deposition transcripts. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (common law presumption of access attaches to "documents attached to dispositive motions); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (same under the First Amendment). The conduct of the United States in seizing the property of customers of U.S. Private Vaults is a matter of substantial public controversy, as well as a subject of *amicus* Los Angeles Times Communications LLC's ongoing reporting. *See, e.g.*, Michael Finnegan, *FBI Wants to Keep Fortune in Cash, Gold, Jewels from Beverly Hills Raid. Is It Abuse of Power?*, L.A. Times (June 9, 2021), https://lat.ms/3S8C8tr. And as the brief explains, not only will access to the deposition transcripts advance the "legitimate and important interest in affording members of the public their own opportunity to see and hear evidence that records the activities of . . . agents of the Federal Bureau of Investigation," *In re Application of Nat'l Broad. Co.*, 635 F.2d 945, 952 (2d Cir. 1980), but it will also provide essential context for this Court's ultimate resolution of the merits of the parties' dispute, because "the meaning and legal import of a judicial

decision is a function of the record on which it was rendered," *Wash. Legal Foundation v. U.S. Sentencing Comm'n*, 89 F.3d 897, 906 (D.C. Cir. 1996).

This Notice of Motion and Motion are based on the foregoing; the concurrently filed proposed brief of *amici curiae*; all pleadings, records, and files in the above-captioned case; all matters of which the Court shall take judicial notice; and on such argument as may be presented by counsel at any hearing to be held on this Motion.

Counsel for *amici* contacted counsel for Plaintiffs and Defendants to request their clients' consent to the filing of the accompanying *amici curiae* brief. Plaintiffs consent to the filing of the *amici curiae* brief. Defendants have not yet responded.

## CONCLUSION

For the foregoing reasons, Plaintiffs' respectfully request that the Court grant leave to file the accompanying brief of *amici curiae* in support of Plaintiffs.

Dated: August 2, 2022

>　　　　　　　　　　　　　　　*/s/ Katie Townsend*
>　　　　　　　　　　　　　　　Katie Townsend
>　　　　　　　　　　　　　　　SBN 254321
>　　　　　　　　　　　　　　　THE REPORTERS COMMITTEE FOR
>　　　　　　　　　　　　　　　FREEDOM OF THE PRESS
>　　　　　　　　　　　　　　　1156 15th St. NW, Suite 1250
>　　　　　　　　　　　　　　　Washington, DC 20005
>　　　　　　　　　　　　　　　Phone: 202.795.9300
>　　　　　　　　　　　　　　　Facsimile: 202.795.9310
>　　　　　　　　　　　　　　　Email: ktownsend@rcfp.org
>
>　　　　　　　　　　　　　　　*Counsel of Record for Amici Curiae*