AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br><br>9182 W. OLYMPIC BLVD.,<br>BEVERLY HILLS, CALIFORNIA | Case No.  2:21-MJ-01302 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

*See Attachment B*

Such affidavit(s) or testimony are incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

☐ Pursuant to <u>18 U.S.C. § 3103a(b)</u>, I find that immediate notification may have an adverse result listed in <u>18 U.S.C. § 2705</u> (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ___ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  March 17, 2021 11:48  a.m.                    /s/ *[signature]*
                                                                    Judge's signature

City and state:     Los Angeles, CA                                  Hon. Steve Kim, U.S. Magistrate Judge
                                                                    *Printed name and title*

AUSA Andrew Brown, x0102, 11th Floor                                 **USAO 000001**

**EXHIBIT A**
**27**

AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.: 2:21-MJ-01302 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_Executing officer's signature_

_Printed name and title_

**USAO 000002**

**EXHIBIT A**
**28**

The premises to be searched is:

    The storefront located at 9182 W. OLYMPIC BLVD., BEVERLY HILLS, CALIFORNIA, which houses the businesses known as Olympic Gold & Jewelry and U.S. Private Vaults in a single retail space with only one entrance.  The premises to be searched is a retail space in a strip mall located on the south side of Olympic Blvd. between S. Palm Drive and S. Oakhurst Drive.  It bears the current street number "9182" over the glass entry door on the left side of the space, and the former street number "9186" towards the right.  Above the premises to be searched on the stucco wall is the sign "US PRIVATE VAULTS" in red and blue letters.  The front of the premises to be searched is all glass, some of it darkly tinted.  The glass windows bear the additional signs "OLYMPIC GOLD & JEWELRY" and "US PRIVATE VAULTS."  The premises to be searched is between the stores "Silver Nails" to the east and "Mail Service" to the west, and is pictured in the attached photographs:





USAO 000004

**EXHIBIT A**
**30**

**ATTACHMENT B--USPV**

**I. ITEMS TO BE SEIZED**

1. The items to be seized are evidence, contraband, fruits, or instrumentalities of violations of 18 U.S.C. §§ 371, 1343, and 1956; 21 U.S.C. §§ 841, 846; and 31 U.S.C. §§ 5324 and 5331 (money laundering, distribution of controlled substances, wire fraud, structuring, and conspiracy to commit the same) (the "SUBJECT OFFENSES"), namely:

    a. Narcotics and controlled substances, such as cocaine and THC, and related paraphernalia such as scales, pay-owe sheets, packaging material such as vape cartridges, and documents referring or relating to them, such as their manufacture or sale, or maintaining premises for the same;

    b. Records referring or relating to countersurveillance of law enforcement, obstructing investigations, warning persons of law enforcement inquiries or activities such as serving subpoenas or search warrants, or hiding, altering, or destroying evidence;

    c. Money counters, cash over $10,000, bitcoin and other digital currency as well as related documents and programs, and records referring or relating the preceding items or to IRS form 8300, Currency Transaction Reports and other Bank Security Act (BSA) requirements, currency reporting requirements generally, structuring transactions to circumvent those requirements, such as instructions to keep transactions under $10,000 in cash, anti-money laundering programs and how to evade them, investigations by financial institutions and the closure or threatened closure of financial accounts, and, since 2019, records of cash payments and receipts;

USAO 000005

1    d.   Firearms, ammunition, and related paraphernalia such
2 as holsters and magazines, and records referring or relating to the
3 same;
4    e.   Documents and records referring or relating to actual
5 or threatened violence, such as those to enforce a criminal debt;
6    f.   Documents and records referring or relating to the
7 conversion of cash to financial instruments such as checks and wire
8 transfers, and vice versa, for a percentage of the dollar value
9 converted, including such conversions when there is an intermediate
10 medium such as precious metals, whether real or purported;
11    g.   Records reflecting or relating to the escheatment of
12 property to the state of California including the requirement to do
13 so, returning property to a named designee, the disposition of
14 contents of abandoned/unpaid safety deposit boxes, and complaints
15 that items were missing from a safety deposit box;
16    h.   Records referring or relating to criminals, crimes,
17 prison, arrests, criminal investigations, criminal charges, and asset
18 forfeiture;
19    i.   Biometric scanning equipment and records, and
20 documents referring or relating to them;
21    j.   Digital or video security systems, recordings of
22 forcing open safety deposit boxes and the removal of contents of
23 boxes for any purpose including abandonment or incapacity of the
24 customer and documents referring or relating to the same, and, since
25 2019, surveillance video;
26    k.   Nests of safety deposit boxes and keys, and documents
27 and records referring or relating to them since 2019.  This warrant
28 does not authorize a criminal search or seizure of the contents of

USAO 000006

**EXHIBIT A**
**32**

```
 1  the safety deposit boxes.  In seizing the nests of safety deposit
 2  boxes, agents shall follow their written inventory policies to
 3  protect their agencies and the contents of the boxes.  Also in
 4  accordance with their written policies, agents shall inspect the
 5  contents of the boxes in an effort to identify their owners in order
 6  to notify them so that they can claim their property;
 7            l.   Records referring or relating to CARES Act relief
 8  programs, such as the Paycheck Protection Program and Small Business
 9  Administration loans;
10            m.   Records referring or relating to the ownership or
11  control of U.S. PRIVATE VAULTS or OLYMPIC GOLD & JEWELRY or parent or
12  subsidiary entity, including employment records, and records of
13  corporate actions such as corporate minutes and votes;
14            n.   Since 2019, documents and records referring or
15  relating to financial or monetary transactions involving U.S. PRIVATE
16  VAULTS or OLYMPIC GOLD & JEWELRY, including records referring to or
17  identifying their customers;
18            o.   Records referring or relating to Beltran or a cartel,
19  or since 2019 to MJ Real Estate Investors Inc. (MJRE), Emerald Fund
20  LLC, Alta Quality Growers, MGP Management, MGP Consulting, MGP
21  Filling and Packaging, Bachelor Valley Fund LLC, Antares Topanga
22  Group LLC, dba Valley Collective Care, Rogue Bioscience, and
23  Sportsware Inc.;
24            p.   Records relating to wealth and the movement of wealth
25  since 2019, such as tax returns and forms, crypto-currency accounts
26  and transfers, other digital wealth storage and transfer methods
27  including PayPal and Venmo, money orders, brokerage and financial
28  institution statements, wire transfers, currency exchanges, deposit
```

USAO 000007

**EXHIBIT A**
**33**

1 slips, cashier's checks, transactions involving prepaid cards, and/or other financial documents related to depository bank accounts, lines of credit, credit card accounts, real estate mortgage initial purchase loans or loan refinances, residential property leases, escrow accounts, the purchase, sale, or leasing of automobiles or real estate, or auto loans, and investments, or showing or referring to purchases or transactions for more than $1,000;

 q. Records or items containing indicia of occupancy, residency or ownership of any location or vehicle being searched, such as keys, rental agreements, leases, utility bills, identity documents, cancelled mail, and surveillance video;

 r. Documents and records showing electronic and telephone contacts and numbers called or calling, such as SIM cards, address books, call histories, telephone bills, and Signal, ICQ, Telegram, and email addresses.

 s. Any digital device which is itself or which contains evidence, contraband, fruits, or instrumentalities of the Subject Offenses, and forensic copies thereof.

2. With respect to any digital device containing evidence falling within the scope of the foregoing categories of items to be seized:

 a. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

USAO 000008

**EXHIBIT A**
**34**

     b.   evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

     c.   evidence of the attachment of other devices;

     d.   evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

     e.   evidence of the times the device was used;

     f.   passwords, encryption keys, biometric keys, and other access devices that may be necessary to access the device;

     g.   applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

     h.   records of or information about Internet Protocol addresses used by the device;

     i.   records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

3.   As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

**USAO 000009**

4.  As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony PlayStations and Microsoft Xboxes); peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

**II. SEARCH PROCEDURE FOR DIGITAL DEVICES**

5.  In searching digital devices or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

    a.  Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or seize and transport the device(s) and/or forensic image(s) thereof to an appropriate law enforcement laboratory or similar facility to be searched at that location.  The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant.  The government will not search the digital device(s) and/or forensic image(s) thereof beyond this 120-day period without obtaining an extension of time order from the Court.

**USAO 000010**

**EXHIBIT A**
**36**

```
 1            b.   The search team will conduct the search only by using
 2   search protocols specifically chosen to identify only the specific
 3   items to be seized under this warrant.
 4                 i.   The search team may subject all of the data
 5   contained in each digital device capable of containing any of the
 6   items to be seized to the search protocols to determine whether the
 7   device and any data thereon falls within the list of items to be
 8   seized.  The search team may also search for and attempt to recover
 9   deleted, "hidden," or encrypted data to determine, pursuant to the
10   search protocols, whether the data falls within the list of items to
11   be seized.
12                 ii.  The search team may use tools to exclude normal
13   operating system files and standard third-party software that do not
14   need to be searched.
15                 iii. The search team may use forensic examination and
16   searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit),
17   which tools may use hashing and other sophisticated techniques.
18            c.   If the search team, while searching a digital device,
19   encounters immediately apparent contraband or other evidence of a
20   crime outside the scope of the items to be seized, the team will not
21   search for similar evidence outside the scope of the items to be
22   seized without first obtaining authority to do so.
23            d.   If the search determines that a digital device does
24   not contain any data falling within the list of items to be seized,
25   the government will, as soon as is practicable, return the device and
26   delete or destroy all forensic copies thereof.
27            e.   If the search determines that a digital device does
28   contain data falling within the list of items to be seized, the
```

USAO 000011

government may make and retain copies of such data, and may access such data at any time.

  f. If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

  g. The government may also retain a digital device if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

  h. After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

6. The review of the electronic data obtained pursuant to this warrant may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

USAO 000012

**EXHIBIT A**
**38**

7. In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

    a. Any digital device capable of being used to commit, further, or store evidence of the offense(s) listed above;

    b. Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

    c. Any magnetic, electronic, or optical storage device capable of storing digital data;

    d. Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

    e. Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device;

    f. Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and

    g. Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

8. During the execution of this search warrant, law enforcement is permitted to: (1) depress the thumbs and/or fingers of MARK PAUL, MICHAEL POLIAK, GEORGE VASQUEZ, and HILLARY and STEVE BARTH onto the fingerprint sensor of the device (only when the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of the face of those persons with their eyes open to activate the facial-

USAO 000013

**EXHIBIT A**
**39**

1  iris-, or retina-recognition feature, in order to gain access to the
2  contents of any such device.  In depressing a person's thumb or
3  finger onto a device and in holding a device in front of a person's
4  face, law enforcement may not use excessive force, as defined in
5  Graham v. Connor, 490 U.S. 386 (1989); specifically, law enforcement
6  may use no more than objectively reasonable force in light of the
7  facts and circumstances confronting them.
8       9.   The special procedures relating to digital devices found in
9  this warrant govern only the search of digital devices pursuant to
10 the authority conferred by this warrant, and do not apply to any
11 other search of digital devices.

**USAO 000014**

**EXHIBIT A**
**40**