

STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture Sections
    1100/1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142
    E-mail: Andrew.Brown@usdoj.gov
          Victor.Rodgers@usdoj.gov
          Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA AND
TRACY L. WILKISON AND KRISTI KOONS JOHNSON
IN THEIR OFFICIAL CAPACITY ONLY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC and TRAVIS MAY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>Defendants. | Case No. 2:21-cv-04405-RGK-MAR<br><br>**DEFENDANTS UNITED STATES OF AMERICA, ET AL.'S RESPONSE TO MOTIONS FOR LEAVE TO FILE AMICUS BRIEFS [ECF NOS. 119 AND 120]** |

    Defendants United States of America and Tracy L. Wilkison and Kristi Koons Johnson in their official capacity only (collectively, "the government") hereby respectfully submit this response to the Motions for Leave to File Amicus Briefs [ECF Nos. 119 and 120]. The government has no opposition to the motions for leave to file the amicus briefs pertaining to the unsealing of the full deposition transcripts filed as

exhibits to Plaintiffs' under seal filing (ECF No. 113). However, to the extent the government need address the substance of the underlying motions themselves for which approval is being sought to file, the government responds as follows.

The government's position is the same as in its response to Plaintiffs' application to file under seal: the government does not oppose Plaintiffs filing publicly the pages of the deposition transcripts they have cited in its opening brief, which as a result would allow Plaintiffs to remove the redactions from their opening brief and thus permit the brief to be filed in its entirety publicly. However, the public filing of full deposition transcripts is not appropriate, and the government's opposition brief limited its public filings to specific pages of deposition transcripts cited in the brief.[1] The unsealing of the deposition transcripts, and Plaintiffs' public filings, should be limited to the deposition transcript pages cited in Plaintiffs' opening brief.

Plaintiffs argue that full transcripts help to understand the context of deposition testimony and preserves Plaintiffs' right to rely on the entire transcripts for purposes of any appeal. But filing full transcripts creates significant problems. The scope of a proper deposition question and answer is obviously broader than the scope of testimony at trial. The filing of full deposition transcripts requires the government, for purposes of preserving the record, to provide objections to every single question in the deposition transcripts where an objection at trial would be appropriate (e.g., relevancy for a deposition is broader than relevancy for a trial), even though only a few pages of the transcripts (and none in the case of DEA Special Agent Carlson, whose deposition transcript was not even cited in Plaintiffs' opening brief) are being relied upon by Plaintiffs. Furthermore, while the government has thousands of pages of documents,

---

[1] See as to depositions of Plaintiffs: Ex. M [ECF No. 122-14] at 356-370; Ex. P [ECF No. 122-17] at 374-382; Ex. Q [ECF No. 122-18] at 383-388; Ex. R [ECF No. 122-19] at 389-394; Ex. S [ECF No. 122-20] at 395-400; Ex. T [ECF No. 122-21] at 401-411; Ex. V [ECF No. 122-23] at 414-420. See as to depositions of government special agents/law enforcement officers: Ex. FF [ECF No. 122-33] at 493-519; Ex. GG [ECF No. 122-34] at 520-547; Ex. HH [ECF No. 122-35] at 548-555; Ex. II [ECF No. 122-36] at 556-572; Ex. JJ [ECF No. 122-37] at 573-582; Ex. KK [ECF No. 122-38] at 583-599.

1  produced in discovery, that could potentially help its position, it would be entirely
2  inappropriate for the government to file all those documents publicly and then expect
3  Plaintiffs to assert relevancy-at-trial type objections thereto.
4       In addition, while Plaintiffs have argued for a summary judgment standard for this
5  trial-on-the briefs case (but the government noted in its opposition brief that a trial
6  standard is appropriate), other District Court judges have summary judgment orders
7  (which the government in no way suggests are binding here) reflecting that the
8  attachment of full deposition transcripts on summary judgment motions is not
9  appropriate.  For example, the Initial Standing Order for the Honorable Federal District
10 Court Judge Dolly M. Gee, available on the Court's public website, provides as follows:

> **ii.  Supporting Evidence**
>
> No party shall submit evidence other than the specific items of
> evidence or testimony necessary to support or controvert a proposed
> statement of undisputed fact.  For example, entire deposition transcripts,
> entire sets of interrogatory responses, and documents that do not
> specifically support or controvert material in the separate statement shall
> not be submitted in opposition to a motion for summary judgment.

18 Rodgers Decl., Ex. A at 13:1-6.  The government appreciates and fully respects the
19 rights of the public to have full access to materials in a case.  It has no objection to
20 providing access to properly filed papers and believes that is entirely appropriate.
21 However, the government respectfully submits that full deposition transcripts are not
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

3

properly filed, and requests that Plaintiffs be required to limit their public filing to the specific pages of the transcripts upon which they rely in their opening brief.

Dated: August 12, 2022  Respectfully submitted,

STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

 /s/ Victor A. Rodgers
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL

Assistant United States Attorneys
Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

DECLARATION OF AUSA VICTOR A. RODGERS

I, Victor A. Rodgers, declare as follows:

1.  I am one of the AUSAs representing defendants United States of America and Tracy L. Wilkison and Kristi Koons Johnson in their official capacity only (collectively, "the government") in this action. I have personal and first-hand knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify thereto.

2.  Attached hereto as Exhibit A is a true and correct copy of the Honorable Federal District Court Judge Dolly M. Gee's Initial Standing Order that I downloaded from the Court's public website.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on August 12, 2022.

             /s/
AUSA VICTOR A. RODGERS