Page 1

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE CENTRAL DISTRICT OF CALIFORNIA
                      WESTERN DIVISION
                          -oOo-


  PAUL SNITKO, JENNIFER SNITKO,    :
  JOSEPH RUIZ, TYLER GOTHIER,      :
  JENI VERDON-PEARSONS, MICHAEL    :
  STORC, AND TRAVIS MAY,           :
                                   :
              Plaintiffs,          :
                                   :
  vs.                              : Case No.
                                   : 2:21-cv-04405-RGK-MAR
  UNITED STATES OF AMERICA,        :
  TRACY L. WILKISON, in her        :
  official capacity as Acting      :
  United States Attorney for the   :
  Central District of California   :
  and KRISTI KOONS JOHNSON, in     :
  her official capacity as an      :
  Assistant Director of the        :
  Federal Bureau of                :
  Investigation,                   :
                                   :
              Defendants.          :
  =========================================================


         VIDEOTAPED VIDEOCONFERENCE DEPOSITION OF
                     LYNNE K. ZELLHART
                   FRIDAY, MAY 6, 2022
            WITNESS APPEARING REMOTELY FROM
                 LOS ANGELES, CALIFORNIA
  REPORTED BY:        SUSAN E. BELINGHERI, CCR #655
                          NV Firm Lic. #1F
```

```
                                                      Page 2

 1                    APPEARANCES:
 2           (all appearances via videoconference)
 3
                    For the Plaintiffs:
 4
               THE INSTITUTE FOR JUSTICE
 5                  Attorneys at Law
             By:  ROBERT FROMMER, ESQ.
 6            901 N. Glebe Road, Suite 900
                  Arlington, VA 22203
 7
                    For the Defendants:
 8
 9       ASSISTANT UNITED STATES ATTORNEY
               ASSET FORFEITURE SECTION
10            By:  VICTOR RODGERS, ESQ.
         312 North Spring Street, 14th Floor
11          Los Angeles, California 90012
12
           FEDERAL BUREAU OF INVESTIGATION
13             OFFICE OF GENERAL COUNSEL
             By:  MEGHAN CAMPBELL, ESQ.
14
15
                   The Videographer:
16
              VERITEXT LEGAL SOLUTIONS
17              By:  TERRI PERKINS
18
               The Veritext Concierge:
19
                    ROB BENIMOFF
20
21
22
23
24
25
```

```
 1                    I N D E X
 2
 3    EXAMINATION:                                    PAGE
 4    By Mr. Frommer                                     6
 5
 6
 7    EXHIBITS:                                       PAGE
 8    Exhibit 3.........................................  38
      Exhibit 4.........................................  75
 9    Exhibit 5.........................................  97
      Exhibit 6......................................... 161
10    Exhibit 7......................................... 181
      Exhibit 8......................................... 199
11    Exhibit 9......................................... 201
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 97

1           (Exhibit 5 marked at this time.)
2    BY MR. FROMMER:
3       Q.  Okay.  I have just introduced Exhibit 5.
4    Zellhart Exhibit 5.  So -- tell me when you have a
5    minute to look.
6               MR. RODGERS:  All right.
7    BY MR. FROMMER:
8       Q.  Now, I will purport that this is a copy, part one
9    of two, of the 2013 version of the DIOG that I acquired
10   from the FBI Vault website.  If you could take a minute
11   or two to go through, and let me know whether you agree
12   that that's what I -- that what I purport it to be it
13   is.
14              MR. RODGERS:  Well, this is a two hundred --
15   this document appears to be two -- hundreds and hundreds
16   and hundreds of pages.  So -- it's 700 pages.  It's not
17   possible for us to be able to say that it was downloaded
18   from the website.  I mean, you can represent whatever
19   you want to represent about it, but we can't answer that
20   question.
21
22
23
24
25

```
 1  [REDACTED]
 2
 3
 4
 5
 6       All right.  Let me turn to page -- well, before I
 7  ask, are you aware of any FBI policy that requires --
 8  requires agents, special agents, to use the least
 9  intrusive investigative technique that is capable of
10  achieving the FBI's objective?
11          MR. RODGERS:  Objection, overbroad, lacks
12  foundation.  If there's -- lacks foundation, calls for
13  speculation.
14          THE WITNESS:  Yes.
15  [REDACTED]
16
17
18
19
20
21
22
23
24
25
```

Page 99



24    BY MR. FROMMER:
25        Q.   Okay.  If you could look at 4.1.1, sub E).  So

1    that's the -- about two-thirds of the way down the page,
2    and it reads: Employ the least intrusive. Could you
3    read that -- that subpart E) to us, please?
4        A.   Sure.
5            Assuming a lawful intelligence or evidence
6    collection objective, i.e., an authorized purpose,
7    strongly consider the method, technique, employed to
8    achieve that objective that is the least intrusive
9    available, particularly if there's a potential to
10   interfere with protected speech and association, damage
11   someone's reputation, intrude on privacy, or interfere
12   with the sovereignty of foreign government, while still
13   being operationally sound and effective.
14       Q.   Okay.  So is it fair to say that the FBI policy
15   is that to the extent an investigative technique could
16   intrude on privacy, that FBI special agents should
17   consider a technique, the least -- the -- should strive
18   to employ the least intrusive technique available that
19   would meet the FBI's goals?
20            MR. RODGERS:  Objection, calls for
21   speculation, lacks foundation, calls for a legal
22   conclusion, assumes facts not in evidence.
23            THE WITNESS:  And to answer that, I would
24   just re-read that paragraph.  So your question was what
25   is FBI policy, and unless this has been superseded, FBI

```
                                                       Page 101
1     policy in regards to that is sitting there in sub
2     paragraph E).
3     BY MR. FROMMER:
4         Q.  Okay.
5         A.  That is my understanding of the policy, and I've
6     been trained on it.
7         Q.  Okay.  And you -- and -- so you've been trained
8     that when conducting -- the use of any technique should
9     be minimally invasive when there are speech or privacy
10    concerns; is -- is that fair to say?
11            MR. RODGERS:  Objection, poses an incomplete
12    hypothetical, assumes facts not in evidence, lacks
13    foundation, calls for speculation, calls for a legal
14    conclusion.
15            THE WITNESS:  Right.  And, again, I would
16    just -- I would just point to paragraph E).  What --
17    what it says in paragraph E) is the FBI's policy.  And
18    I'm familiar with the policy, I've been trained on the
19    policy, and -- and as it's written in sub paragraph E),
20    I totally agree with.
21    ███████████████████████████████████████████████████████
22    ███████████████████████████████████████████████████████
23    ███████████████████████████████████████████████████████
24    ███████████████████████████████████████████████████████
25    ███████████████████████████████████████████████████████
```

Page 241

```
1    STATE OF NEVADA     )
                         ) ss.
2    COUNTY OF WASHOE    )

3

4         I, SUSAN E. BELINGHERI, a Certified Court
5    Reporter for the State of Nevada, do hereby certify;
6         That on Friday, the 6th day of May, 2022, at the
7    hour of 9:08 a.m. of said day, at the offices of Bonanza
8    Reporting & Videoconference Center, 1111 Forest Street,
9    Reno, Nevada, appeared LYNNE K. ZELLHART via
10   videoconference, who was duly remotely sworn by me, was
11   thereupon deposed in the matter entitled herein, and
12   that before the proceeding's completion the reading and
13   signing of the deposition has not been requested by the
14   deponent or party;
15        That the foregoing transcript, consisting of
16   pages 1 through 241, is a full, true, and correct
17   transcript of my stenotype notes of said deposition to
18   the best of my knowledge, skill, and ability.
19        I further certify that I am not an attorney or
20   counsel for any of the parties, nor a relative or
21   employee of any attorney or counsel connected with the
22   action, nor financially interested in the action.
23        DATED:  At Reno, Nevada, this 6th day of May,
24   2022.
                      <%406,Signature%>
25                _____
                  SUSAN E. BELINGHERI, CCR #241
```