UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | August 16, 2022 |
|---|---|---|---|
| Title | *Paul Snitko, et al v. United States of America, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order re: Application to Seal and Motions for Leave to File Amicus Briefs [DEs 113, 119, 120]**

## I.  INTRODUCTION

On June 9, 2021, Paul Snitko, Jennifer Snitko, Joseph Ruiz, Tyler Gothier, Jeni Verdon-Pearsons, Michael Storc, and Travis May (collectively, "Plaintiffs") filed a First Amended Class Action Complaint against the United States (the "Government"), Tracy L. Wilkison, and Kristi Koons Johnson (collectively, "Defendants"). (ECF No. 33.) Plaintiffs allege Fourth Amendment violations arising from the Federal Bureau of Investigation's ("FBI") search and seizure of Plaintiffs' property, which was located in safe deposit boxes on the premises of non-party US Private Vaults ("USPV"). On October 12, 2021, the Court certified a class of Plaintiffs: USPV box renters who had their property seized, identified themselves to the FBI, and had their property returned. (*See* Order re: Pls.' Mot. Class Certification at 5, 10, ECF No. 78.)

This matter is set for a court trial on the briefs on August 23, 2022. (*See* Order Granting Joint Stip., ECF No. 103.) Plaintiffs filed their opening brief on July 19, 2022, accompanied by an Application to Seal (the "Application"). (*See* ECF Nos. 112, 113.) Certain portions of the Application to Seal are contested by the parties. Additionally, two Motions for Leave to File Amicus Briefs ("Motions for Leave") regarding the Application have been filed by: (1) the Reporters Committee for Freedom of the Press and the Los Angeles Times; and (2) the Reason Foundation, respectively. (ECF Nos. 119, 120.) The Court took the Motions for Leave under submission on August 15, 2022. For the following reasons, the Court: (1) **GRANTS in part** and **DENIES in part** the Application [113]; and (2) **DENIES** the Motions [119] [120].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | August 16, 2022 |
|---|---|---|---|
| Title | *Paul Snitko, et al v. United States of America, et al* | | |

## II. JUDICIAL STANDARD

### A. Application to Seal

No document may be filed under seal without first obtaining approval by the Court. C.D. Cal. L.R. 79-5.2. If a party wishes to file a document designated by another (the "Designating Party") as confidential pursuant to a protective order, they must file an application to seal that document. C.D. Cal. L.R. 79-5.2.2(b). The Designating Party must then file a declaration within four days of the application establishing that the material is sealable pursuant to the relevant standard. C.D. Cal. L.R. 79-5.2.2(b). Otherwise, the application will be denied.

The Court begins with a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (explaining common law right "to inspect and copy public records and documents, including judicial records and documents"). There are generally two standards governing motions to file documents under seal—the "good cause" standard and the "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). For dispositive orders, the compelling reasons standard is used. *Id.* at 1098.

Under the compelling reasons standard, the party must show "compelling reasons supported by specific factual findings . . . [which] outweigh the general history of access and the public policies favoring disclosure." *Pintos*, 605 F.3d at 678. Conclusory statements that a document is confidential or subject to a protective order do not satisfy this standard. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1182 (9th Cir. 2006). The standard is invoked "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1179. A court ruling on an application to seal must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). Records are sealable when they "might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

### B. Leave to File *Amicus* Brief

Courts have broad discretion to admit or deny *amicus* briefing. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandlin v. Conner*, 515 U.S. 472 (1995). *Amici* should "assist[] in a case of general public interest, supplement[] the efforts of counsel, and draw[] the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). While there are no strict requirements to qualify as *amici*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | August 16, 2022 |
|---|---|---|---|
| Title | *Paul Snitko, et al v. United States of America, et al* | | |

the movant must at least "make a showing that [its] participation is useful to or otherwise desirable to the court." *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (internal quotation omitted).

### III.     DISCUSSION

#### A.     Application to Seal

The Application seeks to seal three categories of documents: (1) records of searches and inventories of class members' boxes (Exhibits A and B to Plaintiffs' opening trial brief); (2) transcripts of depositions of Government witnesses (Exhibits L, M, N, and O to Plaintiffs' opening trial brief); and (3) the portions of Plaintiffs' opening trial brief that cite or refer to the depositions in category (2). (*See* Pls.' Appl. at 1–2.) However, Plaintiffs ask to seal categories (2) and (3) only because the Government has designated them as "Protected Material" under the Protective Order in this case.[1] (*Id.*) Plaintiffs actually want the "*entirety* of the[] transcripts . . . available to the public," along with the relevant portions of their opening brief. (*Id.* at 2 (emphasis in original).)

There is no dispute that category (1) is appropriately sealed. The search records and inventories contain personal information about class members that is not relevant to the issues in this litigation. While the Government's inventory process is challenged in this case, Plaintiffs have filed redacted exemplars of the Government's inventory forms, which are a sufficient replacement for the forms that contain Plaintiffs' personal information. Accordingly, the Court **GRANTS** the Application as to document category (1).

The Court now moves to categories (2) and (3), which both relate to the deposition transcripts and therefore may be considered together. The Court first notes that, as the party designating the transcripts as confidential, the onus was on the Government to follow Central District of California Local Rule ("Local Rule") 79-5.2.2(b). As described above, the Local Rule required the Government to "[w]ithin 4 days of the filing of the Application . . . file a declaration establishing that all or part of the designated material is sealable, by . . . demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard." *Id.* The Government failed to do so here. Instead, it filed a response arguing that "parties are not permitted to file entire discovery documents as exhibits to their briefs." (Rodgers Decl. ¶ 6, ECF No. 116-1.) The

---

[1] The Protective Order sets out a procedure for the Government, as the party designating the depositions as confidential, to propose specific pages and lines for redaction. (Protective Order at 6, ECF No. 92.) If the Government does not do so within the specified time period, the entire transcript is deemed confidential. (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | August 16, 2022 |
|---|---|---|---|
| Title | *Paul Snitko, et al v. United States of America, et al* | | |

Government cites no binding case law in support of this position, and the Court can find none.[2] Even if it had, the proper vehicle for such a request is a motion to strike, not a request for the Court to preemptively strike certain portions of a filing.

Because the Government: (1) did not file the declaration required under Local Rule 79.5.2.2(b); and (2) premised its opposition to the Application entirely on the argument above, it failed to establish that any part of the transcripts (or the portions of the trial brief discussing them) are sealable under the "compelling reasons" standard. Accordingly, the Court **DENIES** the Application as to document categories (2) and (3). Should Plaintiff wish for the Court to consider those documents, it must file them on the public docket **within three days of this Order**.

### B. Motions for Leave to File *Amicus* Briefs

The Motions for Leave both seek to file briefs arguing that Plaintiffs should be allowed to file the relevant deposition transcripts on the public docket. But the Court has already decided that Plaintiffs may file the transcripts publicly. The proposed briefs thus are not helpful to the proceedings, and the Court **DENIES** both Motions.

### IV. CONCLUSION

For the foregoing reasons, the Court:

- **GRANTS** [113] the Application as to Plaintiffs' Exhibits A and B;
- **DENIES** [113] the Application as to Plaintiffs' opening trial brief, along with Exhibits L, M, N, and O; and
- **DENIES** both Motions [119] [120] for Leave.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre/a |

---

[2] Rather, the Government cites Local Rule 26-2 (along with a secondary source summarizing the Local Rule), which requires partial filing of "discovery request[s] or response[s]," but not of deposition transcripts. (*See* Defs.' Response to Appl. at 3, ECF No. 116.)