**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
Michael Greenberg*
mgreenberg@ij.org
Joseph Gay*
jgay@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

* *Admitted pro hac vice.*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| **PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC, and TRAVIS MAY,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA, TRACY L. WILKISON, in her official capacity as Acting United States Attorney for the Central District of California, and KRISTI KOONS JOHNSON, in her official capacity as an Assistant Director of the Federal Bureau of Investigation,**<br><br>Defendants. | Case No. 2:21-cv-04405-RGK-MAR<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' OPPOSITION TO EVIDENCE OFFERED BY PLAINTIFFS' (ECF 133)**<br><br><br>Judge: Hon. R. Gary Klausner<br>Trial: August 23, 2022<br>Complaint Filed: May 27, 2021<br>Amended Complaint Filed: June 9, 2021 |

Plaintiffs and representatives of the certified class Paul Snitko, Jennifer Snitko, Tyler Gothier, Joseph Ruiz, Jeni Verdon-Pearsons, Michael Storc, and Travis May (collectively "Plaintiffs"), respectfully submit the following response to Defendants' Objections To Evidence (ECF 133).

This Court's Order for Court Trial (ECF 82) makes clear that the parties "shall" file four distinct papers as part of the trial on the briefs: "Opening Briefs, Oppositions and Replies," as well as "a Joint Separate Statement of Undisputed and Disputed Facts." But despite that plain statement, the government failed to submit any sort of opening brief on July 19, 2022. And now, after the deadlines for the four papers called for by the Court's Order have passed, the government has filed a 35-page document which it labels "Objections to Evidence"—a document nowhere mentioned in that Order. Because the government's filing is both procedurally improper and substantively baseless, this Court should ignore Defendants' Objections to Evidence in its entirety.

First, Defendants' filing is procedurally improper. Neither the Court's Order for Court Trial nor any of its standing orders state that parties should (or even may) file any sort of "objections" subsequent to the parties' Joint Separate Statement of Undisputed and Disputed Facts. And the first page of Defendants' brief does not even attempt to claim that this Court's orders authorized its filing. *See* Objections to Evidence, ECF 133, at 1. That makes sense, given that the entire point of the Separate Statement process is to provide the parties a place to raise responses, including objections, to their opponent's facts. The government cannot simply grant itself the authority to submit additional pleadings raising additional responses and objections to previously submitted evidence without this Court's authorization. To the extent that the government failed to raise any evidentiary objections in the Joint Separate Statement when responding to Plaintiffs' facts, any such objections are properly waived.

In order to manage their dockets and the behavior of litigants, courts in this District typically reject surreplies and other briefs that parties, like Defendants, file in contravention of those courts' orders. *See, e.g.*, *Davis v. Schneider*, No. 218CV01910SJOMAA, 2019 WL 5849701, at *2 (C.D. Cal. Sept. 26, 2019), report and recommendation adopted, 2019 WL 5847828 (C.D. Cal. Nov. 7, 2019) (striking surreply filed without prior approval); *Phu v. Nationstar Mortg. LLC*, No. SACV150285DOCJCGx, 2015 WL 13917998, at *1 (C.D. Cal. Mar. 30, 2015) (striking surreply that "was filed without leave from the Court in violation of Local Rule 7-10"); *Fed. Trade Comm'n v. John Beck Amazing Profits, LLC*, No. 209CV4719FMCFFMx, 2009 WL 10654699, at *1 (C.D. Cal. Aug. 11, 2009) (striking surreply FTC filed in violation of rules and without court authorization). Because the government's filing is not authorized by this Court or any of its orders, the Court should reject it out of hand.

Second, this Court should pay no heed to the substance of Defendants' objections. The government generally objects that, by including some facts in the Joint Separate Statement not specifically cited in Plaintiffs' opening brief, Plaintiffs have somehow defied the 20-page limit applicable to opening briefs. It claims that this means "Plaintiffs' 178 Facts should not be considered" by the Court **at all**. *See* Objections, ECF 133, at 1:11-14. But the government fails to cite to any case law or rule in its brief to support its assertion. Just yesterday, this Court rejected the government's bid to keep Plaintiffs' proffered evidence (in the form of deposition transcripts) out of the record because it cited no authority to support its stance. *See* ECF 134 at 3-4 ("The Government cites no binding case law in support of this position, and the Court can find none."). The Court should reject the government's attempt to do the same thing here.

In any event, the government's objection fails on its own logic. This Court's standing order says that "Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 20 pages." Standing Order at 3. But the Joint

Separate Statement is not a Memorandum of Points and Authorities; instead, it is its own *separate* document specifically and separately called for by the Court's scheduling order. And Plaintiffs included these facts to ensure that the record is as full and complete as possible, both for this Court and, if necessary, the Ninth Circuit. In a live trial, Plaintiffs could put on as many witnesses and exhibits as needed to make their case. Yet in this trial on the papers, the government (without any case law support) argues for a strict page limit as to the facts Plaintiffs can present. This Court should reject the government's repeated attempts to shield its actions from the judiciary and the public.

The government's blanket objection to Plaintiffs' responses to the government's statements of fact is similarly baseless. The government accuses Plaintiffs' responses of having "improperly added argument to 33 out of the government's 60 Facts." Objections, ECF 133, at 1:19-20. But this is not so; in responding to the government's facts, Plaintiffs noted whether a particular fact was undisputed and, insofar as a fact was disputed in whole or in part, simply provided context to explain the dispute. This is no different than the government's own responses to Plaintiffs' facts. *E.g.,* Defs' Resp. To Pls. Fact #22, ECF 124 at 7:28-8:12 (citing additional deposition testimony to dispute the implication of Plaintiffs' fact); Defs' Resp. To Pls. Fact #25, ECF 124 at 8:28-9:10 (same). But now the government claims otherwise to justify its efforts to get the last word in, despite the clear language of this Court's order.

Lastly, the government's specific objections are without merit. Most either quibble about immaterial details surrounding a fact or say that the fact is somehow not relevant. Insofar as the government disputes the truthfulness or implication of any particular fact, their chance to lodge that dispute with the Court was in the Joint Separate Statement, not in a separate filing not authorized by the Court's Order. *See supra* at 1-2. And as to the relevancy of any particular fact, this is a Trial on the Briefs, meaning the Court is the final arbiter of what evidence it finds relevant and

persuasive. *Harris v. Rivera*, 454 U.S. 339, 346 (1981) ("In bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions."). That is why the Ninth Circuit has noted that "in a bench trial, the risk that a verdict will be affected unfairly and substantially by the admission of irrelevant evidence is far less than in a jury trial." *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994). Thus, this Court is well-equipped to decide what evidence is relevant when deciding whether the government violated the Fourth Amendment rights of both Plaintiffs and the hundreds of class members they represent.

Dated: August 18, 2022                               Respectfully Submitted,

/s/ Robert Frommer

**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
Michael Greenberg*
mgreenberg@ij.org
Joseph Gay*
jgay@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

**Admitted pro hac vice.*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*