**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
Michael Greenberg*
mgreenberg@ij.org
Joseph Gay*
jgay@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

* *Admitted pro hac vice.*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| **PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC, and TRAVIS MAY,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA, E. MARTIN ESTRADA, in his official capacity as United States Attorney for the Central District of California, and AMIR EHSAEI, in his official capacity as an Acting Assistant Director of the Federal Bureau of Investigation,**<br><br>Defendants. | Case No. 2:21-cv-04405-RGK-MAR<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' STATUS REPORT REGARDING ISSUANCE OF ORDER FOR THE FEDERAL BUREAU OF INVESTIGATION TO SEQUESTER OR DESTROY THE RECORDS OF ITS INVENTORY SEARCH PERTAINING TO CLASS MEMBERS**<br><br>Judge: Hon. R. Gary Klausner<br>9th Cir. Mandate issued: March 18, 2024<br>Trial: August 23, 2022<br>Complaint Filed: May 27, 2021<br>Amended Complaint Filed: June 9, 2021 |

Plaintiffs and representatives of the certified class Paul Snitko, Jennifer Snitko, Tyler Gothier, Joseph Ruiz, Jeni Verdon-Pearsons, Michael Storc, and Travis May (collectively "Plaintiffs"), respectfully respond to Defendants' Status Report (ECF 149). In its recent decision, the Ninth Circuit held that Defendants' actions violated the Fourth Amendment rights of both Plaintiffs and the broader class. Accordingly, it remanded the matter to this Court, which it said should order the sequestration and ultimate destruction of records containing information regarding class members from any governmental databases.

Plaintiffs previously filed a detailed Proposed Judgment that would effectuate the relief ordered by the Ninth Circuit. In ECF 112-26, Plaintiffs' Proposed Judgment in Favor of Plaintiffs, Plaintiffs set forth a proposed order requiring "Defendants to sequester all records concerning Plaintiffs and class members created during and as a result of Defendants' search and seizure of the contents of Plaintiffs' and class members' safe-deposit boxes." That proposed order would provide that Defendants could use the records only "to evaluate and process claims brought by Plaintiffs and other class members alleging that Defendants have failed to return all the property contained in those class members' boxes." And it would instruct Defendants to ultimately return the records to class members or ensure that all copies are destroyed. Following oral argument at the Ninth Circuit, Defendants submitted a "Motion to Vacate and Remand with Instructions to Grant Plaintiffs' Requested Relief," in which they asked the appeals court to have this Court immediately enter Plaintiffs' requested relief.

Accordingly, Plaintiffs ask that this Court enter the Proposed Judgment previously lodged with the Court. (Plaintiffs have lodged a revised Proposed Judgment with this response that reflects the current procedural posture of this case and that is otherwise identical to the earlier proposed judgment.) Under its terms, Defendants will sequester all records concerning Plaintiffs and class members. Defendants will be allowed to use those sequestered records only in response to

claims and cases in which class members are "alleging that Defendants have failed to return all the property contained in" their box. And once all those cases have run their course, Defendants will either return or destroy those records. Ruling as such is consistent both with the scope of Plaintiffs' requested relief and the scope of the Ninth Circuit's mandate in this matter. *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1497 (9th Cir. 1995) (holding that district courts must proceed "in accordance with the mandate and such law of the case as was established by the appellate court") (citing *Firth v. United States*, 554 F.2d 990, 993 (9th Cir.1977)).

To the extent that Defendants' status report could be read to imply that the Court should modify the Proposed Judgment in any way—for instance, by limiting the scope of relief to just the FBI and excluding other Defendants—Defendants should be required to make that argument expressly and not by insinuation, so that Plaintiffs may understand what Defendants are arguing and appropriately respond. *See* D.E. 149 (captioning document as "Status Report Regarding Issuance of Order for the *Federal Bureau of Investigation* to Sequester or Destroy the Records …" but offering no substantive argument about the scope of the injunction). Nothing in the Ninth Circuit's opinion remotely suggests that the scope of relief should be limited to just some of the Defendants, or that any of the Defendants should be allowed to retain the fruits of the illegal search. And nothing in the Defendants' status report expressly argues the contrary. Particularly absent any express objection from the Defendants, Plaintiffs respectfully request that the Court enter the form of Proposed Judgment as filed by Plaintiffs.

Dated: March 27, 2024

Respectfully Submitted,

/s/ Robert Frommer

**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
Michael Greenberg*
mgreenberg@ij.org
Joseph Gay*
jgay@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

*Admitted pro hac vice.*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*