E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture and Recovery Sections
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269
    E-mail: Andrew.Brown@usdoj.gov
           Victor.Rodgers@usdoj.gov
           Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC and TRAVIS MAY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>Defendants. | Case No. 2:21-cv-04405-RGK-MAR<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' STATUS REPORT REGARDING ISSUANCE OF ORDER FOR THE FEDERAL BUREAU OF INVESTIGATION TO SEQUESTER OR DESTROY THE RECORDS OF ITS INVENTORY SEARCH PERTAINING TO CLASS MEMBERS; DECLARATION OF VICTOR A. RODGERS** |

Defendants United States of America, et al., respectfully submit this reply to plaintiffs' response in opposition to defendants' status report regarding issuance of order for the Federal Bureau of Investigation (the "FBI") to sequester or destroy the records of its inventory search pertaining to class members. Defendants respectfully submit that there is nothing in plaintiffs' response in opposition that suggests any change to the terms of the order defendants requested in their March 19, 2024 status report (ECF No. 149) is appropriate.[1] On January 23, 2024, the Ninth Circuit issued its opinion, setting forth in clear, unmistakable and unambiguous language the terms of the sequestration-or-destruction order that should be issued upon remand:

> For the foregoing reasons, we **REVERSE** the district court's order which held that Plaintiffs' Fourth Amendment rights were not violated. In light of the government's expressed willingness in its "Motion to Vacate and Remand with Instructions to Grant Plaintiffs' Requested Relief," to have the district order the "FBI to sequester or destroy the records of its inventory search pertaining to class members" (ECF No. 48), we **REMAND** for the district court to order the FBI to so dispose of the records, including copies of the records kept on the Sentinel database. See CDT, 621 F.3d at1162. As such, the government's motion is **DENIED AS MOOT.**

Ninth Circuit ECF No. 51-1 at 33-34 (emphasis in original) and Snitko v. United States, 90 F.4th 1250, 1266 (9th Cir. 2024) (emphasis in original).

In issuing this clear directive, the Ninth Circuit cited and quoted from the government's Motion to Vacate and Remand with Instructions to Grant Plaintiffs'

---

[1] As set forth in the status report, and pursuant to the Ninth Circuit's ruling, defendants requested that the "district court order the 'FBI to sequester or destroy the records of its inventory search pertaining to class members' . . . including copies of the records kept on the Sentinel database." See Snitko v. United States, 90 F.4th 1250, 1266 (9th Cir. 2024) and ECF No. 51-1 at 33-34. Defendants also requested, in the status report, that the district court retain jurisdiction over this case and the parties hereto so that the government may apply, as necessary, to seek modification of the order to the extent necessary for the government to defend against any claims or lawsuits related to the inventory search.

1

1 Requested Relief, which the government filed December 12, 2023.  Ninth Circuit ECF
2 No. 48 (the "government's remand motion").[2]  Quoting from the government's remand
3 motion which set forth the government's requested terms of the sequestration-or-
4 destruction order, the Ninth Circuit, as set forth above, adopted those terms and
5 remanded for the district court to order the FBI to "so dispose" of the records.

6       The government repeatedly set forth in its remand motion the relief sought,
7 including that it "move[d] to vacate and remand the district court's judgment and instruct
8 the district court to grant the relief Plaintiffs-Appellants seek in this appeal as certified
9 class representatives: an order directing the FBI to sequester or destroy the records of its
10 inventory search pertaining to class members."  Id. at page 1 of 5.  In support of the
11 requested relief, the government quoted from plaintiffs-appellants' opening appellate
12 brief, noting that "[t]hrough this appeal, [plaintiffs] 'seek an order directing the FBI to
13 segregate or destroy [the] records' of the Private Vaults inventory search 'so they could
14 no longer be used for investigatory purposes.' (See AOB 2, 31.)."  Id. at page 3 of 5.

15       Further, and again quoting plaintiffs-appellants' opening brief, the government
16 noted that plaintiffs-appellants "argue that United States v. Comprehensive Drug
17 Testing, Inc., 621 F.3d 1162 (9th Cir. 2010) ("CDT") (en banc), 'leaves no question that
18 the appropriate remedy is to order the FBI to sequester or destroy the records of its
19 search, so that they can no longer be used for investigative purposes' (AOB 71-72; see
20 also Appellants' Reply Brief 32 (requesting same remedy).)"  Government's remand
21 motion at pages 3 and 4 of 5.  Finally, the government argued to the Ninth Circuit in the
22 government's remand motion that "[s]pecifically, this Court should vacate and remand
23 with instructions that the district court '**order the FBI to sequester or destroy the**
24 **records of its search pertaining to all class members, so that they can no longer be**
25 **used for investigative purposes.**'  (See AOB 71-72)."  Government's remand motion at
26 page 4 of 5 (emphasis in original).

27     [2] A copy of the government's remand motion is attached as Exhibit A to the
28 Rodgers Declaration.

2

1  The terms of the government's requested sequestration-or-destruction order, as well as the Ninth Circuit's decision reflecting the order that should be issued on remand, therefore, could not be clearer. Plaintiffs filed an opposition to the government's December 12, 2023 remand motion on December 19, 2023 (Ninth Circuit ECF No. 49), thus providing plaintiffs with a full and fair opportunity to oppose the language the government requested, and the government filed a reply on December 26, 2023 (Ninth Circuit ECF No. 50), before the Ninth Circuit issued its January 23, 2024 decision setting forth the exact terms of the order that should be issued on remand.

Plaintiffs' response in opposition to the government's status report does not change this result. First, rather than seek an order on the exact terms the Ninth Circuit directed, plaintiffs ignore the language of the government's remand motion and the Ninth Circuit's decision. Instead, plaintiffs contend the order should be based on the proposed judgment they submitted in August 2022, before the district court issued its decision for which plaintiffs filed their appeal. ECF No. 151 at 1:19-26 (plaintiffs' response to defendants' status report). But that is not what the Ninth Circuit explicitly ordered. The Ninth Circuit instructed this Court to enter an order requiring the "FBI to sequester or destroy the records of its inventory search pertaining to class members." That is what this Court should do.

Furthermore, the provisions of plaintiffs' proposed judgment are unsupportable by common sense or any legal authority. For example, plaintiffs request a judgment requiring all defendants (and not merely the FBI) to sequester all records created during and "as a result of" Defendants' search and seizure of the contents of Plaintiffs and class members' safe-deposit boxes. Indeed, any pleadings filed by the parties in this case could potentially be considered records created "as a result of" the Private Vaults inventory. Second, the Ninth Circuit did not order the government to ensure that all copies of class members records be destroyed after the running of all "pertinent" (but undefined by plaintiffs) "statutes of limitations." Even if plaintiffs had identified (or the government could determine) in advance the statute of limitations on all possible claims

3

1 by class members, the Ninth Circuit's decision permits sequestration or destruction and
2 plaintiffs have cited no case precluding sequestration in this situation. Third, plaintiffs'
3 proposed judgment provides that the sequestration order is issued "[p]ursuant to this
4 Court's inherent authority, Federal Rule of Criminal Procedure 41(g), Federal Rule of
5 Civil Procedure 54, and the Administrative Procedure Act, 5 U.S.C. §§ 551(10), (13), id.
6 § 704" (ECF No. 151-1 at 1:4-6) when the sequestration order in this case is based solely
7 upon CDT and Fed. R. Crim. P. 41(g).

Therefore, the government respectfully reiterates its request, set forth in its March 19, 2024 status report and footnote 1 above, that the Court enter an order that complies with the Ninth Circuit's directive. The government has attached a proposed judgment herewith, in conformity with the government's request, and respectfully requests that the Court enter that proposed judgment.

Dated: March 29, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

    /s/
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

4

**DECLARATION OF VICTOR A. RODGERS**

I, Victor A. Rodgers, declare as follows:

1. I am one of the AUSAs representing defendants United States of America, et al. in this action.

2. Attached hereto as Exhibit A is a true and correct copy of the Motion to Vacate and Remand with Instructions to Grant Plaintiffs' Requested Relief, which the government filed December 12, 2023 in the Ninth Circuit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on March 29, 2024.

                                              /s/
                                 AUSA VICTOR A. RODGERS