1

**THE INSTITUTE FOR JUSTICE**
Robert Frommer*
rfrommer@ij.org
Michael Greenberg*
mgreenberg@ij.org
Joseph Gay*
jgay@ij.org
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel. (703) 682-9320

Robert E. Johnson*
rjohnson@ij.org
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel. (703) 682-9320

* *Admitted pro hac vice.*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
nvora@voralaw.com
Jeffrey Atteberry (SBN 266728)
jatteberry@voralaw.com
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Tel. (424) 258-5190

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| **PAUL SNITKO, JENNIFER SNITKO, JOSEPH RUIZ, TYLER GOTHIER, JENI VERDON-PEARSONS, MICHAEL STORC, and TRAVIS MAY,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA, E. MARTIN ESTRADA, in his official capacity as United States Attorney for the Central District of California, and AMIR EHSAEI, in his official capacity as an Acting Assistant Director of the Federal Bureau of Investigation,**<br><br>Defendants. | Case No. 2:21-cv-04405-RGK-MAR<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JUDGMENT**<br><br><br><br><br>Judge: Hon. R. Gary Klausner<br>9th Cir. Mandate issued: March 18, 2024<br>Trial: August 23, 2022<br>Complaint Filed: May 27, 2021<br>Amended Complaint Filed: June 9, 2021 |

Defendants' most recent filing in this litigation submitted a proposed judgment (D.E. 156-2) as well as a lengthy argument in favor of that proposal (D.E. 156). Plaintiffs, on behalf of the certified class, submit this filing to state their opposition to Defendants' proposed judgment.

*First*, Defendants' proposed judgment is improperly limited to just the Federal Bureau of Investigation ("FBI"). Plaintiffs did not merely sue the FBI; Plaintiffs sued several Defendants, including the United States. *See* D.E. 33. Having prevailed in this litigation, Plaintiffs are entitled to judgment against all Defendants, not just part of one Defendant.

Defendants' proposal cannot be squared with the Ninth Circuit's opinion. The Ninth Circuit held that Defendants violated the Fourth Amendment through their search at U.S. Private Vaults, and the Ninth Circuit explained that its prior decision in *CDT* had already "approved" the relief that Plaintiffs seek for that violation—*i.e.*, "equitable relief in the form of destruction of records." *Snitko v. United States*, 90 F.4th 1250, 1252 (9th Cir. 2024) (citing *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1172 (9th Cir. 2010) (en banc)). The Ninth Circuit further quoted *CDT* for the proposition that, in cases involving Fourth Amendment violations of the sort at issue here, the government "must not be allowed to benefit from its own wrongdoing by retaining the wrongfully obtained evidence or any fruits thereof." *Id.* at 1259 (quoting *CDT*, 621 F.3d at 1174). Defendants' proposed judgment, by contrast, would allow the United States to continue to retain and make use of the records of its illegal search so long as copies have been transferred from the FBI to other agencies. U.S. Attorneys' Offices could use the records to prosecute. Other law enforcement agencies could use the records to investigate. Only the FBI would be bound. That kind of limited relief would be a far cry from the "destruction of records" contemplated by the Ninth Circuit's opinion, and it would allow the government to "benefit from its own wrongdoing" in express derogation of the Ninth Circuit's decision.

1

1    Defendants assert that the limited scope of their proposed judgment is

2  compelled by language drawn from the final paragraph of the Ninth Circuit's

3  opinion, but that language is fully consistent with Plaintiffs' broader proposed

4  judgment. To place that language in context: After the Ninth Circuit panel

5  excoriated Defendants at oral argument, Defendants attempted to moot the appeal

6  by filing a "Motion to Vacate," in which they consented to Plaintiffs' requested

7  relief. Plaintiffs responded with a filing that explained why the Motion to Vacate

8  did not moot the appeal. *See Snitko*, No. 22-56050, D.E. 49 (9th Cir. Dec. 19,

9  2023); *see also Chadha v. INS*, 634 F.2d 408, 419-20 (9th Cir. 1980) (rejecting

10  argument that "since the INS has agreed that section 244(c)(2) is unconstitutional,

11  we should decline to pass on Chadha's case"), *aff'd*, 462 U.S. 919 (1983).[1] The

12  Ninth Circuit then agreed with Plaintiffs and proceeded to issue a published opinion

13  deciding the merits. *See Snitko*, 90 F.4th at 1266. The language that Defendants rely

14  on quoted the Motion to Vacate, making clear that Defendants would remain bound

15  by their post-argument concession on remand. *Id.* But the Ninth Circuit otherwise

16  held that Defendants' Motion to Vacate was "DENIED AS MOOT." *Id.*

17  Defendants' argument thus amounts to the untenable assertion that the scope of

18  relief on remand is limited by a concession that they made in an unsuccessful

19  motion that was ultimately denied as moot.[2]

---

20  [1] *See also Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2195 (2020) (exercising jurisdiction where "the Government agrees with petitioner"); *Lucia v. SEC*, 585

21  U.S. 237, 244 (2018) (deciding case even though "the Government switched sides"); *Sibron v. New York*, 392 U.S. 40, 58 (1968) (confessions of error "do not

22  relieve [the] Court of the performance of the judicial function" or its "obligation to lower courts to decide cases upon proper constitutional grounds" (cleaned up)).

23  [2] Defendants note that the language they used in their Motion to Vacate was, in

24  turn, quoted from Plaintiffs' Opening Brief on appeal. *See* D.E. 156 at 2. The Opening Brief, however, did not address the specific language that should be used

25  when fashioning an injunction, as that question was not before the Ninth Circuit; instead, the Opening Brief discussed the question of remedy in general terms. *See*

26  *Snitko*, No. 22-56050, D.E. 8 at 71-72 (9th Cir. Feb. 22, 2023). The Opening Brief used "the FBI" throughout as shorthand to collectively refer to all the Defendants,

27  and the Opening Brief used that same shorthand when discussing the question of remedy. *Id.* at 71. But the Opening Brief also argued that, under *CDT*, "the

28  government 'must not be allowed to benefit from its own wrongdoing by retaining

(continued…)

---

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JUDGMENT

To be sure, the language that Defendants quote from the Ninth Circuit's opinion makes clear that—in line with Defendants' post-argument concession—the final judgment in this case must *at a minimum* direct the FBI to "dispose of the records, including copies of the records kept on the Sentinel database." *Snitko*, 90 F.4th at 1266. But that language does not set out the precise terms of the injunction to be entered; to the contrary, this Court's role on remand is to "implement both the letter *and the spirit* of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1079 (9th Cir. 2010) (emphasis added) (marks and citation omitted). Defendants' position, that the Ninth Circuit's reference to "the FBI" should be taken to *sub silentio* preclude entry of full relief as to all Defendants, would parse the Ninth Circuit's opinion in a way that would be contrary to both the letter and the spirit of the decision.

**Second**, Defendants' proposed judgment would not actually require Defendants to return or destroy the records at issue in this litigation and would, instead, allow Defendants to retain those records indefinitely so long as they are sequestered. *See* D.E. 156-2.

This, too, is contrary to the Ninth Circuit's opinion. The Ninth Circuit recognized that *CDT* had "approved" the remedy that Plaintiffs are seeking in this case—specifically, "equitable relief in the form of destruction of records." *Snitko*, 90 F.4th at 1252. The Ninth Circuit then went on to discuss the issue of remedy in some detail, explaining that, in cases like this one, a proper remedy would be "an order requiring the government to return or destroy all copies of records that it has seized." *Id.* at 1258; *see also CDT*, 621 F.3d at 1174 (quoting Fed. R. Crim. P. 41 advisory committee notes (1989 amendments)). The Ninth Circuit could not have

the wrongfully obtained evidence or any fruits thereof.'" *Id.* at 72 (quoting *CDT*, 621 F.3d at 1174). The Opening Brief's shorthand reference to "the FBI" did not suggest a narrower scope of relief.

been clearer that the remedy required by *CDT* contemplates the eventual return or destruction of the records generated because of the illegal search.[3]

To be sure, both parties apparently recognize that the circumstances of this case mean that the records of the search should remain available for the limited purpose of processing claims for lost, stolen, or otherwise unreturned property and therefore cannot immediately be destroyed. After all, although the Ninth Circuit properly held that the search could not be justified as an "inventory," the records of the search nonetheless are essential evidence in cases where box holders claim that Defendants did not return all their property.[4] Plaintiffs' proposed judgment accommodates this concern by allowing documents to be temporarily sequestered and used for the limited purpose of processing such claims before ultimately being returned or destroyed.[5] Defendants, on the other hand, would accommodate this concern by providing that this Court shall retain jurisdiction to modify the injunction as necessary to provide for such use of the records. Plaintiffs have no objection to the proposal that the Court retain jurisdiction to oversee such use (though, as explained more below, Plaintiffs *do* object to Defendants' proposed language to the extent that it would allow use of the records by "the government" but not by class members). Plaintiffs object to Defendants' proposal, however, to the extent that it would not *ever* provide for the records' destruction or return, even when any foreseeable need to retain the records has passed.

---

[3] To the extent that Defendants argue this aspect of their proposed judgment is required by the final paragraph of the Ninth Circuit's opinion, the same response as above applies. The wording of Defendants' concession in their Motion to Vacate does not limit the scope of relief on remand.

[4] Several such cases are pending on the Court's docket, including one case brought by two of the named class representatives. *See Pearsons v. United States*, No. 23-cv-7952-RGK-MAR (C.D. Cal.); *see also Mellein v. United States*, No. 23-cv-7970-RGK-MAR (C.D. Cal.).

[5] Plaintiffs' proposed approach is consistent with *CDT*, where the records at issue were to be "sequestered and returned." 621 F.3d at 1181 (Bea, J., concurring in part). Indeed, the Court previously recognized as much in its order denying Defendants' motion to dismiss. *See* D.E. 75 at 6 (observing that in *CDT* the "Ninth Circuit affirmed a district court's order requiring the Government to sequester and return copies of evidence obtained during the course of an unlawful search and seizure").

Defendants respond that it is unclear to them exactly when the need for such records will end, and thus it is unclear when exactly the records should be returned or destroyed. *See* D.E. 156 at 3. Plaintiffs submit that the applicable statutes of limitations will become clear as parallel litigation progresses.[6] Still, the Court may wish to accept Defendants' suggestion that it maintain jurisdiction to monitor implementation of the injunction, and Plaintiffs again would have no objection to such continued jurisdiction. If Defendants are concerned that they might prematurely destroy relevant records, Plaintiffs' proposed judgment would also leave Defendants the option to return the records to the individual box holders— who could then choose whether to retain the records or not. *See* D.E. 151-1. But these complexities should not be taken as a license for Defendants to retain the records indefinitely, notwithstanding the Ninth Circuit's recognition that the records should ultimately be returned or destroyed.

**Third**, Defendants' proposed judgment does not adequately define what it means for Defendants to "sequester" the records at issue in this litigation. Plaintiffs' proposed judgment addresses this concern by expressly providing: "As to these sequestered records, the Court PROHIBITS Defendants from accessing or otherwise making use of them other than to evaluate and process claims brought by

---

[6] This Court recently allowed claims to proceed under the Federal Tort Claims Act ("FTCA") and the Little Tucker Act. *See Pearsons*, No. 2:23-cv-7952, D.E. 72 at 9-11 (C.D. Cal. Mar. 14, 2024); *Mellein*, No. 2:23-cv-7970, D.E. 73 at 9 (C.D. Cal. Mar. 14, 2024). The statute of limitations for Little Tucker Act claims is 6 years, *see* 28 U.S.C. § 2401(a), while FTCA claims must be presented to the agency within 2 years of accrual, *see id.* § 2401(b). The Court, on the other hand, dismissed claims under *Bivens*, California's Bane Act, and California tort law. *See Pearsons*, No. 2:23-cv-7952, D.E. 72 at 3-8 (C.D. Cal. Mar. 14, 2024); *Mellein*, No. 2:23-cv-7970, D.E. 73 at 3-8 (C.D. Cal. Mar. 14, 2024). The statute of limitations for such claims is 2 to 3 years. *See* Cal. Civ. Proc. Code § 338(a)-(c) (3 years for statutory and personal property claims); *Schultz v. United States*, No. 22-cv-9469, 2023 WL 8881482, at *3 (C.D. Cal. Nov. 13, 2023) (applying 2-year limitations period for *Bivens* claims arising in California).
Notably, the class is limited to individuals whose property has already been returned, so the government would continue to retain records pertaining to boxes that have *not* been returned. *See* D.E. 78 at 5. That is important because individuals whose boxes have not yet been returned may have claims for lost or stolen property that will not accrue until the contents of their boxes are finally returned.

5

1    Plaintiffs and other class members alleging that Defendants have failed to return all

2    the property contained in those class members' boxes." D.E. 151-1. By contrast,

3    Defendants' proposed judgment does not provide any definition of what it means

4    for records to be sequestered. This gap is yet another invitation to circumvention of

5    the judgment, and, whatever else the Court decides, should be remedied in the final

6    judgment by providing that sequestered records cannot be accessed or used except

7    for the legitimate purpose of processing claims for unreturned property.

8        **Fourth**, Defendants' proposed judgment would apply narrowly to "records of

9    its inventory search," D.E. 156-2, but not other documents that contain information

10   gleaned from Defendants' illegal search. This, too, is contrary to the Ninth Circuit's

11   decision, which recognized that *CDT* requires the destruction or return of "the

12   wrongfully obtained evidence *or any fruits thereof*." 90 F.4th at 1259 (emphasis

13   added) (quoting *CDT*, 621 F.3d at 1174). By contrast, Plaintiffs' proposed

14   judgment appropriately implements the Ninth Circuit's decision by requiring the

15   destruction of not just the immediate records of the search but also any records

16   created "as a result of" the illegal search. D.E. 151-1. Defendants protest that this

17   could even extend to "pleadings filed by the parties in this case," D.E. 156 at 3, but

18   to the extent that filings in this case reflect the contents of the boxes they absolutely

19   should not be retained by the government. *See*, *e.g.*, D.E. 136 (excerpts of records

20   from search filed under seal). Again, the government should not be able to retain

21   the fruits of its search by disseminating the information beyond the FBI.

22       **Fifth**, while Defendants' proposed judgment would allow "the government"

23   to apply to make use of records of its search to "defend against any claims or

24   lawsuits related to the inventory search," D.E. 156-2, Plaintiffs object to the

25   proposed judgment to the extent that it contains no parallel provision to allow class

26   members to use the records to *prosecute* such claims. This one-sided provision

27   would turn the government's violation of the Fourth Amendment into a shield that

28   the government could use to thwart allegations that its officials stole or lost

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JUDGMENT

1  valuable property contained in the boxes. That would be irrational, unfair, and

2  deeply improper. The government should not be allowed to use its past violation of

3  the Fourth Amendment to escape accountability in other related litigation.

4      **Finally**, Plaintiffs object to Defendants' proposed judgment to the extent that

5  it repeatedly refers to the search at U.S. Private Vaults as "the inventory search."

6  D.E. 156-2. The Ninth Circuit expressly and unambiguously held that the search at

7  U.S. Private Vaults could not be upheld as an inventory search. It would therefore

8  be directly contrary to the Ninth Circuit's decision to enter a final judgment

9  referring to the search as an "inventory."

10

11  Dated: April 3, 2024                    Respectfully Submitted,

12

13                                          /s/ Robert Frommer
                                            _____

14                                          **THE INSTITUTE FOR JUSTICE**
                                            Robert Frommer*
15                                          rfrommer@ij.org
                                            Michael Greenberg*
16                                          mgreenberg@ij.org
                                            Joseph Gay*
17                                          jgay@ij.org
                                            901 N. Glebe Rd., Suite 900
18                                          Arlington, VA 22203
                                            Tel. (703) 682-9320
19
                                            Robert E. Johnson*
20                                          rjohnson@ij.org
                                            16781 Chagrin Blvd., Suite 256
21                                          Shaker Heights, OH 44120
                                            Tel. (703) 682-9320
22
                                            *Admitted pro hac vice.
23
                                            **THE VORA LAW FIRM, P.C.**
24                                          Nilay U. Vora (SBN 268339)
                                            nvora@voralaw.com
25                                          Jeffrey Atteberry (SBN 266728)
                                            jatteberry@voralaw.com
26                                          201 Santa Monica Blvd., Suite 300
                                            Santa Monica, CA 90401
27                                          Tel. (424) 258-5190

28                                          *Attorneys for Plaintiffs*